SERGIY M. SIVOCHEK (SBN 270667)
Sivochek IP Law Center
12450 Magnolia Blvd # 4071
Valley Village, CA 91607
Telephone: (323) 201-2701
Email: sivochek@sivochek.com

MICHAEL MCCOLLUM (SBN 235447)
Lead Trial Counsel
McCollum Counsel, Inc.
1500 W. Alhambra Rd,
Alhambra, CA 91801-2009
Telephone: (213) 534-6070
Email: michael@mccollumcounsel.com

*Attorneys for Defendant*
*RICHARD ZAHIR*

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAKHRIA ZAHIR and SHABNAM ZAHIR, <br><br> Plaintiffs, <br><br> vs. <br><br> RICHARD ZAHIR a/k/a RISHAD ZAHIR <br><br> Defendant. | ) Case No.: 2:25-cv-782-JFW-AS <br> ) Honorable John F. Walter <br> ) <br> ) <br> ) **JOINT STATEMENT OF LOCAL** <br> ) **RULE 7-3 CONFERENCE** <br> ) **PURSUANT TO SECTION 5(B) OF** <br> ) **STANDING ORDER** <br> ) <br> ) **(Submitted with Declaration of** <br> ) **Michael B. McCollum, Esq.)** <br> ) |

## **JOINT STATEMENT**

Counsel for Defendant Rishad Zahir ("Defendant") hereby submits the following Joint Statement in advance of Defendant's anticipated Motion to Dismiss for Lack of Subject-Matter Jurisdiction ("Motion"), pursuant to Section 5(b) of the Court's January 30, 2025 Standing Order and in connection with the Parties' Local Rule 7-3 conference. As discussed in more detail below, the Parties conducted two videoconference meet-and-confer sessions via Zoom to address the substance of the anticipated Motion and to explore whether any portion of the dispute could be resolved without Court intervention.

The Court should note that Plaintiffs did not agree with the substance of this Joint Statement, advising Defense Counsel of this only approximately ninety minutes before the filing deadline. Plaintiffs had provided their input on November 21, 2025, then withdrew it on the morning of November 22, 2025, and then rejected this revised draft version which Defense prepared to address their concerns, leaving Defense Counsel with no choice but to file this document without Plaintiffs' signatures in order to file this by 4pm and comply with the Court's standing order. (*See* Declaration of Michael B. McCollum Regarding Joint Statement).

### A.    **Date of the Rule 7-3 conference**.

Initiated on November 6 and then continued and completed on November 20, 2025.

### B.    **Duration**.

Both meetings were conducted via Zoom because Defense Counsel are in California and Plaintiffs (pro se) are on the East Coast. The first Zoom meeting lasted approximately 30 minutes on this topic, while the second Zoom meeting, which occurred after the parties shared case citation authorities, lasted approximately 45 minutes on this topic.

### C.    **Participants**.

For Defendant: Michael McCollum (Lead Counsel) and Sergiy M. Sivochek.

For Plaintiffs: Shabnam Zahir, appearing *pro se*, who represented that she has authority to discuss all issues, participate in the conference, and sign the Joint Statement on behalf of both Plaintiffs (herself and her mother). Mr. William Humphrey, whom Ms. Zahir identified as her husband and as a consultant in connection with this matter, was also present.

**D.     Issues Discussed.**

### 1. Subject-Matter Jurisdiction:

Defense believes this Court lacks subject-matter jurisdiction because Plaintiffs' claims arise under foreign and state inheritance and family law, not the Copyright Act. Although the Complaint is styled as seeking a declaration of copyright co-ownership, Defense believes the gravamen of Plaintiffs' allegations concerns inheritance rights, marriage validity, and parentage disputes that arose in Afghanistan more than four decades ago, and that the complaint does not seek appropriate remedies under the Copyright Act, as it seeks determinations of heirship, marital validity, and parental status.

Plaintiffs believe that the Complaint expressly alleges a claim arising under the Copyright Act and invokes federal jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) (Compl. ¶¶ 9–10). Plaintiffs stated that because §1338(a) gives federal courts exclusive jurisdiction over claims arising under the Copyright Act, this action should not be dismissed for lack of subject-matter jurisdiction. Plaintiffs stated that, even if Afghan succession law informs heirship, this presents a choice-of-law question rather than a jurisdictional defect.

### 2. Standing

Defense believes Plaintiffs lack Article III standing to assert co-ownership claims because the Defense contends that the foundation of Plaintiffs' alleged rights, namely their asserted status as the lawful heirs of Ahmad Zahir, has never been

properly established by any contemporaneous documentation in any court or tribunal and remains vigorously disputed. Article III requires Plaintiffs to demonstrate a concrete and legally protected interest in the copyrighted works at issue. Defense contends Plaintiffs cannot satisfy this threshold requirement because their claim to any copyright interest depends entirely on proving that they are, in fact, the lawful widow and daughter of the decedent.

Plaintiffs vigorously dispute this argument, and believe that Defendant's "lack of standing" argument contradicts U.S. public policy, the State Department Reciprocity Schedule, the USCIS Policy Manual, and Federal Rule of Evidence 1004. Plaintiffs stated repeatedly during the meet-and-confer that these points were statements of controlling federal law—not personal opinions—and that the U.S. Government formally recognizes that Afghan birth and marriage certificates were generally unavailable before 2004. Under these federal standards, applicants must rely on secondary evidence when primary documents do not exist. Plaintiffs have done exactly that, producing Tazkiras (Afghan IDs), Afghan passports, documents issued by the Ambassador of the United States of America in Afghanistan, familial affidavits, the marriage certificate issued by the Embassy of Afghanistan in Canada, relevant archives, and decades of family documentation. Both the United States Government and the former Government of Afghanistan have already recognized Plaintiffs' identity and parentage through official records, which satisfies the preponderance-of-evidence standard for civil standing. Plaintiffs also noted that Defendant cannot continue asserting a "lack of standing" while simultaneously refusing Plaintiffs' offer for DNA testing and ignoring substantial documentation that Plaintiffs have produced.

Plaintiffs further contend that they are U.S. Citizens and hold U.S. Copyrights to some of the music at issue, are recognized publicly as the widow and daughter of the author, and were recognized by Defendant himself for 40+ years as the widow

JOINT STATEMENT
Case No.: 2:25-cv-782-JFW-AS

and daughter of the author. Plaintiffs noted that Defendant did not challenge the identity of Plaintiffs for more than 40 years until they sought to register copyright.

### 3. Probate Exception

Defense contends that the Court lacks subject-matter jurisdiction under the probate exception, which prohibits federal courts from adjudicating matters involving the administration of a decedent's estate, which, Defense argues, includes determining who the lawful heirs of the decedent are under applicable law. Defense believes that Plaintiffs' claims cannot be resolved without first determining marriage validity, paternity, and heirship under foreign and state family-law regimes, and that courts have consistently recognized that identifying a decedent's heirs is a core probate function reserved to state probate courts, as recognized, for example, by California's Probate Code.

Therefore, Defense believes that Plaintiffs' efforts to obtain DNA tests through discovery in this action would not even be available or appropriate in a properly filed probate or parentage proceeding under California law and that Plaintiffs' attempt to use federal discovery to manufacture heirship exemplifies the type of circumvention the probate exception is intended to prevent.

Plaintiffs, who are assisted by the University of San Francisco of Law – Internet & IP Justice Clinic, identified 4 authorities which explained the probate exception is narrow and provided Defendant with them. Specifically, Plaintiffs and the clinic demonstrated that the probate exception applies to administration of estates, not copyright ownership disputes. *Marshall v. Marshall*, 547 U.S. 293 (2006). Plaintiffs do not seek to probate an estate, appoint an executor, or distribute estate assets. Plaintiffs seek declaration of copyright ownership under federal law.

Plaintiffs noted that Federal courts have jurisdiction over copyright disputes even when heirship issues are involved. Plaintiffs also noted that: No probate proceeding exists, No party has filed in probate court, Defendant has not identified

JOINT STATEMENT
Case No.: 2:25-cv-782-JFW-AS

which state court would have jurisdiction over a dispute about U.S. copyrights between parties residing in different states and Copyright ownership is a federal question regardless of how ownership is established. Plaintiffs also noted that the probate exception should not apply to in personam copyright claims.

### 4. Whether amendment of the pleadings can cure the alleged deficiencies

The parties recognize the Court's Standing Order requires parties to discuss "*the possibility of resolving the issue by amendment of the pleading*" before filing a Rule 12(b) motion.

Plaintiffs specifically offered to amend the Complaint to address any perceived pleading deficiencies. Plaintiffs requested that Defendant identify, (1) what specific allegations Defendant contends are deficient, (2) whether amendment could cure those deficiencies, and (3) what specific changes would be necessary.

Defense believes that the issues embraced by this motion are not issues that can be cured by amendment.

///

///

JOINT STATEMENT
Case No.: 2:25-cv-782-JFW-AS

The Parties engaged in a thorough discussion of these issues, with Defense counsel responding to questions posed by Plaintiff. Because the Parties were unable to come to a resolution, Defendant anticipates filing the Motion on or around December 1, 2025.

DATED: November 22, 2025

By: /s/ *Sergiy M. Sivochek*
SERGIY M. SIVOCHEK

Sivochek IP Law Center
12450 Magnolia Blvd # 4071
Valley Village, CA 91607
Telephone: (323) 201-2701
Email: sivochek@sivochek.com

DATED: November 22, 2025

By: /s/ *Michael McCollum*
MICHAEL MCCOLLUM

McCollum Counsel, Inc.
1500 W Alhambra Rd,
Alhambra, CA 91801-2009
Telephone: (213) 534-6070
Email: michael@mccollumcounsel.com
*Attorneys for Defendant*

DATED: November __, 2025

*By:* _____
Shabnam Zahir
2301 Beechwood Dr.,
Waxhaw NC 28173

DATED: November __, 2025

*By:* _____
Fakhria Zahir
307 Yoakum Parkway # 1607
Alexandria, VA 22304

*Plaintiffs, pro se*

- 7 -
JOINT STATEMENT
Case No.: 2:25-cv-782-JFW-AS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that on November 22, 2025, I electronically filed the **JOINT STATEMENT OF LOCAL RULE 7-3 CONFERENCE PURSUANT TO SECTION 5(B) OF STANDING ORDER** and that they are available for viewing and downloading from the Courts CM/ECF filing system, and that service will be accomplished through the CM/ECF system to all counsel of record who are registered CM/ECF users. I further certify that on November 22, 2025, a true and correct copy of the foregoing document was served on Plaintiffs Fakhria Zahir and Shabnam Zahir, who are not registered CM/ECF users, by email at the email addresses they provided and to which they have consented to receive service in this action, which is reflected below.

Additionally, a courtesy copy was sent via email to the following parties:

Sergiy M. Sivochek, Esq.
Sivochek IP Law Center
12450 Magnolia Blvd # 4071
Valley Village, CA 91607
Telephone: (323) 201-2701
Email: sivochek@sivochek.com
*Attorneys for Defendant Richard Zahir*

Shabnam Zahir
2301 Beechwood Dr.
Waxhaw, NC 28173
Telephone: (703) 822-3686
Email: shabnamahmadzahir@gmail.com
*///*

Fakhria Zahir
307 Yoakum Parkway #1607
Alexandria, VA 22304
Telephone: (703) 399-6190
Email: shabnamahmadzahir@gmail.com
*Plaintiffs, pro se*

Dated: November 22, 2025                    By: */s/ Neslly Herrera*
                                           NESLLY HERRERA
                                           McCollum Counsel
                                           1500 W. Alhambra Rd,
                                           Alhambra, CA 91801-2009
                                           Telephone: (213) 534-6070
                                           Email: neslly@mccollumcounsel.com

CERTIFICATE OF SERVICE
Case No.: 2:25-cv-782-JFW-AS