Shabnam Zahir
2301 Beechwood Dr, Waxhaw NC 28173
(703) 822-3686
shabnamahmadzahir@gmail.com

Fakhria Zahir
307 Yoakum Parkway #1607
Alexandria, VA 22304
(703) 399-6190
shabnamahmadzahir@gmail.com

```
                    FILED
           CLERK, U.S. DISTRICT COURT

              11/24/25

         CENTRAL DISTRICT OF CALIFORNIA
         BY_____MRV_____DEPUTY
           DOCUMENT SUBMITTED THROUGH THE
         ELECTRONIC DOCUMENT SUBMISSION SYSTEM
```

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAKHRIA ZAHIR and SHABNAM ZAHIR, <br>　　　　Plaintiffs, <br>v. <br>RICHARD ZAHIR a/k/a RISHAD ZAHIR, <br>　　　　Defendant. | Case No.: 2:25-cv-00782-JFW-AS <br>Honorable John F. Walter <br><br>**PLAINTIFFS' NOTICE OF OBJECTION TO DEFENDANT'S STATEMENT REGARDING LOCAL RULE 7-3 CONFERENCE** |
| RICHARD ZAHIR a/k/a RISHAD ZAHIR, <br>　　　　Counterclaimant, <br>v. <br>FAKHRIA ZAHIR and SHABNAM ZAHIR, <br>　　　　Counterdefendants. | |

Plaintiffs Shabnam Zahir and Fakhria Zahir, appearing pro se, respectfully submit this Notice to clarify the record regarding Defendant's filing titled "Joint

Statement of Local Rule 7-3 Conference Pursuant to Section 5(b) of Standing Order" (the "Statement").

Plaintiffs believe Defendant's Statement is neither joint nor authorized and does not comply with Judge Walter's Standing Order §5(b). This Notice is supported by the accompanying Declaration of Shabnam Zahir.

## I. CLARIFICATION OF THE RECORD

Following the parties' three-hour meet-and-confer on November 20, 2025, which addressed multiple issues, including Defendant's anticipated Motion to Dismiss, Defendant's counsel circulated a six-page document titled "Joint Statement of Local Rule 7-3 Conference." The draft allocated three pages to Defendant's legal argument and left a blank space for Plaintiffs to insert their response. (Zahir Decl. § 13, Exh. E)

As pro se litigants, Plaintiffs reviewed Judge Walter's Standing Order and examined other Local Rule 7-3 joint statements filed in this District. Plaintiffs reasonably understood a "joint statement" to be a brief, neutral description of the date, duration, participants, issues discussed, issues resolved, and issues remaining, not a vehicle for motion briefing or adversarial argument.

Plaintiffs were prepared to sign a concise statement summarizing:

(1) that the parties met and conferred regarding the three grounds for Defendant's motion;

(2) the positions expressed by each side; and

(3) that the parties did not reach agreement on any issues.

The draft sent by Defendant bore no resemblance to that format.

Section D of Defendant's draft included material wholly outside the scope of Standing Order §5(b), which limits the joint statement to issues discussed,

PLAINTIFFS' NOTICE OF OBJECTION                    2

resolved, and remaining. It began with a narrative about alleged interactions with Plaintiffs' former counsel, information Plaintiffs were not aware of and could not confirm. It then transitioned to events Plaintiffs did participate in, but misrepresented both the length of the first meet-and-confer and Plaintiffs' statements during that meeting. Plaintiffs were concerned that the draft framed Plaintiffs' positions in an unfavorable and unsupported manner, without any accompanying declaration. (Zahir Decl. § 13, Exh. E)

Defendant's draft also included sweeping statements presented as fact, e.g., "Plaintiffs lack…," "Plaintiffs do not seek…," and "Plaintiffs cannot satisfy…", which were argumentative, conclusory, and appear improper in a document representing itself to the Court as a "joint statement."

In light of these issues, Plaintiffs emailed Defendant's counsel at 11:30 a.m. PST on November 21, 2025, explaining that the draft was non-compliant and that Plaintiffs could not sign it. (Zahir Decl. § 14, Exh. F)

At 11:40 a.m. PST, Defendant's counsel responded that unless Plaintiffs provided input by 2:00 p.m. PST, a two-hour-and-twenty-minute window, he would "finalize and file the Joint Statement…without your input." (Zahir Decl. § 15, Exh. G)

In a good-faith effort to cooperate, Plaintiffs drafted and submitted proposed text at 2:27 p.m. PST, following the format Defendant appeared to expect. Incorporating Plaintiffs' text expanded the document to eleven pages. A true and correct copy of the draft Joint Statement containing Plaintiffs' inserted text, beginning at page 9, line 8 ("Plaintiffs' Position") and ending at the conclusion on page 12. (Zahir Decl. § 17, Exh. H).

PLAINTIFFS' NOTICE OF OBJECTION                3

On Friday at approximately 4:58 p.m. PST, Defendant's counsel emailed Plaintiffs requesting signatures, or permission to affix Plaintiffs' electronic signatures.

On the following morning of November 22, 2025 at 10:26 AM EST, after further review, Plaintiffs reaffirmed their inability to sign a document containing inaccuracies and material outside the scope of the Standing Order. (Zahir Decl. § 18, Exh. J).

At 11:24 a.m. PST, Defendant circulated an updated draft that:

- paraphrased Plaintiffs' proposed text,
- omitted key points, and
- retained misrepresentations Plaintiffs had previously identified.

At 2:31 p.m. PST, Plaintiffs informed Defendant that they would not sign the revised draft and expressly requested removal of all Plaintiffs' text, original or paraphrased, before filing. (Zahir Decl. § 20, Exh. L).

Despite these instructions, Defendant filed the Joint Statement at 4:33 p.m. PST, incorporating Defendant's paraphrased version of Plaintiffs' contribution over Plaintiffs' repeated objections. (Zahir Decl. § 21, Exh. M).

## II. DEFENDANT'S STATEMENT VIOLATES STANDING ORDER §5(b)

Judge Walter's Standing Order §5(b) requires that a joint statement be limited to: (1) the date and duration of the conference; (2) the participants; (3) the issues discussed; (4) the issues resolved; and (5) the issues remaining. (See Dkt. 9, Judge Walter's Standing Order §5(b))

As pro se litigants, Plaintiffs reviewed representative joint statements previously filed in this District to understand the customary format. (Zahir Decl. § 12, Exh. D 1 & Exh D 2) Those statements are typically one to two pages long and

PLAINTIFFS' NOTICE OF OBJECTION                4

present only neutral procedural information, not extended legal argument or factual dispute.

Defendant's filing departs from §5(b) in multiple material respects:

1. **Extended Legal Argument.** The draft contains extended substantive legal argument and commentary appropriate to motion briefing, not the neutral procedural summary the Standing Order contemplates.

2. **Misstatement of Conference Duration.** The November 20, 2025 conference lasted approximately three hours and covered multiple topics, including matters raised by Plaintiffs. Defendant's statement instead reports a partial duration (approximately 45 minutes on a single topic), thereby omitting the true length and scope of the meet-and-confer.

3. **Factual Inaccuracies.** The statement asserts, without qualification, that Plaintiffs' identities have "never been properly established by any contemporaneous documentation." That assertion is inconsistent with government records accepted by U.S. Citizenship and Immigration Services and therefore is a materially inaccurate factual statement inappropriate for a §5(b) submission.

4. **Mischaracterization and Omission of Plaintiffs' Position.** Defendant paraphrases Plaintiffs' positions in a manner that omits key facts and context conveyed during the conference, rather than presenting Plaintiffs' statements neutrally and accurately.

For these reasons, Defendant's filing does not comply with Standing Order §5(b). (Zahir Decl. § 13-21)

## III. DEFENSE'S STATEMENT AND DECLARATION CONTAIN MISREPRESENTATIONS

Defendant's Joint Statement and the accompanying Declaration of Michael B. McCollum contain several factual inaccuracies regarding Plaintiffs' conduct and positions:

1. **Timing of Objections:**

   Defendant states that Plaintiffs raised concerns "only approximately ninety minutes before the filing deadline." This is incorrect. Plaintiffs first objected to the format and content of Defendant's draft on November 21, 2025, at 11:30 AM PST, more than 24 hours before the filing deadline. (Zahir Decl. § 14, Exh. F)

2. **Unauthorized Signatures:**

   Mr. McCollum asserts that Plaintiffs "inaccurately accus[ed]" him of signing the document without authorization. Plaintiffs made no such accusation. Plaintiffs merely noted that their electronic signatures had been inserted into the draft before any authorization was given. Defendant does not dispute this occurred. If it is regular practice to pre-populate Plaintiffs' signatures into drafts, Plaintiffs will withdraw this objection. (Zahir Decl. § 20, Exh. L)

3. **Consent:**

   Mr. McCollum claims that Plaintiffs "withdrew consent" to the document. This misstates the record. Supplying proposed edits for a joint filing is not consent to the final document, and Plaintiffs never consented to, signed, or authorized Defendant's Statement.

## IV. PLAINTIFFS COMPLIED WITH LOCAL RULE 7-3

Plaintiffs fully and in good faith participated in the required Rule 7-3 conferences on November 6, 2025 (1 hour and 15 minutes) and November 20, 2025 (3 hours). During these conferences, Plaintiffs:

- Offered to amend the Complaint and requested that Defendant identify the specific deficiencies it intended to raise;
- Asked whether any amendment could cure Defendant's concerns;
- Provided federal authorities addressing Defendant's anticipated arguments; and
- Repeatedly attempted to narrow or resolve the issues without motion practice.

Defendant refused to identify specific deficiencies and stated, "*We are not your lawyers and cannot advise you on what amendments might 'cure' any issues.*" (Zahir Decl. § 7, Exh. B)

Plaintiffs therefore fully satisfied their obligations under Local Rule 7-3 and Standing Order § 5(b).

## V. REQUEST

Plaintiffs respectfully request that the Court:

1. Disregard Defendant's filing as a "Joint Statement," as it was not jointly agreed upon and does not comply with Standing Order § 5(b);
2. Recognize that Plaintiffs did not approve, authorize, or consent to Defendant's Statement; and
3. Accept this Notice as Plaintiffs' statement of compliance with Local Rule 7-3.

PLAINTIFFS' NOTICE OF OBJECTION          7

1

Plaintiffs will address all substantive issues in their forthcoming opposition

2

to Defendant's Motion to Dismiss.

3

4

5

Shabnam Zahir

6

2301 Beechwood Dr, Waxhaw NC 28173

7

(703) 822-3686

8

shabnamahmadzahir@gmail.com

9

Respectfully submitted,

10

Dated November 24, 2025

11

12

13

14

/s/ Shabnam Zahir

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I hereby certify that on November 24, 2025, I submitted the PLAINTIFFS' NOTICE OF OBJECTION TO DEFENDANT'S STATEMENT REGARDING LOCAL RULE 7-3 CONFERENCE and the accompanying Declaration of Shabnam Zahir through the Court's Electronic Document Submission System ("EDSS"), which transmits documents to the Clerk of Court for docketing in the CM/ECF system. The date of EDSS submission will be the filing date once docketed.

On November 24, 2025, I served true and correct copies of these documents on Defendant Richard Zahir through his counsel of record, who have consented to email service in this action, at:

- michael@mccollumcounsel.com
- sivochek@sivochek.com

I declare under penalty of perjury that the foregoing is true and correct.


Executed on November 24, 2025.


/s/ Shabnam Zahir

Shabnam Zahir

Plaintiff, Pro Se

PLAINTIFFS' NOTICE OF OBJECTION                    9

# EXHIBIT A

 Gmail

**Shabnam Ahmad Zahir <shabnamahmadzahir@gmail.com>**

---

## Re: Meet and Confer – Anticipated Sanctions Motion (Protective Order Violation)
1 message

---

**Shabnam Ahmad Zahir** <shabnamahmadzahir@gmail.com>          Tue, Nov 18, 2025 at 2:49 PM
To: Michael McCollum <michael@mccollumcounsel.com>
Cc: Sergiy Sivochek <sivochek@sivochek.com>, Neslly Herrera <neslly@mccollumcounsel.com>, whumphrey@lepeabody.com

Michael,

Following up on yesterday's email regarding the scope of the November 20 meet-and-confer. I have not heard from you since Friday, November 14. I have sent at least a few emails since then; today is Tuesday, November 18 at 11:49 AM (PST).

We are preparing for our meet-and-confer on Thursday, November 20 at 8 M (PST) and would like to bring to your attention that L.R. 7-3 requires that we discuss not only the contemplated motion, but also any potential resolution. To prevent unnecessary motion practice, we contend that any perceived defect in our complaint could be quickly and easily resolved by an amendment. This would require, of course, that we discuss what language you contend is deficient, as well as how you perceive it could be amended to cure the alleged deficiency.

To ensure Thursday's meet-and-confer complies with L.R. 7-3, please come prepared to identify:

1. The specific allegations or language you contend are deficient;

2. Whether you believe amendment could cure any of those issues; and

3. If so, what specific clarifications you believe would resolve your concerns.

To be clear, Plaintiffs do not concede the Complaint is deficient. However, if clarifying certain allegations would resolve Defendant's objections and avoid unnecessary motion practice, we are willing to discuss amendment in good faith, as required.

Please confirm that you will be prepared to address the items above during the November 20 meet-and-confer.

Thank you,

Shabnam Zahir

Fakhria Zahir


On Mon, Nov 17, 2025 at 8:15 PM Shabnam Ahmad Zahir <shabnamahmadzahir@gmail.com> wrote:
  Michael,

  I have not received confirmation of the November 20 meeting scope despite my request this morning. It is now 5:15 PM (PST).

  **In light of the lack of response, it appears Defendant is declining to continue the dialogue on the remaining discovery issues, despite your October 31 request that all topics be addressed together and our inclusion of each issue during the November 6 meet-and-confer.**

To demonstrate our good faith efforts to resolve discovery disputes informally and to facilitate a productive discussion on Thursday, we are willing to focus our discussion on a narrowed subset of priority discovery issues:

1. **Proposed Stipulation re: DNA** - (issue open since 6/23/2025 - **147 days**)
   (Defendant challenges standing while refusing discovery necessary to resolve that challenge.)
2. **Global Issue** – completeness of Defendant's Production - (issue open since 7/29/2025 - **111 days**) (Defendant has not confirmed completeness of production despite multiple requests)
3. **RFA No. 11** – response inconsistent with evidence (issue open since 8/21/2025 - **88 days**)
4. **RFA No. 12** – Incomplete response (issue open since 8/21/2025 - **88 days**)
5. **RFA No. 17** – inconsistent response (issue open since 8/21/2025 - **88 days**)
6. **RFA No. 21** – Incomplete response (issue open since 8/21/2025 - **88 days**)
7. **RFP No. 12** – evidence supporting lack of relationship between Ahmad Zahir and Shabnam Zahir (issue open since 6/23/2025 - **147 days**) (Highly relevant to Defendant's assertion of sole control and ownership.)
8. **RFP No. 13** – purported email from AMIC to Defendant
9. **RFP No. 17** – communications with Shabnam
10. **ROG No. 6** - identify family and friends who support Defendant's claim (issue open since 8/21/2025 - **88 days**)
11. **ROG No. 4** - basis for claim Shabnam is not Ahmad Zahir's daughter (issue open since 8/21/2025 - **88 days**)

These items represent the most critical and time-sensitive issues from our discovery deficiency list. Focusing on these will make Thursday's discussion manageable while addressing our most pressing concerns.

**If you refuse to discuss even this focused subset on Thursday, November 20** - it will be clear that Defendant has no intention of providing discovery informally, and we will proceed with our motion to compel all outstanding discovery issues.

Please confirm by the end of day tomorrow, Tuesday, November 18, whether you will participate in discussing these priority items on Thursday, November 20 from 8 AM - 9 AM (PST).

Thank you,

Shabnam Zahir

Fakhria Zahir


On Mon, Nov 17, 2025 at 11:28 AM Shabnam Ahmad Zahir <shabnamahmadzahir@gmail.com> wrote:
Michael,

Following up on my November 14 email re: the scope of our November 20 meet-and-confer.

Please confirm by end of day today:

1. Defendant's proposed Rule 12(b)(1) motion to dismiss;

2. Plaintiffs' proposed motion to compel discovery; and

3. Defendant's concerns regarding Plaintiffs' responses -

or are you now attempting to limit the discussion solely to the Motion to Dismiss?

I need your written confirmation of the scope in order to prepare appropriately.

If I do not receive a response by end of day today, I will understand that Defendant is declining to continue the meet-and-confer on the remaining issues despite Defendant's own request on October 31 to combine all three topics.

Thank you,
Shabnam Zahir
Fakhria Zahir

(c) 703-822-3686 (EST)

**Assisted by:**

University of San Francisco School Of Law - Internet & IP Justice Clinic (CREATE)

L.E. Peabody & Associates (LEPA)

On Fri, Nov 14, 2025 at 8:10 PM Shabnam Ahmad Zahir <shabnamahmadzahir@gmail.com> wrote:
> Michael,
>
> Confirmed for November 20 at 8:00 AM PT and thank you for sharing the Zoom link.
>
> Noted that you do not consent to recording. I will provide a written summary after the call.
>
> Regarding the scope of the November 20 meeting:
>
> On October 31, Sergiy proposed combining our November 6 meet-and-confers to address the following topics:
>
>> 1. Defendant's proposed motion to dismiss Plaintiffs' claims under Rule 12(b)(1);
>> 2. Plaintiffs' proposed motion to compel discovery from Defendant; and
>> 3. Plaintiffs' failure to provide complete responses to Defendant's discovery requests.
>
> We agreed to this approach at Defendant's request. We responded to item #3 on November 4, 2025.
>
> Since Defendant explicitly proposed this combined approach, our November 20 follow-up meet and confer will continue to address all three topics as Defendant requested.
>
> Please come prepared to discuss these outstanding discovery issues on November 20.
>
> Thank you,
>
> Shabnam Zahir
>
> Fakhria Zahir

> On Fri, Nov 14, 2025 at 4:35 PM Michael McCollum <michael@mccollumcounsel.com> wrote:
>> Shabnam,
>>
>> I am no longer going to engage in this written back and forth with you due to your improper personal attacks on my character, ongoing mischaracterizations, and abuse of the meet and confer process. We will instead reserve our right to address any of these issues in the motion practice.
>>
>> Since you are not agreeing to any earlier date to continue the meet and confer on the motion to dismiss, we have no choice but to do it on the earliest date you are providing, which is November 20 at 8 am. I will circulate the Zoom invite.
>>
>> Again, we do not consent to any recordings of this or any future meetings.
>>
>> Mike

>> On Fri, Nov 14, 2025 at 12:55 PM Shabnam Ahmad Zahir <shabnamahmadzahir@gmail.com> wrote:
>>> Michael,
>>>
>>> Thank you for your email. Your email continues a troubling pattern of making statements directly contradicted by the written record. We continue to document everything and will correct the record where necessary, as we have done below.
>>>
>>> **1. Meeting Delay**
>>>
>>> Your statement that I "*did not let [you] into the Zoom meeting for 25 minutes*" omits critical context.

We requested written confirmation that the November 14 call would be limited to the Protective Order issue. We made this request four times over 36 hours (November 12 at 8:15 PM, November 14 at 4:28 AM, 7:57 AM, and 8:12 AM), and in each instance you responded without confirming or denying our request. I also made clear in writing that I would circulate and use a Zoom link only after receiving that confirmation. You finally confirmed at 8:15 AM, 15 minutes after the scheduled start.

The delay was the direct result of waiting for the written scope confirmation required to ensure a meaningful, focused conference under Local Rule 37-1, not by an arbitrary refusal to admit you.

### 2. False Equivalence – My Husband vs. Helena Zahir

Whether you "*have no objection*" to my husband's presence is irrelevant; he followed the Protective Order from the outset. Helena, by your own admission, did not.

Your statement that "*the PO does not require her to*" sign Exhibit A is incorrect. Section 7.2(c) explicitly requires execution "*before receiving any Protected Material.*" These are opposite situations.

Additionally, equating a litigation consultant who executed Exhibit A in June 2025 with an individual who accessed Protected Material before signing (and who is currently collecting more than $10,000 in monthly revenue from YouTube alone generated by the Zahir Catalog) is neither accurate nor appropriate.

### 3. Your Attempts to Downplay the Protective Order Violation

Your characterization of this motion as a "*monumental waste of the Court's time*" is both incorrect and appears designed to intimidate us from filing.

This is a serious issue for three reasons, which we have already explained to you:

First, we deliberately chose not to name Helena as a defendant to prevent her from accessing our confidential discovery materials under the Protective Order. Her unauthorized access for over 3 months defeats that strategic litigation decision.

Second, based on Defendant's representations that Helena plays an "*essential*" role in "*business and copyright matters,*" she may need to be joined as a necessary party under Rule 19 or added as a defendant for infringement.

Third, Defendant's counsel admitted that Helena accessed materials before signing Exhibit A, yet continues to claim she "*has abided by the terms of the PO.*" These contradictory statements, coupled with refusal to clarify her role, demonstrate bad faith that warrants Court intervention.

The motion will be filed in due course.

### 4. Double Standard on Review Time

On November 10, your co-counsel stated Defendant is "*carefully reviewing*" our discovery deficiencies (many pending for several months) and would need "*about a week.*"

Yet you demand that we review 25 complex authorities and meet "*before one week from now.*"

You cannot demand that Plaintiffs complete substantive legal analysis faster than Defendant claims he can respond to months-old deficiencies. Further, your discovery responses that were due "*within about a week*" of November 10 still have not been provided.

### 5. Motion to Dismiss - Scheduling

As stated, Plaintiffs are willing to meet and confer on the Motion to Dismiss.

You provided twenty-five (25) authorities you contend support your proposed motion. To have a productive discussion, I need reasonable time to review them and prepare a substantive response.

I have *already* offered:

- Thursday, November 20 at 8:00 a.m. PST

- Friday, November 21 at 8:00 a.m. PST

- Monday, November 24 at 12:00 p.m. PST

These dates strike a balance between your request not to "*wait two weeks*" and my need (as a Pro Se litigant) to review 25 cases thoroughly so that the conference is meaningful and compliant with L.R. 7-3.

Please confirm which works for your schedule or propose a comparable time in that window.

**6. Recording Future Meet-and-Confers**

Given the repeated need to clarify and correct the record after our meet-and-confer discussions, particularly regarding scope, statements made during the call, and the sequence of events, Plaintiffs believe maintaining an accurate record is essential.

During the November 14 call, Defendant's counsel was openly hostile from the outset. Counsel raised his voice, interrupted repeatedly, and responded aggressively to questions about Helena's role.

As a pro se litigant on a call with two attorneys who adopted an aggressive and coordinated approach, I found the conduct inappropriate and inconsistent with the level of professionalism required in federal discovery practice. During the call, I noted the escalating hostility and attempted to redirect the discussion toward a productive and focused exchange.

I will continue to raise and preserve all issues necessary to protect our rights and my father's legacy.

We already suggested recording our meet and confers on November 5, 2025 at 8:35 PM, when we wrote, **"***In addition, for the sake of transparency and accurate documentation, I would like to confirm whether you and your team are comfortable with me recording the call. This would be solely for internal reference and note-taking purposes to provide accurate cross-referencing later on.***"** November 6, 2025 at 12:53 PM, Sergiy declined, stating, "*Please note that we do NOT consent to any video, audio, or other form of recording of the meet-and-confer. This conference is intended to be a candid and productive discussion to facilitate resolution of discovery issues, and any recording could inhibit that process.*"

These exchanges show that from the outset, we sought full transparency and accuracy precisely to avoid later disputes about what was or was not said - disputes that have now repeatedly arisen. Going forward, a recording would *ensure* an objective record and may also encourage more professional conduct during the discussions.

If Defendant does not consent to recording, please confirm prior to the next meet-and-confer. In that event, Plaintiffs will continue providing prompt written summaries and respectfully request that Defendant identify any alleged inaccuracies within 24 hours so the record remains clear and contemporaneous.

Thank you,

Shabnam Zahir

Fakhria Zahir

On Fri, Nov 14, 2025 at 1:46 AM Michael McCollum <michael@mccollumcounsel.com> wrote:
> Shabnam,
>
> It is very relevant that your husband is participating. We have no objection to that and we appreciate that he
> is helping you just the same way Helena is helping her husband, but it is not fair for you to want to use your
> husband as a consultant while precluding Rishad from doing the same with his wife. We have also
> confirmed with Helena that she has abided by the terms of the PO and since you raised this issue she has
> further signed exhibit A even though the PO does not require her to. Truthfully, your husband is acting in the
> same capacity as Helena. He is not qualified to be an expert in this case for obvious reasons, namely the
> focus of his expertise being railroads and the fact that he is your husband. You are welcome to file a motion
> on the PO if you insist, but given all of these facts it would be a monumental waste of the Court's time and
> the parties' time and we should focus our energies instead on more important matters in this case.

Regarding today's meet and confer, the fact remains that you did not let us into the Zoom meeting for 25 minutes, and then the meet and confer on only your topic lasted about 7 minutes. We very easily could have finished discussing the motion to dismiss that we already started a week ago, particularly in reference to the 4 cases you provided yesterday. I have never in my life participated in a meet and confer meeting like this where one side insists we discuss only the topics they want to discuss and not the other side's topics or motion. It is pure gamesmanship and not at all in keeping with the spirit of rule 7-3 and what the Court expects from counsel and litigants.

Regardless, we will move forward.  Please offer dates before one week from now to continue the meet and confer on the motion to dismiss, such as Monday or Tuesday this next week. Waiting 2 weeks after the first meeting is too long.

Thanks,

Mike

McCollum Counsel
1500 W. Alhambra Rd.
Alhambra, California 91801
213-534-6070
michael@mccollumcounsel.com


On Thu, Nov 13, 2025 at 2:50 PM Shabnam Ahmad Zahir <shabnamahmadzahir@gmail.com> wrote:
  Michael,

  Thank you for your email.

  You misrepresent the events of today's call. You claim that "*in that meeting, [I] refused to further discuss the motion to dismiss*", but that is misleading. **You have omitted the fact that you agreed in writing at 8:15 AM PT this morning that we would** limit today's discussion to the Protective Order issue. You additionally agreed that you would ask for a follow-up call to discuss that topic separately.

  Instead of honoring that agreement, you repeatedly attempted to force discussion of the Motion to Dismiss during our call, in direct violation of your written commitment. I refused to discuss the Motion during today's meeting, which is exactly what we expressly agreed to beforehand.

  Regarding your reference to my husband, Will Humphrey: I am not sure why counsel raised his presence during today's meet-and-confer *and again* in your email. For clarity: my husband is a professional litigation consultant with more than 25 years of experience at L.E. Peabody & Associates, and he executed Exhibit A in June 2025. He has complied fully with the Protective Order. He did not participate in the discussion in any way.

  Continued unrelated references to his presence will be viewed as an attempt to influence the record in bad faith.

  Regarding the Motion to Dismiss: As discussed, we are willing to schedule a meet-and-confer on the Motion to Dismiss separately. Last week, you provided twenty-five (25) authorities you contend support your proposed Motion. In order to have a productive discussion, we need adequate time to review these cases thoroughly.

  We are available on Thursday, November 20 at 8:00 AM PST, Friday, November 21 at 8:00 AM PST, or Monday, November 24 at 12:00 PM PST. Please confirm which time works for your schedule.

  Thank you,

  Shabnam Zahir
  Fakhria Zahir
  On Thu, Nov 13, 2025 at 11:43 AM Michael McCollum <michael@mccollumcounsel.com> wrote:

11/24/25, 10:30 PM Gmail - Re: Document 40 - Filed 11/24/25 - Anti-Tr Stanford - Antimplied Sanctions Motion (Protective Order Violation) Page 17 of 167 Page ID #:292

Case 2:25-cv-00782-JFW-AS Document 40 Filed 11/24/25 Page 17 of 167 Page ID #:292

Shabnam:

This confirms we just completed the meet and confer zoom meeting on the protective order issue, at which your husband was again present.

In that meeting, you refused to further discuss the motion to dismiss. I requested you provide a proposed time later today or tomorrow morning to continue the discussion on the motion to dismiss. You refused to provide a time, indicating you would do so over email.

Please provide a proposed time.

As I said in the meeting, if you do not provide a proposed time, we will bring the motion next week and assume you have no interest in continuing the meet and confer on the motion to dismiss.

Thanks,
Mike

On Thu, Nov 13, 2025 at 8:23 AM Michael McCollum <michael@mccollumcounsel.com> wrote:
I'm still waiting. Are you letting us in?

On Thu, Nov 13, 2025 at 8:19 AM Shabnam Ahmad Zahir <shabnamahmadzahir@gmail.com> wrote:
Michael,

Thank you for confirming that you are willing to proceed solely on the Protective Order issue. I appreciate you taking the time despite your personal schedule - I completely understand since I'm a mother of three kids.

I am available now to discuss the Protective Order violation as originally noticed. I will let you and Sergiy in the meeting lobby in a few.

As stated previously, we can schedule a separate meet-and-confer for the motion to dismiss once Defendant provides the written grounds required under Local Rule 7-3 so that discussion can be meaningful and compliant with the Local Rules.

Thanks again,

Shabnam Zahir

Fakhria Zahir

On Thu, Nov 13, 2025 at 11:15 AM Michael McCollum <michael@mccollumcounsel.com> wrote:
Shabnam,
I am supposed to be dropping my kids off at school now but rearranged my schedule to accommodate this, so let's discuss the PO issues now. I believe you are being very unreasonable and there is no basis to not discuss the motion to dismiss, but if this is what you incist, then we will go with your way, and we will ask for a follow up call to discuss the motion to dismiss.
Mike

On Thu, Nov 13, 2025 at 8:12 AM Shabnam Ahmad Zahir <shabnamahmadzahir@gmail.com> wrote:
Michael,

I am in the meeting lobby at the agreed time. However, we still have not received confirmation that today's meet-and-confer will be limited to the Protective Order issue, as noticed. Because confirmation of scope is necessary for a meaningful meet-and-confer under Local Rule 37-1, and Defendant has declined to provide that confirmation despite multiple requests, Plaintiffs are treating today's meeting as canceled.

We remain willing to meet and confer on the Protective Order issue once Defendant confirms the scope, and we will schedule a separate call for the motion to dismiss and other matters once those issues are properly noticed.

Sincerely,
Shabnam Zahir

Fakhria Zahir

On Thu, Nov 13, 2025 at 11:04 AM Michael McCollum <michael@mccollumcounsel.com> wrote:
> I was on the zoom link I sent out earlier but have switched to yours you just sent out. Please join.

On Thu, Nov 13, 2025 at 7:57 AM Shabnam Ahmad Zahir <shabnamahmadzahir@gmail.com> wrote:
> Micheal,
>
> I'm sorry for the confusion by sending a zoom link, I glossed over your initial email prior to you sending one. After careful review, you misrepresent the record of events.
>
> Ethan's email to you on August 7 may have identified 9 issues, but Ethan's email to you on **August 21st identified an additional 9 issues.** Ethan was not granted leave to withdraw until October 7th, <u>months after</u> these issues were provided. You still have not responded to ANY of these issues.
>
> We made it clear that we are not "refusing" meet-and-confer efforts, but we will not tolerate one-sided gamesmanship.
>
> You still have not confirmed in writing that you agree to discuss only the Protective Order Violation at this meet and confer. **Confirm now, or we will end the call immediately.**
>
> **The call will be in 4 minutes.**
>
> Thank you,
> Shabnam Zahir
>
> Fakhria Zahir
>
>
> On Thu, Nov 13, 2025 at 9:52 AM Michael McCollum <michael@mccollumcounsel.com> wrote:
>> Shabnam,
>>
>> We are not "manipulating" the meet and confer processes by insisting we complete the meet and confer on the motion to dismiss this morning as well. We are simply trying in good faith to complete the meet and confer.  There is no reason we cannot complete that along with discuss your protective order issues in a call this morning.
>>
>> Regarding the discovery issues, Ethan's last email to us on August 7 identified 9 issues.  Thereafter he started the process of withdrawing. Your email sent at 5:20 pm the evening before our initial meet and confer meeting identities approximately 30 issues. We have been working on that but simply require more time given the number of issues and the holiday earlier this week.
>>
>> If you insist on not finishing the discussion on the motion to dismiss either this morning or in a follow up call tomorrow (we are available for an hour at 8am tomorrow as well), we will point out to the Court that you refused further meet and confer efforts.
>>
>> Mike
>>
>>
>> McCollum Counsel
>> 1500 W. Alhambra Rd.
>> Alhambra, California 91801
>> 213-534-6070
>> michael@mccollumcounsel.com
>>
>>
>> On Thu, Nov 13, 2025 at 4:28 AM Shabnam Ahmad Zahir <shabnamahmadzahir@gmail.com> wrote:
>>> Michael,

At our last meet-and-confer, we discussed multiple topics: your proposed motion to dismiss, your alleged discovery deficiencies, our motions to compel discovery, our list of Defendant's discovery deficiencies, and our motion to compel DNA testing.

You now want to advance **only** your motion to dismiss while:

- Stating you are "still reviewing" our discovery deficiency list (including many items outstanding **80+ days**)

- Not responding to our November 4 responses to your alleged deficiencies

- Not answering our questions about Helena's role

You insisted that we join your proposed motion to dismiss with our proposed motions in the previous meet and confer. Now, you attempt to decouple your motion from our motions and advance it alongside a new issue, solely because we cannot discuss our motions due to your lack of responses. This is a transparent attempt to manipulate the meet-and-confer process and violates the good-faith requirement.

We have provided our case law (November 13) in rebuttal of your proposed motion to dismiss and our responses addressing our alleged deficiencies (November 4). These are the only two issues Defendant has raised and we have responded to both. A balanced discussion requires reciprocal disclosure from you, and to date you have provided *nothing* in response to the issues outlined above.

The Protective Order violation is a serious <u>new issue</u> warranting focused discussion today.

**We are willing to discuss all remaining issues (MTD, discovery disputes, DNA testing) in a comprehensive meet-and-confer.** However, to make that discussion productive, please provide:

1. Written responses to Plaintiffs' list of Defendant's discovery deficiencies

2. Written responses to our responses to Defendant's list of Plaintiffs' alleged discovery deficiencies

**Once these materials are provided, we will promptly schedule a comprehensive call to discuss all outstanding issues, including your Motion to Dismiss.**

Please confirm:

A. You and Sergiy will attend today's 8:00 AM call, AND

B. Today's discussion will be <u>limited to the Protective O</u>rder violation, AND

C. You will provide items 1 and 2 above by Friday, November 14, so we can schedule the comprehensive follow-up discussion.
Thank you,

Shabnam Zahir

Fakhria Zahir

On Wed, Nov 12, 2025 at 11:47 PM Michael McCollum
<michael@mccollumcounsel.com> wrote:
  Shabnam, we would like to discuss on the call tomorrow morning both the
  protective order and the motion to dismiss, in particular the case cites you sent
  over today.  There is no reason those two topics cannot be covered in a further
  meeting. As for the outstanding discovery issues on both sides, we should

schedule a further call for that since we are still reviewing your lengthy list from last
week.

Thanks,
Mike

McCollum Counsel
1500 W. Alhambra Rd.
Alhambra, California 91801
213-534-6070
michael@mccollumcounsel.com

On Wed, Nov 12, 2025 at 8:15 PM Shabnam Ahmad Zahir
<shabnamahmadzahir@gmail.com> wrote:

Sergiy,

Following up on my November 11 email re: tomorrow's 8:00 a.m. PST meet-and-
confer, Plaintiffs have not received confirmation that the discussion will be limited
to the Protective Order violation, as outlined in that email.

For purposes of clarity and to ensure a productive conference consistent with
Local Rule 37-1, please confirm:

1. That you agree tomorrow's meet-and-confer will be limited solely to the
   Protective Order violation re: Helena Zahir's access to Protected
   Material; and

2. That you and Micheal will be attending the call.

Once we receive your confirmation, I will promptly send the Zoom link for the
meeting as planned.

If we do not receive confirmation, Plaintiffs will understand that Defendant is not
prepared to proceed with the meet-and-confer on this issue and will address the
matter accordingly. We look forward to hearing from you.

Thanks,

Shabnam Zahir

Fakhria Zahir

On Tue, Nov 11, 2025 at 2:49 PM Shabnam Ahmad Zahir
<shabnamahmadzahir@gmail.com> wrote:

Sergiy,

Thank you for your email regarding Helena Zahir's ongoing violation of the
Protective Order. Although you contend that "*this is not a genuine issue*," we
strongly disagree, and believe the record speaks clearly to the contrary. Your
email confirms, rather than rebuts - the violation. As outlined in my prior
correspondence, the Protective Order's plain language prohibits disclosure of
confidential materials to anyone other than authorized recipients who have
executed Exhibit A ***prior to*** access. Being Defendant's spouse or "business
aide" does not create an exemption. Our prior counsel, Ethan Jacobs, was
*very adamant* about this. In contrast, your position appears to subvert the
Protective Order entirely.

We deliberately chose not to name Helena Zahir as a defendant, despite her
public involvement in asserting claims over the Zahir Catalog, precisely to
prevent her from gaining access to confidential discovery materials under the

Protective Order. This action was intentionally structured solely as a dispute between Plaintiffs and Defendant. Allowing Helena to participate in discovery or litigation strategy now undermines that structure and may require Plaintiffs to seek leave to amend or join her under Rule 19.

### 1. Your Admissions Confirm a Violation

Summarizing your current position:

1. Helena Zahir has been accessing Plaintiffs' protected confidential data since the outset of this case;
2. You continue to allow her access;
3. You characterize her variously as a "party," "consultant," and now "informal consultant";
4. You assert that her role is "essential" to assisting you and Defendant;
5. You claim there is no requirement that a consultant possess specialized technical knowledge;
6. You claim that her signing of Exhibit A on November 8 retroactively cures any prior violation.

Each of these admissions is in direct conflict with the Protective Order's disclosure provisions and constitutes a continuing violation.

Courts have recognized that violations of protective orders may warrant sanctions under Federal Rule of Civil Procedure 37(b)(2), particularly where a party allows continued access after notice of a breach. Plaintiffs reserve all rights to seek appropriate relief, including revocation of access, certification of destruction, and an award of monetary sanctions for Defendant's bad-faith conduct.

### 2. Extent of Helena Zahir's Involvement May Require Joinder or Amendment

Your email confirms what we have suspected: Helena is not a peripheral consultant, she is a central actor in both the exploitation of the Zahir Catalog and this litigation.

You describe her as Rishad's "*closest trusted aide on business and copyright matters*" whose role in this litigation is "*essential to his ability to assist counsel and defend himself effectively.*" These statements raise two immediate concerns:

First, if Defendant cannot defend himself without Helena's involvement, she may be the real party in interest under FRCP 17(a), requiring disclosure and potentially joinder.

Second, your characterization suggests Helena may be:

- Making licensing decisions
- Communicating with distributors (YouTube, Spotify, TuneCore, CD Baby, SonoSuite, etc.)
- Collecting and distributing revenues
- Asserting copyright claims (including DMCA takedowns against Plaintiffs)

- Controlling distribution channels

If a non-co-owner is exercising control over these works and collecting
revenues, that constitutes copyright infringement under 17 U.S.C. § 501.
Depending on the scope of her involvement, we may need to add Helena as a
defendant and assert claims for direct infringement, contributory infringement,
vicarious infringement, unjust enrichment, conversion, and civil conspiracy.

Given your representations about her "essential" role in "business and
copyright matters," these claims appear well-founded.

Please provide written answers to the following questions **before our meet
and confer** Thursday, November 13, 2025 at 8:00 am PT:

1. Does Helena hold any ownership interest in the Zahir Catalog?
2. Does Helena have authority to license these works to third parties?
3. Does Helena communicate with distributors regarding the Zahir
   Catalog?
4. Does Helena receive revenues from the Zahir Catalog? If so, how
   much and through which channels?
5. Did Helena participate in registration attempts in the U.S., Oman,
   Afghanistan, Tajikistan or other jurisdictions?
6. Did Helena issue or authorize DMCA takedown notices against
   Plaintiffs or anyone else?
7. What specific "business and copyright matters" has Helena handled?
8. Does Helena manage, create content for, or control any social-media or
   digital accounts representing Ahmad Zahir or the Zahir Catalog
   (including Facebook, )? If so, identify all such accounts and her specific
   activities on each.

Your failure to provide complete answers will be raised in any motion to
compel and may result in adverse inferences that Helena controls licensing
and distribution as a non-owner.

Depending on your answers, we will determine whether to seek joinder under
Rule 19, amend the Complaint to add Helena as a defendant, or seek an
order precluding her from further involvement in this litigation.

### 3. Meet and Confer Logistics

Once again, you propose a meet and confer to discuss matters for which you
have not provided the required information. A meaningful meet and confer
requires *both* parties to provide their positions in writing in advance. That has
not occurred here. Specifically, you now seek to discuss "the parties'
respective discovery obligations," but have not responded to:

- Our detailed list of Defendant's discovery deficiencies (delivered prior
  to the last meet and confer, with 13 items outstanding for over **80
  days**), nor
- Our written responses addressing Defendant's list of alleged
  deficiencies in Plaintiffs' production (served **November 4**).

You now claim you need "about" an additional week to review those deficiencies, subject to possible further delay. That would result in us receiving your responses, at the earliest, **five days after** the meet and confer where you suggest they be discussed.

At our last meet and confer, we discussed the following five items:

- Defendant's proposed motion to dismiss
- Defendant's list of alleged deficiencies in Plaintiffs' production
- Plaintiffs' proposed motion to compel DNA testing
- Plaintiffs' proposed motion to compel complete discovery responses
- Plaintiffs' list of Defendant's discovery deficiencies

Since then, a new issue has arisen: Defendant's willful violation of the Protective Order. That matter is **not part of the five issues above** and warrants a separate discussion.

You now propose to meet and confer, in essence, on only the following two items:

- The Protective Order violation
- Defendant's proposed motion to dismiss
- ~~Defendant's alleged deficiencies in Plaintiffs' production~~ (***cannot be discussed until you respond***)
- ~~Plaintiffs' proposed motion to compel DNA testing~~ (***not mentioned***)
- ~~Plaintiffs' motion to compel complete responses~~ (***not mentioned***)
- ~~Plaintiffs' list of Defendant's discovery deficiencies~~ (***cannot be discussed until you respond***)

Respectfully, <u>Defendant has had ample time to cure months-old discovery deficiencies and to review Plaintiffs'</u> November 4 responses. Continuing to delay while pressing forward on your own motion and simultaneously seeking the benefit of Plaintiffs' full cooperation is improper and prejudicial. This pattern of non-responsiveness no longer reflects inadvertence; it constitutes obstruction of discovery and violates the good-faith obligations imposed by Federal Rule of Civil Procedure 26 and Local Rule 37-1**.** A meaningful meet-and-confer requires both parties to exchange written positions in advance. To date, Defendant has not provided responses to Plaintiffs' detailed deficiency list *(including 13 items, <u>outstanding for **over 80 days**)</u>* or to Plaintiffs' November 4 responses to Defendant's alleged deficiencies. Plaintiffs will allow until Friday, November 14 for complete responses; failure to do so will exhaust the meet-and-confer requirement and necessitate a motion to compel by Plaintiffs.

We are available Thursday, November 13 at 8:00 a.m. PT to address the Protective Order violation. Please confirm that the discussion will be **limited to that issue**; otherwise, we will defer the broader meet-and-confer until your responses are complete. Once those responses are received and the scope is confirmed, Plaintiffs will circulate the Zoom link.

Thank you,

11/24/25, 10:43 PM ASI - Re: Document 40 Filed 11/24/25 Antricipated Sanctions Motion (Protective Order Violation) Page 24 of 167 Page ID #:299

Case 2:25-cv-00782-JFW-AS Document 40 Filed 11/24/25 Page 24 of 167 Page ID #:299

Shabnam Zahir

Fakhria Zahir

On Mon, Nov 10, 2025 at 7:31 PM Sergiy Sivochek
<sivochek@sivochek.com> wrote:

Dear Shabnam,

In response to your recent emails concerning the Protective Order, paragraph 2.11
of the Order expressly defines "Party" to include each party's informal consultants
in addition to officers, directors, employees, counsel, and their support staffs. This
definition is distinct from "Experts," which are separately defined in paragraph 2.7.
There is no requirement that a consultant qualify as an "expert" or possess
specialized technical knowledge.

As you know, Defendant is a professional musician dedicated to preserving his
father's legacy. His wife, Helena, has long served as his closest trusted aide on
business and copyright matters. She was specifically identified in our Initial
Disclosures as a key witness. Her role as Defendant's informal consultant in this
litigation is both legitimate and essential to his ability to assist counsel and defend
himself effectively.

Both Rishad and Helena were advised of the Protective Order when it was entered.
Helena has confirmed that she has consistently complied with its terms. Because
she is expressly included in the Order's definition of "Party," it has been binding
upon her from the outset even without her signature on Exhibit A. Nevertheless, to
eliminate any possible misunderstanding, we have obtained her signed
acknowledgment (attached).

Accordingly, there has been no violation of the Protective Order. Respectfully, this
is not a genuine issue, and pursuing it further would only consume unnecessary
time and resources for both sides and the Court.

Separately, we are carefully reviewing the various discovery questions raised in
your recent emails. Our goal is to complete discovery efficiently and cooperatively,
in line with the Court's expectations. Unless additional time is taken up by side
issues such as the Protective Order concern, we expect to provide any necessary
supplemental discovery responses within about a week. We also hope that you will
focus on the main issues in this case and review and supplement your own
discovery responses in good faith so that we can move the process forward
productively and professionally.

Lastly, we look forward to receiving, by this Wednesday, the memorandum and
research results you mentioned are being prepared by the University of San
Francisco School of Law in connection with the motion to dismiss.

If helpful, both Michael and I are available this Thursday, November 13, at 8:00
a.m. Pacific Time to accommodate your schedule. We will be prepared to discuss
(a) any questions you may have regarding the forthcoming Motion to Dismiss and
your related memorandum; (b) your allegations concerning the Protective Order;
and (c) the parties' respective discovery obligations.

Please confirm your availability and let us know whether you prefer to circulate a
Zoom link from your end or would like us to provide one.

Thanks,

Sergiy M. Sivochek, Esq.
**SILC - SIVOCHEK IP LAW CENTER**
*Protecting Intellectual Property. Fostering Innovation.*
12450 Magnolia Blvd, Unit 4071
Valley Village, CA 91607

Phone: 323-203-701
Email: sivochek@sivochek.com
https://sivochek.com

On Fri, Nov 7, 2025 at 4:04 PM Sergiy Sivochek <sivochek@sivochek.com>
wrote:

Dear Shabnam,

We received your lengthy email alleging a violation of the Protective Order. Your
position is incorrect and unsupported by applicable law. Defendant remains in
full compliance with the Protective Order.

It is unfortunate that attention continues to be diverted away from discovery and
the merits of this case. I am currently attending to another matter but will provide
a more complete response by Tuesday.

Thanks,

On Fri, Nov 7, 2025 at 11:44 AM Shabnam Ahmad Zahir
<shabnamahmadzahir@gmail.com> wrote:

Sergiy and Michael,

Based on your earlier responses (which were notably unclear as to whether any
unauthorized disclosure had occurred) we initially understood that Helena Zahir's
attempt to access Plaintiffs' confidential discovery materials was inadvertent, and
that your statement you would "take care of it on your end" meant you intended
to instruct her not to seek access again. However, when it appeared that the issue
might reflect a preexisting or ongoing disclosure, we requested verification that
no violation of the Protective Order had occurred.

Your most recent response removes any doubt that this was not an isolated
misunderstanding, but an apparent violation of the Protective Order. You now
claim that Helena Zahir is a "consultant," equivalent to my husband, and that you
intend to "obtain" her signed Exhibit A after I provide my consultants' signed
documents. That position is contrary to the express terms of the Protective Order
and, by your own description, confirms a violation of it.

**Misstatement #1 – Helena Zahir Is Not a "Party"**

Section 2.11 defi

--

Thank you,
Shabnam Zahir
Fakhria Zahir

(c) 703-822-3686 (EST)

**Assisted by:**

University of San Francisco School Of Law - Internet & IP Justice Clinic (CREATE)

L.E. Peabody & Associates (LEPA)

--

Thank you,
Shabnam Zahir
Fakhria Zahir

(c) 703-822-3686 (EST)

**Assisted by:**

University of San Francisco School Of Law - Internet & IP Justice Clinic (CREATE)

L.E. Peabody & Associates (LEPA)

EXHIBIT B

 Gmail

Shabnam Ahmad Zahir <shabnamahmadzahir@gmail.com>

---

## Re: Meet and Confer – Anticipated Sanctions Motion (Protective Order Violation)
1 message

**Sergiy Sivochek** <sivochek@sivochek.com>                                    Tue, Nov 18, 2025 at 9:04 PM
To: Shabnam Ahmad Zahir <shabnamahmadzahir@gmail.com>
Cc: Michael McCollum <michael@mccollumcounsel.com>, Neslly Herrera <neslly@mccollumcounsel.com>,
whumphrey@lepeabody.com

Shabnam,

We look forward to our Rule 7-3 meet and confer at 8:00 a.m. Pacific this Thursday, November 20. The main subject of the meeting will be the forthcoming Motion to Dismiss, but your proposal to combine discussion of discovery issues for both Plaintiffs and Defendant is acceptable as well. Since you have shifted or added demands multiple times over the last two weeks, we will address your most recent list of eleven (11) demands reflected in your November 17 email. To maintain a structured meeting, please refrain from changing that list or adding new demands before the conference.

The scope of the Rule 7-3 meet and confer is set by the Local Rules and the Judge's Standing Order. As you know, we already discussed the Motion in detail during our November 6 meeting, including the grounds for the Motion and the specific pleadings at issue. At that time, we agreed to a follow-up meeting to accommodate your pro se status and because you indicated that you needed time to review the relevant case law and to discuss it with the University of San Francisco School of Law. Nonetheless, we will be prepared to discuss again all subjects required by Local Rule 7-3 and the Judge's Standing Order. We will follow the rules and address all pertinent issues, but we will not entertain attempts to divert the discussion into topics that are not relevant to the Motion.

Please also note that we are not your lawyers and cannot advise you on what amendments might "cure" any issues or what "clarifications" you should or should not make. Our position remains that no amendment to Plaintiffs' pleadings can create subject matter jurisdiction and that Plaintiffs' standing must have existed on the date the Complaint was filed and cannot be waived or cured under the applicable law. It is also our position that the dispute, in its core, is a paternity and heirship controversy and does not belong in federal court. That said, we remain open to hearing any reasonable and law-based arguments, should you have any.

In addition, we received your email today with the four rebuttal case citations. We were already familiar with all four authorities and, at this stage, continue to view them as either supportive of our position or otherwise distinguishable. If you have additional case law that you believe supports your opposition to the Motion, please provide it by tomorrow.

You also indicated that you would send us the memorandum prepared by the University of San Francisco School of Law. We do not appear to have received it. If you have a memorandum that is different from the email you sent today, please provide it by tomorrow so that the meeting can be productive.

Your analysis of the authorities we cited is not accurate. We will nonetheless review your analysis in more detail and will be prepared to discuss them during the meeting.

We do not believe it would be productive to engage in point-by-point exchanges or back-and-forth advocacy by email regarding each case or individual argument in isolation over the next two days. We will present our full position again at the Rule 7-3 conference, address your views, and comply with all applicable rules. If you have any additional and relevant case law or research you intend to rely upon, please send it by tomorrow so we may review it in advance.

We also intend to discuss the same list of Defendant's outstanding requests that we prepared for the November 6 meeting. We never had the opportunity to address that list because you had to leave early. We received your written responses thereafter, but they are largely inapplicable. Rather than engage in further email back and forth, we should address the list during the video call for efficiency.

Please allocate at least one and a half hours to the conference. We found the last two calls with you to be inconsistent with the purpose of the meet and confer process and not respectful of our time. We hope this upcoming meeting will proceed in a more orderly and focused manner.

We understand that your husband will be present, and we have no objection. If anyone else will be attending the call, please let us know in advance. As previously stated, we do not consent to the recording of this or any future phone calls, video conferences, or meet and confer discussions.

Regards,

Sergiy M. Sivochek, Esq.
**SILC - SIVOCHEK IP LAW CENTER**
*Protecting Intellectual Property. Fostering Innovation.*
12450 Magnolia Blvd, Unit 4071
Valley Village, CA 91607
Phone: 323-201-2701
Email: sivochek@sivochek.com
https://sivochek.com

On Tue, Nov 18, 2025 at 4:53 PM Shabnam Ahmad Zahir <shabnamahmadzahir@gmail.com> wrote:

Michael,

To facilitate our discussion of your proposed motion to dismiss during our meeting Thursday, I wanted to follow up on the jurisdictional grounds and authorities you provided on November 10. By reviewing our points as outlined below, we aim to streamline the discussion to focus on authorities you believe are still relevant after reviewing our points below. In this way, we can reduce the burden and time required to evaluate all 25 authorities you provided.

We just concluded a thorough review and analysis of all the cases Defendant cited.

**We find that <u>none</u> of the 25 authorities align with the facts of this case or support dismissal under Rule 12(b)(1).** We have outlined our arguments below and have identified example authorities from the 25 you provided which fall into each category**:**

1. Many of Defendant's authorities involved active probate proceedings in state court. These cases involved courts declining jurisdiction because a state probate court was already administering an estate or because parties were directly litigating heirship and estate distribution. However, our case has no active probate proceeding and is therefore not comparable to these cases.

Examples of provided authorities which fall into this category include:

- Flanigan v. Security-First Nat'l Bank (S.D. Cal. 1941)

- Balestra v. Balestra-Leigh (D. Nev. 2010)

- Vanderburg v. Vanderburg (N.D. Tex. 2007)

- Surgick v. Cirella (D.N.J. 2012)

- Czarnetzki v. Andrews (D.N.J. 2012)

2. From my understanding and review, none of the 25 authorities involve U.S. copyright ownership or posthumous commercial exploitation. Our claims center on federal copyright co-ownership and ongoing commercial exploitation, which these cases do not address.

Examples of provided authorities which fall into this category include:

- Topolos v. Caldewey (Ninth Circuit)

- Scholastic Entm't v. Fox Entm't (Ninth Circuit)

- Oddo v. Ries (Ninth Circuit)

- Dolch v. United California Bank (Ninth Circuit)

3. Several cases underscore the applicability of foreign inheritance law—but still exercise jurisdiction. These cases prove the opposite of Defendant's argument: even where foreign law governs succession, federal courts can still adjudicate ownership of copyrights.

    Examples of provided authorities which fall into this category include:

    - De Sylva v. Ballentine (U.S. Supreme Court, 1956)

    - Itar-Tass v. Russian Kurier (Second Circuit, 1998)

Both courts applied foreign or state law to determine family status or initial ownership <u>while fully exercising federal jurisdiction.</u>

    4. Plaintiffs' Rebuttal Authorities Already Provided

    On November 13, Plaintiffs provided four rebuttal authorities:

    - Silk v. Bond (Ninth Circuit 2023)

    - Marshall v. Marshall (U.S. Supreme Court 2006)

    - Goncalves v. Rady Children's Hospital (Ninth Circuit)

    - Markham v. Allen (U.S. Supreme Court)**

These cases were researched by the University of San Francisco School of Law's Internet & IP Justice Clinic.

They collectively establish that:

- The probate exception is narrow.

- Federal courts may adjudicate in personam claims regarding copyright ownership and accounting without "probating a will" or "administering an estate."

- Federal jurisdiction exists where, as here, no probate court has custody of any estate property.

- Copyright co-ownership claims fall squarely within federal jurisdiction.

Defendant's authorities do not address or overcome these controlling cases.

    5. Conclusion

After reviewing all 25 authorities, we conclude that **none** of them support dismissal of this case for lack of subject-matter jurisdiction.
Most are factually and legally distinguishable, and many affirmatively support federal adjudication of disputes like this one.

Plaintiffs remain prepared to discuss these issues further at the November 20 meet-and-confer.

Thanks,

Shabnam Zahir

Fakhria Zahir


On Tue, Nov 18, 2025 at 2:49 PM Shabnam Ahmad Zahir <shabnamahmadzahir@gmail.com> wrote:
Michael,

Following up on yesterday's email regarding the scope of the November 20 meet-and-confer. I have not heard from you since Friday, November 14. I have sent at least a few emails since then; today is Tuesday, November 18 at 11:49 AM (PST).

We are preparing for our meet-and-confer on Thursday, November 20 at 8 M (PST) and would like to bring to your attention that L.R. 7-3 requires that we discuss not only the contemplated motion, but also any potential resolution. To prevent unnecessary motion practice, we contend that any perceived defect in our complaint could be quickly and easily resolved by an amendment. This would require, of course, that we discuss what language you contend is deficient, as well as how you perceive it could be amended to cure the alleged deficiency.

To ensure Thursday's meet-and-confer complies with L.R. 7-3, please come prepared to identify:

1. The specific allegations or language you contend are deficient;

2. Whether you believe amendment could cure any of those issues; and

3. If so, what specific clarifications you believe would resolve your concerns.


To be clear, Plaintiffs do not concede the Complaint is deficient. However, if clarifying certain allegations would resolve Defendant's objections and avoid unnecessary motion practice, we are willing to discuss amendment in good faith, as required.

Please confirm that you will be prepared to address the items above during the November 20 meet-and-confer.

Thank you,

Shabnam Zahir

Fakhria Zahir


On Mon, Nov 17, 2025 at 8:15 PM Shabnam Ahmad Zahir <shabnamahmadzahir@gmail.com> wrote:
Michael,

I have not received confirmation of the November 20 meeting scope despite my request this morning. It is now 5:15 PM (PST).

**In light of the lack of response, it appears Defendant is declining to continue the dialogue on the remaining discovery issues, despite your October 31 request that all topics be addressed together and our inclusion of each issue during the November 6 meet-and-confer.**

To demonstrate our good faith efforts to resolve discovery disputes informally and to facilitate a productive discussion on Thursday, we are willing to focus our discussion on a narrowed subset of priority discovery issues:

1. **Proposed Stipulation re: DNA** - (issue open since 6/23/2025 - **147 days**)
   (Defendant challenges standing while refusing discovery necessary to resolve that challenge.)
2. **Global Issue** – completeness of Defendant's Production - (issue open since 7/29/2025 - **111 days**)
   (Defendant has not confirmed completeness of production despite multiple requests)
3. **RFA No. 11** – response inconsistent with evidence (issue open since 8/21/2025 - **88 days**)

4. **RFA No. 12** – Incomplete response (issue open since 8/21/2025 - **88 days**)
5. **RFA No. 17** – inconsistent response (issue open since 8/21/2025 - **88 days**)
6. **RFA No. 21** – Incomplete response (issue open since 8/21/2025 - **88 days**)
7. **RFP No. 12** – evidence supporting lack of relationship between Ahmad Zahir and Shabnam Zahir (issue open since 6/23/2025 - **147 days**) (Highly relevant to Defendant's assertion of sole control and ownership.)
8. **RFP No. 13** – purported email from AMIC to Defendant
9. **RFP No. 17** – communications with Shabnam
10. **ROG No. 6** - identify family and friends who support Defendant's claim (issue open since 8/21/2025 - **88 days**)
11. **ROG No. 4** - basis for claim Shabnam is not Ahmad Zahir's daughter (issue open since 8/21/2025 - **88 days**)

These items represent the most critical and time-sensitive issues from our discovery deficiency list. Focusing on these will make Thursday's discussion manageable while addressing our most pressing concerns.

**If you refuse to discuss even this focused subset on Thursday, November 20** - it will be clear that Defendant has no intention of providing discovery informally, and we will proceed with our motion to compel all outstanding discovery issues.

Please confirm by the end of day tomorrow, Tuesday, November 18, whether you will participate in discussing these priority items on Thursday, November 20 from 8 AM - 9 AM (PST).

Thank you,

Shabnam Zahir

Fakhria Zahir

On Mon, Nov 17, 2025 at 11:28 AM Shabnam Ahmad Zahir <shabnamahmadzahir@gmail.com> wrote:
Michael,

Following up on my November 14 email re: the scope of our November 20 meet-and-confer.

Please confirm by end of day today:

Will the November 20 follow-up meet-and-confer address all topics discussed on November 6 -including:

1. Defendant's proposed Rule 12(b)(1) motion to dismiss;

2. Plaintiffs' proposed motion to compel discovery; and

3. Defendant's concerns regarding Plaintiffs' responses -

or are you now attempting to limit the discussion solely to the Motion to Dismiss?

I need your written confirmation of the scope in order to prepare appropriately.

If I do not receive a response by end of day today, I will understand that Defendant is declining to continue the meet-and-confer on the remaining issues despite Defendant's own request on October 31 to combine all three topics.

Thank you,
Shabnam Zahir
Fakhria Zahir

(c) 703-822-3686 (EST)

**Assisted by:**

University of San Francisco School Of Law - Internet & IP Justice Clinic (CREATE)

L.E. Peabody & Associates (LEPA)

On Fri, Nov 14, 2025 at 8:10 PM Shabnam Ahmad Zahir <shabnamahmadzahir@gmail.com> wrote:

Michael,

Confirmed for November 20 at 8:00 AM PT and thank you for sharing the Zoom link.

Noted that you do not consent to recording. I will provide a written summary after the call.

Regarding the scope of the November 20 meeting:

On October 31, Sergiy proposed combining our November 6 meet-and-confers to address the following topics:

  1. Defendant's proposed motion to dismiss Plaintiffs' claims under Rule 12(b)(1);
  2. Plaintiffs' proposed motion to compel discovery from Defendant; and
  3. Plaintiffs' failure to provide complete responses to Defendant's discovery requests.

We agreed to this approach at Defendant's request. We responded to item #3 on November 4, 2025.

Since Defendant explicitly proposed this combined approach, our November 20 follow-up meet and confer will continue to address all three topics as Defendant requested.

Please come prepared to discuss these outstanding discovery issues on November 20.

Thank you,

Shabnam Zahir

Fakhria Zahir


On Fri, Nov 14, 2025 at 4:35 PM Michael McCollum <michael@mccollumcounsel.com> wrote:

Shabnam,

I am no longer going to engage in this written back and forth with you due to your improper personal attacks on my character, ongoing mischaracterizations, and abuse of the meet and confer process. We will instead reserve our right to address any of these issues in the motion practice.

Since you are not agreeing to any earlier date to continue the meet and confer on the motion to dismiss, we have no choice but to do it on the earliest date you are providing, which is November 20 at 8 am. I will circulate the Zoom invite.

Again, we do not consent to any recordings of this or any future meetings.

Mike


On Fri, Nov 14, 2025 at 12:55 PM Shabnam Ahmad Zahir <shabnamahmadzahir@gmail.com> wrote:

Michael,

Thank you for your email. Your email continues a troubling pattern of making statements directly contradicted by the written record. We continue to document everything and will correct the record where necessary, as we have done below.

**1. Meeting Delay**

Your statement that I "*did not let [you] into the Zoom meeting for 25 minutes*" omits critical context.

We requested written confirmation that the November 14 call would be limited to the Protective Order issue. We made this request four times over 36 hours (November 12 at 8:15 PM, November 14 at 4:28 AM, 7:57 AM, and 8:12 AM), and in each instance you responded without confirming or denying our request. I also made clear in writing that I would circulate and use a Zoom link only after receiving that confirmation. You finally confirmed at 8:15 AM, 15 minutes after the scheduled start.

The delay was the direct result of waiting for the written scope confirmation required to ensure a meaningful, focused conference under Local Rule 37-1, not by an arbitrary refusal to admit you.

**2. False Equivalence – My Husband vs. Helena Zahir**

Whether you "*have no objection*" to my husband's presence is irrelevant; he followed the Protective Order from the outset. Helena, by your own admission, did not.

Your statement that "*the PO does not require her to*" sign Exhibit A is incorrect. Section 7.2(c) explicitly requires execution "*before receiving any Protected Material.*" These are opposite situations.

Additionally, equating a litigation consultant who executed Exhibit A in June 2025 with an individual who accessed Protected Material before signing (and who is currently collecting more than $10,000 in monthly revenue from YouTube alone generated by the Zahir Catalog) is neither accurate nor appropriate.

**3. Your Attempts to Downplay the Protective Order Violation**

Your characterization of this motion as a "*monumental waste of the Court's time*" is both incorrect and appears designed to intimidate us from filing.

This is a serious issue for three reasons, which we have already explained to you:

First, we deliberately chose not to name Helena as a defendant to prevent her from accessing our confidential discovery materials under the Protective Order. Her unauthorized access for over 3 months defeats that strategic litigation decision.

Second, based on Defendant's representations that Helena plays an "*essential*" role in "*business and copyright matters,*" she may need to be joined as a necessary party under Rule 19 or added as a defendant for infringement.

Third, Defendant's counsel admitted that Helena accessed materials before signing Exhibit A, yet continues to claim she "*has abided by the terms of the PO.*" These contradictory statements, coupled with refusal to clarify her role, demonstrate bad faith that warrants Court intervention.

The motion will be filed in due course.

**4. Double Standard on Review Time**

On November 10, your co-counsel stated Defendant is "*carefully reviewing*" our discovery deficiencies (many pending for several months) and would need "*about a week.*"

Yet you demand that we review 25 complex authorities and meet "*before one week from now.*"

You cannot demand that Plaintiffs complete substantive legal analysis faster than Defendant claims he can respond to months-old deficiencies. Further, your discovery responses that were due "*within about a week*" of November 10 still have not been provided.

**5. Motion to Dismiss - Scheduling**

As stated, Plaintiffs are willing to meet and confer on the Motion to Dismiss.

You provided twenty-five (25) authorities you contend support your proposed motion. To have a productive discussion, I need reasonable time to review them and prepare a substantive response.

I have *already* offered:

- Thursday, November 20 at 8:00 a.m. PST

- Friday, November 21 at 8:00 a.m. PST

- Monday, November 24 at 12:00 p.m. PST

These dates strike a balance between your request not to "*wait two weeks*" and my need (as a Pro Se litigant) to review 25 cases thoroughly so that the conference is meaningful and compliant with L.R. 7-3.

Please confirm which works for your schedule or propose a comparable time in that window.

**6. Recording Future Meet-and-Confers**

Given the repeated need to clarify and correct the record after our meet-and-confer discussions, particularly regarding scope, statements made during the call, and the sequence of events, Plaintiffs believe maintaining an accurate record is essential.

During the November 14 call, Defendant's counsel was openly hostile from the outset. Counsel raised his voice, interrupted repeatedly, and responded aggressively to questions about Helena's role.

As a pro se litigant on a call with two attorneys who adopted an aggressive and coordinated approach, I found the conduct inappropriate and inconsistent with the level of professionalism required in federal discovery practice. During the call, I noted the escalating hostility and attempted to redirect the discussion toward a productive and focused exchange.

I will continue to raise and preserve all issues necessary to protect our rights and my father's legacy.

We already suggested recording our meet and confers on November 5, 2025 at 8:35 PM, when we wrote, "*In addition, for the sake of transparency and accurate documentation, I would like to confirm whether you and your team are comfortable with me recording the call. This would be solely for internal reference and note-taking purposes to provide accurate cross-referencing later on.*" November 6, 2025 at 12:53 PM, Sergiy declined, stating, "*Please note that we do NOT consent to any video, audio, or other form of recording of the meet-and-confer. This conference is intended to be a candid and productive discussion to facilitate resolution of discovery issues, and any recording could inhibit that process.*"

These exchanges show that from the outset, we sought full transparency and accuracy precisely to avoid later disputes about what was or was not said - disputes that have now repeatedly arisen. Going forward, a recording would *ensure* an objective record and may also encourage more professional conduct during the discussions.

If Defendant does not consent to recording, please confirm prior to the next meet-and-confer. In that event, Plaintiffs will continue providing prompt written summaries and respectfully request that Defendant identify any alleged inaccuracies within 24 hours so the record remains clear and contemporaneous.

Thank you,

Shabnam Zahir

Fakhria Zahir

On Fri, Nov 14, 2025 at 1:46 AM Michael McCollum <michael@mccollumcounsel.com> wrote:
Shabnam,

It is very relevant that your husband is participating. We have no objection to that and we appreciate that he is helping you just the same way Helena is helping her husband, but it is not fair for you to want to use your husband as a consultant while precluding Rishad from doing the same with his wife. We have also confirmed with Helena that she has abided by the terms of the PO and since you raised this issue she has further signed exhibit A even though the PO does not require her to. Truthfully, your husband is acting in the same capacity as Helena. He is not qualified to be an expert in this case for obvious reasons, namely the focus of his expertise being railroads and the fact that he is your husband. You are welcome to file a motion on the PO if you insist, but given all of these facts it would be a monumental waste of the Court's time and the parties' time and we should focus our energies instead on more important matters in this case.

Regarding today's meet and confer, the fact remains that you did not let us into the Zoom meeting for 25 minutes, and then the meet and confer on only your topic lasted about 7 minutes. We very easily could have finished discussing the motion to dismiss that we already started a week ago, particularly in reference to the 4 cases you provided yesterday. I have never in my life participated in a meet and

confer meeting like this where one side insists we discuss only the topics they want to discuss and not the other side's topics or motion. It is pure gamesmanship and not at all in keeping with the spirit of rule 7-3 and what the Court expects from counsel and litigants.

Regardless, we will move forward. Please offer dates before one week from now to continue the meet and confer on the motion to dismiss, such as Monday or Tuesday this next week. Waiting 2 weeks after the first meeting is too long.

Thanks,

Mike

McCollum Counsel
1500 W. Alhambra Rd.
Alhambra, California 91801
213-534-6070
michael@mccollumcounsel.com

On Thu, Nov 13, 2025 at 2:50 PM Shabnam Ahmad Zahir <shabnamahmadzahir@gmail.com> wrote:
  Michael,

  Thank you for your email.

  You misrepresent the events of today's call. You claim that "*in that meeting, [I] refused to further discuss the motion to dismiss*", but that is misleading. **You have omitted the fact that you agreed in writing at 8:15 AM PT this morning that we would** limit today's discussion to the Protective Order issue. You additionally agreed that you would ask for a follow-up call to discuss that topic separately.

  Instead of honoring that agreement, you repeatedly attempted to force discussion of the Motion to Dismiss during our call, in direct violation of your written commitment. I refused to discuss the Motion during today's meeting, which is exactly what we expressly agreed to beforehand.

  Regarding your reference to my husband, Will Humphrey: I am not sure why counsel raised his presence during today's meet-and-confer *and again* in your email. For clarity: my husband is a professional litigation consultant with more than 25 years of experience at L.E. Peabody & Associates, and he executed Exhibit A in June 2025. He has complied fully with the Protective Order. He did not participate in the discussion in any way.

  Continued unrelated references to his presence will be viewed as an attempt to influence the record in bad faith.

  Regarding the Motion to Dismiss: As discussed, we are willing to schedule a meet-and-confer on the Motion to Dismiss separately. Last week, you provided twenty-five (25) authorities you contend support your proposed Motion. In order to have a productive discussion, we need adequate time to review these cases thoroughly.

  We are available on Thursday, November 20 at 8:00 AM PST, Friday, November 21 at 8:00 AM PST, or Monday, November 24 at 12:00 PM PST. Please confirm which time works for your schedule.

  Thank you,

  Shabnam Zahir
  Fakhria Zahir

  On Thu, Nov 13, 2025 at 11:43 AM Michael McCollum <michael@mccollumcounsel.com> wrote:
    Shabnam:

This confirms we just completed the meet and confer zoom meeting on the protective order issue, at which your husband was again present.

In that meeting, you refused to further discuss the motion to dismiss. I requested you provide a proposed time later today or tomorrow morning to continue the discussion on the motion to dismiss. You refused to provide a time, indicating you would do so over email.

Please provide a proposed time.

As I said in the meeting, if you do not provide a proposed time, we will bring the motion next week and assume you have no interest in continuing the meet and confer on the motion to dismiss.

Thanks,
Mike

On Thu, Nov 13, 2025 at 8:23 AM Michael McCollum <michael@mccollumcounsel.com> wrote:
I'm still waiting. Are you letting us in?

On Thu, Nov 13, 2025 at 8:19 AM Shabnam Ahmad Zahir <shabnamahmadzahir@gmail.com> wrote:
Michael,

Thank you for confirming that you are willing to proceed solely on the Protective Order issue. I appreciate you taking the time despite your personal schedule - I completely understand since I'm a mother of three kids.

I am available now to discuss the Protective Order violation as originally noticed. I will let you and Sergiy in the meeting lobby in a few.

As stated previously, we can schedule a separate meet-and-confer for the motion to dismiss once Defendant provides the written grounds required under Local Rule 7-3 so that discussion can be meaningful and compliant with the Local Rules.

Thanks again,

Shabnam Zahir

Fakhria Zahir

On Thu, Nov 13, 2025 at 11:15 AM Michael McCollum <michael@mccollumcounsel.com> wrote:
Shabnam,
I am supposed to be dropping my kids off at school now but rearranged my schedule to accommodate this, so let's discuss the PO issues now. I believe you are being very unreasonable and there is no basis to not discuss the motion to dismiss, but if this is what you incist, then we will go with your way, and we will ask for a follow up call to discuss the motion to dismiss.
Mike

On Thu, Nov 13, 2025 at 8:12 AM Shabnam Ahmad Zahir <shabnamahmadzahir@gmail.com> wrote:
Michael,

I am in the meeting lobby at the agreed time. However, we still have not received confirmation that today's meet-and-confer will be limited to the Protective Order issue, as noticed. Because confirmation of scope is necessary for a meaningful meet-and-confer under Local Rule 37-1, and Defendant has declined to provide that confirmation despite multiple requests, Plaintiffs are treating today's meeting as canceled.

We remain willing to meet and confer on the Protective Order issue once Defendant confirms the scope, and we will schedule a separate call for the motion to dismiss and other matters once those issues are properly noticed.

Sincerely,
Shabnam Zahir

Fakhria Zahir

On Thu, Nov 13, 2025 at 11:04 AM Michael McCollum <michael@mccollumcounsel.com>
wrote:
> I was on the zoom link I sent out earlier but have switched to yours you just sent out.
> Please join.

> On Thu, Nov 13, 2025 at 7:57 AM Shabnam Ahmad Zahir
> <shabnamahmadzahir@gmail.com> wrote:
>> Micheal,
>>
>> I'm sorry for the confusion by sending a zoom link, I glossed over your initial email
>> prior to you sending one. After careful review, you misrepresent the record of events.
>>
>> Ethan's email to you on August 7 may have identified 9 issues, but Ethan's email to
>> you **on August 21st identified an additional 9 issues.** Ethan was not granted leave
>> to withdraw until October 7th, _months after_ these issues were provided. You still have
>> not responded to ANY of these issues.
>>
>> We made it clear that we are not "refusing" meet-and-confer efforts, but we will not
>> tolerate one-sided gamesmanship.
>>
>> You still have not confirmed in writing that you agree to discuss only the Protective
>> Order Violation at this meet and confer. **Confirm now, or we will end the call
>> immediately.**
>>
>> **The call will be in 4 minutes.**
>>
>> Thank you,
>> Shabnam Zahir
>>
>> Fakhria Zahir
>>
>>
>> On Thu, Nov 13, 2025 at 9:52 AM Michael McCollum
>> <michael@mccollumcounsel.com> wrote:
>>> Shabnam,
>>>
>>> We are not "manipulating" the meet and confer processes by insisting we complete
>>> the meet and confer on the motion to dismiss this morning as well. We are simply
>>> trying in good faith to complete the meet and confer. There is no reason we cannot
>>> complete that along with discuss your protective order issues in a call this morning.
>>>
>>> Regarding the discovery issues, Ethan's last email to us on August 7 identified 9
>>> issues. Thereafter he started the process of withdrawing. Your email sent at 5:20
>>> pm the evening before our initial meet and confer meeting identities approximately
>>> 30 issues. We have been working on that but simply require more time given the
>>> number of issues and the holiday earlier this week.
>>>
>>> If you insist on not finishing the discussion on the motion to dismiss either this
>>> morning or in a follow up call tomorrow (we are available for an hour at 8am
>>> tomorrow as well), we will point out to the Court that you refused further meet and
>>> confer efforts.
>>>
>>> Mike
>>>
>>>
>>> McCollum Counsel
>>> 1500 W. Alhambra Rd.
>>> Alhambra, California 91801
>>> 213-534-6070
>>> michael@mccollumcounsel.com
>>>
>>>
>>> On Thu, Nov 13, 2025 at 4:28 AM Shabnam Ahmad Zahir
>>> <shabnamahmadzahir@gmail.com> wrote:

Michael,

At our last meet-and-confer, we discussed multiple topics: your proposed motion to dismiss, your alleged discovery deficiencies, our motions to compel discovery, our list of Defendant's discovery deficiencies, and our motion to compel DNA testing.

You now want to advance **only** your motion to dismiss while:

- Stating you are "still reviewing" our discovery deficiency list (including many items outstanding **80+ days**)

- Not responding to our November 4 responses to your alleged deficiencies

- Not answering our questions about Helena's role

You insisted that we join your proposed motion to dismiss with our proposed motions in the previous meet and confer. Now, you attempt to decouple your motion from our motions and advance it alongside a new issue, solely because we cannot discuss our motions due to your lack of responses. This is a transparent attempt to manipulate the meet-and-confer process and violates the good-faith requirement.

We have provided our case law (November 13) in rebuttal of your proposed motion to dismiss and our responses addressing our alleged deficiencies (November 4). These are the only two issues Defendant has raised and we have responded to both. A balanced discussion requires reciprocal disclosure from you, and to date you have provided *nothing* in response to the issues outlined above.

The Protective Order violation is a serious <u>new issue</u> warranting focused discussion today.

**We are willing to discuss all remaining issues (MTD, discovery disputes, DNA testing) in a comprehensive meet-and-confer.** However, to make that discussion productive, please provide:

1. Written responses to Plaintiffs' list of Defendant's discovery deficiencies

2. Written responses to our responses to Defendant's list of Plaintiffs' alleged discovery deficiencies

**Once these materials are provided, we will promptly schedule a comprehensive call to discuss all outstanding issues, including your Motion to Dismiss.**

Please confirm:

A. You and Sergiy will attend today's 8:00 AM call, AND

B. Today's discussion will be <u>limited to the Protective Or</u>der violation, AND

C. You will provide items 1 and 2 above by Friday, November 14, so we can schedule the comprehensive follow-up discussion.

Thank you,

Shabnam Zahir

Fakhria Zahir

11/24/25, 10:28 PM    Gmail - Re: Document 40 - Antimicrobial and Association of Protective Order Violation
Case 2:25-cv-00782-JFW-AS    Document 40    Filed 11/24/25    Page 40 of 167    Page ID
#:315

On Wed, Nov 12, 2025 at 11:47 PM Michael McCollum
<michael@mccollumcounsel.com> wrote:

Shabnam, we would like to discuss on the call tomorrow morning both the protective order and the motion to dismiss, in particular the case cites you sent over today. There is no reason those two topics cannot be covered in a further meeting. As for the outstanding discovery issues on both sides, we should schedule a further call for that since we are still reviewing your lengthy list from last week.

Thanks,
Mike

McCollum Counsel
1500 W. Alhambra Rd.
Alhambra, California 91801
213-534-6070
michael@mccollumcounsel.com

On Wed, Nov 12, 2025 at 8:15 PM Shabnam Ahmad Zahir
<shabnamahmadzahir@gmail.com> wrote:

Sergiy,

Following up on my November 11 email re: tomorrow's 8:00 a.m. PST meet-and-confer, Plaintiffs have not received confirmation that the discussion will be limited to the Protective Order violation, as outlined in that email.

For purposes of clarity and to ensure a productive conference consistent with Local Rule 37-1, please confirm:

1. That you agree tomorrow's meet-and-confer will be limited solely to the Protective Order violation re: Helena Zahir's access to Protected Material; and

2. That you and Micheal will be attending the call.

Once we receive your confirmation, I will promptly send the Zoom link for the meeting as planned.

If we do not receive confirmation, Plaintiffs will understand that Defendant is not prepared to proceed with the meet-and-confer on this issue and will address the matter accordingly. We look forward to hearing from you.

Thanks,

Shabnam Zahir

Fakhria Zahir

On Tue, Nov 11, 2025 at 2:49 PM Shabnam Ahmad Zahir
<shabnamahmadzahir@gmail.com> wrote:

Sergiy,

Thank you for your email regarding Helena Zahir's ongoing violation of the Protective Order. Although you contend that "*this is not a genuine issue*," we strongly disagree, and believe the record speaks clearly to the contrary. Your email confirms, rather than rebuts - the violation. As outlined in my prior correspondence, the Protective Order's plain language prohibits disclosure of confidential materials to anyone other than authorized recipients who have executed Exhibit A ***prior*** to access. Being Defendant's spouse or "business aide" does not create an

exemption. Our prior counsel, Ethan Jacobs, was *very adamant* about this. In contrast, your position appears to subvert the Protective Order entirely.

We deliberately chose not to name Helena Zahir as a defendant, despite her public involvement in asserting claims over the Zahir Catalog, precisely to prevent her from gaining access to confidential discovery materials under the Protective Order. This action was intentionally structured solely as a dispute between Plaintiffs and Defendant. Allowing Helena to participate in discovery or litigation strategy now undermines that structure and may require Plaintiffs to seek leave to amend or join her under Rule 19.

## 1. Your Admissions Confirm a Violation

Summarizing your current position:

1. Helena Zahir has been accessing Plaintiffs' protected confidential data since the outset of this case;
2. You continue to allow her access;
3. You characterize her variously as a "party," "consultant," and now "informal consultant";
4. You assert that her role is "essential" to assisting you and Defendant;
5. You claim there is no requirement that a consultant possess specialized technical knowledge;
6. You claim that her signing of Exhibit A on November 8 retroactively cures any prior violation.

Each of these admissions is in direct conflict with the Protective Order's disclosure provisions and constitutes a continuing violation.

Courts have recognized that violations of protective orders may warrant sanctions under Federal Rule of Civil Procedure 37(b)(2), particularly where a party allows continued access after notice of a breach. Plaintiffs reserve all rights to seek appropriate relief, including revocation of access, certification of destruction, and an award of monetary sanctions for Defendant's bad-faith conduct.

## 2. Extent of Helena Zahir's Involvement May Require Joinder or Amendment

Your email confirms what we have suspected: Helena is not a peripheral consultant, she is a central actor in both the exploitation of the Zahir Catalog and this litigation.

You describe her as Rishad's "*closest trusted aide on business and copyright matters*" whose role in this litigation is "*essential to his ability to assist counsel and defend himself effectively.*" These statements raise two immediate concerns:

First, if Defendant cannot defend himself without Helena's involvement, she may be the real party in interest under FRCP 17(a), requiring

disclosure and potentially joinder.

Second, your characterization suggests Helena may be:

- Making licensing decisions
- Communicating with distributors (YouTube, Spotify, TuneCore, CD Baby, SonoSuite, etc.)
- Collecting and distributing revenues
- Asserting copyright claims (including DMCA takedowns against Plaintiffs)
- Controlling distribution channels

If a non-co-owner is exercising control over these works and collecting revenues, that constitutes copyright infringement under 17 U.S.C. § 501. Depending on the scope of her involvement, we may need to add Helena as a defendant and assert claims for direct infringement, contributory infringement, vicarious infringement, unjust enrichment, conversion, and civil conspiracy.

Given your representations about her "essential" role in "business and copyright matters," these claims appear well-founded.

Please provide written answers to the following questions **before our meet and confer** Thursday, November 13, 2025 at 8:00 am PT:

1. Does Helena hold any ownership interest in the Zahir Catalog?
2. Does Helena have authority to license these works to third parties?
3. Does Helena communicate with distributors regarding the Zahir Catalog?
4. Does Helena receive revenues from the Zahir Catalog? If so, how much and through which channels?
5. Did Helena participate in registration attempts in the U.S., Oman, Afghanistan, Tajikistan or other jurisdictions?
6. Did Helena issue or authorize DMCA takedown notices against Plaintiffs or anyone else?
7. What specific "business and copyright matters" has Helena handled?
8. Does Helena manage, create content for, or control any social-media or digital accounts representing Ahmad Zahir or the Zahir Catalog (including Facebook, )? If so, identify all such accounts and her specific activities on each.

Your failure to provide complete answers will be raised in any motion to compel and may result in adverse inferences that Helena controls licensing and distribution as a non-owner.

Depending on your answers, we will determine whether to seek joinder under Rule 19, amend the Complaint to add Helena as a defendant, or seek an order precluding her from further involvement in this litigation.

### 3. Meet and Confer Logistics

Once again, you propose a meet and confer to discuss matters for which you have not provided the required information. A meaningful meet and confer requires *both* parties to provide their positions in writing in advance. That has not occurred here. Specifically, you now seek to discuss "the parties' respective discovery obligations," but have not responded to:

- Our detailed list of Defendant's discovery deficiencies (delivered prior to the last meet and confer, with 13 items outstanding for over **80 days**), nor
- Our written responses addressing Defendant's list of alleged deficiencies in Plaintiffs' production (served **November 4**).

You now claim you need "about" an additional week to review those deficiencies, subject to possible further delay. That would result in us receiving your responses, at the earliest, **five days after** the meet and confer where you suggest they be discussed.

At our last meet and confer, we discussed the following five items:

- Defendant's proposed motion to dismiss
- Defendant's list of alleged deficiencies in Plaintiffs' production
- Plaintiffs' proposed motion to compel DNA testing
- Plaintiffs' proposed motion to compel complete discovery responses
- Plaintiffs' list of Defendant's discovery deficiencies

Since then, a new issue has arisen: Defendant's willful violation of the Protective Order. That matter is **not part of the five issues above** and warrants a separate discussion.

You now propose to meet and confer, in essence, on only the following two items:

- The Protective Order violation
- Defendant's proposed motion to dismiss
- ~~Defendant's alleged deficiencies in Plaintiffs' production~~ (***cannot be discussed until you respond***)
- ~~Plaintiffs' proposed motion to compel DNA testing~~ (***not mentioned***)
- ~~Plaintiffs' motion to compel complete responses~~ (***not mentioned***)
- ~~Plaintiffs' list of Defendant's discovery deficiencies~~ (***cannot be discussed until you respond***)

Respectfully, Defendant has had ample time to cure months-old discovery deficiencies and to review Plaintiffs' November 4 responses. Continuing to delay while pressing forward on your own motion and simultaneously seeking the benefit of Plaintiffs' full cooperation is improper and prejudicial. This pattern of non-responsiveness no longer reflects inadvertence; it constitutes obstruction of discovery and violates the good-faith obligations imposed by Federal Rule of Civil Procedure 26 and Local Rule 37-1. A meaningful meet-and-confer requires both parties to exchange written positions in advance. To date, Defendant has not

provided responses to Plaintiffs' detailed deficiency list *(including 13
items, outstanding for **over 80 days**)* or to Plaintiffs' November 4
responses to Defendant's alleged deficiencies. Plaintiffs will allow until
Friday, November 14 for complete responses; failure to do so will exhaust
the meet-and-confer requirement and necessitate a motion to compel by
Plaintiffs.

We are available Thursday, November 13 at 8:00 a.m. PT to address the
Protective Order violation. Please confirm that the discussion will be
**limited to that issue**; otherwise, we will defer the broader meet-and-
confer until your responses are complete. Once those responses are
received and the scope is confirmed, Plaintiffs will circulate the Zoom link.


Thank you,

Shabnam Zahir
Fakhria Zahir
On Mon, Nov 10, 2025 at 7:31 PM Sergiy Sivochek
<sivochek@sivochek.com> wrote:

> Dear Shabnam,
>
> In response to your recent emails concerning the Protective Order, paragraph
> 2.11 of the Order expressly defines "Party" to include each party's informal
> consultants in addition to officers, directors, employees, counsel, and their
> support staffs. This definition is distinct from "Experts," which are separately
> defined in paragraph 2.7. There is no requirement that a consultant qualify as
> an "expert" or possess specialized technical knowledge.
>
> As you know, Defendant is a professional musician dedicated to preserving his
> father's legacy. His wife, Helena, has long served as his closest trusted aide on
> business and copyright matters. She was specifically identified in our Initial
> Disclosures as a key witness. Her role as Defendant's informal consultant in
> this litigation is both legitimate and essential to his ability to assist counsel and
> defend himself effectively.
>
> Both Rishad and Helena were advised of the Protective Order when it was
> entered. Helena has confirmed that she has consistently complied with its
> terms. Because she is expressly included in the Order's definition of "Party," it
> has been binding upon her from the outset even without her signature on
> Exhibit A. Nevertheless, to eliminate any possible misunderstanding, we have
> obtained her signed acknowledgment (attached).
>
> Accordingly, there has been no violation of the Protective Order. Respectfully,
> this is not a genuine issue, and pursuing it further would only consume
> unnecessary time and resources for both sides and the Court.
>
> Separately, we are carefully reviewing the various discovery questions raised
> in your recent emails. Our goal is to complete discovery efficiently and
> cooperatively, in line with the Court's expectations. Unless additional time is
> taken up by side issues such as the Protective Order concern, we expect to
> provide any necessary supplemental discovery responses within about a week.
> We also hope that you will focus on the main issues in this case and review
> and supplement your own discovery responses in good faith so that we can
> move the process forward productively and professionally.
>
> Lastly, we look forward to receiving, by this Wednesday, the memorandum and

research results you mentioned are being prepared by the University of San
Francisco School of Law in connection with the motion to dismiss.

If helpful, both Michael and I are available this Thursday, November 13, at
8:00 a.m. Pacific Time to accommodate your schedule. We will be prepared to
discuss (a) any questions you may have regarding the forthcoming Motion to
Dismiss and your related memorandum; (b) your allegations concerning the
Protective Order; and (c) the parties' respective discovery obligations.

Please confirm your availability and let us know whether you prefer to
circulate a Zoom link from your end or would like us to provide one.

Thanks,

Sergiy M. Sivochek, Esq.
**SILC - SIVOCHEK IP LAW CENTER**
*Protecting Intellectual Property. Fostering Innovation.*
12450 Magnolia Blvd,  Unit 4071
Valley Village, CA 91607
Phone: 323-201-2701
Email: sivochek@sivochek.com
https://sivochek.com


On Fri, Nov 7, 2025 at 4:04 PM Sergiy Sivochek
<sivochek@sivochek.com> wrote:

> Dear Shabnam.
>
> We received your lengthy email alleging a violation of the Protective Order.
> Your position is incorrect and unsupported by applicable law. Defendant
> remains in full compliance with the Protective Order.
>
> It is unfortunate that attention continues to be diverted away from discovery
> and the merits of this case. I am currently attending to another matter but
> will provide a more complete response by Tuesday.
>
> Thanks,

On Fri, Nov 7, 2025 at 11:44 AM Shabnam Ahmad Zahir
<shabnamahmadzahir@gmail.com> wrote:

> Sergiy and Michael,
>
> Based on your earlier responses (which were notably unclear as to whether
> any unauthorized disclosure had occurred) we initially understood that
> Helena Zahir's attempt to access Plaintiffs' confidential discovery materials
> was inadvertent, and that your statement you would "take care of it on your
> end" meant you intended to instruct her not to seek access again. However,
> when it appeared that the issue might reflect a preexisting or ongoing
> disclosure, we requested verification that no violation of the Protective
> Order had occurred.
>
> Your most recent response removes any doubt that this was not an isolated
> misunderstanding, but an apparent violation of the Protective Order. You
> now claim that Helena Zahir is a "consultant," equivalent to my husband,
> and that you intend to "obtain" her signed Exhibit A after I provide my
> consultants' signed documents. That position is contrary to the express terms
> of the Protective Order and, by your own description, confirms a violation of
> it.

**Misstatement #1 – Helena Zahir Is Not a "Party"**

Section 2.11 defi

--

Thank you,
Shabnam Zahir
Fakhria Zahir

(c) 703-822-3686 (EST)

**Assisted by:**

University of San Francisco School Of Law - Internet & IP Justice Clinic (CREATE)

L.E. Peabody & Associates (LEPA)

--

Thank you,
Shabnam Zahir
Fakhria Zahir

(c) 703-822-3686 (EST)

**Assisted by:**

University of San Francisco School Of Law - Internet & IP Justice Clinic (CREATE)

L.E. Peabody & Associates (LEPA)

--

Thank you,
Shabnam Zahir
Fakhria Zahir

(c) 703-822-3686 (EST)

**Assisted by:**

University of San Francisco School Of Law - Internet & IP Justice Clinic (CREATE)

L.E. Peabody & Associates (LEPA)

*The preceding email may be confidential or protected by the attorney-client privilege. The email was not intended for transmission to, or receipt by, any unauthorized persons. If you have received this email in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the email. Any legal advice or information contained in the preceding email is intended for the exclusive benefit of the client(s) represented by the above attorney in the particular matter that is the subject of this email. It may not be used or relied upon by any other party for any purpose.*

EXHIBIT C



**Shabnam Ahmad Zahir <shabnamahmadzahir@gmail.com>**

---

## Re: Local Rule 37-1 Meet and Confer – Zahir v. Zahir, Case No. 2:25-cv-00782-JFW

1 message

---

**Sergiy Sivochek <sivochek@sivochek.com>**      Thu, Nov 6, 2025 at 12:53 PM
To: Shabnam Ahmad Zahir <shabnamahmadzahir@gmail.com>
Cc: michael@mccollumcounsel.com, neslly@mccollumcounsel.com, Sergiy Sivochek <docket@sivochek.com>,
"whumphrey@lepeabody.com" <whumphrey@lepeabody.com>

Dear Shabnam,

As a general rule, only counsel of record or parties appearing pro se may participate in a meet-and-confer. However, we understand that Mr. William Humphrey is your husband. As a courtesy, we will permit his silent presence in a purely support capacity.

Please note that we do **<u>NOT</u>** consent to any video, audio, or other form of recording of the meet-and-confer. This conference is intended to be a candid and productive discussion to facilitate resolution of discovery issues, and any recording could inhibit that process.

Kindly ensure that no recording is made.

Thank you.

Sergiy M. Sivochek, Esq.
**SILC - SIVOCHEK IP LAW CENTER**
*Protecting Intellectual Property. Fostering Innovation.*
12450 Magnolia Blvd,  Unit 4071
Valley Village, CA 91607
Phone: 323-201-2701
Email: sivochek@sivochek.com
https://sivochek.com

*The preceding email may be confidential or protected by the attorney-client privilege. The email was not intended for transmission to, or receipt by, any unauthorized persons. If you have received this email in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the email. Any legal advice or information contained in the preceding email is intended for the exclusive benefit of the client(s) represented by the above attorney in the particular matter that is the subject of this email. It may not be used or relied upon by any other party for any purpose.*

On Wed, Nov 5, 2025 at 5:35 PM Shabnam Ahmad Zahir <shabnamahmadzahir@gmail.com> wrote:

> Sergiy,
>
> I look forward to our Zoom meeting tomorrow.
>
> As an update, I have hired a litigation consultant - William Humphrey (cc'd on here) from L.E. Peabody Associates, who will be joining the call with us. He is *not* serving as a representative, but rather as a consultant for Plaintiffs, providing litigation consultancy and assistance similar in scope to the support concurrently offered by the USFCA's clinic.
>
> In addition, for the sake of transparency and accurate documentation, I would like to confirm whether you and your team are comfortable with me recording the call. This would be solely for internal reference and note-taking purposes to provide accurate cross-referencing later on.
>
> Thanks,
>
> Shabnam Zahir
>
> Fakhria Zahir
>
> On Wed, Nov 5, 2025 at 12:48 AM Sergiy Sivochek <sivochek@sivochek.com> wrote:

Received. Thank you.

Sergiy M. Sivochek, Esq.
SILC
323-201-2701
Sent from my iPhone


> On Nov 4, 2025, at 9:06 PM, Shabnam Ahmad Zahir <shabnamahmadzahir@gmail.com> wrote:

Sergiy,

Please find below the Zoom information for our scheduled meet-and-confer:

Date: Thursday, November 6, 2025
Time: 1:00 PM EST / 10:00 AM PST
Host: Shabnam Ahmad Zahir

Join Zoom Meeting
https://us06web.zoom.us/j/87176663656?pwd=f3bRSZ6yK1qqR1tblwv2XXL7Pbk3j3.1

Meeting ID: 871 7666 3656
Passcode: 7abjE4

If you have any issues connecting, please let me know.

Thank you,

Shabnam Zahir

Fakhria Zahir


> On Tue, Nov 4, 2025 at 5:36 PM Shabnam Ahmad Zahir <shabnamahmadzahir@gmail.com> wrote:
>
> Sergiy,
>
> As I mentioned in my earlier email, I traveled to San Francisco for my father's uncle's funeral - who was my dear Godfather, and just returned home today after an early morning of travel. I just landed back home. I'll be sending the Zoom link for our Thursday, November 6 meet-and-confer later this evening or early tomorrow morning - well before our scheduled call.
>
> I appreciate a bit of understanding given the circumstances.
>
> Thank you,
> Shabnam Zahir
> Fakhria Zahir
>
> (c) 703-822-3686 (EST)
>
> **Assisted by:** University of San Francisco School Of Law - Internet & IP Justice Clinic


> On Tue, Nov 4, 2025 at 2:22 PM Sergiy Sivochek <sivochek@sivochek.com> wrote:
>
> Dear Shabnam,
>
> Please confirm as soon as possible whether you will be joining our scheduled Google Meet (invitation sent on October 31) **for this Thursday, November 6,** or if you intend to circulate a Zoom link for the meeting instead.
>
> We asked for your response by 10:00 AM PST today but have not received a reply. Kindly respond and provide the Zoom details promptly so that all parties can ensure timely attendance.

Regards,

Sergiy M. Sivochek, Esq.
**SILC - SIVOCHEK IP LAW CENTER**
*Protecting Intellectual Property. Fostering Innovation.*
12450 Magnolia Blvd, Unit 4071
Valley Village, CA 91607
Phone: 323-201-2701
Email: sivochek@sivochek.com
https://sivochek.com

On Tue, Nov 4, 2025 at 11:19 AM Sergiy Sivochek <sivochek@sivochek.com> wrote:

Dear Shabnam,

Please confirm as soon as possible whether you will be joining our scheduled Google Meet (invitation sent on October 31) for this Friday, November 7, or if you intend to circulate a Zoom link for the meeting instead.

We asked for your response by 10:00 AM PST today but have not received a reply. Kindly respond and provide the Zoom details promptly so that all parties can ensure timely attendance.

Regards,

Sergiy M. Sivochek, Esq.
**SILC - SIVOCHEK IP LAW CENTER**
*Protecting Intellectual Property. Fostering Innovation.*
12450 Magnolia Blvd, Unit 4071
Valley Village, CA 91607
Phone: 323-201-2701
Email: sivochek@sivochek.com
https://sivochek.com

*The preceding email may be confidential or protected by the attorney-client privilege. The email was not intended for transmission to, or receipt by, any unauthorized persons. If you have received this email in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the email. Any legal advice or information contained in the preceding email is intended for the exclusive benefit of the client(s) represented by the above attorney in the particular matter that is the subject of this email. It may not be used or relied upon by any other party for any purpose.*

On Fri, Oct 31, 2025 at 3:26 PM Sergiy Sivochek <sivochek@sivochek.com> wrote:

Dear Shabnam,

We have just sent you a Google Meet invitation for our upcoming conference. However, if you prefer to host the meeting via Zoom instead, please provide the meeting details at least two days in advance (by 10:00 a.m. PST on Tuesday), so that we can proceed in an orderly manner.

In the meantime, we will carefully review your recent emails and stated demands. As noted previously, by early next week we will also provide you with a list of Defendant's discovery requests that remain unanswered by Plaintiffs.

Regards,

Sergiy M. Sivochek, Esq.
**SILC - SIVOCHEK IP LAW CENTER**
*Protecting Intellectual Property. Fostering Innovation.*
12450 Magnolia Blvd, Unit 4071
Valley Village, CA 91607
Phone: 323-201-2701
Email: sivochek@sivochek.com

11/24/25, 1:...    Case 2:25-cv-00782-JFW-AS   Gmail - Re: Document Meet and Confer - Zahir, et al v. Sivochek et al   Document 40   Filed 11/24/25   Page 51 of 167   Page ID #:326

https://sivochek.com

*The preceding email may be confidential or protected by the attorney-client privilege. The email was not intended for transmission to, or receipt by, any unauthorized persons. If you have received this email in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the email. Any legal advice or information contained in the preceding email is intended for the exclusive benefit of the client(s) represented by the above attorney in the particular matter that is the subject of this email. It may not be used or relied upon by any other party for any purpose.*

On Fri, Oct 31, 2025 at 3:02 PM Shabnam Ahmad Zahir <shabnamahmadzahir@gmail.com> wrote:

Sergiy,

Respectfully, we do not share your characterization of the discovery history or of Plaintiffs' October 30 correspondence. The issues raised are not new; they are the same matters that have been pending since mid-2024 and were repeatedly discussed between you and our former counsel, Ethan Jacobs.

Your assertion that these issues had been "resolved long ago" is contradicted by the written record. As reflected in the August 22 and August 29 exchanges, Mr. Jacobs initiated those meetings to address Defendant's incomplete responses as well as the DNA-testing issue, and Defendant subsequently added topics in an effort to frame the deficiencies as mutual.

The record reflects multiple meet-and-confer discussions and follow-up emails concerning Defendant's outstanding discovery deficiencies and the proposed DNA testing, these occurred on (at minimum) the following dates in 2025:

- June 23,

- July 9,

- July 15,

- July 17,

- August 7,

- August 15,

- August 22, and

- August 29.

These communications collectively confirm that the disputes were long-established and remained unresolved when Mr. Jacobs withdrew from the case in September 2024. Accordingly, Plaintiffs' October correspondence simply continued the same dialogue in compliance with Rule 37(a) and Local Rule 37-1.

We are not aware of any meet-and-confer initiated for the purpose of discussing a contemplated motion to dismiss. While you briefly referenced a jurisdictional theory during the August 29 discussion, the first mention of a proposed Rule 12(b)(1) motion appears in your September 18 correspondence, sent immediately after counsel's notice of withdrawal.

It is also incorrect to describe Plaintiffs' October 30 letter as an "inappropriate threat." A request to meet-and-confer before filing a discovery motion is expressly required under Federal Rule of Civil Procedure 37(a)(1) and Local Rule 37-1. Plaintiffs' correspondence fully complied with those provisions. Further, you stated that we should "engage in a professional and courteous dialogue consistent with the applicable rules" but did not identify any portion of our correspondence that was unprofessional or contrary to those rules. Clarification on this point would be appreciated.

Additionally, requesting a meet-and-confer regarding Plaintiffs' alleged discovery deficiencies without first identifying the specific interrogatories or requests at issue is procedurally improper. As written, your request references only undefined "issues," which makes a meaningful discussion impossible. We will, of course, review any itemized list you provide once received.

Plaintiffs remain willing to meet and confer in good faith. However, it is important to keep the topics distinct: Defendant's contemplated Rule 12(b)(1) motion should not delay or displace resolution of the discovery matters that have been pending since June.

Please confirm whether you intend to provide the promised summary of Defendant's outstanding discovery requests before the meeting so that both sides can prepare efficiently.

We agree to meet and confer on Thursday, November 6 at 1:00 p.m. Eastern / 10:00 a.m. Pacific. However, as I initiated the meet-and-confer process, I will be hosting the meeting. I will send the Zoom link shortly after confirming my travel plans for my great uncle's funeral.

Thanks,

Shabnam Zahir

Fakhria Zahir

On Fri, Oct 31, 2025 at 3:17 PM Sergiy Sivochek <sivochek@sivochek.com> wrote:
> Dear Shabnam,
>
> We were very surprised by your email of October 30, 2025, in which you threatened to file a motion to compel discovery on a wide range of issues.
>
> Our last meet-and-confer with your former counsel, we discussed Defendant's contemplated motion to compel discovery arising from Plaintiffs' continued refusal to provide complete responses to Defendant's discovery requests. During that meeting, your counsel also raised Plaintiffs' proposed motion to compel a DNA test from Defendant, which we explained in detail was improper and unjustified in this proceeding. With the exception of that DNA issue, and aside from limited clarifications or minor supplementation, Defendant had, to our best recollection, already fulfilled his discovery obligations. We also briefly discussed Defendant's contemplated motion to dismiss with your former counsel during that same meeting.
>
> Following that last meeting, you discharged Mr. Jacobs last month. In good faith, we refrained from further motion practice while you determined whether to retain new counsel. On October 22, 2025, you filed your pro se notices of appearance, and on October 28, 2025, you sent us a lengthy email raising numerous issues that we understood had been resolved long ago with your previous attorney. Because your email mentioned that you were being "assisted" by the University of San Francisco School Of Law - Internet & IP Justice Clinic, I asked you to clarify whether you are representing yourself or are represented by counsel. I also expressly stated that we would review and respond to your requests once that clarification was received.
>
> Yesterday, October 30, 2025, you confirmed that you are proceeding pro se but, on the very same day, sent another email threatening to file a motion to compel. Such threats are inappropriate.
>
> We remain willing to confer in good faith regarding any legitimate discovery issues; however, we ask that you engage in a professional and courteous dialogue consistent with the applicable rules.
>
> As we advised you yesterday, Defendant intends to file a motion to dismiss Plaintiffs' claims pursuant to Federal Rule of Civil Procedure 12(b)(1). Before such a motion may be filed, we need to meet and confer to discuss the motion.
>
> In addition, we have not yet received full discovery responses from Plaintiffs. We are in the process of reviewing our files and will be sending you a summary of Defendant's outstanding

11/24/25, 10:48 AM     Gmail - Re: Document 40 – Meet and Confer Re: Discovery and Zahir, et al., No. 2:25-cv-00782-JFW...

Case 2:25-cv-00782-JFW-AS    Document 40    Filed 11/24/25    Page 53 of 167    Page ID #:328

discovery requests that remain unanswered.

To move matters forward efficiently, we propose combining our next meet-and-confer session to address the following topics:

1. Defendant's proposed motion to dismiss Plaintiffs' claims under Rule 12(b)(1);
2. Plaintiffs' proposed motion to compel discovery from Defendant; and
3. Plaintiffs' failure to provide complete responses to Defendant's discovery requests.

Please be prepared to discuss in detail (a) the discovery issues you believe remain outstanding, including the basis for your threatened motion to compel, and (b) Plaintiffs' own incomplete discovery responses. We anticipate sending you a list of Defendant's outstanding discovery requests by early next week.

Below is our availability for a video conference next week. Please confirm whether any of these time slots work for you, and we will circulate a meeting invitation. If none are convenient, kindly provide at least three alternative options that fit your schedule.

====================

- **Tuesday (November 4)**

9:00 am PST / 12:00 pm EST
2:00 pm PST / 5:00 pm EST

- **Wednesday (November 5)**

9:30 am PST / 12:30pm EST

- **Thursday (November 6)**

9 am PST / 12:00 pm EST
3 pm PST / 6:00 pm EST

- **Friday (November 7)**

10 am PST / 1:00 pm EST

=================

Regards,

Sergiy M. Sivochek, Esq.
**SILC - SIVOCHEK IP LAW CENTER**
*Protecting Intellectual Property. Fostering Innovation.*
12450 Magnolia Blvd, Unit 4071
Valley Village, CA 91607
Phone: 323-201-2701
Email: sivochek@sivochek.com
https://sivochek.com

*The preceding email may be confidential or protected by the attorney-client privilege. The email was not intended for transmission to, or receipt by, any unauthorized persons. If you have received this email in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the email. Any legal advice or information contained in the preceding email is intended for the exclusive benefit of the client(s) represented by the above attorney in the particular matter that is the subject of this email. It may not be used or relied upon by any other party for any purpose.*

On Thu, Oct 30, 2025 at 5:36 PM Shabnam Ahmad Zahir
<shabnamahmadzahir@gmail.com> wrote:
> Sergiy and Michael,
>
> Pursuant to Fed. R. Civ. P. 37(a) and C.D. Cal. L.R. 37-1, this correspondence
> constitutes Plaintiffs' good-faith request to meet and confer regarding ongoing

discovery deficiencies and Defendant's continued refusal to cooperate in confirming the Plaintiffs' co-ownership of copyright of the musical works of Ahmad Zahir through limited scientific verification.

Our prior counsel, Ethan Jacobs, previously conferred with you on several occasions about these issues. However, given the passage of time, our current Pro Se status, and additional discovery served since that time, we are requesting a final meet-and-confer before filing a Motion to Compel, as a courtesy and in full compliance with Local Rule 37.

The following discovery responses remain incomplete, evasive, or inconsistent with the record, and are fundamentally relevant to the core issue in dispute:

1. Requests for Admission Nos.: 2, 4, 10, 11, 17, 18, 19, and 21
2. Interrogatories Nos.: 4, 5, and 6
3. Requests for Production Nos.: 8, 9, 12, 13, 16, and 17

In particular, Defendant continues to deny Plaintiffs' co-ownership of the Ahmad Zahir musical catalog without providing any factual or evidentiary basis, while simultaneously declining to stipulate to co-ownership or participate in limited DNA testing that would conclusively resolve the question of joint ownership under 17 U.S.C. § 201(d).

Plaintiffs intend to move for an order:

1. Compelling Richard Zahir (a/k/a Rishad Zahir), Defendant to submit to limited DNA testing with Shabnam Zahir, Plaintiff under Rule 35 as a neutral method of verifying authorship and co-ownership of the copyrighted works at issue;

   Plaintiffs further reserve the right to seek the Court's authorization to obtain comparable verification from nonparties, including Zahira Zahir, who is Ahmad Zahir's only surviving immediate family member, (other than his children) who resides in Florida as a U.S. Citizen. Her participation, if necessary, would be solely for the limited purpose of completing the scientific verification relevant to this case.

2. Alternatively, deeming established under Rule 37(b)(2)(A)(i) that: (a) Fakhria Zahir, Plaintiff is a lawful co-owner of the Ahmad Zahir catalog as the widow of Ahmad Zahir; and (b) Shabnam Zahir, Plaintiff likewise holds a co-ownership interest as Ahmad Zahir's daughter and successor.

3. Compelling full supplemental responses to the discovery requests identified above and awarding Plaintiffs reasonable expenses under Rule 37(a)(5).

Please provide two or three available times for a Zoom meet-and-confer at your earliest convenience. If we are unable to resolve these issues, Plaintiffs will proceed under L.R. 37-2 by serving our portion of the Joint Stipulation for inclusion in the forthcoming Motion to Compel.

We appreciate your prompt attention to this matter.

Thank you,

Sincerely,

Shabnam Zahir
Fakhria Zahir

(c) 703-822-3686 (EST)

**Assisted by:** University of San Francisco School Of Law - Internet & IP Justice Clinic

--

Best,
Shabnam Zahir
Fakhria Zahir

(c) 703-822-3686 (EST)

**Assisted by:** US

--

Best,
Shabnam Zahir
Fakhria Zahir

(c) 703-822-3686 (EST)

**Assisted by:** University of San Francisco School Of Law - Internet & IP Justice Clinic

--

Best,
Shabnam Zahir
Fakhria Zahir

(c) 703-822-3686 (EST)

**Assisted by:** University of San Francisco School Of Law - Internet & IP Justice Clinic

EXHIBIT D-1

J. JACKSON WASTE, SBN 289081
jwaste@fennemorelaw.com
FENNEMORE LLP
8080 N. Palm Avenue, Third Floor
Fresno, CA 93711
Telephone: (559) 432-4500

KEVIN J. ABBOTT, SBN 281312
kabbott@fennemorelaw.com
FENNEMORE LLP
550 E. Hospitality Lane, Suite 350
San Bernardino, CA 92408
Telephone: (909) 723-1700

ANTHONY W. AUSTIN, SBN 025351 (Admitted *Pro Hac Vice*)
aaustin@fennemorelaw.com
TYLER D. CARLTON, SBN 035275 (Admitted *Pro Hac Vice*)
tcarlton@fennemorelaw.com
FENNEMORE CRAIG, P.C.
2394 East Camelback Road, Suite 600
Phoenix, AZ 85016
Telephone: (602) 916-5000

Attorneys for Defendant and Counter-claimant,
CIRCLE K STORES INC., a Texas Corporation

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION (LOS ANGELES)

| | |
|---|---|
| INDO-PHILI, INC., a California corporation,<br><br>        Plaintiff/Counter-defendant,<br><br>v.<br><br>CIRCLE K STORES INC., a Texas Corporation,<br><br>        Defendant/Counter-claimant. | Case No.: 2:25-cv-01949-JFW-KES<br><br>**JOINT STATEMENT OF LOCAL RULE 7-3 MEET AND CONFER**<br><br>Action Filed: March 5, 2025 |

The parties give notice that they conducted a meet and confer under Local Rule 7-3 regarding (1) Defendant/Counter-claimant Circle K Stores Inc.'s ("Circle K")

1

1    contemplated motion for a speedy hearing under Federal Rule of Civil Procedure 57

2    and (2) Plaintiff/counter-defendant's contemplated motion to amend under Federal

3    Rule of Civil Procedure 15. The parties agree that this process satisfied the

4    requirements of Local Rule 7-3. Pursuant to this Court's Standing Order (Doc. 11),

5    the parties provide the following information:

6       • **Date:** May 8, 2025.

7       • **Duration:** 20 minutes.

8       • **Method of communication:** Zoom call.[1]

9       • **Participants:**

10          o For Plaintiff/counter-defendant: Ken Roberts and Stuart Cohen.

11          o For Defendant/counter-claimant Circle K: John Pearce, Jackson

12            Waste, and Tyler Carlton.

13       • **Issues discussed:**

14          o Rule 57 motion for speedy hearing: the parties were unable to agree

15            on any procedures for a speedy hearing under Rule 57.

16          o Rule 16 motion to amend: the parties agreed that Plaintiff/counter-

17            defendant may be entitled to amend to add a state law claim but that

18            Circle K must have the opportunity to review the proposed amended

19            complaint first.

20    (*See* Doc. 11 at 9).

21    Dated: May 9, 2025           FENNEMORE LLP

22

23                By:  _____
                            J. JACKSON WASTE

24                            KEVIN ABBOTT
                            ANTHONY W. AUSTIN

25                            TYLER D. CARLTON
                            Attorney for Defendant/Counter-claimant,

26                            CIRCLE K STORES INC., a Texas Corporation

---

27    [1] Because lead counsel J. Jackson Waste is not located within the Central District of

28    California, counsel conducted the meet and confer by video in conformity with the Standing
    Order. (Doc. 11 at 9).

2

1

2

K.P. ROBERTS & ASSOCIATES

3

4     By:    /s/ *Stuart Cohen (with permission)*
             KEN P. ROBERTS
5             STUART COHEN
             Attorneys for Plaintiff/Counter-defendant

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

Indo-Phili, Inc. v. Circle K Stores Inc.
Case No.: 2:25-cv-01949-JFW-KES

## CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 years, employed in the County of Fresno, California, in which the within-mentioned service occurred; and that I am not a party to this action. My business address is 8080 North Palm Avenue, Third Floor, Fresno, California 93711. My email address is:

On **May 9, 2025**, I served the following on each interested party in said cause as indicated below:

### JOINT STATEMENT OF LOCAL RULE 7-3 MEET AND CONFER

☐ **BY REGULAR MAIL**: By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Fresno, California, addressed as set forth below. I am readily familiar with the firm's practices of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Stuart E Cohen
Kenneth P Roberts
Michael Bruce Smith
K.P. ROBERTS & ASSOCIATES APLC
6355 Topanga Canyon Blvd, Suite 403
Woodland Hills, CA 91367

☐ **BY E-MAIL**: By causing the document(s) listed above to be sent to the person at the e-mail addresses listed below. I did not receive, within a reasonable time after transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** The foregoing document(s) will be served by the court via CM/ECF System and hyperlink to:

Anthony W. Austin: aaustin@fennemorelaw.com

J. Jackson Waste: jwaste@fennemorelaw.com; clalonde@fennemorelaw.com

Kenneth P Roberts: Kroberts@KPRlawinc.com, MSmith@KPRLawInc.com, RTish@KPRLawInc.com, Choffman@KPRlawinc.com

Kevin James Abbott: kabbott@fennemorelaw.com, vagres@fennemorelaw.com, dsnider@fennemorelaw.com, cwoodside@fennemorelaw.com, courtfilings@fennemorelaw.com, docketing@fennemorelaw.com

4

1      Michael Bruce Smith: msmith@kprlawinc.com

2      Tyler D. Carlton: tcarlton@fennemorelaw.com

3      Stuart E Cohen: scohen@kprlawinc.com, stuc44@me.com,
4      stuc44@gmail.com

5   ☒   **FEDERAL:**  I declare that I am employed in the office of a member of the bar of this court at whose direction service was made.

6         I certify under penalty of perjury that the foregoing is true and correct.

7         Executed on **May 9, 2025**, at Fresno, California.

8

9                                  */s/ Claudine Lalonde*
                                    CLAUDINE LALONDE

51827365.1

10

EXHIBIT D-2

Matthew F. Batezel* (State Bar No. 185147)
mbatezel@plawp.com (*lead counsel)
Schardé C. Vallone (State Bar No. 331328)
svallone@plawp.com
PACIFIC LAW PARTNERS, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949)242-2441
Fax (949)242-2446

Attorneys for Defendant
STATE FARM GENERAL INSURANCE COMPANY

Law Office of Sassoon Sales
Sassoon Sales (State Bar No. 55958)
16060 Ventura Blvd., Suite 110
Encino, CA 91436
(818)728-6658
Fax (919) 817-7617

Attorney for Plaintiffs
LORRAINE CORRALES; SAVANNAH FOSTER; SOPHIA FOSTER; LUIS CORRALES

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| LORRAINE CORRALES; SAVANNAH FOSTER; SOPHIA FOSTER; LUIS CORRALES, | ) Case No.: 2:24-cv-01152-JFW(MAAx) ) ) [Los Angeles Superior Court Case ) No. 23STCV31122] ) |
| Plaintiffs, | ) **JOINT STATEMENT RE: LOCAL** |
| vs. | ) **RULE 7-3 CONFERENCE PER** ) **COURT'S STANDING ORDER** |
| | ) ) ) ) |

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

1

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

| | |
|---|---|
| STATE FARM GENERAL INSURANCE COMPANY; and DOES 1 to 100, inclusive,<br><br>    Defendants. | )<br>)<br>)<br>)<br>) Judge:        Hon. John F. Walter<br>) Courtroom:  7A<br>)<br>) Complaint filed:  December 20, 2023 |

1
2
3
4
5
6
7   TO THE HONORABLE COURT:

8           WHEREAS, this Court's Standing Order requires the filing of a Joint

9   Statement regarding the parties' Local Rule 7-3 Conference;

10          Defendant State Farm General Insurance Company ("State Farm"), on the

11  one hand, and Plaintiffs Lorraine Corrales, Savannah Foster, Sophia Foster, and

12  Luis Corrales' ("Plaintiffs"), on the other hand, by and through their respective

13  counsel of record, hereby respectfully submit their Joint Statement as follows:

14          1.      On December 20, 2023, Plaintiffs filed their Complaint on State Farm.

15  State Farm filed a Notice of Removal on February 9, 2024, and a Motion to

16  Dismiss on February 19, 2024.  Thereafter, on February 20, 2024, the Motion to

17  Dismiss was stricken for failure to comply with paragraph 5(b) of the Court's

18  Standing Order.  The Court further ordered the parties to meet and confer by

19  February 28, 2024.  The parties hereby submit their Joint Statement regarding their

20  efforts to meet and confer regarding State Farm's Motion to Dismiss.

21          2.      Per Local Rule 7-3, on February 27, 2024, lead counsel for State

22  Farm, Matthew F. Batezel and Mr. Batezel's associate, Schardé C. Vallone, met

23  and conferred with counsel for Plaintiffs, Sassoon Sales, via Zoom regarding

24  Plaintiffs' Complaint and State Farm's potential Motion to Dismiss. The parties

25  spoke for approximately twenty (20) minutes.  Mr. Batezel represented that he

26  believed Plaintiffs had not stated sufficient facts to support their Bad Faith cause of

27  action and claim for punitive damages.

28

Case No.  2:24-cv-01152          JOINT STATEMENT RE LOCAL RULE 7-3 CONFERENCE

3.     Mr. Sales believed the Complaint had stated facts sufficient to put State Farm on notice of Plaintiffs' causes of action.

4.     Mr. Batezel referred Mr. Sales to the cases *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and Mr. Sales agreed to file a First Amended Complaint.

5.     Counsels agreed that Plaintiffs would file their First Amended Complaint by March 18, 2024, and State Farm would file its responsive pleading by March 28, 2024.

6.     Counsels further discussed dates related to discovery and potential settlement efforts in relation to preparation of the parties' Joint 26(f) Report.

7.     The parties finalized the Joint Statement on February 28, 2024.


DATED:  February 29, 2024          PACIFIC LAW PARTNERS, LLP


                                   By: /s/MATTHEW F. BATEZEL
                                       MATTHEW F. BATEZEL
                                       Attorneys for Defendant
                                       STATE FARM GENERAL
                                       INSURANCE COMPANY


DATED:  February 29, 2024


                                   By: /s/SASSOON SALES
                                       SASSOON SALES
                                       Attorney for Plaintiffs LORRAINE
                                       CORRALES, SAVANNAH FOSTER,
                                       SOPHIA FOSTER, and LUIS
                                       CORRALES

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

3

Pursuant to Local Rule 5-4.3.4, I, Matthew F. Batezel, attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

DATED: February 29, 2024         PACIFIC LAW PARTNERS, LLP


By: /s/MATTHEW F. BATEZEL_____
    MATTHEW F. BATEZEL
    Attorneys for Defendant
    STATE FARM GENERAL
    INSURANCE COMPANY

Pacific Law Partners, LLP
15615 Alton Parkway, Suite 240
Irvine, CA 92618
(949) 242-2441 - Facsimile (949) 242-2446

Case No. 2:24-cv-01152     JOINT STATEMENT RE LOCAL RULE 7-3 CONFERENCE

# EXHIBIT E

1  SERGIY M. SIVOCHEK (SBN 270667)
2  Sivochek IP Law Center
   12450 Magnolia Blvd # 4071
3  Valley Village, CA 91607
4  Telephone: (323) 201-2701
   Email: sivochek@sivochek.com
5
6  MICHAEL MCCOLLUM (SBN 235447)
   Lead Trial Counsel
7  McCollum Counsel, Inc.
   1500 W. Alhambra Rd,
8  Alhambra, CA 91801-2009
9  Telephone: (213) 534-6070
   Email: michael@mccollumcounsel.com
10

11  *Attorneys for Defendant*
    *RICHARD ZAHIR*
12

13              **UNITED STATES DISTRICT COURT**

14          **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

15

16

17  FAKHRIA ZAHIR and SHABNAM    ) Case No.: 2:25-cv-782-JFW-AS
    ZAHIR,                       ) Honorable John F. Walter
18               Plaintiffs,     )
                                 )
19        vs.                    )
                                 ) **JOINT STATEMENT OF LOCAL**
20  RICHARD ZAHIR a/k/a RISHAD   ) **RULE 7-3 CONFERENCE**
                                 ) **PURSUANT TO SECTION 5(B) OF**
21  ZAHIR                        ) **STANDING ORDER**
                                 )
22               Defendant.      )

23  _____

24              **JOINT STATEMENT**

25        Counsel for Defendant Rishad Zahir ("Defendant") and Plaintiffs Fakhria Zahir

26  and Shabnam Zahir, appearing pro se ("Plaintiffs") (collectively, "the Parties"),

27  hereby submit the following Joint Statement in advance of Defendant's anticipated

28

Motion to Dismiss for Lack of Subject-Matter Jurisdiction ("Motion"), pursuant to Section 5(b) of the Court's January 30, 2025 Standing Order and in connection with the Parties' Local Rule 7-3 conference.

As discussed in more detail below, the Parties conducted two videoconference meet-and-confer sessions via Zoom to address the substance of the anticipated Motion and to explore whether any portion of the dispute could be resolved without Court intervention.

**A.    Date of the Rule 7-3 conference.**

Initiated on November 6 and then continued and completed on November 20, 2025.

**B.    Duration.**

Both meetings were conducted via Zoom because Defense Counsel are in California and Plaintiffs (pro se) are on the East Coast. The first Zoom meeting lasted approximately 30 minutes on this topic, while the second Zoom meeting lasted approximately 45 minutes on this topic.

**C.    Participants.**

For Defendant: Michael McCollum (Lead Counsel) and Sergiy M. Sivochek.

For Plaintiffs: Shabnam Zahir, appearing pro se, who represented that she has authority to discuss all issues, participate in the conference, and sign the Joint Statement on behalf of both Plaintiffs (herself and her mother).

Also present: Mr. William Humphrey, whom Ms. Zahir identified as her husband and as a consultant in connection with this matter.

**D.    Issues Discussed.**

Before these two Zoom meetings, Defense counsel met with Plaintiff's prior counsel, Ethan Jacobs, on August 29, 2025 via Zoom to discuss certain discovery issues. In this meeting, Defense Counsel explained Defendant's position that Plaintiff's ongoing efforts to compel a DNA test from Defendant to prove Plaintiff's

paternity relationship with Ahmad Zahir were inappropriate for a Copyright case, including because it falls under the probate exception.  The parties were unable to further meet and confer on this issue, however, due to the withdrawal of Mr. Jacobs as counsel. Specifically, Mr. Jacobs advised Defense counsel by email on September 18 that he intended to seek permission to withdraw as counsel. Defense counsel emailed Mr. Jacobs on that date inviting him to participate in a meet and confer but no response was received.

Due to the time it took for Defense Counsel to withdraw, the follow-up meet and confer meeting (with Plaintiff Shabnam Zahir) did not take place until November 6. In that meeting, which lasted approximately 30 minutes, Defense counsel summarized the three bases for the motion. Plaintiff indicated that she had a five-page memorandum of research supporting why the motion to dismiss should be denied. Defense counsel agreed to provide additional case citations for Plaintiff to review, and Plaintiff agreed to provide the memorandum, so that the parties could continue the meet and confer via a subsequent Zoom meeting, in light of Plaintiffs' pro se status and because Ms. Shabnam Zahir indicated that she needed additional time to review the relevant case law and consult with the University of San Francisco School of Law, whom she identified as her consultant.

Following this initial meeting, both sides provided case citations in support of their respective positions, with Defense counsel providing twenty five case citations and Plaintiff providing four.  Plaintiffs did not provide any memorandum.

At the follow-up Zoom meeting on November 20, 2025, Counsel for Defendant then explained in detail the grounds for the motion:

Defense counsel first explained that this Court lacks subject-matter jurisdiction because Plaintiffs' claims arise under foreign and state inheritance and family law, not the Copyright Act. Although the Complaint is styled as seeking a declaration of copyright co-ownership, the gravamen of Plaintiffs' allegations concerns inheritance

rights, marriage validity, and parentage disputes that arose entirely in Afghanistan more than four decades ago. Plaintiffs do not seek, and their claims do not require, any remedy provided by the Copyright Act such as infringement damages. Nor do their claims require the Court to decide issues of authorship, assignment, or transfer under federal copyright law.

Plaintiffs' claims instead rest entirely on their assertion that they inherited the so-called Zahir Catalog from Ahmad Zahir based on their alleged status as his lawful widow and daughter. The Copyright Act does not regulate heirship, marital validity, or parental status, and contains no provisions establishing how to determine the proper heirs to a copyrighted work, let alone works created in Afghanistan more than forty years ago. Those questions are governed exclusively by state and foreign law. Therefore, Plaintiffs' claims do not "arise under" the Copyright Act for purposes of federal subject-matter jurisdiction.

Second, Defense counsel explained that Plaintiffs lack Article III standing to assert co-ownership claims because the foundation of their alleged rights, namely their asserted status as the lawful heirs of Ahmad Zahir, has never been established by any contemporaneous documentation in any court or tribunal and remains vigorously disputed. Article III requires Plaintiffs to demonstrate a concrete and legally protected interest in the copyrighted works at issue. Plaintiffs cannot satisfy this threshold requirement because their claim to any copyright interest depends entirely on proving that they are, in fact, the lawful widow and daughter of the decedent.

Third, Defense counsel explained that the Court lacks subject-matter jurisdiction under the probate exception. Counsel explained that the probate exception prohibits federal courts from adjudicating matters involving the administration of a decedent's estate, and that this includes determining who the lawful heirs of the decedent are under applicable law. Defense counsel further stated

that Plaintiffs' claims cannot be resolved without first determining marriage validity, paternity, and heirship under foreign and state family-law regimes, and that courts have consistently recognized that identifying a decedent's heirs is a core probate function reserved to state probate courts, as recognized, for example, by California's Probate Code.

Defense counsel explained that Plaintiffs' efforts to obtain DNA tests through discovery in this action would not even be available or appropriate in a properly filed probate or parentage proceeding under California law and argued that Plaintiffs' attempt to use federal discovery to manufacture heirship exemplifies the type of circumvention the probate exception is intended to prevent.

Plaintiff Shabnam Zahir stated that

The Parties engaged in a thorough discussion of these issues, with Defense counsel responding to questions posed by Plaintiff. Because the Parties were unable

to come to a resolution, Defendant anticipates filing the Motion on or around December 1, 2025.

DATED: November _____, 2025          By: /s/ *Sergiy M. Sivochek*
                                     SERGIY M. SIVOCHEK

                                     Sivochek IP Law Center
                                     12450 Magnolia Blvd # 4071
                                     Valley Village, CA 91607
                                     Telephone: (323) 201-2701
                                     Email: sivochek@sivochek.com

                                     By: /s/ *Michael McCollum*
DATED: November _____, 2025          MICHAEL MCCOLLUM

                                     McCollum Counsel, Inc.
                                     1500 W Alhambra Rd,
                                     Alhambra, CA 91801-2009
                                     Telephone: (213) 534-6070
                                     Email: michael@mccollumcounsel.com

                                     *Attorneys for Defendant*

                                     *By:* _____

DATED: November _____, 2025          Shabnam Zahir
                                     2301 Beechwood Dr.,
                                     Waxhaw NC 28173

DATED: November _____, 2025          *By:* _____

                                     Fakhria Zahir
                                     307 Yoakum Parkway # 1607
                                     Alexandria, VA 22304

                                     *Plaintiffs, pro se*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT F

 Gmail

Shabnam Ahmad Zahir <shabnamahmadzahir@gmail.com>

___

## Re: Notice Pursuant to Rule 7-3; Defendant's Motion to Dismiss Under Rule 12(b)(1)
1 message

___

**Shabnam Ahmad Zahir** <shabnamahmadzahir@gmail.com>      Fri, Nov 21, 2025 at 2:30 PM
To: Sergiy Sivochek <sivochek@sivochek.com>
Cc: Michael McCollum <michael@mccollumcounsel.com>, whumphrey@lepeabody.com, Neslly Herrera <neslly@mccollumcounsel.com>

Sergiy,

Thank you for the draft joint statement.

I am pro se in this case and not an experienced litigator, but this draft does not appear to comply with Judge Walter's Standing Order, which states that "*the joint statement shall detail the issues discussed and resolved during the conference and the issues remaining.*" (Section 5(b), p. 9)

I reviewed multiple joint statements filed in this District on PACER. None resemble the format you provided. By contrast, the draft you sent reads as a five-page argumentative brief in support of your anticipated motion, rather than a neutral summary of the conference. I also see that you have left a blank section for me to fill in my "*position,*" but it is my understanding that a format where both sides state their positions separately is used for joint stipulations, not joint statements about meet-and-confer conferences.

I am not comfortable signing this version, which includes legal arguments and characterizations that I dispute. As I understand it, the joint statement should present undisputed procedural facts about what we discussed during the conference, with brief neutral summaries of each party's position on the issues - nothing more.

I also want to note that this is the second time in 24 hours in which a written summary has included characterizations of my statements that I do not recognize and did not state. As I mentioned during the call, I have repeatedly requested that our meet-and-confer sessions be recorded to ensure accuracy and avoid precisely these types of discrepancies. When I raised this again yesterday and asked why the recording was declined, your response was that you "*did not want this to get on TikTok.*"

Given that the summaries circulated so far materially diverge from what was actually discussed, this reinforces why I made that request from the outset. For the joint statement, it is especially important that the document reflect a neutral, factual record rather than reconstructed narratives or subjective interpretations.

For these reasons, I cannot sign the draft in its current form. If you can revise it to follow the standard neutral format used in this District, I will review it promptly. If you prefer to keep the current structure, we can instead submit separate statements.

I know that time is of the essence for you all to file by Saturday, so please let me know how you wish to proceed as soon as possible.

Thank you,
Shabnam Zahir
Fakhria Zahir

On Thu, Nov 20, 2025 at 4:55 PM Sergiy Sivochek <sivochek@sivochek.com> wrote:

Shabnam,

Thank you for attending the Rule 7-3 meet-and-confer regarding Defendant's forthcoming Motion to Dismiss. With the conclusion of our two videoconference discussions, the meet-and-confer process on this issue is now complete. Attached is the Joint Statement summarizing the parties' efforts.

During the conferences, the parties carefully discussed all three grounds for dismissal. We recognize that Plaintiffs disagree with the Motion and continue to assert that their claims arise under the Copyright Act. Plaintiffs also reiterated their position that their alleged heirship and paternity status is established in part on asserted U.S. public-policy considerations and their claimed recognition by DHS and USCIS during the immigration process.

11/24/25, 10:45 AM                    Gmail - Re: Notice Pursuant to Rule 7-3; Defendant's Motion to Dismiss Under Rule 12(b)(1)
Case 2:25-cv-00782-JFW-AS   Document 40   Filed 11/24/25   Page 77 of 167   Page ID
#:352

Defense counsel, for their part, explained in detail why Defendant disputes that Plaintiffs have provided adequate proof of heirship for purposes of this litigation. The parties also discussed the probate exception at length, including Defendant's position as to why it applies in this case. We note that Plaintiffs maintain the probate exception does not apply.

Despite the discussions, the parties were unable to resolve the issues, and Defendant anticipates filing his Motion to Dismiss on or around December 1, 2025.

Under Judge Walter's Standing Order, the Joint Statement must be filed within two (2) calendar days of completing the meet-and-confer. Accordingly, the filing deadline is Saturday, November 22, 2025. Please review the attached Joint Statement and provide the text you wish to include in the "Plaintiffs' Position" section (page 5 of the Motion).

Given the compressed deadline, **please provide your proposed language as soon as possible, and no later than 2:00 p.m. Pacific tomorrow, November 21**. If we do not receive your submission by that time, we will complete the Joint Statement based on the summary set forth above and file the Joint Statement in due course.

Also, please remember that the Court expects a clean, professional Joint Statement.

Lastly, we noted your stated consent to be served by email in connection with this Motion and other filings until such time as Plaintiffs register with the Court's CM/ECF system and agree to accept service through CM/ECF. Accordingly, we will serve this Motion and related filings by email until we are notified of a change in your registration status.

Please confirm receipt of this email and let us know you have any questions.

Regards,

Sergiy M. Sivochek, Esq.
**SILC - SIVOCHEK IP LAW CENTER**
*Protecting Intellectual Property. Fostering Innovation.*
12450 Magnolia Blvd, Unit 4071
Valley Village, CA 91607
Phone: 323-201-2701
Email: sivochek@sivochek.com
https://sivochek.com


---------- Forwarded message ---------
From: **Sergiy Sivochek** <sivochek@sivochek.com>
Date: Thu, Nov 6, 2025 at 4:13 PM
Subject: Fwd: Notice Pursuant to Rule 7-3; Defendant's Motion to Dismiss Under Rule 12(b)(1)
To: Shabnam Ahmad Zahir <shabnamahmadzahir@gmail.com>
Cc: Michael McCollum <michael@mccollumcounsel.com>, Neslly Herrera <neslly@mccollumcounsel.com>, Sergiy Sivochek <docket@sivochek.com>


Dear Shabnam,

Thank you for meeting with us today to discuss Defendant's forthcoming Motion to Dismiss. We note that the second Plaintiff, Ms. Fakhria Zahir, did not attend the conference. However, you represented that you have her authorization to discuss all matters on behalf of both Plaintiffs.

As summarized during our discussion, we reviewed in detail the three independent grounds for the motion, as outlined in my October 30, 2025 email (included below for reference).

We also discussed that the Complaint does not seek a declaration of U.S. copyright co-ownership. Rather, it asks the Court to declare that "the co-owners of the rights in the Zahir Catalog are Plaintiffs Fakhria and Shabnam Zahir and Defendant Rishad Zahir" (Compl. ¶ 6) and to compel Defendant to account for alleged profits.

Plaintiffs use the term "Zahir Catalog" in a sweeping and imprecise manner throughout the Complaint to refer collectively to the entire body of musical compositions, sound recordings, and other works created by Ahmad Zahir in Afghanistan prior to his death in 1979 (Compl. ¶ 1). These broad assertions reach directly into questions of heirship, estate ownership, and administration.

These are matters governed exclusively by foreign and state family and probate law, not by federal copyright law.

As we also discussed, Plaintiffs' asserted status as heirs—the very foundation of their claimed ownership—remains entirely unproven. It is unsupported by any actual credible evidence and has not been confirmed by any court in the United States or abroad. Because copyrights are a form of property, a party claiming ownership by inheritance must first establish legal heirship before asserting any ownership interest in the estate's assets. Federal courts are not the proper forum to resolve issues of maternity, marriage, divorce, or inheritance.

**You also stated that you plan to send research and case law that, in your view, rebut Defendant's Motion to Dismiss. We look forward to receiving and reviewing those authorities in due course.**

Additionally, we reviewed that Defendant's Motion will rely on established case law supporting each independent ground for dismissal. Representative authorities include, among others, the following. (Please note that these citations are provided in draft form and remain subject to final proofreading and verification prior to filing.):
==============================

**[1] Plaintiffs' claims do not present a claim "arising under" the Copyright Act.**

*W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).(In reviewing the allegations in a complaint, courts will not "necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations.")

Grondal v. United States, 2012 U.S. Dist. LEXIS 19398, at *11-13 (E.D. Wash. Feb. 16, 2012) (Quackenbush, J.) (A Rule 12(b)(1) motion can challenge the sufficiency of the pleadings to establish jurisdiction (facial attack), or a lack of any factual support for subject-matter jurisdiction despite the pleading's sufficiency (factual attack)).

Assoc. of Am. Med. Coll. v. United States, 217 F.3d 770, 778 (9th Cir. 2000). (For a factual attack, evidence outside the pleadings may be considered to resolve factual disputes.)

De Sylva v. Ballentine, 351 U.S. 570, 580, 76 S. Ct. 974, 980 (1956) ("To decide who is the widow or widower of a deceased author, or who are his executors or next of kin, requires a reference to the law of the State which created those legal relationships.")

Itar-Tass Russian News Agency v. Russian Kurier, Inc., 153 F.3d 82, 90 (2d Cir. 1998)("Copyright is a form of property, and the usual rule is that the interests of the parties in property are determined by the law of the state with "the most significant relationship" to the property and the parties.")

Topolos v. Caldewey, 698 F.2d 991, 993 (9th Cir. 1983); Vestron, Inc. v. Home Box Office, Inc., 839 F.2d 1380, 1381 (9th Cir. 1988) ("Although the action clearly involves a copyright, this fact alone does not satisfy federal jurisdictional requirements.");

Topolos, 698 F.2d at 993.( Courts decide whether a case arises under the copyright laws by focusing on the nature of the principal claim asserted by the plaintiff.")

Dolch v. United. Cal. Bank, 702 F.2d 178, 180 (9th Cir. 1983); Sowande v. Moore, No. 12-5273 PA (DTBx), 2012 U.S. Dist. LEXIS 199164, at *2-3 (C.D. Cal. Sep. 24, 2012).

Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc., 336 F.3d 982, 986 (9th Cir. 2003).(The test for determining whether a complaint arises under the Copyright Act)

Oddo v. Ries, 743 F.2d 630, 632 (9th Cir. 1984).(The duty to account "comes from equitable doctrines relating to unjust enrichment and general principles of law governing the rights of co-owners")

Cal. Fam. Code §§ 7551–7555 (Matters of paternity are purely questions of state law).

*William M. v. Superior Court (Dana F.)*, 225 Cal. App. 3d 447, 449 (1990) (holding that "the only proper parties to a paternity action are the mother, the child, and any person presumed or alleged to be the father");

*Estate of Sanders*, 2 Cal. App. 4th 462, 469, 3 Cal. Rptr. 2d 536 (1992) (declining to compel a decedent's adult children to provide DNA samples in a paternity claim brought by a putative sibling).

In re Estate of Hicks, 90 Ohio App. 3d 483, 487–88, 629 N.E.2d 1086, 1088–89 (Ohio Ct. App. 1993) (holding that a paternity determination lies within the jurisdiction of the state juvenile court)

**[2] Plaintiffs lack Article III standing to assert any claim of copyright co-ownership.**

Lujan v. Defs. of Wildlife, 504 U.S. 555, 557, 112 S. Ct. 2130, 2135 (1992) (Constitutional minimum of standing);

Va. House of Delegates v. Bethune-Hill, 587 U.S. 658, 658, 139 S. Ct. 1945, 1947 (2019).(Lack of standing cannot be waived or forfeited);

Pressman v. Estate of Steinvorth, 860 F. Supp. 171 (S.D.N.Y. 1994) ( The court stayed a federal action pending adjudication by the Venezuelan courts of who the decedent's rightful heirs were.)

Carroll v. Hill, 37 F.4th 1119, 1120 (6th Cir. 2022) (The court dismissed a case where the plaintiff failed to establish paternity under state law, holding that she lacked standing to claim inheritance."

TransUnion LLC v. Ramirez, 141 S. Ct. 2190, 2205, 210 L. Ed. 2d 568 (2021) (Article III standing requires that the defendant's alleged misconduct cause a concrete and particularized injury to the plaintiff)

Carroll, 559 F. Supp. 3d at 651, aff'd, 37 F.4th 1119 (6th Cir. 2022).("Without legal paternity, Plaintiff lacks standing to bring her claims.")

**[3] This Court's jurisdiction is barred by the probate exception.**

Marshall v. Marshall, 547 U.S. 293, 311–12, 126 S. Ct. 1735, 1748 (2006).(Federal courts lack authority to "probate or annul a will" or to "administer a decedent's estate.")

*Flanigan v. Sec.-First Nat'l Bank*, 41 F. Supp. 77, 78 (S.D. Cal. 1941) ("State probate courts alone had jurisdiction to determine the genuineness and validity of wills and questions of heirship.");

*Balestra v. Balestra-Leigh*, No. 3:09-CV-00563-RCJ-(RAM), 2010 U.S. Dist. LEXIS 85074, at *9 (D. Nev. July 15, 2010) ("The determination of heirship and rights in distribution of an estate is clearly at the core of the probate court's functions.");

*Vanderburg v. Vanderburg*, No. 07-0438, 2007 WL 1342091, at *1 (N.D. Tex. May 1, 2007) (same);
*Surgick v. Cirella*, No. 09-3807 (NLH/KMW), 2012 U.S. Dist. LEXIS 59106, at *10 (D.N.J. Apr. 27, 2012) (probate exception barred action "to declare and secure the rights of Plaintiff and unnamed heirs to the estate").

*Czarnetzki v. Andrews*, No. 2:12-06923 (WJM), 2012 U.S. Dist. LEXIS 164953, at *4–5 (D.N.J. Nov. 19, 2012) (finding probate exception applied where relief required determining "what belongs to the Estate," which "is the same thing as administering the Estate").

===============================
Regards,

Sergiy M. Sivochek, Esq.
**SILC - SIVOCHEK IP LAW CENTER**
*Protecting Intellectual Property. Fostering Innovation.*
12450 Magnolia Blvd, Unit 4071
Valley Village, CA 91607
Phone: 323-201-2701
Email: sivochek@sivochek.com
https://sivochek.com

---------- Forwarded message ---------
From: **Shabnam Ahmad Zahir** <shabnamahmadzahir@gmail.com>
Date: Thu, Nov 6, 2025 at 9:11 AM
Subject: Re: Notice Pursuant to Rule 7-3; Defendant's Motion to Dismiss Under Rule 12(b)(1)
To: Sergiy Sivochek <sivochek@sivochek.com>
Cc: Michael McCollum <michael@mccollumcounsel.com>, Neslly Herrera <neslly@mccollumcounsel.com>, Sergiy Sivochek <docket@sivochek.com>

Sergiy,

I agree to allot the first 20 minutes to discussing your proposed motion to dismiss. Given the "wide range" of deficiencies (and our impending motion to compel) we need to address in your client's discovery responses, I agree that the remaining 40 minutes should be allocated to addressing those and will unlikely be insufficient. However, as I mentioned, I am available for a follow up call or we can handle the remaining issues via email.

Also, you have sent me multiple emails today and last night, but you have yet to respond to my request to record the call. Please do so now.

Thank you,
Shabnam Zahir
Fakhria Zahir

On Thu, Nov 6, 2025 at 12:03 PM Sergiy Sivochek <sivochek@sivochek.com> wrote:

Dear Shabnam and Fakhria,

Given the breadth of issues raised in your recent emails and your abrupt threat to file a motion to compel on such a wide range of matters, it is highly unlikely that one hour will suffice to address everything meaningfully.

In light of the current case schedule, it is also critical that the Court has adequate time to consider and decide Defendant's forthcoming motion.

That said, we fully understand your family obligations and other scheduling constraints, and we will do our best to accommodate your availability. However, in this case, we will need to begin today's discussion with the Motion to Dismiss, and I suggest we allocate approximately 20-30 minutes for that portion. Afterward, we can turn to your most pressing discovery concerns and continue working cooperatively to move discovery forward in an efficient and professional manner.

I trust this approach is reasonable and agreeable to you.

Thanks,

On Thu, Nov 6, 2025 at 8:36 AM Shabnam Ahmad Zahir <shabnamahmadzahir@gmail.com> wrote:

Sergiy,

Given the number of topics to cover, we propose reserving up to one hour for the call. If additional time is needed after we've addressed the main points, we're happy to continue by follow-up correspondence or a short supplemental call. I have a sharp cut off at 2 since I'll be picking up my son from school.

Thanks,
Shabnam

On Thu, Nov 6, 2025 at 11:11 AM Shabnam Ahmad Zahir <shabnamahmadzahir@gmail.com> wrote:

Sergiy,

To be clear, my mother will not be attending the call today. We have agreed that I will be representing the both of us on this call.

Also, please confirm that you and your team are comfortable with me recording the call today as requested in my November 5th email at 8:35 PM EST.

Thank you.

Shabnam Zahir
Fakhria Zahir

(c) 703-822-3686 (EST)

**Assisted by:** University of San Francisco School Of Law - Internet & IP Justice Clinic

On Thu, Nov 6, 2025 at 11:00 AM Sergiy Sivochek <sivochek@sivochek.com> wrote:

Dear Shabnam and Fakhria,

Thank you for confirming your attendance for today's Rule 7-3 conference call regarding the forthcoming motion to dismiss.

I look forward to our discussion.

Thank you.

Sergiy M. Sivochek, Esq.
**SILC - SIVOCHEK IP LAW CENTER**
*Protecting Intellectual Property. Fostering Innovation.*
12450 Magnolia Blvd, Unit 4071
Valley Village, CA 91607
Phone: 323-201-2701
Email: sivochek@sivochek.com
https://sivochek.com

*The preceding email may be confidential or protected by the attorney-client privilege. The email was not intended for transmission to, or receipt by, any unauthorized persons. If you have received this email in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the email. Any legal advice or information contained in the preceding email is intended for the exclusive benefit of the client(s) represented by the above attorney in the particular matter that is the subject of this email. It may not be used or relied upon by any other party for any purpose.*

On Fri, Oct 31, 2025 at 11:51 AM Shabnam Ahmad Zahir <shabnamahmadzahir@gmail.com> wrote:

Sergiy,

We acknowledge receipt of your October 30 correspondence serving as notice under Local Rule 7-3 of Defendant's intent to move to dismiss under Rule 12(b)(1).

While we will participate in a conference at a mutually convenient time, we note that our earlier emails of October 28 and October 30 remain unanswered. Those matters are still pending and require resolution. Given that you have represented Defendant in this case since April 2024 and are only now raising a jurisdictional issue, coinciding with Plaintiffs' pro se appearance and stated intent to file a motion to compel, the timing of your proposed motion to dismiss is telling. Instead of addressing those pending meet-and-confer efforts, you issued a unilateral request for a Rule 7-3 conference regarding an unrelated, belated motion. This sequence of actions suggests that your notice is not a genuine jurisdictional concern but rather an effort to divert attention from the discovery deficiencies we identified.

This action does not involve any probate or estate administration. Plaintiffs do not ask the Court to determine the authenticity of any will (there is none), to administer an estate, to pay Ahmad Zahir's debts or taxes, or to distribute any assets left in Afghanistan. This case involves no trust, estate, or other issue that would invoke probate jurisdiction. Plaintiffs' claims arise directly under the Copyright Act, 17 U.S.C. § 101 *et seq.*, and seek a determination of co-ownership of U.S. copyrights, not any matter of foreign probate or family law. The sole question before this Court is ownership of U.S.-protected copyrights, an issue that federal courts, including this District, routinely adjudicate without treating it as an estate proceeding.

Moreover, your assertion that Plaintiffs lack "adjudicated" ownership simply places both parties in the same procedural position, as Defendant likewise has no adjudicated ownership of any kind. Under your own reasoning, Defendant lacks a legally cognizable ownership interest in U.S. copyrights, which only reinforces the need for proper discovery and for federal court intervention to resolve the question of ownership under the Copyright Act.

For these reasons, the proper course is to provide the overdue discovery and address the issues relevant to the establishment and ownership of the copyrighted works at issue. Defendant's continued refusal to participate in discovery, while attempting to leverage Plaintiffs' alleged lack of "adjudicated" ownership despite being in the same position, underscores the necessity of Plaintiffs' forthcoming Motion to Compel under Rules 35 and 37.

Accordingly, we suggest that the parties meet and confer in good faith to discuss both Defendant's proposed motion and Plaintiffs' forthcoming motion, for which you have yet to respond to our request. Please confirm whether Defendant intends to provide supplemental discovery responses before or after filing your proposed motion. We are available for a short video conference on any of the following dates and times:

- 
  - Wednesday, November 5th at 1:00 PM Eastern / 10:00 AM Pacific
  - Thursday, November 6th at 1:00 PM Eastern / 10:00 AM Pacific
  - Friday, November 7th at 1:00 PM Eastern / 10:00 AM Pacific

Please note that my great uncle and Godfather (Ahmad Zahir's uncle) passed away last night in California, and my attendance is expected at the funeral. This may affect my immediate availability, but I will do my best to coordinate accordingly.

Thank you for your attention.

Sincerely,

Shabnam Zahir

Fakhria Zahir

On Thu, Oct 30, 2025 at 11:03 PM Sergiy Sivochek <sivochek@sivochek.com> wrote:

Dear Shabnam and Fakhria Zahir,

Thank you for confirming that you are representing yourself pro se in this matter.

Pursuant to Local Rule 7-3, this email serves as notice that Defendant intends to file a motion under Federal Rule of Civil Procedure 12(b)(1) to dismiss Plaintiffs' claims in their entirety for lack of subject-matter jurisdiction.

The forthcoming motion will address three independent and dispositive grounds for dismissal.

First, Plaintiifs' claims do not present a claim "arising under" the Copyright Act. Although couched as a declaratory claim of co-ownership, the gravamen of Plaintiffs' allegations concerns inheritance, marriage, and paternity issues arising entirely in Afghanistan more than four decades ago. Federal jurisdiction under 28 U.S.C. § 1338 extends only to cases in which the Complaint itself requires resolution of a substantial question of federal copyright law. Here, the underlying controversy turns on questions of foreign and state family and probate law, not on any substantive interpretation of the Copyright Act.

Second, Plaintiffs lack Article III standing to assert any claim of copyright co-ownership. Their purported interests in the so-called "Zahir Catalog" rest entirely on unadjudicated assertions of heirship and family status under Afghan law. Until and unless those rights are recognized by a competent tribunal, Plaintiffs have no legally cognizable ownership interest in U.S. copyrights.

Third, this Court's jurisdiction is barred by the probate exception. Plaintiffs' alleged rights derive solely from their asserted status as the widow and daughter of Ahmad Zahir and would necessarily require the Court to determine questions of heirship, legitimacy, and marital validity—matters historically reserved to state and foreign tribunals. Federal courts uniformly decline jurisdiction where adjudication would require administration of an estate or determination of heirship.

Because each of these grounds independently deprives the Court of subject-matter jurisdiction, Defendant will respectfully request that Plaintiffs' claims be dismissed in their entirety, while Defendant's counterclaims remain

pending.

**Pursuant to Local Rule 7-3, please provide your availability for a video conference within the next few days to meet and confer regarding this motion before it is filed. Kindly provide at least three scheduling options, and we will make every effort to accommodate your availability.**

Regards,

--

Best,
Shabnam Zahir
Fakhria Zahir

(c) 703-822-3686 (EST)

**Assisted by:** University of San Francisco School Of Law - Internet & IP Justice Clinic

--

Best,
Shabnam Zahir
Fakhria Zahir

(c) 703-822-3686 (EST)

**Assisted by:** University of San Francisco School Of Law - Internet & IP Justice Clinic

*The preceding email may be confidential or protected by the attorney-client privilege. The email was not intended for transmission to, or receipt by, any unauthorized persons. If you have received this email in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the email. Any legal advice or information contained in the preceding email is intended for the exclusive benefit of the client(s) represented by the above attorney in the particular matter that is the subject of this email. It may not be used or relied upon by any other party for any purpose.*

--

Thank you,
Shabnam Zahir
Fakhria Zahir

(c) 703-822-3686 (EST)

**Assisted by:**

University of San Francisco School Of Law - Internet & IP Justice Clinic (CREATE)

L.E. Peabody & Associates (LEPA)

EXHIBIT G

11/24/25, 10:25 AM Case 2:25-cv-00782-JFW-AS Gmail - Re: Notice Pursuant to Rule 7-3; Defendant's Motion to Dismiss Under Rule 12(b)(1)

Case 2:25-cv-00782-JFW-AS Document 40 Filed 11/24/25 Page 85 of 167 Page ID #:360

 Gmail

**Shabnam Ahmad Zahir <shabnamahmadzahir@gmail.com>**

---

## Re: Notice Pursuant to Rule 7-3; Defendant's Motion to Dismiss Under Rule 12(b)(1)
1 message

**Sergiy Sivochek** <sivochek@sivochek.com>                     Fri, Nov 21, 2025 at 2:40 PM
To: Shabnam Ahmad Zahir <shabnamahmadzahir@gmail.com>
Cc: Michael McCollum <michael@mccollumcounsel.com>, whumphrey@lepeabody.com, Neslly Herrera
<neslly@mccollumcounsel.com>

Shabnam,

I will not engage in further debate on this point. You are not required to sign the joint statement if you choose not to. However, as
requested yesterday, will you please provide your proposed "Plaintiffs' Statement" section? We need your input by 2:00 p.m. Pacific
today, consistent with the prior request.

If we do not receive anything from you by that time, we will finalize and file the Joint Statement with the Court by the deadline
without your input, although we do invite you to contribute.

Thank you.

Sergiy M. Sivochek, Esq.
**SILC - SIVOCHEK IP LAW CENTER**
*Protecting Intellectual Property. Fostering Innovation.*
12450 Magnolia Blvd, Unit 4071
Valley Village, CA 91607
Phone: 323-201-2701
Email: sivochek@sivochek.com
https://sivochek.com

*The preceding email may be confidential or protected by the attorney-client privilege. The email was not intended for
transmission to, or receipt by, any unauthorized persons. If you have received this email in error, please (i) do not read it,
(ii) reply to the sender that you received the message in error, and (iii) erase or destroy the email. Any legal advice or
information contained in the preceding email is intended for the exclusive benefit of the client(s) represented by the above
attorney in the particular matter that is the subject of this email. It may not be used or relied upon by any other party for
any purpose.*

On Fri, Nov 21, 2025 at 11:30 AM Shabnam Ahmad Zahir <shabnamahmadzahir@gmail.com> wrote:

> Sergiy,
>
> Thank you for the draft joint statement.
>
> I am pro se in this case and not an experienced litigator, but this draft does not appear to comply with Judge Walter's
> Standing Order, which states that "*the joint statement shall detail the issues discussed and resolved during the
> conference and the issues remaining.*" (Section 5(b), p. 9)
>
> I reviewed multiple joint statements filed in this District on PACER. None resemble the format you provided. By contrast,
> the draft you sent reads as a five-page argumentative brief in support of your anticipated motion, rather than a neutral
> summary of the conference. I also see that you have left a blank section for me to fill in my "*position,*" but it is my
> understanding that a format where both sides state their positions separately is used for joint stipulations, not joint
> statements about meet-and-confer conferences.
>
> I am not comfortable signing this version, which includes legal arguments and characterizations that I dispute. As I
> understand it, the joint statement should present undisputed procedural facts about what we discussed during the
> conference, with brief neutral summaries of each party's position on the issues - nothing more.
>
> I also want to note that this is the second time in 24 hours in which a written summary has included characterizations of
> my statements that I do not recognize and did not state. As I mentioned during the call, I have repeatedly requested
> that our meet-and-confer sessions be recorded to ensure accuracy and avoid precisely these types of discrepancies.

When I raised this again yesterday and asked why the recording was declined, your response was that you "*did not want this to get on TikTok.*"

Given that the summaries circulated so far materially diverge from what was actually discussed, this reinforces why I made that request from the outset. For the joint statement, it is especially important that the document reflect a neutral, factual record rather than reconstructed narratives or subjective interpretations.

For these reasons, I cannot sign the draft in its current form. If you can revise it to follow the standard neutral format used in this District, I will review it promptly. If you prefer to keep the current structure, we can instead submit separate statements.

I know that time is of the essence for you all to file by Saturday, so please let me know how you wish to proceed as soon as possible.

Thank you,
Shabnam Zahir
Fakhria Zahir

On Thu, Nov 20, 2025 at 4:55 PM Sergiy Sivochek <sivochek@sivochek.com> wrote:

Shabnam,

Thank you for attending the Rule 7-3 meet-and-confer regarding Defendant's forthcoming Motion to Dismiss. With the conclusion of our two videoconference discussions, the meet-and-confer process on this issue is now complete. Attached is the Joint Statement summarizing the parties' efforts.

During the conferences, the parties carefully discussed all three grounds for dismissal. We recognize that Plaintiffs disagree with the Motion and continue to assert that their claims arise under the Copyright Act. Plaintiffs also reiterated their position that their alleged heirship and paternity status is established in part on asserted U.S. public-policy considerations and their claimed recognition by DHS and USCIS during the immigration process.

Defense counsel, for their part, explained in detail why Defendant disputes that Plaintiffs have provided adequate proof of heirship for purposes of this litigation. The parties also discussed the probate exception at length, including Defendant's position as to why it applies in this case. We note that Plaintiffs maintain the probate exception does not apply.

Despite the discussions, the parties were unable to resolve the issues, and Defendant anticipates filing his Motion to Dismiss on or around December 1, 2025.

Under Judge Walter's Standing Order, the Joint Statement must be filed within two (2) calendar days of completing the meet-and-confer. Accordingly, the filing deadline is Saturday, November 22, 2025. Please review the attached Joint Statement and provide the text you wish to include in the "Plaintiffs' Position" section (page 5 of the Motion).

Given the compressed deadline, **please provide your proposed language as soon as possible, and no later than 2:00 p.m. Pacific tomorrow, November 21**. If we do not receive your submission by that time, we will complete the Joint Statement based on the summary set forth above and file the Joint Statement in due course.

Also, please remember that the Court expects a clean, professional Joint Statement.

Lastly, we noted your stated consent to be served by email in connection with this Motion and other filings until such time as Plaintiffs register with the Court's CM/ECF system and agree to accept service through CM/ECF. Accordingly, we will serve this Motion and related filings by email until we are notified of a change in your registration status.

Please confirm receipt of this email and let us know you have any questions.

Regards,

Sergiy M. Sivochek, Esq.
**SILC - SIVOCHEK IP LAW CENTER**
*Protecting Intellectual Property. Fostering Innovation.*
12450 Magnolia Blvd, Unit 4071
Valley Village, CA 91607
Phone: 323-201-2701
Email: sivochek@sivochek.com

11/24/25, 10:35 PM      Gmail Re: Notice Pursuant to Rule 7-3; Defendant's Motion to Dismiss Under Rule 12(b)(...

https://sivochek.com

---------- Forwarded message ---------
From: **Sergiy Sivochek** <sivochek@sivochek.com>
Date: Thu, Nov 6, 2025 at 4:13 PM
Subject: Fwd: Notice Pursuant to Rule 7-3; Defendant's Motion to Dismiss Under Rule 12(b)(1)
To: Shabnam Ahmad Zahir <shabnamahmadzahir@gmail.com>
Cc: Michael McCollum <michael@mccollumcounsel.com>, Neslly Herrera <neslly@mccollumcounsel.com>, Sergiy
Sivochek <docket@sivochek.com>

Dear Shabnam,

Thank you for meeting with us today to discuss Defendant's forthcoming Motion to Dismiss. We note that the second Plaintiff,
Ms. Fakhria Zahir, did not attend the conference.  However, you represented that you have her authorization to discuss all
matters on behalf of both Plaintiffs.

As summarized during our discussion, we reviewed in detail the three independent grounds for the motion, as outlined in my
October 30, 2025 email (included below for reference).

We also discussed that the Complaint does not seek a declaration of U.S. copyright co-ownership. Rather, it asks the Court to
declare that "the co-owners of the rights in the Zahir Catalog are Plaintiffs Fakhria and Shabnam Zahir and Defendant Rishad
Zahir" (Compl. ¶ 6) and to compel Defendant to account for alleged profits.

Plaintiffs use the term "Zahir Catalog" in a sweeping and imprecise manner throughout the Complaint to refer collectively to
the entire body of musical compositions, sound recordings, and other works created by Ahmad Zahir in Afghanistan prior to
his death in 1979 (Compl. ¶ 1). These broad assertions reach directly into questions of heirship, estate ownership, and
administration. These are matters governed exclusively by foreign and state family and probate law, not by federal copyright
law.

As we also discussed, Plaintiffs' asserted status as heirs—the very foundation of their claimed ownership—remains entirely
unproven. It is unsupported by any actual credible evidence and has not been confirmed by any court in the United States or
abroad. Because copyrights are a form of property, a party claiming ownership by inheritance must first establish legal heirship
before asserting any ownership interest in the estate's assets. Federal courts are not the proper forum to resolve issues of
maternity, marriage, divorce, or inheritance.

**You also stated that you plan to send research and case law that, in your view, rebut Defendant's Motion to Dismiss. We
look forward to receiving and reviewing those authorities in due course.**

Additionally, we reviewed that Defendant's Motion will rely on established case law supporting each independent ground for
dismissal. Representative authorities include, among others, the following. (Please note that these citations are provided in
draft form and remain subject to final proofreading and verification prior to filing.):
==============================

**[1] Plaintiifs' claims do not present a claim "arising under" the Copyright Act.**

*W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).(In reviewing the allegations in a complaint, courts will not
"necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations.")

Grondal v. United States, 2012 U.S. Dist. LEXIS 19398, at *11-13 (E.D. Wash. Feb. 16, 2012) (Quackenbush, J.) (A Rule
12(b)(1) motion can challenge the sufficiency of the pleadings to establish jurisdiction (facial attack), or a lack of any factual
support for subject-matter jurisdiction despite the pleading's sufficiency (factual attack).)

Assoc. of Am. Med. Coll. v. United States, 217 F.3d 770, 778 (9th Cir. 2000). (For a factual attack, evidence outside the
pleadings may be considered to resolve factual disputes.)

De Sylva v. Ballentine, 351 U.S. 570, 580, 76 S. Ct. 974, 980 (1956) ("To decide who is the widow or widower of a deceased
author, or who are his executors or next of kin, requires a reference to the law of the State which created those legal
relationships.")

Itar-Tass Russian News Agency v. Russian Kurier, Inc., 153 F.3d 82, 90 (2d Cir. 1998)("Copyright is a form of property, and the usual rule is that the interests of the parties in property are determined by the law of the state with "the most significant relationship" to the property and the parties.")

Topolos v. Caldewey, 698 F.2d 991, 993 (9th Cir. 1983); Vestron, Inc. v. Home Box Office, Inc., 839 F.2d 1380, 1381 (9th Cir. 1988) ("Although the action clearly involves a copyright, this fact alone does not satisfy federal jurisdictional requirements.");

Topolos, 698 F.2d at 993.( Courts decide whether a case arises under the copyright laws by focusing on the nature of the principal claim asserted by the plaintiff.")

Dolch v. United. Cal. Bank, 702 F.2d 178, 180 (9th Cir. 1983); Sowande v. Moore, No. 12-5273 PA (DTBx), 2012 U.S. Dist. LEXIS 199164, at *2-3 (C.D. Cal. Sep. 24, 2012).

Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc., 336 F.3d 982, 986 (9th Cir. 2003).(The test for determining whether a complaint arises under the Copyright Act)

Oddo v. Ries, 743 F.2d 630, 632 (9th Cir. 1984).(The duty to account "comes from equitable doctrines relating to unjust enrichment and general principles of law governing the rights of co-owners")

Cal. Fam. Code §§ 7551–7555 (Matters of paternity are purely questions of state law).

*William M. v. Superior Court (Dana F.)*, 225 Cal. App. 3d 447, 449 (1990) (holding that "the only proper parties to a paternity action are the mother, the child, and any person presumed or alleged to be the father");

*Estate of Sanders*, 2 Cal. App. 4th 462, 469, 3 Cal. Rptr. 2d 536 (1992) (declining to compel a decedent's adult children to provide DNA samples in a paternity claim brought by a putative sibling).

In re Estate of Hicks, 90 Ohio App. 3d 483, 487–88, 629 N.E.2d 1086, 1088–89 (Ohio Ct. App. 1993) (holding that a paternity determination lies within the jurisdiction of the state juvenile court)

**[2] Plaintiffs lack Article III standing to assert any claim of copyright co-ownership.**

Lujan v. Defs. of Wildlife, 504 U.S. 555, 557, 112 S. Ct. 2130, 2135 (1992) (Constitutional minimum of standing);

Va. House of Delegates v. Bethune-Hill, 587 U.S. 658, 658, 139 S. Ct. 1945, 1947 (2019).(Lack of standing cannot be waived or forfeited);

Pressman v. Estate of Steinvorth, 860 F. Supp. 171 (S.D.N.Y. 1994) ( The court stayed a federal action pending adjudication by the Venezuelan courts of who the decedent's rightful heirs were.)

Carroll v. Hill, 37 F.4th 1119, 1120 (6th Cir. 2022) (The court dismissed a case where the plaintiff failed to establish paternity under state law, holding that she lacked standing to claim inheritance."

TransUnion LLC v. Ramirez, 141 S. Ct. 2190, 2205, 210 L. Ed. 2d 568 (2021) (Article III standing requires that the defendant's alleged misconduct cause a concrete and particularized injury to the plaintiff)

Carroll, 559 F. Supp. 3d at 651, aff'd, 37 F.4th 1119 (6th Cir. 2022).("Without legal paternity, Plaintiff lacks standing to bring her claims.")

**[3] This Court's jurisdiction is barred by the probate exception.**

Marshall v. Marshall, 547 U.S. 293, 311–12, 126 S. Ct. 1735, 1748 (2006).(Federal courts lack authority to "probate or annul a will" or to "administer a decedent's estate.")

*Flanigan v. Sec.-First Nat'l Bank*, 41 F. Supp. 77, 78 (S.D. Cal. 1941) ("State probate courts alone had jurisdiction to determine the genuineness and validity of wills and questions of heirship.");

*Balestra v. Balestra-Leigh*, No. 3:09-CV-00563-RCJ-(RAM), 2010 U.S. Dist. LEXIS 85074, at *9 (D. Nev. July 15, 2010) ("The determination of heirship and rights in distribution of an estate is clearly at the core of the probate court's functions.");

*Vanderburg v. Vanderburg*, No. 07-0438, 2007 WL 1342097, at *1 (N.D. Tex. May 1, 2007) (same);
*Surgick v. Cirella*, No. 09-3807 (NLH/KMW), 2012 U.S. Dist. LEXIS 59106, at *10 (D.N.J. Apr. 27, 2012) (probate exception
barred action "to declare and secure the rights of Plaintiff and unnamed heirs to the estate").

*Czarnetzki v. Andrews*, No. 2:12-06923 (WJM), 2012 U.S. Dist. LEXIS 164953, at *4–5 (D.N.J. Nov. 19, 2012) (finding
probate exception applied where relief required determining "what belongs to the Estate," which "is the same thing as
administering the Estate").

==============================

Regards,

Sergiy M. Sivochek, Esq.
**SILC - SIVOCHEK IP LAW CENTER**
*Protecting Intellectual Property. Fostering Innovation.*
12450 Magnolia Blvd,  Unit 4071
Valley Village, CA 91607
Phone: 323-201-2701
Email: sivochek@sivochek.com
https://sivochek.com

---------- Forwarded message ---------
From: **Shabnam Ahmad Zahir** <shabnamahmadzahir@gmail.com>
Date: Thu, Nov 6, 2025 at 9:11 AM
Subject: Re: Notice Pursuant to Rule 7-3; Defendant's Motion to Dismiss Under Rule 12(b)(1)
To: Sergiy Sivochek <sivochek@sivochek.com>
Cc: Michael McCollum <michael@mccollumcounsel.com>, Neslly Herrera <neslly@mccollumcounsel.com>, Sergiy
Sivochek <docket@sivochek.com>


Sergiy,

I agree to allot the first 20 minutes to discussing your proposed motion to dismiss. Given the "wide range" of
deficiencies (and our impending motion to compel) we need to address in your client's discovery responses, I
agree that the remaining 40 minutes should be allocated to addressing those and will unlikely be insufficient.
However, as I mentioned, I am available for a follow up call or we can handle the remaining issues via email.

Also, you have sent me multiple emails today and last night, but you have yet to respond to my request to record the
call. Please do so now.

Thank you,
Shabnam Zahir
Fakhria Zahir


On Thu, Nov 6, 2025 at 12:03 PM Sergiy Sivochek <sivochek@sivochek.com> wrote:
> Dear Shabnam and Fakhria,
>
> Given the breadth of issues raised in your recent emails and your abrupt threat to file a motion to compel on
> such a wide range of matters, it is highly unlikely that one hour will suffice to address everything meaningfully.
>
> In light of the current case schedule, it is also critical that the Court has adequate time to consider and decide
> Defendant's forthcoming motion.
>
> That said, we fully understand your family obligations and other scheduling constraints, and we will do our best
> to accommodate your availability. However, in this case, we will need to begin today's discussion with the Motion
> to Dismiss, and I suggest we allocate approximately 20-30 minutes for that portion. Afterward, we can turn to
> your most pressing discovery concerns and continue working cooperatively to move discovery forward in an
> efficient and professional manner.
>
> I trust this approach is reasonable and agreeable to you.
>
> Thanks,

On Thu, Nov 6, 2025 at 8:36 AM Shabnam Ahmad Zahir <shabnamahmadzahir@gmail.com> wrote:

Sergiy,

Given the number of topics to cover, we propose reserving up to one hour for the call. If additional time is needed after we've addressed the main points, we're happy to continue by follow-up correspondence or a short supplemental call. I have a sharp cut off at 2 since I'll be picking up my son from school.

Thanks,
Shabnam

On Thu, Nov 6, 2025 at 11:11 AM Shabnam Ahmad Zahir <shabnamahmadzahir@gmail.com> wrote:

Sergiy,

To be clear, my mother will not be attending the call today. We have agreed that I will be representing the both of us on this call.

Also, please confirm that you and your team are comfortable with me recording the call today as requested in my November 5th email at 8:35 PM EST.

Thank you.

Shabnam Zahir
Fakhria Zahir

(c) 703-822-3686 (EST)

**Assisted by:** University of San Francisco School Of Law - Internet & IP Justice Clinic

On Thu, Nov 6, 2025 at 11:00 AM Sergiy Sivochek <sivochek@sivochek.com> wrote:

Dear Shabnam and Fakhria,

Thank you for confirming your attendance for today's Rule 7-3 conference call regarding the forthcoming motion to dismiss.

I look forward to our discussion.

Thank you.

Sergiy M. Sivochek, Esq.
**SILC - SIVOCHEK IP LAW CENTER**
*Protecting Intellectual Property. Fostering Innovation.*
12450 Magnolia Blvd, Unit 4071
Valley Village, CA 91607
Phone: 323-201-2701
Email: sivochek@sivochek.com
https://sivochek.com

*The preceding email may be confidential or protected by the attorney-client privilege. The email was not intended for transmission to, or receipt by, any unauthorized persons. If you have received this email in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the email. Any legal advice or information contained in the preceding email is intended for the exclusive benefit of the client(s) represented by the above attorney in the particular matter that is the subject of this email. It may not be used or relied upon by any other party for any purpose.*

On Fri, Oct 31, 2025 at 11:51 AM Shabnam Ahmad Zahir <shabnamahmadzahir@gmail.com> wrote:

Sergiy,

We acknowledge receipt of your October 30 correspondence serving as notice under Local Rule 7-3 of Defendant's intent to move to dismiss under Rule 12(b)(1).

While we will participate in a conference at a mutually convenient time, we note that our earlier emails of October 28 and October 30 remain unanswered. Those matters are still pending and require resolution. Given that you have represented Defendant in this case since April 2024 and are only now raising a jurisdictional issue, coinciding with Plaintiffs' pro se appearance and stated intent to file a motion to compel, the timing of your proposed motion to dismiss is telling. Instead of addressing those pending meet-and-confer efforts, you issued a unilateral request for a Rule 7-3 conference regarding an unrelated, belated motion. This sequence of actions suggests that your notice is not a genuine jurisdictional concern but rather an effort to divert attention from the discovery deficiencies we identified.

This action does not involve any probate or estate administration. Plaintiffs do not ask the Court to determine the authenticity of any will (there is none), to administer an estate, to pay Ahmad Zahir's debts or taxes, or to distribute any assets left in Afghanistan. This case involves no trust, estate, or other issue that would invoke probate jurisdiction. Plaintiffs' claims arise directly under the Copyright Act, 17 U.S.C. § 101 *et seq.*, and seek a determination of co-ownership of U.S. copyrights, not any matter of foreign probate or family law. The sole question before this Court is ownership of U.S.-protected copyrights, an issue that federal courts, including this District, routinely adjudicate without treating it as an estate proceeding.

Moreover, your assertion that Plaintiffs lack "adjudicated" ownership simply places both parties in the same procedural position, as Defendant likewise has no adjudicated ownership of any kind. Under your own reasoning, Defendant lacks a legally cognizable ownership interest in U.S. copyrights, which only reinforces the need for proper discovery and for federal court intervention to resolve the question of ownership under the Copyright Act.

For these reasons, the proper course is to provide the overdue discovery and address the issues relevant to the establishment and ownership of the copyrighted works at issue. Defendant's continued refusal to participate in discovery, while attempting to leverage Plaintiffs' alleged lack of "adjudicated" ownership despite being in the same position, underscores the necessity of Plaintiffs' forthcoming Motion to Compel under Rules 35 and 37.

Accordingly, we suggest that the parties meet and confer in good faith to discuss both Defendant's proposed motion and Plaintiffs' forthcoming motion, for which you have yet to respond to our request. Please confirm whether Defendant intends to provide supplemental discovery responses before or after filing your proposed motion. We are available for a short video conference on any of the following dates and times:

- 
  - Wednesday, November 5th at 1:00 PM Eastern / 10:00 AM Pacific

  - Thursday, November 6th at 1:00 PM Eastern / 10:00 AM Pacific

  - Friday, November 7th at 1:00 PM Eastern / 10:00 AM Pacific

Please note that my great uncle and Godfather (Ahmad Zahir's uncle) passed away last night in California, and my attendance is expected at the funeral. This may affect my immediate availability, but I will do my best to coordinate accordingly.

Thank you for your attention.

Sincerely,

Shabnam Zahir

Fakhria Zahir

On Thu, Oct 30, 2025 at 11:03 PM Sergiy Sivochek <sivochek@sivochek.com> wrote:
  Dear Shabnam and Fakhria Zahir,

Thank you for confirming that you are representing yourself pro se in this matter.

Pursuant to Local Rule 7-3, this email serves as notice that Defendant intends to file a motion under Federal Rule of Civil Procedure 12(b)(1) to dismiss Plaintiffs' claims in their entirety for lack of subject-matter jurisdiction.

The forthcoming motion will address three independent and dispositive grounds for dismissal.

First, Plaintiffs' claims do not present a claim "arising under" the Copyright Act. Although couched as a declaratory claim of co-ownership, the gravamen of Plaintiffs' allegations concerns inheritance, marriage, and paternity issues arising entirely in Afghanistan more than four decades ago. Federal jurisdiction under 28 U.S.C. § 1338 extends only to cases in which the Complaint itself requires resolution of a substantial question of federal copyright law. Here, the underlying controversy turns on questions of foreign and state family and probate law, not on any substantive interpretation of the Copyright Act.

Second, Plaintiffs lack Article III standing to assert any claim of copyright co-ownership. Their purported interests in the so-called "Zahir Catalog" rest entirely on unadjudicated assertions of heirship and family status under Afghan law. Until and unless those rights are recognized by a competent tribunal, Plaintiffs have no legally cognizable ownership interest in U.S. copyrights.

Third, this Court's jurisdiction is barred by the probate exception. Plaintiffs' alleged rights derive solely from their asserted status as the widow and daughter of Ahmad Zahir and would necessarily require the Court to determine questions of heirship, legitimacy, and marital validity—matters historically reserved to state and foreign tribunals. Federal courts uniformly decline jurisdiction where adjudication would require administration of an estate or determination of heirship.

Because each of these grounds independently deprives the Court of subject-matter jurisdiction, Defendant will respectfully request that Plaintiffs' claims be dismissed in their entirety, while Defendant's counterclaims remain pending.

**<u>Pursuant to Local Rule 7-3, please provide your availability for a video conference within the next few days to meet and confer regarding this motion before it is filed. Kindly provide at least three scheduling options, and we will make every effort to accommodate your availability.</u>**

Regards,

--

Best,
Shabnam Zahir
Fakhria Zahir

(c) 703-822-3686 (EST)

**Assisted by:** University of San Francisco School Of Law - Internet & IP Justice Clinic

--

Best,
Shabnam Zahir
Fakhria Zahir

(c) 703-822-3686 (EST)

**Assisted by:** University of San Francisco School Of Law - Internet & IP Justice Clinic

*The preceding email may be confidential or protected by the attorney-client privilege. The email was not intended for transmission to, or receipt by, any unauthorized persons. If you have received this email in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the email. Any legal advice or information contained in the preceding email is intended for the exclusive benefit of the client(s) represented by the above attorney in the particular matter that is the subject of this email. It may not be used or relied upon by any other party for any purpose.*

--

Thank you,
Shabnam Zahir
Fakhria Zahir

(c) 703-822-3686 (EST)

**Assisted by:**

University of San Francisco School Of Law - Internet & IP Justice Clinic (CREATE)

L.E. Peabody & Associates (LEPA)

# EXHIBIT H



SERGIY M. SIVOCHEK (SBN 270667)
Sivochek IP Law Center
12450 Magnolia Blvd # 4071
Valley Village, CA 91607
Telephone: (323) 201-2701
Email: sivochek@sivochek.com

MICHAEL MCCOLLUM (SBN 235447)
Lead Trial Counsel
McCollum Counsel, Inc.
1500 W. Alhambra Rd,
Alhambra, CA 91801-2009
Telephone: (213) 534-6070
Email: michael@mccollumcounsel.com

*Attorneys for Defendant*
*RICHARD ZAHIR*

### UNITED STATES DISTRICT COURT

### FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAKHRIA ZAHIR and SHABNAM ZAHIR,<br><br>                    Plaintiffs,<br><br>     vs.<br><br>RICHARD ZAHIR a/k/a RISHAD ZAHIR<br><br>                    Defendant. | ) Case No.: 2:25-cv-782-JFW-AS<br>) Honorable John F. Walter<br>)<br>)<br>) **JOINT STATEMENT OF LOCAL**<br>) **RULE 7-3 CONFERENCE**<br>) **PURSUANT TO SECTION 5(B) OF**<br>) **STANDING ORDER**<br>) |

### JOINT STATEMENT

Counsel for Defendant Rishad Zahir ("Defendant") and Plaintiffs Fakhria Zahir and Shabnam Zahir, appearing pro se ("Plaintiffs") (collectively, "the Parties"), hereby submit the following Joint Statement in advance of Defendant's anticipated

Motion to Dismiss for Lack of Subject-Matter Jurisdiction ("Motion"), pursuant to Section 5(b) of the Court's January 30, 2025 Standing Order and in connection with the Parties' Local Rule 7-3 conference.

As discussed in more detail below, the Parties conducted two videoconference meet-and-confer sessions via Zoom to address the substance of the anticipated Motion and to explore whether any portion of the dispute could be resolved without Court intervention.

**A.**    **Date of the Rule 7-3 conference.**

Initiated on November 6 and then continued and completed on November 20, 2025.

**B.**    **Duration**.

Both meetings were conducted via Zoom because Defense Counsel are in California and Plaintiffs (pro se) are on the East Coast. The first Zoom meeting lasted approximately 30 minutes on this topic, while the second Zoom meeting lasted approximately 45 minutes on this topic.

**C.**    **Participants**.

For Defendant: Michael McCollum (Lead Counsel) and Sergiy M. Sivochek.

For Plaintiffs: Shabnam Zahir, appearing pro se, who represented that she has authority to discuss all issues, participate in the conference, and sign the Joint Statement on behalf of both Plaintiffs (herself and her mother).

Also present: Mr. William Humphrey, whom Ms. Zahir identified as her husband and as a consultant in connection with this matter.

**D.**    **Issues Discussed**.

Before these two Zoom meetings, Defense counsel met with Plaintiff's prior counsel, Ethan Jacobs, on August 29, 2025 via Zoom to discuss certain discovery issues. In this meeting, Defense Counsel explained Defendant's position that Plaintiff's ongoing efforts to compel a DNA test from Defendant to prove Plaintiff's

paternity relationship with Ahmad Zahir were inappropriate for a Copyright case, including because it falls under the probate exception.  The parties were unable to further meet and confer on this issue, however, due to the withdrawal of Mr. Jacobs as counsel. Specifically, Mr. Jacobs advised Defense counsel by email on September 18 that he intended to seek permission to withdraw as counsel. Defense counsel emailed Mr. Jacobs on that date inviting him to participate in a meet and confer but no response was received.

Due to the time it took for Defense Counsel to withdraw, the follow-up meet and confer meeting (with Plaintiff Shabnam Zahir) did not take place until November 6. In that meeting, which lasted approximately 30 minutes, Defense counsel summarized the three bases for the motion. Plaintiff indicated that she had a five-page memorandum of research supporting why the motion to dismiss should be denied. Defense counsel agreed to provide additional case citations for Plaintiff to review, and Plaintiff agreed to provide the memorandum, so that the parties could continue the meet and confer via a subsequent Zoom meeting, in light of Plaintiffs' pro se status and because Ms. Shabnam Zahir indicated that she needed additional time to review the relevant case law and consult with the University of San Francisco School of Law, whom she identified as her consultant.

Following this initial meeting, both sides provided case citations in support of their respective positions, with Defense counsel providing twenty five case citations and Plaintiff providing four.  Plaintiffs did not provide any memorandum.

At the follow-up Zoom meeting on November 20, 2025, Counsel for Defendant then explained in detail the grounds for the motion:

Defense counsel first explained that this Court lacks subject-matter jurisdiction because Plaintiffs' claims arise under foreign and state inheritance and family law, not the Copyright Act. Although the Complaint is styled as seeking a declaration of copyright co-ownership, the gravamen of Plaintiffs' allegations concerns inheritance

rights, marriage validity, and parentage disputes that arose entirely in Afghanistan more than four decades ago. Plaintiffs do not seek, and their claims do not require, any remedy provided by the Copyright Act such as infringement damages. Nor do their claims require the Court to decide issues of authorship, assignment, or transfer under federal copyright law.

Plaintiffs' claims instead rest entirely on their assertion that they inherited the so-called Zahir Catalog from Ahmad Zahir based on their alleged status as his lawful widow and daughter. The Copyright Act does not regulate heirship, marital validity, or parental status, and contains no provisions establishing how to determine the proper heirs to a copyrighted work, let alone works created in Afghanistan more than forty years ago. Those questions are governed exclusively by state and foreign law. Therefore, Plaintiffs' claims do not "arise under" the Copyright Act for purposes of federal subject-matter jurisdiction.

Second, Defense counsel explained that Plaintiffs lack Article III standing to assert co-ownership claims because the foundation of their alleged rights, namely their asserted status as the lawful heirs of Ahmad Zahir, has never been established by any contemporaneous documentation in any court or tribunal and remains vigorously disputed. Article III requires Plaintiffs to demonstrate a concrete and legally protected interest in the copyrighted works at issue. Plaintiffs cannot satisfy this threshold requirement because their claim to any copyright interest depends entirely on proving that they are, in fact, the lawful widow and daughter of the decedent.

Third, Defense counsel explained that the Court lacks subject-matter jurisdiction under the probate exception. Counsel explained that the probate exception prohibits federal courts from adjudicating matters involving the administration of a decedent's estate, and that this includes determining who the lawful heirs of the decedent are under applicable law. Defense counsel further stated

- 4 -
JOINT STATEMENT
Case No.: 2:25-cv-782-JFW-AS

1  that Plaintiffs' claims cannot be resolved without first determining marriage validity,
2  paternity, and heirship under foreign and state family-law regimes, and that courts
3  have consistently recognized that identifying a decedent's heirs is a core probate
4  function reserved to state probate courts, as recognized, for example, by California's
5  Probate Code.

6       Defense counsel explained that Plaintiffs' efforts to obtain DNA tests through
7  discovery in this action would not even be available or appropriate in a properly filed
8  probate or parentage proceeding under California law and argued that Plaintiffs'
9  attempt to use federal discovery to manufacture heirship exemplifies the type of
10 circumvention the probate exception is intended to prevent.

11      Plaintiff Shabnam Zahir stated that

12      **PLAINTIFFS' POSITION**

13      Pursuant to Local Rule 7-3 and Judge Walter's Standing Order §5(b), Plaintiffs
14 submit the following statement of their position based on the issues discussed during
15 the November 20, 2025 meet-and-confer conference, which lasted approximately
16 three hours.

17      **Plaintiffs' Objections Regarding Format:**

18      Plaintiffs object to the format of this joint statement. Based on Plaintiffs'
19 PACER review of joint statements filed in this District, the standard format is 1-3
20 pages presenting both parties' positions briefly without extended legal argument.
21 Defendant's three-page section "D" contains substantive legal arguments and factual
22 misrepresentations. Plaintiffs raised these concerns with Defendant on November 21,
23 2025. Defendant responded that he would file without Plaintiffs' input unless
24 Plaintiffs responded by 2:00 p.m. PT the same day. Plaintiffs provide their position
25 below in matching format, while preserving this objection.

26      **Plaintiffs' Position on Defendant's Three Grounds:**

27      **1. Amendment Discussion (Local Rule 7-3):**

28

**Formatted:** Numbered + Level: 1 + Numbering Style: 1, 2, 3, … + Start at: 1 + Alignment: Left + Aligned at: 0.5" + Indent at: 0.75"

1    The Honorable Judge Walter's Standing Order requires parties to discuss "*the*
2    *possibility of resolving the issue by amendment of the pleading*" before filing a Rule
3    12(b) motion.

4    Plaintiffs specifically offered to amend the Complaint to address any perceived
5    pleading deficiencies. Plaintiffs requested that Defendant identify, (1) what specific
6    allegations Defendant contends are deficient, (2) whether amendment could cure
7    those deficiencies, and (3) what specific changes would be necessary.

8    Defendant responded that:

9    "*We are not your lawyers and cannot advise you on what amendments might*
10   *"cure" any issues or what "clarifications" you should or should not make. Our*
11   *position remains that no amendment to Plaintiffs' pleadings can create subject matter*
12   *jurisdiction and that Plaintiffs' standing must have existed on the date the Complaint*
13   *was filed and cannot be waived or cured under the applicable law.*"

14   Defendant declined to provide specific language or allegations that Defendant
15   believes are deficient.

16   Plaintiffs believe Defendant's position does not satisfy the spirit of Local Rule
17   7-3 or Judge Walter's standing order, which contemplates good-faith discussion of
18   whether amendment could avoid motion practice. These responses made clear that
19   motion practice was a predetermined choice despite Plaintiffs' repeated good-faith
20   attempts toward resolution.

21   **2. Subject-Matter Jurisdiction:**

22   During the conference, Plaintiffs explained that the Complaint expressly
23   alleges a claim arising under the Copyright Act and invokes federal jurisdiction under
24   28 U.S.C. §§ 1331 and 1338(a) (Compl. ¶¶ 9–10). Plaintiffs stated that because
25   §1338(a) gives federal courts exclusive jurisdiction over claims arising under the
26   Copyright Act, this action should not be dismissed for lack of subject-matter

27
28

- 6 -

JOINT STATEMENT
Case No.: 2:25-cv-782-JFW-AS

jurisdiction. Plaintiffs stated that, even if Afghan succession law informs heirship, this presents a choice-of-law question rather than a jurisdictional defect.

**2.  Article III Standing:**

Plaintiffs explained that Defendant's "lack of standing" argument contradicts U.S. public policy, the State Department Reciprocity Schedule, the USCIS Policy Manual, and Federal Rule of Evidence 1004. Plaintiffs stated repeatedly during the meet-and-confer that these points were statements of controlling federal law—not personal opinions—and that the U.S. Government formally recognizes that Afghan birth and marriage certificates were generally unavailable before 2004. Under these federal standards, applicants must rely on secondary evidence when primary documents do not exist. Plaintiffs have done exactly that, producing Tazkiras (Afghan IDs), Afghan passports, documents issued by the Ambassador of the United States of America in Afghanistan, familial affidavits, the marriage certificate issued by the Embassy of Afghanistan in Canada, relevant archives, and decades of family documentation. Both the United States Government and the former Government of Afghanistan have already recognized Plaintiffs' identity and parentage through official records, which satisfies the preponderance-of-evidence standard for civil standing. Plaintiffs also noted that Defendant cannot continue asserting a "lack of standing" while simultaneously refusing Plaintiffs' offer for DNA testing and ignoring substantial documentation that Plaintiffs have produced.

Plaintiffs are U.S. Citizens and hold U.S. Copyrights to some of the music at issue, are recognized publicly as the widow and daughter of the author, and were recognized by Defendant himself for 40+ years as the widow and daughter of the author. Plaintiffs noted that Defendant did not challenge the identity of Plaintiffs for more than 40 years until they sought to register copyright.

**4. Probate Exception:**

Plaintiffs, who are assisted by the University of San Francisco of Law – Internet & IP Justice Clinic, identified 4 authorities which explained the probate exception is narrow and provided Defendant with them. Specifically, Plaintiffs and the clinic demonstrated that the probate exception applies to administration of estates, not copyright ownership disputes. *Marshall v. Marshall*, 547 U.S. 293 (2006). Plaintiffs do not seek to probate an estate, appoint an executor, or distribute estate assets. Plaintiffs seek declaration of copyright ownership under federal law.

Plaintiffs noted that Federal courts have jurisdiction over copyright disputes even when heirship issues are involved.

Plaintiffs noted that: No probate proceeding exists, No party has filed in probate court, Defendant has not identified which state court would have jurisdiction over a dispute about U.S. copyrights between parties residing in different states and Copyright ownership is a federal question regardless of how ownership is established.

Plaintiffs noted that the probate exception should not apply to in personam copyright claims

**5. Conclusion:**

Plaintiffs disagree with all three grounds for dismissal and will fully address these issues in Plaintiffs' opposition to the Motion to Dismiss. The parties have satisfied their meet-and-confer obligations, though they remain in disagreement on all substantive issues.

JOINT STATEMENT
Case No.: 2:25-cv-782-JFW-AS

1

2

3

4

5

6

7

8

9    The Parties engaged in a thorough discussion of these issues, with Defense

10   counsel responding to questions posed by Plaintiff. Because the Parties were unable

11   to come to a resolution, Defendant anticipates filing the Motion on or around

12   December 1, 2025.

13

14   DATED: November _____, 2025        By: /s/ Sergiy M. Sivochek

15                                      SERGIY M. SIVOCHEK

16                                      Sivochek IP Law Center

17                                      12450 Magnolia Blvd # 4071
                                        Valley Village, CA 91607

18                                      Telephone: (323) 201-2701

19                                      Email: sivochek@sivochek.com

20                                      By: /s/ Michael McCollum

21   DATED: November _____, 2025        MICHAEL MCCOLLUM

22                                      McCollum Counsel, Inc.

23                                      1500 W Alhambra Rd,
                                        Alhambra, CA 91801-2009

24                                      Telephone: (213) 534-6070

25                                      Email: michael@mccollumcounsel.com

26                                      Attorneys for Defendant

27

28                                      By: _____
                           - 9 -
─────────────────────────────────────────
JOINT STATEMENT
Case No.: 2:25-cv-782-JFW-AS

1

2 DATED: November _____, 2025          Shabnam Zahir
                                        2301 Beechwood Dr.,
3                                       Waxhaw NC 28173

4

5 DATED: November _____, 2025          *By:* _____

6

7                                       Fakhria Zahir
                                        307 Yoakum Parkway # 1607
8                                       Alexandria, VA 22304

9                                       *Plaintiffs, pro se*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 10 -

JOINT STATEMENT
Case No.: 2:25-cv-782-JFW-AS



EXHIBIT I



1  SERGIY M. SIVOCHEK (SBN 270667)
2  Sivochek IP Law Center
   12450 Magnolia Blvd # 4071
3  Valley Village, CA 91607
   Telephone: (323) 201-2701
4  Email: sivochek@sivochek.com

5

6  MICHAEL MCCOLLUM (SBN 235447)
   Lead Trial Counsel
7  McCollum Counsel, Inc.
   1500 W. Alhambra Rd,
8  Alhambra, CA 91801-2009
   Telephone: (213) 534-6070
9  Email: michael@mccollumcounsel.com

10

11 *Attorneys for Defendant*
   *RICHARD ZAHIR*
12

13              UNITED STATES DISTRICT COURT

14           FOR THE CENTRAL DISTRICT OF CALIFORNIA

15

16
   FAKHRIA ZAHIR and SHABNAM          ) Case No.: 2:25-cv-782-JFW-AS
17 ZAHIR,                             ) Honorable John F. Walter
18              Plaintiffs,           )
                                      )
19       vs.                          ) **JOINT STATEMENT OF LOCAL**
                                      ) **RULE 7-3 CONFERENCE**
20 RICHARD ZAHIR a/k/a RISHAD         ) **PURSUANT TO SECTION 5(B) OF**
21 ZAHIR                              ) **STANDING ORDER**
                                      )
22              Defendant.            )

23

24                    JOINT STATEMENT

25       Counsel for Defendant Rishad Zahir ("Defendant") and Plaintiffs Fakhria Zahir

26 and Shabnam Zahir, appearing pro se ("Plaintiffs") (collectively, "the Parties"),

27 hereby submit the following Joint Statement in advance of Defendant's anticipated

28
                              - 1 -
                         JOINT STATEMENT
                    Case No.: 2:25-cv-782-JFW-AS

Motion to Dismiss for Lack of Subject-Matter Jurisdiction ("Motion"), pursuant to Section 5(b) of the Court's January 30, 2025 Standing Order and in connection with the Parties' Local Rule 7-3 conference.

As discussed in more detail below, the Parties conducted two videoconference meet-and-confer sessions via Zoom to address the substance of the anticipated Motion and to explore whether any portion of the dispute could be resolved without Court intervention.

**A.    Date of the Rule 7-3 conference.**

Initiated on November 6 and then continued and completed on November 20, 2025.

**B.    Duration.**

Both meetings were conducted via Zoom because Defense Counsel are in California and Plaintiffs (pro se) are on the East Coast. The first Zoom meeting lasted approximately 30 minutes on this topic, while the second Zoom meeting, which occurred after the parties shared case citation authorities, lasted approximately 45 minutes on this topic.

**C.    Participants.**

For Defendant: Michael McCollum (Lead Counsel) and Sergiy M. Sivochek.

For Plaintiffs: Shabnam Zahir, appearing *pro se*, who represented that she has authority to discuss all issues, participate in the conference, and sign the Joint Statement on behalf of both Plaintiffs (herself and her mother).

Also present: Mr. William Humphrey, whom Ms. Zahir identified as her husband and as a consultant in connection with this matter, was also present.

**D.    Issues Discussed.**

**1.    Subject-Matter Jurisdiction:**

Defense believes this Court lacks subject-matter jurisdiction because Plaintiffs' claims arise under foreign and state inheritance and family law, not the Copyright

Formatted: Font: Italic

Formatted: Numbered + Level: 1 + Numbering Style: 1, 2, 3, … + Start at: 1 + Alignment: Left + Aligned at: 1.25" + Indent at:  1.5"

Formatted: Right:  0"

Act. Although the Complaint is styled as seeking a declaration of copyright co-ownership, Defense believes the gravamen of Plaintiffs' allegations concerns inheritance rights, marriage validity, and parentage disputes that arose in Afghanistan more than four decades ago, and that the complaint does not seek appropriate remedies under the Copyright Act, as it seeks determinations of heirship, marital validity, and parental status.

Plaintiffs believe that the Complaint expressly alleges a claim arising under the Copyright Act and invokes federal jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) (Compl. ¶¶ 9–10). Plaintiffs stated that because §1338(a) gives federal courts exclusive jurisdiction over claims arising under the Copyright Act, this action should not be dismissed for lack of subject-matter jurisdiction. Plaintiffs stated that, even if Afghan succession law informs heirship, this presents a choice-of-law question rather than a jurisdictional defect.

D. Standing

Before these two Zoom meetings, Defense counsel met with Plaintiff's prior counsel, Ethan Jacobs, on August 29, 2025 via Zoom to discuss certain discovery issues. In this meeting, Defense Counsel explained Defendant's position that Plaintiff's ongoing efforts to compel a DNA test from Defendant to prove Plaintiff's paternity relationship with Ahmad Zahir were inappropriate for a Copyright case, including because it falls under the probate exception. The parties were unable to further meet and confer on this issue, however, due to the withdrawal of Mr. Jacobs as counsel. Specifically, Mr. Jacobs advised Defense counsel by email on September 18 that he intended to seek permission to withdraw as counsel. Defense counsel emailed Mr. Jacobs on that

JOINT STATEMENT
Case No.: 2:25-cv-782-JFW-AS

1    date inviting him to participate in a meet and confer but no
2    response was received.

3    **2.**

4    Due to the time it took for Plaintiffs' prior counsel to withdraw, the follow up
5    meet and confer meeting (with Plaintiff Shabnam Zahir) did not take place until
6    November 6. In that meeting, which lasted approximately 30 minutes, Defense
7    counsel summarized the three bases for the motion. Plaintiff indicated that she had a
8    five page memorandum of research supporting why the motion to dismiss should be
9    denied. Defense counsel agreed to provide additional case citations for Plaintiff to
10   review, and Plaintiff agreed to provide the memorandum, so that the parties could
11   continue the meet and confer via a subsequent Zoom meeting, in light of Plaintiffs'
12   pro se status and because Ms. Shabnam Zahir indicated that she needed additional
13   time to review the relevant case law and consult with the University of San Francisco
14   School of Law, whom she identified as her consultant.

15   Following this initial meeting, both sides provided case citations in support of
16   their respective positions, with Defense counsel providing twenty five case citations
17   and Plaintiff providing four. Plaintiffs did not provide any memorandum.

18   At the follow up Zoom meeting on November 20, 2025, Counsel for Defendant
19   then explained in detail the grounds for the motion:

20   Defense counsel first explained that this Court lacks subject matter jurisdiction
21   because Plaintiffs' claims arise under foreign and state inheritance and family law,
22   not the Copyright Act. Although the Complaint is styled as seeking a declaration of
23   copyright co ownership, the gravamen of Plaintiffs' allegations concerns inheritance
24   rights, marriage validity, and parentage disputes that arose entirely in Afghanistan
25   more than four decades ago. Plaintiffs do not seek, and their claims do not require,
26   any remedy provided by the Copyright Act such as infringement damages. Nor do

27
28

- 4 -

JOINT STATEMENT
Case No.: 2:25-cv-782-JFW-AS

1  their claims require the Court to decide issues of authorship, assignment, or transfer
2  under federal copyright law.

3  Plaintiffs' claims instead rest entirely on their assertion that they inherited the
4  so-called Zahir Catalog from Ahmad Zahir based on their alleged status as his lawful
5  widow and daughter. The Copyright Act does not regulate heirship, marital validity,
6  or parental status, and contains no provisions establishing how to determine the
7  proper heirs to a copyrighted work, let alone works created in Afghanistan more than
8  forty years ago. Those questions are governed exclusively by state and foreign law.
9  Therefore, Plaintiffs' claims do not "arise under" the Copyright Act for purposes of
10  federal subject matter jurisdiction.

11  Second, Defense counsel explained that Defense believes Plaintiffs lack Article
12  III standing to assert co-ownership claims because the Defense contends that the
13  foundation of their Plaintiffs' alleged rights, namely their asserted status as the lawful
14  heirs of Ahmad Zahir, has never been properly established by any contemporaneous
15  documentation in any court or tribunal and remains vigorously disputed. Article III
16  requires Plaintiffs to demonstrate a concrete and legally protected interest in the
17  copyrighted works at issue. Defense contends Plaintiffs cannot satisfy this threshold
18  requirement because their claim to any copyright interest depends entirely on proving
19  that they are, in fact, the lawful widow and daughter of the decedent.

20  Plaintiffs vigorously dispute this argument, and believe that Defendant's "lack
21  of standing" argument contradicts U.S. public policy, the State Department
22  Reciprocity Schedule, the USCIS Policy Manual, and Federal Rule of Evidence 1004.
23  Plaintiffs stated repeatedly during the meet-and-confer that these points were
24  statements of controlling federal law—not personal opinions—and that the U.S.
25  Government formally recognizes that Afghan birth and marriage certificates were
26  generally unavailable before 2004. Under these federal standards, applicants must
27  rely on secondary evidence when primary documents do not exist. Plaintiffs have

28

JOINT STATEMENT
Case No.: 2:25-cv-782-JFW-AS

done exactly that, producing Tazkiras (Afghan IDs), Afghan passports, documents issued by the Ambassador of the United States of America in Afghanistan, familial affidavits, the marriage certificate issued by the Embassy of Afghanistan in Canada, relevant archives, and decades of family documentation. Both the United States Government and the former Government of Afghanistan have already recognized Plaintiffs' identity and parentage through official records, which satisfies the preponderance-of-evidence standard for civil standing. Plaintiffs also noted that Defendant cannot continue asserting a "lack of standing" while simultaneously refusing Plaintiffs' offer for DNA testing and ignoring substantial documentation that Plaintiffs have produced.

Plaintiffs further contend that they are U.S. Citizens and hold U.S. Copyrights to some of the music at issue, are recognized publicly as the widow and daughter of the author, and were recognized by Defendant himself for 40+ years as the widow and daughter of the author. Plaintiffs noted that Defendant did not challenge the identity of Plaintiffs for more than 40 years until they sought to register copyright.

### 3. Probate Exception

~~Third,~~ Defense contends ~~counsel explained~~ that the Court lacks subject-matter jurisdiction under the probate exception, which ~~. Counsel explained that the probate exception~~ prohibits federal courts from adjudicating matters involving the administration of a decedent's estate, ~~and that this~~which, Defense argues, includes determining who the lawful heirs of the decedent are under applicable law. Defense ~~counsel further stated that~~believes that Plaintiffs' claims cannot be resolved without first determining marriage validity, paternity, and heirship under foreign and state family-law regimes, and that courts have consistently recognized that identifying a decedent's heirs is a core probate function reserved to state probate courts, as recognized, for example, by California's Probate Code.

Therefore, Defense ~~counsel explained~~believes that Plaintiffs' efforts to obtain DNA tests through discovery in this action would not even be available or appropriate in a properly filed probate or parentage proceeding under California law and ~~argued~~ that Plaintiffs' attempt to use federal discovery to manufacture heirship exemplifies the type of circumvention the probate exception is intended to prevent.

Plaintiffs, who are assisted by the University of San Francisco of Law – Internet & IP Justice Clinic, identified 4 authorities which explained the probate exception is narrow and provided Defendant with them. Specifically, Plaintiffs and the clinic demonstrated that the probate exception applies to administration of estates, not copyright ownership disputes. *Marshall v. Marshall*, 547 U.S. 293 (2006). Plaintiffs do not seek to probate an estate, appoint an executor, or distribute estate assets. Plaintiffs seek declaration of copyright ownership under federal law.

Plaintiffs noted that Federal courts have jurisdiction over copyright disputes, even when heirship issues are involved. Plaintiffs also noted that: No probate proceeding exists, No party has filed in probate court, Defendant has not identified which state court would have jurisdiction over a dispute about U.S. copyrights between parties residing in different states and Copyright ownership is a federal question regardless of how ownership is established. Plaintiffs also noted that the probate exception should not apply to in personam copyright claims.

**4. Whether amendment of the pleadings can cure the alleged deficiencies**

The parties recognize the Court's Standing Order requires parties to discuss "*the possibility of resolving the issue by amendment of the pleading*" before filing a Rule 12(b) motion.

Plaintiffs specifically offered to amend the Complaint to address any perceived pleading deficiencies. Plaintiffs requested that Defendant identify, (1) what specific

JOINT STATEMENT
Case No.: 2:25-cv-782-JFW-AS

allegations Defendant contends are deficient, (2) whether amendment could cure those deficiencies, and (3) what specific changes would be necessary.

Defense believes that the issues embraced by this motion are not issues that can be cured by amendment.

///

///

Plaintiff Shabnam Zahir disagreed with Defense counsel's position and articulated her counterarguments during the conference.



- 8 -
JOINT STATEMENT
Case No.: 2:25-cv-782-JFW-AS

1   The Parties engaged in a thorough discussion of these issues, with Defense

2   counsel responding to questions posed by Plaintiff. Because the Parties were unable

3   to come to a resolution, Defendant anticipates filing the Motion on or around

4   December 1, 2025.

5   After the conference, and during preparation of this Joint Statement, Plaintiff

6   provided the following text for inclusion. Defense counsel reproduces Plaintiff's

7   statement below verbatim, as submitted, without any editing or alteration:

8   **PLAINTIFFS' POSITION**

9   Pursuant to Local Rule 7-3 and Judge Walter's Standing Order §5(b), Plaintiffs

10  submit the following statement of their position based on the issues discussed during

11  the November 20, 2025 meet and confer conference, which lasted approximately

12  three hours.

13  **Plaintiffs' Objections Regarding Format:**

14  Plaintiffs object to the format of this joint statement. Based on Plaintiffs' PACER

15  review of joint statements filed in this District, the standard format is 1-3 pages

16  presenting both parties' positions briefly without extended legal argument.

17  Defendant's three-page section "D" contains substantive legal arguments and factual

18  misrepresentations. Plaintiffs raised these concerns with Defendant on November 21,

19  2025. Defendant responded that he would file without Plaintiffs' input unless

20  Plaintiffs responded by 2:00 p.m. PT the same day. Plaintiffs provide their position

21  below in matching format, while preserving this objection.

22  **Plaintiffs' Position on Defendant's Three Grounds:**

23  **1.    Amendment Discussion (Local Rule 7-3):**

24  The Honorable Judge Walter's Standing Order requires parties to discuss "*the*

25  *possibility of resolving the issue by amendment of the pleading*" before filing a Rule

26  12(b) motion.

27

28

JOINT STATEMENT
Case No.: 2:25-cv-782-JFW-AS

Formatted: Indent: First line: 0"

1  Plaintiffs specifically offered to amend the Complaint to address any perceived

2  pleading deficiencies. Plaintiffs requested that Defendant identify, (1) what specific

3  allegations Defendant contends are deficient, (2) whether amendment could cure

4  those deficiencies, and (3) what specific changes would be necessary.

5  Defendant responded that:

6  *"We are not your lawyers and cannot advise you on what amendments might "cure"*

7  *any issues or what "clarifications" you should or should not make. Our position*

8  *remains that no amendment to Plaintiffs' pleadings can create subject matter*

9  *jurisdiction and that Plaintiffs' standing must have existed on the date the Complaint*

10  *was filed and cannot be waived or cured under the applicable law."*

11  Defendant declined to provide specific language or allegations that Defendant

12  believes are deficient.

13  Plaintiffs believe Defendant's position does not satisfy the spirit of Local Rule 7-3 or

14  Judge Walter's standing order, which contemplates good faith discussion of whether

15  amendment could avoid motion practice. These responses made clear that motion

16  practice was a predetermined choice despite Plaintiffs' repeated good faith attempts

17  toward resolution.

18  **2. Subject Matter Jurisdiction:**

19  During the conference, Plaintiffs explained that the Complaint expressly alleges a

20  claim arising under the Copyright Act and invokes federal jurisdiction under 28

21  U.S.C. §§ 1331 and 1338(a) (Compl. ¶¶ 9–10). Plaintiffs stated that because §1338(a)

22  gives federal courts exclusive jurisdiction over claims arising under the Copyright

23  Act, this action should not be dismissed for lack of subject matter jurisdiction.

24  Plaintiffs stated that, even if Afghan succession law informs heirship, this presents a

25  choice-of-law question rather than a jurisdictional defect.

26  **2.    Article III Standing:**

27

28

- 10 -

JOINT STATEMENT
Case No.: 2:25-cv-782-JFW-AS

1  Plaintiffs explained that Defendant's "lack of standing" argument contradicts U.S.
2  public policy, the State Department Reciprocity Schedule, the USCIS Policy Manual,
3  and Federal Rule of Evidence 1004. Plaintiffs stated repeatedly during the meet and
4  confer that these points were statements of controlling federal law—not personal
5  opinions—and that the U.S. Government formally recognizes that Afghan birth and
6  marriage certificates were generally unavailable before 2004. Under these federal
7  standards, applicants must rely on secondary evidence when primary documents do
8  not exist. Plaintiffs have done exactly that, producing Tazkiras (Afghan IDs), Afghan
9  passports, documents issued by the Ambassador of the United States of America in
10 Afghanistan, familial affidavits, the marriage certificate issued by the Embassy of
11 Afghanistan in Canada, relevant archives, and decades of family documentation.
12 Both the United States Government and the former Government of Afghanistan have
13 already recognized Plaintiffs' identity and parentage through official records, which
14 satisfies the preponderance of evidence standard for civil standing. Plaintiffs also
15 noted that Defendant cannot continue asserting a "lack of standing" while
16 simultaneously refusing Plaintiffs' offer for DNA testing and ignoring substantial
17 documentation that Plaintiffs have produced.
18 Plaintiffs are U.S. Citizens and hold U.S. Copyrights to some of the music at issue,
19 are recognized publicly as the widow and daughter of the author, and were
20 recognized by Defendant himself for 40+ years as the widow and daughter of the
21 author. Plaintiffs noted that Defendant did not challenge the identity of Plaintiffs for
22 more than 40 years until they sought to register copyright.
23 **4. Probate Exception:**
24 Plaintiffs, who are assisted by the University of San Francisco of Law—Internet & IP
25 Justice Clinic, identified 4 authorities which explained the probate exception is
26 narrow and provided Defendant with them. Specifically, Plaintiffs and the clinic
27 demonstrated that the probate exception applies to administration of estates, not
28

1   ~~copyright ownership disputes.~~ *~~Marshall v. Marshall~~*~~, 547 U.S. 293 (2006). Plaintiffs~~
2   ~~do not seek to probate an estate, appoint an executor, or distribute estate assets.~~
3   ~~Plaintiffs seek declaration of copyright ownership under federal law.~~
4   ~~Plaintiffs noted that Federal courts have jurisdiction over copyright disputes even~~
5   ~~when heirship issues are involved.~~
6   ~~Plaintiffs noted that: No probate proceeding exists, No party has filed in probate~~
7   ~~court, Defendant has not identified which state court would have jurisdiction over a~~
8   ~~dispute about U.S. copyrights between parties residing in different states and~~
9   ~~Copyright ownership is a federal question regardless of how ownership is established.~~
10  ~~Plaintiffs noted that the probate exception should not apply to in personam copyright~~
11  ~~claims~~
12  ~~**5. Conclusion:**~~
13  ~~Plaintiffs disagree with all three grounds for dismissal and will fully address~~
14  ~~these issues in Plaintiffs' opposition to the Motion to Dismiss. The parties have~~
15  ~~satisfied their meet and confer obligations, though they remain in disagreement on all~~
16  ~~substantive issues.~~
17
18  DATED: November 22~~1~~, 2025          By: */s/ Sergiy M. Sivochek*
                                              SERGIY M. SIVOCHEK
19
20                                            Sivochek IP Law Center
21                                            12450 Magnolia Blvd # 4071
                                              Valley Village, CA 91607
22                                            Telephone: (323) 201-2701
                                              Email: sivochek@sivochek.com
23
24  DATED: November 22~~1~~, 2025          By: */s/ Michael McCollum*
                                              MICHAEL MCCOLLUM
25
26                                            McCollum Counsel, Inc.
27                                            1500 W Alhambra Rd,
                                              Alhambra, CA 91801-2009
28
                                        - 12 -



Telephone: (213) 534-6070
Email: michael@mccollumcounsel.com

*Attorneys for Defendant*

DATED: November 22~~1~~, 2025

By: */s/ Shabnam Zahir*~~————~~
Shabnam Zahir
2301 Beechwood Dr.,
Waxhaw NC 28173

DATED: November 22~~1~~, 2025

By: */s/ Fakhria Zahir*~~————~~

Fakhria Zahir
307 Yoakum Parkway # 1607
Alexandria, VA 22304

*Plaintiffs, pro se*

- 13 -
JOINT STATEMENT
Case No.: 2:25-cv-782-JFW-AS

**CERTIFICATE OF SERVICE**

I hereby certify that on November 22, 2025, I electronically filed the **JOINT STATEMENT OF LOCAL RULE 7-3 CONFERENCE PURSUANT TO SECTION 5(B) OF STANDING ORDER** and that they are available for viewing and downloading from the Courts CM/ECF filing system, and that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Additionally, a courtesy copy was sent via email to the following parties:

Sergiy M. Sivochek, Esq.
Sivochek IP Law Center
12450 Magnolia Blvd # 4071
Valley Village, CA 91607
Telephone: (323) 201-2701
Email: sivochek@sivochek.com
*Attorneys for Defendant Richard Zahir*


Shabnam Zahir
2301 Beechwood Dr.
Waxhaw, NC 28173
Telephone: (703) 822-3686
Email: shabnamahmadzahir@gmail.com


Fakhria Zahir
307 Yoakum Parkway #1607
Alexandria, VA 22304
Telephone: (703) 399-6190
Email: shabnamahmadzahir@gmail.com
*Plaintiffs, pro se*


Dated: November 22, 2025

By: /s/ *Neslly Herrera*
NESLLY HERRERA
McCollum Counsel
1500 W. Alhambra Rd,
Alhambra, CA 91801-2009
Telephone: (213) 534-6070
Email: neslly@mccollumcounsel.com

EXHIBIT J



**Shabnam Ahmad Zahir <shabnamahmadzahir@gmail.com>**

___

## Re: Notice Pursuant to Rule 7-3; Defendant's Motion to Dismiss Under Rule 12(b)(1)
1 message

___

**Shabnam Ahmad Zahir** <shabnamahmadzahir@gmail.com>                    Sat, Nov 22, 2025 at 1:26 PM
To: Sergiy Sivochek <sivochek@sivochek.com>
Cc: Michael McCollum <michael@mccollumcounsel.com>, whumphrey@lepeabody.com, Neslly Herrera
<neslly@mccollumcounsel.com>

Sergiy,

After further review of your draft, we cannot sign the joint statement in its current form. Portions of your section contain factual inaccuracies (for example, the assertion that our identities "*have never been established by any contemporaneous documentation*," which is contrary to documentation accepted by U.S. Citizenship and Immigration Services) and the draft goes well beyond what Judge Walter's Standing Order §5(b) contemplates. The Standing Order requires only a concise description of the issues discussed, those resolved, and those that remain.

We participated in the meet-and-confer in good faith, but we cannot sign a court filing that contains inaccurate statements.

Because we are not signing the joint statement, you may not use or include the text we provided. That text was offered solely for a jointly-filed statement signed by both parties. Please remove our portion before filing your statement.

Once you file your statement, we will file a short notice documenting our compliance with Local Rule 7-3.

Thank you,
Shabnam Zahir
Fakhria Zahir

On Fri, Nov 21, 2025 at 7:58 PM Sergiy Sivochek <sivochek@sivochek.com> wrote:

> Thank you for providing your proposed statement, Shabnam. We have incorporated your submission, along with your objections, verbatim into the Joint Statement. Please see the attached document.
>
> We clearly have differing views on the underlying issues, but the Court expects the parties to submit a unified Joint Statement whenever possible. With your objections and full statement already included exactly as provided, please confirm whether you will sign the Joint Statement electronically.
>
> Alternatively, you may authorize us to insert your electronic signature, and your mother's, on your behalf.
>
> **We plan to file the Joint Statement with the Court tomorrow morning, so please provide your confirmation or authorization by 10:00 a.m. Pacific tomorrow.**
>
> Thank you.
>
> Sergiy M. Sivochek, Esq.
> **SILC - SIVOCHEK IP LAW CENTER**
> *Protecting Intellectual Property. Fostering Innovation.*
> 12450 Magnolia Blvd, Unit 4071
> Valley Village, CA 91607
> Phone: 323-201-2701
> Email: sivochek@sivochek.com
> https://sivochek.com
>
> *The preceding email may be confidential or protected by the attorney-client privilege. The email was not intended for transmission to, or receipt by, any unauthorized persons. If you have received this email in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the email. Any legal advice or information contained in the preceding email is intended for the exclusive benefit of the client(s) represented by the*

*above attorney in the particular matter that is the subject of this email. It may not be used or relied upon by any other party for any purpose.*

On Fri, Nov 21, 2025 at 2:27 PM Shabnam Ahmad Zahir <shabnamahmadzahir@gmail.com> wrote:

> Sergiy,
>
> Please see the attached document, which includes Plaintiffs' section in redline format. As stated previously, we maintain our objection to the format of the draft joint statement.
>
> Kindly confirm receipt.
>
> Thank you,
>
> Shabnam Zahir
>
> Fakhria Zahir

On Fri, Nov 21, 2025 at 2:40 PM Sergiy Sivochek <sivochek@sivochek.com> wrote:

> Shabnam,
>
> I will not engage in further debate on this point. You are not required to sign the joint statement if you choose not to. However, as requested yesterday, will you please provide your proposed "Plaintiffs' Statement" section? We need your input by 2:00 p.m. Pacific today, consistent with the prior request.
>
> If we do not receive anything from you by that time, we will finalize and file the Joint Statement with the Court by the deadline without your input, although we do invite you to contribute.
>
> Thank you.
>
> Sergiy M. Sivochek, Esq.
> **SILC - SIVOCHEK IP LAW CENTER**
> *Protecting Intellectual Property. Fostering Innovation.*
> 12450 Magnolia Blvd,  Unit 4071
> Valley Village, CA 91607
> Phone: 323-201-2701
> Email: sivochek@sivochek.com
> https://sivochek.com
>
> *The preceding email may be confidential or protected by the attorney-client privilege. The email was not intended for transmission to, or receipt by, any unauthorized persons. If you have received this email in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the email. Any legal advice or information contained in the preceding email is intended for the exclusive benefit of the client(s) represented by the above attorney in the particular matter that is the subject of this email. It may not be used or relied upon by any other party for any purpose.*

On Fri, Nov 21, 2025 at 11:30 AM Shabnam Ahmad Zahir <shabnamahmadzahir@gmail.com> wrote:

> Sergiy,
>
> Thank you for the draft joint statement.
>
> I am pro se in this case and not an experienced litigator, but this draft does not appear to comply with Judge Walter's Standing Order, which states that "*the joint statement shall detail the issues discussed and resolved during the conference and the issues remaining.*" (Section 5(b), p. 9)
>
> I reviewed multiple joint statements filed in this District on PACER. None resemble the format you provided. By contrast, the draft you sent reads as a five-page argumentative brief in support of your anticipated motion, rather than a neutral summary of the conference. I also see that you have left a blank section for me to fill in my "*position,*" but it is my understanding that a format where both sides state their positions separately is used for joint stipulations, not joint statements about meet-and-confer conferences.
>
> I am not comfortable signing this version, which includes legal arguments and characterizations that I dispute. As I understand it, the joint statement should present undisputed procedural facts about what we discussed during the conference, with brief neutral summaries of each party's position on the issues - nothing more.

I also want to note that this is the second time in 24 hours in which a written summary has included characterizations of my statements that I do not recognize and did not state. As I mentioned during the call, I have repeatedly requested that our meet-and-confer sessions be recorded to ensure accuracy and avoid precisely these types of discrepancies. When I raised this again yesterday and asked why the recording was declined, your response was that you "*did not want this to get on TikTok.*"

Given that the summaries circulated so far materially diverge from what was actually discussed, this reinforces why I made that request from the outset. For the joint statement, it is especially important that the document reflect a neutral, factual record rather than reconstructed narratives or subjective interpretations.

For these reasons, I cannot sign the draft in its current form. If you can revise it to follow the standard neutral format used in this District, I will review it promptly. If you prefer to keep the current structure, we can instead submit separate statements.

I know that time is of the essence for you all to file by Saturday, so please let me know how you wish to proceed as soon as possible.

Thank you,
Shabnam Zahir
Fakhria Zahir

On Thu, Nov 20, 2025 at 4:55 PM Sergiy Sivochek <sivochek@sivochek.com> wrote:

Shabnam,

Thank you for attending the Rule 7-3 meet-and-confer regarding Defendant's forthcoming Motion to Dismiss. With the conclusion of our two videoconference discussions, the meet-and-confer process on this issue is now complete. Attached is the Joint Statement summarizing the parties' efforts.

During the conferences, the parties carefully discussed all three grounds for dismissal. We recognize that Plaintiffs disagree with the Motion and continue to assert that their claims arise under the Copyright Act. Plaintiffs also reiterated their position that their alleged heirship and paternity status is established in part on asserted U.S. public-policy considerations and their claimed recognition by DHS and USCIS during the immigration process.

Defense counsel, for their part, explained in detail why Defendant disputes that Plaintiffs have provided adequate proof of heirship for purposes of this litigation. The parties also discussed the probate exception at length, including Defendant's position as to why it applies in this case. We note that Plaintiffs maintain the probate exception does not apply.

Despite the discussions, the parties were unable to resolve the issues, and Defendant anticipates filing his Motion to Dismiss on or around December 1, 2025.

Under Judge Walter's Standing Order, the Joint Statement must be filed within two (2) calendar days of completing the meet-and-confer. Accordingly, the filing deadline is Saturday, November 22, 2025. Please review the attached Joint Statement and provide the text you wish to include in the "Plaintiffs' Position" section (page 5 of the Motion).

Given the compressed deadline, **please provide your proposed language as soon as possible, and no later than 2:00 p.m. Pacific tomorrow, November 21**. If we do not receive your submission by that time, we will complete the Joint Statement based on the summary set forth above and file the Joint Statement in due course.

Also, please remember that the Court expects a clean, professional Joint Statement.

Lastly, we noted your stated consent to be served by email in connection with this Motion and other filings until such time as Plaintiffs register with the Court's CM/ECF system and agree to accept service through CM/ECF. Accordingly, we will serve this Motion and related filings by email until we are notified of a change in your registration status.

Please confirm receipt of this email and let us know you have any questions.

Regards,

Sergiy M. Sivochek, Esq.
**SILC - SIVOCHEK IP LAW CENTER**
*Protecting Intellectual Property. Fostering Innovation.*

11/24/25, 1:23 PM Gmail - Re: Notice Pursuant to Rule 7-3; Defendant's Motion to Dismiss Under Rule 12(b)(1)
Case 2:25-cv-00782-JFW-AS Document 40 Filed 11/24/25 Page 125 of 167 Page
ID #:400

12450 Magnolia Blvd, Unit 4071
Valley Village, CA 91607
Phone: 323-201-2701
Email: sivochek@sivochek.com
https://sivochek.com

---------- Forwarded message ---------
From: **Sergiy Sivochek** <sivochek@sivochek.com>
Date: Thu, Nov 6, 2025 at 4:13 PM
Subject: Fwd: Notice Pursuant to Rule 7-3; Defendant's Motion to Dismiss Under Rule 12(b)(1)
To: Shabnam Ahmad Zahir <shabnamahmadzahir@gmail.com>
Cc: Michael McCollum <michael@mccollumcounsel.com>, Neslly Herrera <neslly@mccollumcounsel.com>,
Sergiy Sivochek <docket@sivochek.com>

Dear Shabnam,

Thank you for meeting with us today to discuss Defendant's forthcoming Motion to Dismiss. We note that the second
Plaintiff, Ms. Fakhria Zahir, did not attend the conference. However, you represented that you have her authorization
to discuss all matters on behalf of both Plaintiffs.

As summarized during our discussion, we reviewed in detail the three independent grounds for the motion, as outlined
in my October 30, 2025 email (included below for reference).

We also discussed that the Complaint does not seek a declaration of U.S. copyright co-ownership. Rather, it asks the
Court to declare that "the co-owners of the rights in the Zahir Catalog are Plaintiffs Fakhria and Shabnam Zahir and
Defendant Rishad Zahir" (Compl. ¶ 6) and to compel Defendant to account for alleged profits.

Plaintiffs use the term "Zahir Catalog" in a sweeping and imprecise manner throughout the Complaint to refer
collectively to the entire body of musical compositions, sound recordings, and other works created by Ahmad Zahir in
Afghanistan prior to his death in 1979 (Compl. ¶ 1). These broad assertions reach directly into questions of heirship,
estate ownership, and administration. These are matters governed exclusively by foreign and state family and probate
law, not by federal copyright law.

As we also discussed, Plaintiffs' asserted status as heirs—the very foundation of their claimed ownership—remains
entirely unproven. It is unsupported by any actual credible evidence and has not been confirmed by any court in the
United States or abroad. Because copyrights are a form of property, a party claiming ownership by inheritance must
first establish legal heirship before asserting any ownership interest in the estate's assets. Federal courts are not the
proper forum to resolve issues of maternity, marriage, divorce, or inheritance.

**You also stated that you plan to send research and case law that, in your view, rebut Defendant's Motion to
Dismiss. We look forward to receiving and reviewing those authorities in due course.**

Additionally, we reviewed that Defendant's Motion will rely on established case law supporting each independent
ground for dismissal. Representative authorities include, among others, the following. (Please note that these citations
are provided in draft form and remain subject to final proofreading and verification prior to filing.):
================================

**[1] Plaintiffs' claims do not present a claim "arising under" the Copyright Act.**

*W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).(In reviewing the allegations in a complaint, courts will
not "necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations.")

Grondal v. United States, 2012 U.S. Dist. LEXIS 19398, at *11-13 (E.D. Wash. Feb. 16, 2012) (Quackenbush, J.) (A
Rule 12(b)(1) motion can challenge the sufficiency of the pleadings to establish jurisdiction (facial attack), or a lack of
any factual support for subject-matter jurisdiction despite the pleading's sufficiency (factual attack)).

Assoc. of Am. Med. Coll. v. United States, 217 F.3d 770, 778 (9th Cir. 2000). (For a factual attack, evidence outside
the pleadings may be considered to resolve factual disputes.)

De Sylva v. Ballentine, 351 U.S. 570, 580, 76 S. Ct. 974, 980 (1956) ("To decide who is the widow or widower of a deceased author, or who are his executors or next of kin, requires a reference to the law of the State which created those legal relationships.")

Itar-Tass Russian News Agency v. Russian Kurier, Inc., 153 F.3d 82, 90 (2d Cir. 1998)("Copyright is a form of property, and the usual rule is that the interests of the parties in property are determined by the law of the state with "the most significant relationship" to the property and the parties.")

Topolos v. Caldewey, 698 F.2d 991, 993 (9th Cir. 1983); Vestron, Inc. v. Home Box Office, Inc., 839 F.2d 1380, 1381 (9th Cir. 1988) ("Although the action clearly involves a copyright, this fact alone does not satisfy federal jurisdictional requirements.");

Topolos, 698 F.2d at 993.( Courts decide whether a case arises under the copyright laws by focusing on the nature of the principal claim asserted by the plaintiff.")

Dolch v. United. Cal. Bank, 702 F.2d 178, 180 (9th Cir. 1983); Sowande v. Moore, No. 12-5273 PA (DTBx), 2012 U.S. Dist. LEXIS 199164, at *2-3 (C.D. Cal. Sep. 24, 2012).

Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc., 336 F.3d 982, 986 (9th Cir. 2003).(The test for determining whether a complaint arises under the Copyright Act)

Oddo v. Ries, 743 F.2d 630, 632 (9th Cir. 1984).(The duty to account "comes from equitable doctrines relating to unjust enrichment and general principles of law governing the rights of co-owners")

Cal. Fam. Code §§ 7551–7555 (Matters of paternity are purely questions of state law).

*William M. v. Superior Court (Dana F.)*, 225 Cal. App. 3d 447, 449 (1990) (holding that "the only proper parties to a paternity action are the mother, the child, and any person presumed or alleged to be the father");

*Estate of Sanders*, 2 Cal. App. 4th 462, 469, 3 Cal. Rptr. 2d 536 (1992) (declining to compel a decedent's adult children to provide DNA samples in a paternity claim brought by a putative sibling).

In re Estate of Hicks, 90 Ohio App. 3d 483, 487–88, 629 N.E.2d 1086, 1088–89 (Ohio Ct. App. 1993) (holding that a paternity determination lies within the jurisdiction of the state juvenile court)

**[2] Plaintiffs lack Article III standing to assert any claim of copyright co-ownership.**

Lujan v. Defs. of Wildlife, 504 U.S. 555, 557, 112 S. Ct. 2130, 2135 (1992) (Constitutional minimum of standing);

Va. House of Delegates v. Bethune-Hill, 587 U.S. 658, 658, 139 S. Ct. 1945, 1947 (2019).(Lack of standing cannot be waived or forfeited);

Pressman v. Estate of Steinvorth, 860 F. Supp. 171 (S.D.N.Y. 1994) ( The court stayed a federal action pending adjudication by the Venezuelan courts of who the decedent's rightful heirs were.)

Carroll v. Hill, 37 F.4th 1119, 1120 (6th Cir. 2022) (The court dismissed a case where the plaintiff failed to establish paternity under state law, holding that she lacked standing to claim inheritance."

TransUnion LLC v. Ramirez, 141 S. Ct. 2190, 2205, 210 L. Ed. 2d 568 (2021) (Article III standing requires that the defendant's alleged misconduct cause a concrete and particularized injury to the plaintiff)

Carroll, 559 F. Supp. 3d at 651, aff'd, 37 F.4th 1119 (6th Cir. 2022).("Without legal paternity, Plaintiff lacks standing to bring her claims.")

**[3] This Court's jurisdiction is barred by the probate exception.**

Marshall v. Marshall, 547 U.S. 293, 311–12, 126 S. Ct. 1735, 1748 (2006).(Federal courts lack authority to "probate or annul a will" or to "administer a decedent's estate.")

*Flanigan v. Sec.-First Nat'l Bank*, 41 F. Supp. 77, 78 (S.D. Cal. 1941) ("State probate courts alone had jurisdiction to determine the genuineness and validity of wills and questions of heirship.");

*Balestra v. Balestra-Leigh*, No. 3:09-CV-00563-RCJ-(RAM), 2010 U.S. Dist. LEXIS 85074, at *9 (D. Nev. July 15, 2010) ("The determination of heirship and rights in distribution of an estate is clearly at the core of the probate court's functions.");

*Vanderburg v. Vanderburg*, No. 07-0438, 2007 WL 1342091, at *1 (N.D. Tex. May 1, 2007) (same); *Surgick v. Cirella*, No. 09-3807 (NLH/KMW), 2012 U.S. Dist. LEXIS 59106, at *10 (D.N.J. Apr. 27, 2012) (probate exception barred action "to declare and secure the rights of Plaintiff and unnamed heirs to the estate").

*Czarnetzki v. Andrews*, No. 2:12-06923 (WJM), 2012 U.S. Dist. LEXIS 164953, at *4–5 (D.N.J. Nov. 19, 2012) (finding probate exception applied where relief required determining "what belongs to the Estate," which "is the same thing as administering the Estate").

============================

Regards,

Sergiy M. Sivochek, Esq.
**SILC - SIVOCHEK IP LAW CENTER**
*Protecting Intellectual Property. Fostering Innovation.*
12450 Magnolia Blvd,  Unit 4071
Valley Village, CA 91607
Phone: 323-201-2701
Email: sivochek@sivochek.com
https://sivochek.com

---------- Forwarded message ---------
From: **Shabnam Ahmad Zahir** <shabnamahmadzahir@gmail.com>
Date: Thu, Nov 6, 2025 at 9:11 AM
Subject: Re: Notice Pursuant to Rule 7-3; Defendant's Motion to Dismiss Under Rule 12(b)(1)
To: Sergiy Sivochek <sivochek@sivochek.com>
Cc: Michael McCollum <michael@mccollumcounsel.com>, Neslly Herrera <neslly@mccollumcounsel.com>, Sergiy Sivochek <docket@sivochek.com>


Sergiy,

I agree to allot the first 20 minutes to discussing your proposed motion to dismiss. Given the "wide range" of deficiencies (and our impending motion to compel) we need to address in your client's discovery responses, I agree that the remaining 40 minutes should be allocated to addressing those and will unlikely be insufficient. However, as I mentioned, I am available for a follow up call or we can handle the remaining issues via email.

Also, you have sent me multiple emails today and last night, but you have yet to respond to my request to record the call. Please do so now.

Thank you,
Shabnam Zahir
Fakhria Zahir


On Thu, Nov 6, 2025 at 12:03 PM Sergiy Sivochek <sivochek@sivochek.com> wrote:

Dear Shabnam and Fakhria,

Given the breadth of issues raised in your recent emails and your abrupt threat to file a motion to compel on such a wide range of matters, it is highly unlikely that one hour will suffice to address everything meaningfully.

In light of the current case schedule, it is also critical that the Court has adequate time to consider and decide Defendant's forthcoming motion.

That said, we fully understand your family obligations and other scheduling constraints, and we will do our

best to accommodate your availability. However, in this case, we will need to begin today's discussion with the Motion to Dismiss, and I suggest we allocate approximately 20-30 minutes for that portion. Afterward, we can turn to your most pressing discovery concerns and continue working cooperatively to move discovery forward in an efficient and professional manner.

I trust this approach is reasonable and agreeable to you.

Thanks,

On Thu, Nov 6, 2025 at 8:36 AM Shabnam Ahmad Zahir <shabnamahmadzahir@gmail.com> wrote:
> Sergiy,
>
> Given the number of topics to cover, we propose reserving up to one hour for the call. If additional time is needed after we've addressed the main points, we're happy to continue by follow-up correspondence or a short supplemental call. I have a sharp cut off at 2 since I'll be picking up my son from school.
>
> Thanks,
> Shabnam

On Thu, Nov 6, 2025 at 11:11 AM Shabnam Ahmad Zahir <shabnamahmadzahir@gmail.com> wrote:

Sergiy,

To be clear, my mother will not be attending the call today. We have agreed that I will be representing the both of us on this call.

Also, please confirm that you and your team are comfortable with me recording the call today as requested in my November 5th email at 8:35 PM EST.

Thank you.

Shabnam Zahir
Fakhria Zahir

(c) 703-822-3686 (EST)

**Assisted by:** University of San Francisco School Of Law - Internet & IP Justice Clinic

On Thu, Nov 6, 2025 at 11:00 AM Sergiy Sivochek <sivochek@sivochek.com> wrote:
> Dear Shabnam and Fakhria,
>
> Thank you for confirming your attendance for today's Rule 7-3 conference call regarding the forthcoming motion to dismiss.
>
> I look forward to our discussion.
>
> Thank you.
>
> Sergiy M. Sivochek, Esq.
> **SILC - SIVOCHEK IP LAW CENTER**
> *Protecting Intellectual Property. Fostering Innovation.*
> 12450 Magnolia Blvd,  Unit 4071
> Valley Village, CA 91607
> Phone: 323-201-2701
> Email: sivochek@sivochek.com
> https://sivochek.com
>
> *The preceding email may be confidential or protected by the attorney-client privilege. The email was not intended for transmission to, or receipt by, any unauthorized persons. If you have received this email in error, please (i) do not read it, (ii) reply to the sender that you received the message in*

*error, and (iii) erase or destroy the email. Any legal advice or information contained in the preceding email is intended for the exclusive benefit of the client(s) represented by the above attorney in the particular matter that is the subject of this email. It may not be used or relied upon by any other party for any purpose.*

On Fri, Oct 31, 2025 at 11:51 AM Shabnam Ahmad Zahir <shabnamahmadzahir@gmail.com> wrote:

> Sergiy,
>
> We acknowledge receipt of your October 30 correspondence serving as notice under Local Rule 7-3 of Defendant's intent to move to dismiss under Rule 12(b)(1).
>
> While we will participate in a conference at a mutually convenient time, we note that our earlier emails of October 28 and October 30 remain unanswered. Those matters are still pending and require resolution. Given that you have represented Defendant in this case since April 2024 and are only now raising a jurisdictional issue, coinciding with Plaintiffs' pro se appearance and stated intent to file a motion to compel, the timing of your proposed motion to dismiss is telling. Instead of addressing those pending meet-and-confer efforts, you issued a unilateral request for a Rule 7-3 conference regarding an unrelated, belated motion. This sequence of actions suggests that your notice is not a genuine jurisdictional concern but rather an effort to divert attention from the discovery deficiencies we identified.
>
> This action does not involve any probate or estate administration. Plaintiffs do not ask the Court to determine the authenticity of any will (there is none), to administer an estate, to pay Ahmad Zahir's debts or taxes, or to distribute any assets left in Afghanistan. This case involves no trust, estate, or other issue that would invoke probate jurisdiction. Plaintiffs' claims arise directly under the Copyright Act, 17 U.S.C. § 101 *et seq.*, and seek a determination of co-ownership of U.S. copyrights, not any matter of foreign probate or family law. The sole question before this Court is ownership of U.S.-protected copyrights, an issue that federal courts, including this District, routinely adjudicate without treating it as an estate proceeding.
>
> Moreover, your assertion that Plaintiffs lack "adjudicated" ownership simply places both parties in the same procedural position, as Defendant likewise has no adjudicated ownership of any kind. Under your own reasoning, Defendant lacks a legally cognizable ownership interest in U.S. copyrights, which only reinforces the need for proper discovery and for federal court intervention to resolve the question of ownership under the Copyright Act.
>
> For these reasons, the proper course is to provide the overdue discovery and address the issues relevant to the establishment and ownership of the copyrighted works at issue. Defendant's continued refusal to participate in discovery, while attempting to leverage Plaintiffs' alleged lack of "adjudicated" ownership despite being in the same position, underscores the necessity of Plaintiffs' forthcoming Motion to Compel under Rules 35 and 37.
>
> Accordingly, we suggest that the parties meet and confer in good faith to discuss both Defendant's proposed motion and Plaintiffs' forthcoming motion, for which you have yet to respond to our request. Please confirm whether Defendant intends to provide supplemental discovery responses before or after filing your proposed motion. We are available for a short video conference on any of the following dates and times:
>
>   •
>   • Wednesday, November 5th at 1:00 PM Eastern / 10:00 AM Pacific
>   • Thursday, November 6th at 1:00 PM Eastern / 10:00 AM Pacific
>   • Friday, November 7th at 1:00 PM Eastern / 10:00 AM Pacific
>
> Please note that my great uncle and Godfather (Ahmad Zahir's uncle) passed away last night in California, and my attendance is expected at the funeral. This may affect my immediate

availability, but I will do my best to coordinate accordingly.

Thank you for your attention.

Sincerely,

Shabnam Zahir

Fakhria Zahir

On Thu, Oct 30, 2025 at 11:03 PM Sergiy Sivochek <sivochek@sivochek.com> wrote:
> Dear Shabnam and Fakhria Zahir,
>
> Thank you for confirming that you are representing yourself pro se in this matter.
>
> Pursuant to Local Rule 7-3, this email serves as notice that Defendant intends to file a motion under
> Federal Rule of Civil Procedure 12(b)(1) to dismiss Plaintiffs' claims in their entirety for lack of
> subject-matter jurisdiction.
>
> The forthcoming motion will address three independent and dispositive grounds for dismissal.
>
> First, Plaintiifs' claims do not present a claim "arising under" the Copyright Act. Although couched as a
> declaratory claim of co-ownership, the gravamen of Plaintiffs' allegations concerns inheritance,
> marriage, and paternity issues arising entirely in Afghanistan more than four decades ago. Federal
> jurisdiction under 28 U.S.C. § 1338 extends only to cases in which the Complaint itself requires
> resolution of a substantial question of federal copyright law. Here, the underlying controversy turns on
> questions of foreign and state family and probate law, not on any substantive interpretation of the
> Copyright Act.
>
> Second, Plaintiffs lack Article III standing to assert any claim of copyright co-ownership. Their
> purported interests in the so-called "Zahir Catalog" rest entirely on unadjudicated assertions of heirship
> and family status under Afghan law. Until and unless those rights are recognized by a competent
> tribunal, Plaintiffs have no legally cognizable ownership interest in U.S. copyrights.
>
> Third, this Court's jurisdiction is barred by the probate exception. Plaintiffs' alleged rights derive solely
> from their asserted status as the widow and daughter of Ahmad Zahir and would necessarily require the
> Court to determine questions of heirship, legitimacy, and marital validity—matters historically reserved
> to state and foreign tribunals. Federal courts uniformly decline jurisdiction where adjudication would
> require administration of an estate or determination of heirship.
>
> Because each of these grounds independently deprives the Court of subject-matter jurisdiction,
> Defendant will respectfully request that Plaintiffs' claims be dismissed in their entirety, while
> Defendant's counterclaims remain pending.
>
> **Pursuant to Local Rule 7-3, please provide your availability for a video conference within the next**
> **few days to meet and confer regarding this motion before it is filed. Kindly provide at least three**
> **scheduling options, and we will make every effort to accommodate your availability.**
>
> Regards,

--

Best,
Shabnam Zahir
Fakhria Zahir

(c) 703-822-3686 (EST)

**Assisted by:** University of San Francisco School Of Law - Internet & IP Justice Clinic

--

Best,
Shabnam Zahir
Fakhria Zahir

(c) 703-822-3686 (EST)

**Assisted by:** University of San Francisco School Of Law - Internet & IP Justice Clinic

*The preceding email may be confidential or protected by the attorney-client privilege. The email was not intended for transmission to, or receipt by, any unauthorized persons. If you have received this email in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the email. Any legal advice or information contained in the preceding email is intended for the exclusive benefit of the client(s) represented by the above attorney in the particular matter that is the subject of this email. It may not be used or relied upon by any other party for any purpose.*

--

Thank you,
Shabnam Zahir
Fakhria Zahir

(c) 703-822-3686 (EST)

**Assisted by:**

University of San Francisco School Of Law - Internet & IP Justice Clinic (CREATE)

L.E. Peabody & Associates (LEPA)

--

Thank you,
Shabnam Zahir
Fakhria Zahir

(c) 703-822-3686 (EST)

**Assisted by:**

University of San Francisco School Of Law - Internet & IP Justice Clinic (CREATE)

L.E. Peabody & Associates (LEPA)

--

Thank you,
Shabnam Zahir
Fakhria Zahir

(c) 703-822-3686 (EST)

**Assisted by:**

University of San Francisco School Of Law - Internet & IP Justice Clinic (CREATE)

L.E. Peabody & Associates (LEPA)

EXHIBIT K



Shabnam Ahmad Zahir <shabnamahmadzahir@gmail.com>

## Re: Notice Pursuant to Rule 7-3; Defendant's Motion to Dismiss Under Rule 12(b)(1)
1 message

**Michael McCollum** <michael@mccollumcounsel.com>                    Sat, Nov 22, 2025 at 2:24 PM
To: Shabnam Ahmad Zahir <shabnamahmadzahir@gmail.com>
Cc: Sergiy Sivochek <sivochek@sivochek.com>, whumphrey@lepeabody.com, Neslly Herrera
<neslly@mccollumcounsel.com>

Shabnam:

We hear your concern about trying to make the joint statement less adversarial and more of a joint communication.

I've tried to rearrange the statement to include your arguments right after our arguments.

I've also removed some of the more argumentative content from the Defense side, and added language like "Defense argues" and "Plaintiffs argue" to try to make it more appropriate for a joint statement.

Other than this, I haven't altered your arguments, other than removing the long quote about Defense Counsel not wanting to identify language in the complaint that can be amended.  (I still have that issue in its own section 4 at the end though).

The joint statement is not going to be something that the Court reviews for the merits of the motion....that will be for the motion papers.

I believe this revised draft addresses your concerns, and I've added the two signatures for yourself and your mother.

Please confirm this is good to file.  If you do not confirm, we will remove the signatures for you and your mother and include a statement that you have not agreed to affix your signatures, since we need to file this within the next few hours today.

Thanks,

Mike

On Sat, Nov 22, 2025 at 10:26 AM Shabnam Ahmad Zahir <shabnamahmadzahir@gmail.com> wrote:

> Sergiy,
>
> After further review of your draft, we cannot sign the joint statement in its current form. Portions of your section contain factual inaccuracies (for example, the assertion that our identities "*have never been established by any contemporaneous documentation*," which is contrary to documentation accepted by U.S. Citizenship and Immigration Services) and the draft goes well beyond what Judge Walter's Standing Order §5(b) contemplates. The Standing Order requires only a concise description of the issues discussed, those resolved, and those that remain.
>
> We participated in the meet-and-confer in good faith, but we cannot sign a court filing that contains inaccurate statements.
>
> Because we are not signing the joint statement, you may not use or include the text we provided. That text was offered solely for a jointly-filed statement signed by both parties. Please remove our portion before filing your statement.
>
> Once you file your statement, we will file a short notice documenting our compliance with Local Rule 7-3.
>
> Thank you,
> Shabnam Zahir
> Fakhria Zahir
>
> On Fri, Nov 21, 2025 at 7:58 PM Sergiy Sivochek <sivochek@sivochek.com> wrote:
> > Thank you for providing your proposed statement, Shabnam. We have incorporated your submission, along with your objections, verbatim into the Joint Statement. Please see the attached document.

We clearly have differing views on the underlying issues, but the Court expects the parties to submit a unified Joint Statement whenever possible. With your objections and full statement already included exactly as provided, please confirm whether you will sign the Joint Statement electronically.

Alternatively, you may authorize us to insert your electronic signature, and your mother's, on your behalf.

**We plan to file the Joint Statement with the Court tomorrow morning, so please provide your confirmation or authorization by 10:00 a.m. Pacific tomorrow.**

Thank you.

Sergiy M. Sivochek, Esq.
**SILC - SIVOCHEK IP LAW CENTER**
*Protecting Intellectual Property. Fostering Innovation.*
12450 Magnolia Blvd,  Unit 4071
Valley Village, CA 91607
Phone: 323-201-2701
Email: sivochek@sivochek.com
https://sivochek.com

*The preceding email may be confidential or protected by the attorney-client privilege. The email was not intended for transmission to, or receipt by, any unauthorized persons. If you have received this email in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the email. Any legal advice or information contained in the preceding email is intended for the exclusive benefit of the client(s) represented by the above attorney in the particular matter that is the subject of this email. It may not be used or relied upon by any other party for any purpose.*

On Fri, Nov 21, 2025 at 2:27 PM Shabnam Ahmad Zahir <shabnamahmadzahir@gmail.com> wrote:
> Sergiy,
>
> Please see the attached document, which includes Plaintiffs' section in redline format. As stated previously, we maintain our objection to the format of the draft joint statement.
>
> Kindly confirm receipt.
>
> Thank you,
>
> Shabnam Zahir
>
> Fakhria Zahir
>
>
> On Fri, Nov 21, 2025 at 2:40 PM Sergiy Sivochek <sivochek@sivochek.com> wrote:
>> Shabnam,
>>
>> I will not engage in further debate on this point. You are not required to sign the joint statement if you choose not to. However, as requested yesterday, will you please provide your proposed "Plaintiffs' Statement" section? We need your input by 2:00 p.m. Pacific today, consistent with the prior request.
>>
>> If we do not receive anything from you by that time, we will finalize and file the Joint Statement with the Court by the deadline without your input, although we do invite you to contribute.
>>
>> Thank you.
>>
>> Sergiy M. Sivochek, Esq.
>> **SILC - SIVOCHEK IP LAW CENTER**
>> *Protecting Intellectual Property. Fostering Innovation.*
>> 12450 Magnolia Blvd,  Unit 4071
>> Valley Village, CA 91607
>> Phone: 323-201-2701
>> Email: sivochek@sivochek.com
>> https://sivochek.com

*The preceding email may be confidential or protected by the attorney-client privilege. The email was not intended for transmission to, or receipt by, any unauthorized persons. If you have received this email in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the email. Any legal advice or information contained in the preceding email is intended for the exclusive benefit of the client(s) represented by the above attorney in the particular matter that is the subject of this email. It may not be used or relied upon by any other party for any purpose.*

On Fri, Nov 21, 2025 at 11:30 AM Shabnam Ahmad Zahir <shabnamahmadzahir@gmail.com> wrote:

Sergiy,

Thank you for the draft joint statement.

I am pro se in this case and not an experienced litigator, but this draft does not appear to comply with Judge Walter's Standing Order, which states that "*the joint statement shall detail the issues discussed and resolved during the conference and the issues remaining.*" (Section 5(b), p. 9)

I reviewed multiple joint statements filed in this District on PACER. None resemble the format you provided. By contrast, the draft you sent reads as a five-page argumentative brief in support of your anticipated motion, rather than a neutral summary of the conference. I also see that you have left a blank section for me to fill in my "*position,*" but it is my understanding that a format where both sides state their positions separately is used for joint stipulations, not joint statements about meet-and-confer conferences.

I am not comfortable signing this version, which includes legal arguments and characterizations that I dispute. As I understand it, the joint statement should present undisputed procedural facts about what we discussed during the conference, with brief neutral summaries of each party's position on the issues - nothing more.

I also want to note that this is the second time in 24 hours in which a written summary has included characterizations of my statements that I do not recognize and did not state. As I mentioned during the call, I have repeatedly requested that our meet-and-confer sessions be recorded to ensure accuracy and avoid precisely these types of discrepancies. When I raised this again yesterday and asked why the recording was declined, your response was that you "*did not want this to get on TikTok.*"

Given that the summaries circulated so far materially diverge from what was actually discussed, this reinforces why I made that request from the outset. For the joint statement, it is especially important that the document reflect a neutral, factual record rather than reconstructed narratives or subjective interpretations.

For these reasons, I cannot sign the draft in its current form. If you can revise it to follow the standard neutral format used in this District, I will review it promptly. If you prefer to keep the current structure, we can instead submit separate statements.

I know that time is of the essence for you all to file by Saturday, so please let me know how you wish to proceed as soon as possible.

Thank you,
Shabnam Zahir
Fakhria Zahir

On Thu, Nov 20, 2025 at 4:55 PM Sergiy Sivochek <sivochek@sivochek.com> wrote:

Shabnam,

Thank you for attending the Rule 7-3 meet-and-confer regarding Defendant's forthcoming Motion to Dismiss. With the conclusion of our two videoconference discussions, the meet-and-confer process on this issue is now complete. Attached is the Joint Statement summarizing the parties' efforts.

During the conferences, the parties carefully discussed all three grounds for dismissal. We recognize that Plaintiffs disagree with the Motion and continue to assert that their claims arise under the Copyright Act. Plaintiffs also reiterated their position that their alleged heirship and paternity status is established in part on asserted U.S. public-policy considerations and their claimed recognition by DHS and USCIS during the immigration process.

Defense counsel, for their part, explained in detail why Defendant disputes that Plaintiffs have provided adequate proof of heirship for purposes of this litigation. The parties also discussed the probate exception at length, including Defendant's position as to why it applies in this case. We note that Plaintiffs maintain the probate exception does not apply.

Despite the discussions, the parties were unable to resolve the issues, and Defendant anticipates filing his Motion to Dismiss on or around December 1, 2025.

Under Judge Walter's Standing Order, the Joint Statement must be filed within two (2) calendar days of completing the meet-and-confer. Accordingly, the filing deadline is Saturday, November 22, 2025. Please review the attached Joint Statement and provide the text you wish to include in the "Plaintiffs' Position" section (page 5 of the Motion).

Given the compressed deadline, **please provide your proposed language as soon as possible, and no later than 2:00 p.m. Pacific tomorrow, November 21**. If we do not receive your submission by that time, we will complete the Joint Statement based on the summary set forth above and file the Joint Statement in due course.

Also, please remember that the Court expects a clean, professional Joint Statement.

Lastly, we noted your stated consent to be served by email in connection with this Motion and other filings until such time as Plaintiffs register with the Court's CM/ECF system and agree to accept service through CM/ECF. Accordingly, we will serve this Motion and related filings by email until we are notified of a change in your registration status.

Please confirm receipt of this email and let us know you have any questions.

Regards,

Sergiy M. Sivochek, Esq.
**SILC - SIVOCHEK IP LAW CENTER**
*Protecting Intellectual Property. Fostering Innovation.*
12450 Magnolia Blvd, Unit 4071
Valley Village, CA 91607
Phone: 323-201-2701
Email: sivochek@sivochek.com
https://sivochek.com

---------- Forwarded message ---------
From: **Sergiy Sivochek** <sivochek@sivochek.com>
Date: Thu, Nov 6, 2025 at 4:13 PM
Subject: Fwd: Notice Pursuant to Rule 7-3; Defendant's Motion to Dismiss Under Rule 12(b)(1)
To: Shabnam Ahmad Zahir <shabnamahmadzahir@gmail.com>
Cc: Michael McCollum <michael@mccollumcounsel.com>, Neslly Herrera <neslly@mccollumcounsel.com>, Sergiy Sivochek <docket@sivochek.com>

Dear Shabnam,

Thank you for meeting with us today to discuss Defendant's forthcoming Motion to Dismiss. We note that the second Plaintiff, Ms. Fakhria Zahir, did not attend the conference. However, you represented that you have her authorization to discuss all matters on behalf of both Plaintiffs.

As summarized during our discussion, we reviewed in detail the three independent grounds for the motion, as outlined in my October 30, 2025 email (included below for reference).

We also discussed that the Complaint does not seek a declaration of U.S. copyright co-ownership. Rather, it asks the Court to declare that "the co-owners of the rights in the Zahir Catalog are Plaintiffs Fakhria and Shabnam Zahir and Defendant Rishad Zahir" (Compl. ¶ 6) and to compel Defendant to account for alleged profits.

Plaintiffs use the term "Zahir Catalog" in a sweeping and imprecise manner throughout the Complaint to refer collectively to the entire body of musical compositions, sound recordings, and other works created by Ahmad Zahir in Afghanistan prior to his death in 1979 (Compl. ¶ 1). These broad assertions reach directly into questions of heirship, estate ownership, and administration. These are matters governed exclusively by foreign and state family and probate law, not by federal copyright law.

As we also discussed, Plaintiffs' asserted status as heirs—the very foundation of their claimed ownership—remains entirely unproven. It is unsupported by any actual credible evidence and has not been confirmed by any court in the

United States or abroad. Because copyrights are a form of property, a party claiming ownership by inheritance must first establish legal heirship before asserting any ownership interest in the estate's assets. Federal courts are not the proper forum to resolve issues of maternity, marriage, divorce, or inheritance.

**You also stated that you plan to send research and case law that, in your view, rebut Defendant's Motion to Dismiss. We look forward to receiving and reviewing those authorities in due course.**

Additionally, we reviewed that Defendant's Motion will rely on established case law supporting each independent ground for dismissal. Representative authorities include, among others, the following. (Please note that these citations are provided in draft form and remain subject to final proofreading and verification prior to filing.):
================================

**[1] Plaintiffs' claims do not present a claim "arising under" the Copyright Act.**

*W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).(In reviewing the allegations in a complaint, courts will not "necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations.")

Grondal v. United States, 2012 U.S. Dist. LEXIS 19398, at *11-13 (E.D. Wash. Feb. 16, 2012) (Quackenbush, J.) (A Rule 12(b)(1) motion can challenge the sufficiency of the pleadings to establish jurisdiction (facial attack), or a lack of any factual support for subject-matter jurisdiction despite the pleading's sufficiency (factual attack)).

Assoc. of Am. Med. Coll. v. United States, 217 F.3d 770, 778 (9th Cir. 2000). (For a factual attack, evidence outside the pleadings may be considered to resolve factual disputes.)

De Sylva v. Ballentine, 351 U.S. 570, 580, 76 S. Ct. 974, 980 (1956) ("To decide who is the widow or widower of a deceased author, or who are his executors or next of kin, requires a reference to the law of the State which created those legal relationships.")

Itar-Tass Russian News Agency v. Russian Kurier, Inc., 153 F.3d 82, 90 (2d Cir. 1998)("Copyright is a form of property, and the usual rule is that the interests of the parties in property are determined by the law of the state with "the most significant relationship" to the property and the parties.")

Topolos v. Caldewey, 698 F.2d 991, 993 (9th Cir. 1983); Vestron, Inc. v. Home Box Office, Inc., 839 F.2d 1380, 1381 (9th Cir. 1988) ("Although the action clearly involves a copyright, this fact alone does not satisfy federal jurisdictional requirements.");

Topolos, 698 F.2d at 993.( Courts decide whether a case arises under the copyright laws by focusing on the nature of the principal claim asserted by the plaintiff.")

Dolch v. United. Cal. Bank, 702 F.2d 178, 180 (9th Cir. 1983); Sowande v. Moore, No. 12-5273 PA (DTBx), 2012 U.S. Dist. LEXIS 199164, at *2-3 (C.D. Cal. Sep. 24, 2012).

Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc., 336 F.3d 982, 986 (9th Cir. 2003).(The test for determining whether a complaint arises under the Copyright Act)

Oddo v. Ries, 743 F.2d 630, 632 (9th Cir. 1984).(The duty to account "comes from equitable doctrines relating to unjust enrichment and general principles of law governing the rights of co-owners")

Cal. Fam. Code §§ 7551–7555 (Matters of paternity are purely questions of state law).

*William M. v. Superior Court (Dana F.)*, 225 Cal. App. 3d 447, 449 (1990) (holding that "the only proper parties to a paternity action are the mother, the child, and any person presumed or alleged to be the father");

*Estate of Sanders*, 2 Cal. App. 4th 462, 469, 3 Cal. Rptr. 2d 536 (1992) (declining to compel a decedent's adult children to provide DNA samples in a paternity claim brought by a putative sibling).

In re Estate of Hicks, 90 Ohio App. 3d 483, 487–88, 629 N.E.2d 1086, 1088–89 (Ohio Ct. App. 1993) (holding that a paternity determination lies within the jurisdiction of the state juvenile court)

**[2] Plaintiffs lack Article III standing to assert any claim of copyright co-ownership.**

*Lujan v. Defs. of Wildlife*, 504 U.S. 555, 557, 112 S. Ct. 2130, 2135 (1992) (Constitutional minimum of standing);

*Va. House of Delegates v. Bethune-Hill*, 587 U.S. 658, 658, 139 S. Ct. 1945, 1947 (2019).(Lack of standing cannot be waived or forfeited);

*Pressman v. Estate of Steinvorth*, 860 F. Supp. 171 (S.D.N.Y. 1994) ( The court stayed a federal action pending adjudication by the Venezuelan courts of who the decedent's rightful heirs were.)

*Carroll v. Hill*, 37 F.4th 1119, 1120 (6th Cir. 2022) (The court dismissed a case where the plaintiff failed to establish paternity under state law, holding that she lacked standing to claim inheritance."

*TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2205, 210 L. Ed. 2d 568 (2021) (Article III standing requires that the defendant's alleged misconduct cause a concrete and particularized injury to the plaintiff)

*Carroll*, 559 F. Supp. 3d at 651, aff'd, 37 F.4th 1119 (6th Cir. 2022).("Without legal paternity, Plaintiff lacks standing to bring her claims.")

**[3] This Court's jurisdiction is barred by the probate exception.**

*Marshall v. Marshall*, 547 U.S. 293, 311–12, 126 S. Ct. 1735, 1748 (2006).(Federal courts lack authority to "probate or annul a will" or to "administer a decedent's estate.")

*Flanigan v. Sec.-First Nat'l Bank*, 41 F. Supp. 77, 78 (S.D. Cal. 1941) ("State probate courts alone had jurisdiction to determine the genuineness and validity of wills and questions of heirship.");

*Balestra v. Balestra-Leigh*, No. 3:09-CV-00563-RCJ-(RAM), 2010 U.S. Dist. LEXIS 85074, at *9 (D. Nev. July 15, 2010) ("The determination of heirship and rights in distribution of an estate is clearly at the core of the probate court's functions.");

*Vanderburg v. Vanderburg*, No. 07-0438, 2007 WL 1342091, at *1 (N.D. Tex. May 1, 2007) (same);
*Surgick v. Cirella*, No. 09-3807 (NLH/KMW), 2012 U.S. Dist. LEXIS 59106, at *10 (D.N.J. Apr. 27, 2012) (probate exception barred action "to declare and secure the rights of Plaintiff and unnamed heirs to the estate").

*Czarnetzki v. Andrews*, No. 2:12-06923 (WJM), 2012 U.S. Dist. LEXIS 164953, at *4–5 (D.N.J. Nov. 19, 2012) (finding probate exception applied where relief required determining "what belongs to the Estate," which "is the same thing as administering the Estate").

===============================
Regards,

Sergiy M. Sivochek, Esq.
**SILC - SIVOCHEK IP LAW CENTER**
*Protecting Intellectual Property. Fostering Innovation.*
12450 Magnolia Blvd,  Unit 4071
Valley Village, CA 91607
Phone: 323-201-2701
Email: sivochek@sivochek.com
https://sivochek.com

---------- Forwarded message ---------
From: **Shabnam Ahmad Zahir** <shabnamahmadzahir@gmail.com>
Date: Thu, Nov 6, 2025 at 9:11 AM
Subject: Re: Notice Pursuant to Rule 7-3; Defendant's Motion to Dismiss Under Rule 12(b)(1)
To: Sergiy Sivochek <sivochek@sivochek.com>
Cc: Michael McCollum <michael@mccollumcounsel.com>, Neslly Herrera
<neslly@mccollumcounsel.com>, Sergiy Sivochek <docket@sivochek.com>

Sergiy,

I agree to allot the first 20 minutes to discussing your proposed motion to dismiss. Given the "wide range" of deficiencies (and our impending motion to compel) we need to address in your client's discovery responses, I agree that the remaining 40 minutes should be allocated to addressing those and will unlikely be insufficient. However, as I mentioned, I am available for a follow up call or we can handle the remaining issues via email.

Also, you have sent me multiple emails today and last night, but you have yet to respond to my request to record the call. Please do so now.

Thank you,
Shabnam Zahir
Fakhria Zahir

On Thu, Nov 6, 2025 at 12:03 PM Sergiy Sivochek <sivochek@sivochek.com> wrote:
Dear Shabnam and Fakhria,

Given the breadth of issues raised in your recent emails and your abrupt threat to file a motion to compel on such a wide range of matters, it is highly unlikely that one hour will suffice to address everything meaningfully.

In light of the current case schedule, it is also critical that the Court has adequate time to consider and decide Defendant's forthcoming motion.

That said, we fully understand your family obligations and other scheduling constraints, and we will do our best to accommodate your availability. However, in this case, we will need to begin today's discussion with the Motion to Dismiss, and I suggest we allocate approximately 20-30 minutes for that portion. Afterward, we can turn to your most pressing discovery concerns and continue working cooperatively to move discovery forward in an efficient and professional manner.

I trust this approach is reasonable and agreeable to you.

Thanks,

On Thu, Nov 6, 2025 at 8:36 AM Shabnam Ahmad Zahir <shabnamahmadzahir@gmail.com> wrote:
Sergiy,

Given the number of topics to cover, we propose reserving up to one hour for the call. If additional time is needed after we've addressed the main points, we're happy to continue by follow-up correspondence or a short supplemental call. I have a sharp cut off at 2 since I'll be picking up my son from school.

Thanks,
Shabnam

On Thu, Nov 6, 2025 at 11:11 AM Shabnam Ahmad Zahir <shabnamahmadzahir@gmail.com> wrote:
Sergiy,

To be clear, my mother will not be attending the call today. We have agreed that I will be representing the both of us on this call.

Also, please confirm that you and your team are comfortable with me recording the call today as requested in my November 5th email at 8:35 PM EST.

Thank you.

Shabnam Zahir
Fakhria Zahir

(c) 703-822-3686 (EST)

**Assisted by:** University of San Francisco School Of Law - Internet & IP Justice Clinic

On Thu, Nov 6, 2025 at 11:00 AM Sergiy Sivochek <sivochek@sivochek.com> wrote:

Dear Shabnam and Fakhria,

Thank you for confirming your attendance for today's Rule 7-3 conference call regarding the forthcoming motion to dismiss.

I look forward to our discussion.

Thank you.

Sergiy M. Sivochek, Esq.
**SILC - SIVOCHEK IP LAW CENTER**
*Protecting Intellectual Property. Fostering Innovation.*
12450 Magnolia Blvd,  Unit 4071
Valley Village, CA 91607
Phone: 323-201-2701
Email: sivochek@sivochek.com
https://sivochek.com

*The preceding email may be confidential or protected by the attorney-client privilege. The email was not intended for transmission to, or receipt by, any unauthorized persons. If you have received this email in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the email. Any legal advice or information contained in the preceding email is intended for the exclusive benefit of the client(s) represented by the above attorney in the particular matter that is the subject of this email. It may not be used or relied upon by any other party for any purpose.*

On Fri, Oct 31, 2025 at 11:51 AM Shabnam Ahmad Zahir <shabnamahmadzahir@gmail.com> wrote:

Sergiy,

We acknowledge receipt of your October 30 correspondence serving as notice under Local Rule 7-3 of Defendant's intent to move to dismiss under Rule 12(b)(1).

While we will participate in a conference at a mutually convenient time, we note that our earlier emails of October 28 and October 30 remain unanswered. Those matters are still pending and require resolution. Given that you have represented Defendant in this case since April 2024 and are only now raising a jurisdictional issue, coinciding with Plaintiffs' pro se appearance and stated intent to file a motion to compel, the timing of your proposed motion to dismiss is telling. Instead of addressing those pending meet-and-confer efforts, you issued a unilateral request for a Rule 7-3 conference regarding an unrelated, belated motion. This sequence of actions suggests that your notice is not a genuine jurisdictional concern but rather an effort to divert attention from the discovery deficiencies we identified.

This action does not involve any probate or estate administration. Plaintiffs do not ask the Court to determine the authenticity of any will (there is none), to administer an estate, to pay Ahmad Zahir's debts or taxes, or to distribute any assets left in Afghanistan. This case involves no trust, estate, or other issue that would invoke probate jurisdiction. Plaintiffs' claims arise directly under the Copyright Act, 17 U.S.C. § 101 *et seq.*, and seek a determination of co-ownership of U.S. copyrights, not any matter of foreign probate or family law. The sole question before this Court is ownership of U.S.-protected copyrights, an issue that federal courts, including this District, routinely adjudicate without treating it as an estate proceeding.

Moreover, your assertion that Plaintiffs lack "adjudicated" ownership simply places both parties in the same procedural position, as Defendant likewise has no adjudicated ownership of any kind. Under your own reasoning, Defendant lacks a legally cognizable ownership interest in

U.S. copyrights, which only reinforces the need for proper discovery and for federal court intervention to resolve the question of ownership under the Copyright Act.

For these reasons, the proper course is to provide the overdue discovery and address the issues relevant to the establishment and ownership of the copyrighted works at issue. Defendant's continued refusal to participate in discovery, while attempting to leverage Plaintiffs' alleged lack of "adjudicated" ownership despite being in the same position, underscores the necessity of Plaintiffs' forthcoming Motion to Compel under Rules 35 and 37.

Accordingly, we suggest that the parties meet and confer in good faith to discuss both Defendant's proposed motion and Plaintiffs' forthcoming motion, for which you have yet to respond to our request. Please confirm whether Defendant intends to provide supplemental discovery responses before or after filing your proposed motion. We are available for a short video conference on any of the following dates and times:

- 
- Wednesday, November 5th at 1:00 PM Eastern / 10:00 AM Pacific
- Thursday, November 6th at 1:00 PM Eastern / 10:00 AM Pacific
- Friday, November 7th at 1:00 PM Eastern / 10:00 AM Pacific

Please note that my great uncle and Godfather (Ahmad Zahir's uncle) passed away last night in California, and my attendance is expected at the funeral. This may affect my immediate availability, but I will do my best to coordinate accordingly.

Thank you for your attention.

Sincerely,

Shabnam Zahir

Fakhria Zahir

On Thu, Oct 30, 2025 at 11:03 PM Sergiy Sivochek <sivochek@sivochek.com> wrote:
> Dear Shabnam and Fakhria Zahir,
>
> Thank you for confirming that you are representing yourself pro se in this matter.
>
> Pursuant to Local Rule 7-3, this email serves as notice that Defendant intends to file a motion under Federal Rule of Civil Procedure 12(b)(1) to dismiss Plaintiffs' claims in their entirety for lack of subject-matter jurisdiction.
>
> The forthcoming motion will address three independent and dispositive grounds for dismissal.
>
> First, Plaintiifs' claims do not present a claim "arising under" the Copyright Act. Although couched as a declaratory claim of co-ownership, the gravamen of Plaintiffs' allegations concerns inheritance, marriage, and paternity issues arising entirely in Afghanistan more than four decades ago. Federal jurisdiction under 28 U.S.C. § 1338 extends only to cases in which the Complaint itself requires resolution of a substantial question of federal copyright law. Here, the underlying controversy turns on questions of foreign and state family and probate law, not on any substantive interpretation of the Copyright Act.
>
> Second, Plaintiffs lack Article III standing to assert any claim of copyright co-ownership. Their purported interests in the so-called "Zahir Catalog" rest entirely on unadjudicated assertions of heirship and family status under Afghan law. Until and unless those rights are recognized by a competent tribunal, Plaintiffs have no legally cognizable ownership interest in U.S. copyrights.
>
> Third, this Court's jurisdiction is barred by the probate exception. Plaintiffs' alleged rights derive solely from their asserted status as the widow and daughter of Ahmad Zahir and would necessarily require the Court to determine questions of heirship, legitimacy, and marital validity—matters

historically reserved to state and foreign tribunals. Federal courts uniformly decline jurisdiction where adjudication would require administration of an estate or determination of heirship.

Because each of these grounds independently deprives the Court of subject-matter jurisdiction, Defendant will respectfully request that Plaintiffs' claims be dismissed in their entirety, while Defendant's counterclaims remain pending.

**_Pursuant to Local Rule 7-3, please provide your availability for a video conference within the next few days to meet and confer regarding this motion before it is filed. Kindly provide at least three scheduling options, and we will make every effort to accommodate your availability._**

Regards,

--

Best,
Shabnam Zahir
Fakhria Zahir

(c) 703-822-3686 (EST)

**Assisted by:** University of San Francisco School Of Law - Internet & IP Justice Clinic

--

Best,
Shabnam Zahir
Fakhria Zahir

(c) 703-822-3686 (EST)

**Assisted by:** University of San Francisco School Of Law - Internet & IP Justice Clinic

*The preceding email may be confidential or protected by the attorney-client privilege. The email was not intended for transmission to, or receipt by, any unauthorized persons. If you have received this email in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the email. Any legal advice or information contained in the preceding email is intended for the exclusive benefit of the client(s) represented by the above attorney in the particular matter that is the subject of this email. It may not be used or relied upon by any other party for any purpose.*

--

Thank you,
Shabnam Zahir
Fakhria Zahir

(c) 703-822-3686 (EST)

**Assisted by:**

University of San Francisco School Of Law - Internet & IP Justice Clinic (CREATE)

L.E. Peabody & Associates (LEPA)

--

Thank you,
Shabnam Zahir
Fakhria Zahir

(c) 703-822-3686 (EST)

**Assisted by:**

University of San Francisco School Of Law - Internet & IP Justice Clinic (CREATE)

L.E. Peabody & Associates (LEPA)

--

Thank you,
Shabnam Zahir
Fakhria Zahir

(c) 703-822-3686 (EST)

**Assisted by:**

University of San Francisco School Of Law - Internet & IP Justice Clinic (CREATE)

L.E. Peabody & Associates (LEPA)

--
McCollum Counsel
1500 W. Alhambra Rd.
Alhambra, California 91801
213-534-6070
michael@mccollumcounsel.com

---

**2 attachments**

 **V2 (CLEAN) - 2025-11-22 Zahir v Zahir-Joint Statement- updated 10.30am.doc**
99K

 **V2 (track) - 2025-11-22 Zahir v Zahir-Joint Statement- updated 10.30am.doc**
115K

# EXHIBIT L

 Gmail

**Shabnam Ahmad Zahir <shabnamahmadzahir@gmail.com>**

---

## Re: Notice Pursuant to Rule 7-3; Defendant's Motion to Dismiss Under Rule 12(b)(1)
1 message

---

**Shabnam Ahmad Zahir** <shabnamahmadzahir@gmail.com>                    Sat, Nov 22, 2025 at 5:31 PM
To: Michael McCollum <michael@mccollumcounsel.com>
Cc: Sergiy Sivochek <sivochek@sivochek.com>, whumphrey@lepeabody.com, Neslly Herrera
<neslly@mccollumcounsel.com>

Michael,

I have reviewed your latest draft and need to clarify several concerns for the record:

1. The section I provided has been <u>substantially rewritten</u>, including removal of my preliminary objection to the format.

2. My signature and my mother's signature were inserted **without authorization**.

3. The revised draft **still** contains factual inaccuracies, mischaracterizations of the meet-and-confer discussions, and narrative content that does not reflect what was actually discussed.

4. Most importantly, the draft does not comply with Judge Walter's Standing Order §5(b), which requires only a brief, neutral description of the issues discussed and whether they were resolved.

As stated in my prior message, we are not signing this version of the joint statement, and **you may not use or include any text originating from me or my mother in a unilateral filing.**

Please **<u>remove</u>**:

• Our **signatures**; and
• <u>All text contributed by Plaintiffs</u>, **including any paraphrased or rewritten versions of content we provided**.

Once your unilateral statement appears on the docket, we will submit our own notice documenting Plaintiffs' compliance with Local Rule 7-3.

Thank you,
Shabnam Zahir
Fakhria Zahir

On Sat, Nov 22, 2025 at 2:24 PM Michael McCollum <michael@mccollumcounsel.com> wrote:
Shabnam:

We hear your concern about trying to make the joint statement less adversarial and more of a joint communication.

I've tried to rearrange the statement to include your arguments right after our arguments.

I've also removed some of the more argumentative content from the Defense side, and added language like "Defense argues" and "Plaintiffs argue" to try to make it more appropriate for a joint statement.

Other than this, I haven't altered your arguments, other than removing the long quote about Defense Counsel not wanting to identify language in the complaint that can be amended.  (I still have that issue in its own section 4 at the end though).

11/24/25, 11:48 AM    Gmail - Re: Notice of Lodgment (4-Rule 7-3) for Joint ... 24-cv-... Defendants' Motion to Dismiss Under Rule 12(b)(1)

Case 2:25-cv-00782-JFW-AS    Document 40    Filed 11/24/25    Page 147 of 167    Page ID #:422

The joint statement is not going to be something that the Court reviews for the merits of the motion....that will be for the motion papers.

I believe this revised draft addresses your concerns, and I've added the two signatures for yourself and your mother.

Please confirm this is good to file. If you do not confirm, we will remove the signatures for you and your mother and include a statement that you have not agreed to affix your signatures, since we need to file this within the next few hours today.

Thanks,

Mike

On Sat, Nov 22, 2025 at 10:26 AM Shabnam Ahmad Zahir <shabnamahmadzahir@gmail.com> wrote:

> Sergiy,
>
> After further review of your draft, we cannot sign the joint statement in its current form. Portions of your section contain factual inaccuracies (for example, the assertion that our identities "*have never been established by any contemporaneous documentation,*" which is contrary to documentation accepted by U.S. Citizenship and Immigration Services) and the draft goes well beyond what Judge Walter's Standing Order §5(b) contemplates. The Standing Order requires only a concise description of the issues discussed, those resolved, and those that remain.
>
> We participated in the meet-and-confer in good faith, but we cannot sign a court filing that contains inaccurate statements.
>
> Because we are not signing the joint statement, you may not use or include the text we provided. That text was offered solely for a jointly-filed statement signed by both parties. Please remove our portion before filing your statement.
>
> Once you file your statement, we will file a short notice documenting our compliance with Local Rule 7-3.
>
> Thank you,
> Shabnam Zahir
> Fakhria Zahir
>
>
> On Fri, Nov 21, 2025 at 7:58 PM Sergiy Sivochek <sivochek@sivochek.com> wrote:
>> Thank you for providing your proposed statement, Shabnam. We have incorporated your submission, along with your objections, verbatim into the Joint Statement. Please see the attached document.
>>
>> We clearly have differing views on the underlying issues, but the Court expects the parties to submit a unified Joint Statement whenever possible. With your objections and full statement already included exactly as provided, please confirm whether you will sign the Joint Statement electronically.
>>
>> Alternatively, you may authorize us to insert your electronic signature, and your mother's, on your behalf.
>>
>> **We plan to file the Joint Statement with the Court tomorrow morning, so please provide your confirmation or authorization by 10:00 a.m. Pacific tomorrow.**
>>
>> Thank you.
>>
>> Sergiy M. Sivochek, Esq.
>> **SILC - SIVOCHEK IP LAW CENTER**
>> *Protecting Intellectual Property. Fostering Innovation.*
>> 12450 Magnolia Blvd, Unit 4071
>> Valley Village, CA 91607
>> Phone: 323-201-2701
>> Email: sivochek@sivochek.com
>> https://sivochek.com
>>
>> *The preceding email may be confidential or protected by the attorney-client privilege. The email was not intended for transmission to, or receipt by, any unauthorized persons. If you have received this email in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the email. Any*

*legal advice or information contained in the preceding email is intended for the exclusive benefit of the client(s)
represented by the above attorney in the particular matter that is the subject of this email. It may not be used or
relied upon by any other party for any purpose.*

On Fri, Nov 21, 2025 at 2:27 PM Shabnam Ahmad Zahir <shabnamahmadzahir@gmail.com> wrote:

> Sergiy,
>
> Please see the attached document, which includes Plaintiffs' section in redline format. As stated previously, we
> maintain our objection to the format of the draft joint statement.
>
> Kindly confirm receipt.
>
> Thank you,
>
> Shabnam Zahir
>
> Fakhria Zahir
>
>
> On Fri, Nov 21, 2025 at 2:40 PM Sergiy Sivochek <sivochek@sivochek.com> wrote:
>
>> Shabnam,
>>
>> I will not engage in further debate on this point. You are not required to sign the joint statement if you choose not to.
>> However, as requested yesterday, will you please provide your proposed "Plaintiffs' Statement" section? We need your
>> input by 2:00 p.m. Pacific today, consistent with the prior request.
>>
>> If we do not receive anything from you by that time, we will finalize and file the Joint Statement with the Court by the
>> deadline without your input, although we do invite you to contribute.
>>
>> Thank you.
>>
>> Sergiy M. Sivochek, Esq.
>> **SILC - SIVOCHEK IP LAW CENTER**
>> *Protecting Intellectual Property. Fostering Innovation.*
>> 12450 Magnolia Blvd,  Unit 4071
>> Valley Village, CA 91607
>> Phone: 323-201-2701
>> Email: sivochek@sivochek.com
>> https://sivochek.com
>>
>> *The preceding email may be confidential or protected by the attorney-client privilege. The email was not
>> intended for transmission to, or receipt by, any unauthorized persons. If you have received this email in error,
>> please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or
>> destroy the email. Any legal advice or information contained in the preceding email is intended for the
>> exclusive benefit of the client(s) represented by the above attorney in the particular matter that is the subject of
>> this email. It may not be used or relied upon by any other party for any purpose.*
>>
>> On Fri, Nov 21, 2025 at 11:30 AM Shabnam Ahmad Zahir <shabnamahmadzahir@gmail.com> wrote:
>>
>>> Sergiy,
>>>
>>> Thank you for the draft joint statement.
>>>
>>> I am pro se in this case and not an experienced litigator, but this draft does not appear to comply with Judge
>>> Walter's Standing Order, which states that "*the joint statement shall detail the issues discussed and
>>> resolved during the conference and the issues remaining.*" (Section 5(b), p. 9)
>>>
>>> I reviewed multiple joint statements filed in this District on PACER. None resemble the format you provided.
>>> By contrast, the draft you sent reads as a five-page argumentative brief in support of your anticipated
>>> motion, rather than a neutral summary of the conference. I also see that you have left a blank section for me
>>> to fill in my "*position*," but it is my understanding that a format where both sides state their positions
>>> separately is used for joint stipulations, not joint statements about meet-and-confer conferences.
>>>
>>> I am not comfortable signing this version, which includes legal arguments and characterizations that I
>>> dispute. As I understand it, the joint statement should present undisputed procedural facts about what we

discussed during the conference, with brief neutral summaries of each party's position on the issues - nothing more.

I also want to note that this is the second time in 24 hours in which a written summary has included characterizations of my statements that I do not recognize and did not state. As I mentioned during the call, I have repeatedly requested that our meet-and-confer sessions be recorded to ensure accuracy and avoid precisely these types of discrepancies. When I raised this again yesterday and asked why the recording was declined, your response was that you "*did not want this to get on TikTok.*"

Given that the summaries circulated so far materially diverge from what was actually discussed, this reinforces why I made that request from the outset. For the joint statement, it is especially important that the document reflect a neutral, factual record rather than reconstructed narratives or subjective interpretations.

For these reasons, I cannot sign the draft in its current form. If you can revise it to follow the standard neutral format used in this District, I will review it promptly. If you prefer to keep the current structure, we can instead submit separate statements.

I know that time is of the essence for you all to file by Saturday, so please let me know how you wish to proceed as soon as possible.

Thank you,
Shabnam Zahir
Fakhria Zahir

On Thu, Nov 20, 2025 at 4:55 PM Sergiy Sivochek <sivochek@sivochek.com> wrote:

Shabnam,

Thank you for attending the Rule 7-3 meet-and-confer regarding Defendant's forthcoming Motion to Dismiss. With the conclusion of our two videoconference discussions, the meet-and-confer process on this issue is now complete. Attached is the Joint Statement summarizing the parties' efforts.

During the conferences, the parties carefully discussed all three grounds for dismissal. We recognize that Plaintiffs disagree with the Motion and continue to assert that their claims arise under the Copyright Act. Plaintiffs also reiterated their position that their alleged heirship and paternity status is established in part on asserted U.S. public-policy considerations and their claimed recognition by DHS and USCIS during the immigration process.

Defense counsel, for their part, explained in detail why Defendant disputes that Plaintiffs have provided adequate proof of heirship for purposes of this litigation. The parties also discussed the probate exception at length, including Defendant's position as to why it applies in this case. We note that Plaintiffs maintain the probate exception does not apply.

Despite the discussions, the parties were unable to resolve the issues, and Defendant anticipates filing his Motion to Dismiss on or around December 1, 2025.

Under Judge Walter's Standing Order, the Joint Statement must be filed within two (2) calendar days of completing the meet-and-confer. Accordingly, the filing deadline is Saturday, November 22, 2025. Please review the attached Joint Statement and provide the text you wish to include in the "Plaintiffs' Position" section (page 5 of the Motion).

Given the compressed deadline, **please provide your proposed language as soon as possible, and no later than 2:00 p.m. Pacific tomorrow, November 21**. If we do not receive your submission by that time, we will complete the Joint Statement based on the summary set forth above and file the Joint Statement in due course.

Also, please remember that the Court expects a clean, professional Joint Statement.

Lastly, we noted your stated consent to be served by email in connection with this Motion and other filings until such time as Plaintiffs register with the Court's CM/ECF system and agree to accept service through CM/ECF. Accordingly, we will serve this Motion and related filings by email until we are notified of a change in your registration status.

Please confirm receipt of this email and let us know you have any questions.

Regards,

Sergiy M. Sivochek, Esq.
**SILC - SIVOCHEK IP LAW CENTER**
*Protecting Intellectual Property. Fostering Innovation.*
12450 Magnolia Blvd,  Unit 4071
Valley Village, CA 91607
Phone: 323-201-2701
Email: sivochek@sivochek.com
https://sivochek.com

---------- Forwarded message ---------
From: **Sergiy Sivochek** <sivochek@sivochek.com>
Date: Thu, Nov 6, 2025 at 4:13 PM
Subject: Fwd: Notice Pursuant to Rule 7-3; Defendant's Motion to Dismiss Under Rule 12(b)(1)
To: Shabnam Ahmad Zahir <shabnamahmadzahir@gmail.com>
Cc: Michael McCollum <michael@mccollumcounsel.com>, Neslly Herrera
<neslly@mccollumcounsel.com>, Sergiy Sivochek <docket@sivochek.com>

Dear Shabnam,

Thank you for meeting with us today to discuss Defendant's forthcoming Motion to Dismiss. We note that the second Plaintiff, Ms. Fakhria Zahir, did not attend the conference.  However, you represented that you have her authorization to discuss all matters on behalf of both Plaintiffs.

As summarized during our discussion, we reviewed in detail the three independent grounds for the motion, as outlined in my October 30, 2025 email (included below for reference).

We also discussed that the Complaint does not seek a declaration of U.S. copyright co-ownership. Rather, it asks the Court to declare that "the co-owners of the rights in the Zahir Catalog are Plaintiffs Fakhria and Shabnam Zahir and Defendant Rishad Zahir" (Compl. ¶ 6) and to compel Defendant to account for alleged profits.

Plaintiffs use the term "Zahir Catalog" in a sweeping and imprecise manner throughout the Complaint to refer collectively to the entire body of musical compositions, sound recordings, and other works created by Ahmad Zahir in Afghanistan prior to his death in 1979 (Compl. ¶ 1). These broad assertions reach directly into questions of heirship, estate ownership, and administration. These are matters governed exclusively by foreign and state family and probate law, not by federal copyright law.

As we also discussed, Plaintiffs' asserted status as heirs—the very foundation of their claimed ownership— remains entirely unproven. It is unsupported by any actual credible evidence and has not been confirmed by any court in the United States or abroad. Because copyrights are a form of property, a party claiming ownership by inheritance must first establish legal heirship before asserting any ownership interest in the estate's assets. Federal courts are not the proper forum to resolve issues of maternity, marriage, divorce, or inheritance.

**You also stated that you plan to send research and case law that, in your view, rebut Defendant's Motion to Dismiss. We look forward to receiving and reviewing those authorities in due course.**

Additionally, we reviewed that Defendant's Motion will rely on established case law supporting each independent ground for dismissal. Representative authorities include, among others, the following. (Please note that these citations are provided in draft form and remain subject to final proofreading and verification prior to filing.):
==============================

**[1] Plaintiifs' claims do not present a claim "arising under" the Copyright Act.**

*W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).(In reviewing the allegations in a complaint, courts will not "necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations.")

Grondal v. United States, 2012 U.S. Dist. LEXIS 19598, at *11-13 (E.D. Wash. Feb. 16, 2012) (Quackenbush, J.) (A Rule 12(b)(1) motion can challenge the sufficiency of the pleadings to establish jurisdiction (facial attack), or a lack of any factual support for subject-matter jurisdiction despite the pleading's sufficiency (factual attack)).

Assoc. of Am. Med. Coll. v. United States, 217 F.3d 770, 778 (9th Cir. 2000). (For a factual attack, evidence outside the pleadings may be considered to resolve factual disputes.)

De Sylva v. Ballentine, 351 U.S. 570, 580, 76 S. Ct. 974, 980 (1956) ("To decide who is the widow or widower of a deceased author, or who are his executors or next of kin, requires a reference to the law of the State which created those legal relationships.")

Itar-Tass Russian News Agency v. Russian Kurier, Inc., 153 F.3d 82, 90 (2d Cir. 1998)("Copyright is a form of property, and the usual rule is that the interests of the parties in property are determined by the law of the state with "the most significant relationship" to the property and the parties.")

Topolos v. Caldewey, 698 F.2d 991, 993 (9th Cir. 1983); Vestron, Inc. v. Home Box Office, Inc., 839 F.2d 1380, 1381 (9th Cir. 1988) ("Although the action clearly involves a copyright, this fact alone does not satisfy federal jurisdictional requirements.");

Topolos, 698 F.2d at 993.( Courts decide whether a case arises under the copyright laws by focusing on the nature of the principal claim asserted by the plaintiff.")

Dolch v. United. Cal. Bank, 702 F.2d 178, 180 (9th Cir. 1983); Sowande v. Moore, No. 12-5273 PA (DTBx), 2012 U.S. Dist. LEXIS 199164, at *2-3 (C.D. Cal. Sep. 24, 2012).

Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc., 336 F.3d 982, 986 (9th Cir. 2003).(The test for determining whether a complaint arises under the Copyright Act)

Oddo v. Ries, 743 F.2d 630, 632 (9th Cir. 1984).(The duty to account "comes from equitable doctrines relating to unjust enrichment and general principles of law governing the rights of co-owners")

Cal. Fam. Code §§ 7551–7555 (Matters of paternity are purely questions of state law).

*William M. v. Superior Court (Dana F.)*, 225 Cal. App. 3d 447, 449 (1990) (holding that "the only proper parties to a paternity action are the mother, the child, and any person presumed or alleged to be the father");

*Estate of Sanders*, 2 Cal. App. 4th 462, 469, 3 Cal. Rptr. 2d 536 (1992) (declining to compel a decedent's adult children to provide DNA samples in a paternity claim brought by a putative sibling).

In re Estate of Hicks, 90 Ohio App. 3d 483, 487–88, 629 N.E.2d 1086, 1088–89 (Ohio Ct. App. 1993) (holding that a paternity determination lies within the jurisdiction of the state juvenile court)

**[2] Plaintiffs lack Article III standing to assert any claim of copyright co-ownership.**

Lujan v. Defs. of Wildlife, 504 U.S. 555, 557, 112 S. Ct. 2130, 2135 (1992) (Constitutional minimum of standing);

Va. House of Delegates v. Bethune-Hill, 587 U.S. 658, 658, 139 S. Ct. 1945, 1947 (2019).(Lack of standing cannot be waived or forfeited);

Pressman v. Estate of Steinvorth, 860 F. Supp. 171 (S.D.N.Y. 1994) ( The court stayed a federal action pending adjudication by the Venezuelan courts of who the decedent's rightful heirs were.)

Carroll v. Hill, 37 F.4th 1119, 1120 (6th Cir. 2022) (The court dismissed a case where the plaintiff failed to establish paternity under state law, holding that she lacked standing to claim inheritance."

TransUnion LLC v. Ramirez, 141 S. Ct. 2190, 2205, 210 L. Ed. 2d 568 (2021) (Article III standing requires that the defendant's alleged misconduct cause a concrete and particularized injury to the plaintiff)

Carroll, 559 F. Supp. 3d at 651, aff'd, 37 F.4th 1119 (6th Cir. 2022).("Without legal paternity, Plaintiff lacks standing to bring her claims.")

**[3] This Court's jurisdiction is barred by the probate exception.**

*Marshall v. Marshall*, 547 U.S. 293, 311–12, 126 S. Ct. 1735, 1748 (2006).(Federal courts lack authority to "probate or annul a will" or to "administer a decedent's estate.")

*Flanigan v. Sec.-First Nat'l Bank*, 41 F. Supp. 77, 78 (S.D. Cal. 1941) ("State probate courts alone had jurisdiction to determine the genuineness and validity of wills and questions of heirship.");

*Balestra v. Balestra-Leigh*, No. 3:09-CV-00563-RCJ-(RAM), 2010 U.S. Dist. LEXIS 85074, at *9 (D. Nev. July 15, 2010) ("The determination of heirship and rights in distribution of an estate is clearly at the core of the probate court's functions.");

*Vanderburg v. Vanderburg*, No. 07-0438, 2007 WL 1342091, at *1 (N.D. Tex. May 1, 2007) (same); *Surgick v. Cirella*, No. 09-3807 (NLH/KMW), 2012 U.S. Dist. LEXIS 59106, at *10 (D.N.J. Apr. 27, 2012) (probate exception barred action "to declare and secure the rights of Plaintiff and unnamed heirs to the estate").

*Czarnetzki v. Andrews*, No. 2:12-06923 (WJM), 2012 U.S. Dist. LEXIS 164953, at *4–5 (D.N.J. Nov. 19, 2012) (finding probate exception applied where relief required determining "what belongs to the Estate," which "is the same thing as administering the Estate").

==============================
Regards,

Sergiy M. Sivochek, Esq.
**SILC - SIVOCHEK IP LAW CENTER**
*Protecting Intellectual Property. Fostering Innovation.*
12450 Magnolia Blvd,  Unit 4071
Valley Village, CA 91607
Phone: 323-201-2701
Email: sivochek@sivochek.com
https://sivochek.com

---------- Forwarded message ---------
From: **Shabnam Ahmad Zahir** <shabnamahmadzahir@gmail.com>
Date: Thu, Nov 6, 2025 at 9:11 AM
Subject: Re: Notice Pursuant to Rule 7-3; Defendant's Motion to Dismiss Under Rule 12(b)(1)
To: Sergiy Sivochek <sivochek@sivochek.com>
Cc: Michael McCollum <michael@mccollumcounsel.com>, Neslly Herrera
<neslly@mccollumcounsel.com>, Sergiy Sivochek <docket@sivochek.com>

Sergiy,

I agree to allot the first 20 minutes to discussing your proposed motion to dismiss. Given the "wide range" of deficiencies (and our impending motion to compel) we need to address in your client's discovery responses, I agree that the remaining 40 minutes should be allocated to addressing those and will unlikely be insufficient. However, as I mentioned, I am available for a follow up call or we can handle the remaining issues via email.

Also, you have sent me multiple emails today and last night, but you have yet to respond to my request to record the call. Please do so now.

Thank you,
Shabnam Zahir
Fakhria Zahir

On Thu, Nov 6, 2025 at 12:03 PM Sergiy Sivochek <sivochek@sivochek.com> wrote:
    Dear Shabnam and Fakhria,

    Given the breadth of issues raised in your recent emails and your abrupt threat to file a motion to compel on such a wide range of matters, it is highly unlikely that one hour will suffice to address

everything meaningfully.

In light of the current case schedule, it is also critical that the Court has adequate time to consider and decide Defendant's forthcoming motion.

That said, we fully understand your family obligations and other scheduling constraints, and we will do our best to accommodate your availability. However, in this case, we will need to begin today's discussion with the Motion to Dismiss, and I suggest we allocate approximately 20-30 minutes for that portion. Afterward, we can turn to your most pressing discovery concerns and continue working cooperatively to move discovery forward in an efficient and professional manner.

I trust this approach is reasonable and agreeable to you.

Thanks,

On Thu, Nov 6, 2025 at 8:36 AM Shabnam Ahmad Zahir <shabnamahmadzahir@gmail.com> wrote:
Sergiy,

Given the number of topics to cover, we propose reserving up to one hour for the call. If additional time is needed after we've addressed the main points, we're happy to continue by follow-up correspondence or a short supplemental call. I have a sharp cut off at 2 since I'll be picking up my son from school.

Thanks,
Shabnam

On Thu, Nov 6, 2025 at 11:11 AM Shabnam Ahmad Zahir <shabnamahmadzahir@gmail.com> wrote:

Sergiy,

To be clear, my mother will not be attending the call today. We have agreed that I will be representing the both of us on this call.

Also, please confirm that you and your team are comfortable with me recording the call today as requested in my November 5th email at 8:35 PM EST.

Thank you.

Shabnam Zahir
Fakhria Zahir

(c) 703-822-3686 (EST)

**Assisted by:** University of San Francisco School Of Law - Internet & IP Justice Clinic

On Thu, Nov 6, 2025 at 11:00 AM Sergiy Sivochek <sivochek@sivochek.com> wrote:
Dear Shabnam and Fakhria,

Thank you for confirming your attendance for today's Rule 7-3 conference call regarding the forthcoming motion to dismiss.

I look forward to our discussion.

Thank you.

Sergiy M. Sivochek, Esq.
**SILC - SIVOCHEK IP LAW CENTER**
*Protecting Intellectual Property. Fostering Innovation.*

12450 Magnolia Blvd, Unit 4091
Valley Village, CA 91607
Phone: 323-201-2701
Email: sivochek@sivochek.com
https://sivochek.com

*The preceding email may be confidential or protected by the attorney-client privilege. The email was not intended for transmission to, or receipt by, any unauthorized persons. If you have received this email in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the email. Any legal advice or information contained in the preceding email is intended for the exclusive benefit of the client(s) represented by the above attorney in the particular matter that is the subject of this email. It may not be used or relied upon by any other party for any purpose.*

On Fri, Oct 31, 2025 at 11:51 AM Shabnam Ahmad Zahir <shabnamahmadzahir@gmail.com> wrote:

> Sergiy,
>
> We acknowledge receipt of your October 30 correspondence serving as notice under Local Rule 7-3 of Defendant's intent to move to dismiss under Rule 12(b)(1).
>
> While we will participate in a conference at a mutually convenient time, we note that our earlier emails of October 28 and October 30 remain unanswered. Those matters are still pending and require resolution. Given that you have represented Defendant in this case since April 2024 and are only now raising a jurisdictional issue, coinciding with Plaintiffs' pro se appearance and stated intent to file a motion to compel, the timing of your proposed motion to dismiss is telling. Instead of addressing those pending meet-and-confer efforts, you issued a unilateral request for a Rule 7-3 conference regarding an unrelated, belated motion. This sequence of actions suggests that your notice is not a genuine jurisdictional concern but rather an effort to divert attention from the discovery deficiencies we identified.
>
> This action does not involve any probate or estate administration. Plaintiffs do not ask the Court to determine the authenticity of any will (there is none), to administer an estate, to pay Ahmad Zahir's debts or taxes, or to distribute any assets left in Afghanistan. This case involves no trust, estate, or other issue that would invoke probate jurisdiction. Plaintiffs' claims arise directly under the Copyright Act, 17 U.S.C. § 101 *et seq.*, and seek a determination of co-ownership of U.S. copyrights, not any matter of foreign probate or family law. The sole question before this Court is ownership of U.S.-protected copyrights, an issue that federal courts, including this District, routinely adjudicate without treating it as an estate proceeding.
>
> Moreover, your assertion that Plaintiffs lack "adjudicated" ownership simply places both parties in the same procedural position, as Defendant likewise has no adjudicated ownership of any kind. Under your own reasoning, Defendant lacks a legally cognizable ownership interest in U.S. copyrights, which only reinforces the need for proper discovery and for federal court intervention to resolve the question of ownership under the Copyright Act.
>
> For these reasons, the proper course is to provide the overdue discovery and address the issues relevant to the establishment and ownership of the copyrighted works at issue. Defendant's continued refusal to participate in discovery, while attempting to leverage Plaintiffs' alleged lack of "adjudicated" ownership despite being in the same position, underscores the necessity of Plaintiffs' forthcoming Motion to Compel under Rules 35 and 37.
>
> Accordingly, we suggest that the parties meet and confer in good faith to discuss both Defendant's proposed motion and Plaintiffs' forthcoming motion, for which you have yet to respond to our request. Please confirm whether Defendant intends to provide supplemental

discovery responses before or after filing your proposed motion. We are available for a short video conference on any of the following dates and times:

- 
  - Wednesday, November 5th at 1:00 PM Eastern / 10:00 AM Pacific
  - Thursday, November 6th at 1:00 PM Eastern / 10:00 AM Pacific
  - Friday, November 7th at 1:00 PM Eastern / 10:00 AM Pacific

Please note that my great uncle and Godfather (Ahmad Zahir's uncle) passed away last night in California, and my attendance is expected at the funeral. This may affect my immediate availability, but I will do my best to coordinate accordingly.

Thank you for your attention.

Sincerely,

Shabnam Zahir

Fakhria Zahir

On Thu, Oct 30, 2025 at 11:03 PM Sergiy Sivochek <sivochek@sivochek.com> wrote:
Dear Shabnam and Fakhria Zahir,

Thank you for confirming that you are representing yourself pro se in this matter.

Pursuant to Local Rule 7-3, this email serves as notice that Defendant intends to file a motion under Federal Rule of Civil Procedure 12(b)(1) to dismiss Plaintiffs' claims in their entirety for lack of subject-matter jurisdiction.

The forthcoming motion will address three independent and dispositive grounds for dismissal.

First, Plaintiffs' claims do not present a claim "arising under" the Copyright Act. Although couched as a declaratory claim of co-ownership, the gravamen of Plaintiffs' allegations concerns inheritance, marriage, and paternity issues arising entirely in Afghanistan more than four decades ago. Federal jurisdiction under 28 U.S.C. § 1338 extends only to cases in which the Complaint itself requires resolution of a substantial question of federal copyright law. Here, the underlying controversy turns on questions of foreign and state family and probate law, not on any substantive interpretation of the Copyright Act.

Second, Plaintiffs lack Article III standing to assert any claim of copyright co-ownership. Their purported interests in the so-called "Zahir Catalog" rest entirely on unadjudicated assertions of heirship and family status under Afghan law. Until and unless those rights are recognized by a competent tribunal, Plaintiffs have no legally cognizable ownership interest in U.S. copyrights.

Third, this Court's jurisdiction is barred by the probate exception. Plaintiffs' alleged rights derive solely from their asserted status as the widow and daughter of Ahmad Zahir and would necessarily require the Court to determine questions of heirship, legitimacy, and marital validity—matters historically reserved to state and foreign tribunals. Federal courts uniformly decline jurisdiction where adjudication would require administration of an estate or determination of heirship.

Because each of these grounds independently deprives the Court of subject-matter jurisdiction, Defendant will respectfully request that Plaintiffs' claims be dismissed in their entirety, while Defendant's counterclaims remain pending.

**Pursuant to Local Rule 7-3, please provide your availability for a video conference within the next few days to meet and confer regarding this motion before it is filed. Kindly provide at least three scheduling options, and we will make every effort to accommodate your availability.**

Regards,

--

Best,
Shabnam Zahir
Fakhria Zahir

(c) 703-822-3686 (EST)

**Assisted by:** University of San Francisco School Of Law - Internet & IP Justice Clinic

--

Best,
Shabnam Zahir
Fakhria Zahir

(c) 703-822-3686 (EST)

**Assisted by:** University of San Francisco School Of Law - Internet & IP Justice Clinic

*The preceding email may be confidential or protected by the attorney-client privilege. The email was not intended for transmission to, or receipt by, any unauthorized persons. If you have received this email in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the email. Any legal advice or information contained in the preceding email is intended for the exclusive benefit of the client(s) represented by the above attorney in the particular matter that is the subject of this email. It may not be used or relied upon by any other party for any purpose.*

--

Thank you,
Shabnam Zahir
Fakhria Zahir

(c) 703-822-3686 (EST)

**Assisted by:**

University of San Francisco School Of Law - Internet & IP Justice Clinic (CREATE)

L.E. Peabody & Associates (LEPA)

--

Thank you,
Shabnam Zahir
Fakhria Zahir

(c) 703-822-3686 (EST)

**Assisted by:**

University of San Francisco School Of Law - Internet & IP Justice Clinic (CREATE)

L.E. Peabody & Associates (LEPA)

--

Thank you,
Shabnam Zahir
Fakhria Zahir

(c) 703-822-3686 (EST)

**Assisted by:**

University of San Francisco School Of Law - Internet & IP Justice Clinic (CREATE)

L.E. Peabody & Associates (LEPA)

--
McCollum Counsel
1500 W. Alhambra Rd.
Alhambra, California 91801
213-534-6070
michael@mccollumcounsel.com

--

Thank you,
Shabnam Zahir
Fakhria Zahir

(c) 703-822-3686 (EST)

**Assisted by:**

University of San Francisco School Of Law - Internet & IP Justice Clinic (CREATE)

L.E. Peabody & Associates (LEPA)

EXHIBIT M

1   SERGIY M. SIVOCHEK (SBN 270667)
2   Sivochek IP Law Center
    12450 Magnolia Blvd # 4071
3   Valley Village, CA 91607
4   Telephone: (323) 201-2701
    Email: sivochek@sivochek.com
5
6   MICHAEL MCCOLLUM (SBN 235447)
    Lead Trial Counsel
7   McCollum Counsel, Inc.
    1500 W. Alhambra Rd,
8   Alhambra, CA 91801-2009
9   Telephone: (213) 534-6070
    Email: michael@mccollumcounsel.com
10
11  *Attorneys for Defendant*
12  *RICHARD ZAHIR*

13              **UNITED STATES DISTRICT COURT**

14       **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

15

16

| | |
|---|---|
| 17 FAKHRIA ZAHIR and SHABNAM ZAHIR, | ) Case No.: 2:25-cv-782-JFW-AS |
| 18                    Plaintiffs, | ) Honorable John F. Walter |
| 19      vs. | ) |
| 20 RICHARD ZAHIR a/k/a RISHAD | ) **JOINT STATEMENT OF LOCAL** |
| 21 ZAHIR | ) **RULE 7-3 CONFERENCE** |
| 22                    Defendant. | ) **PURSUANT TO SECTION 5(B) OF** |
| 23 | ) **STANDING ORDER** |
| 24 | ) |
| | ) **(Submitted with Declaration of** |
| | ) **Michael B. McCollum, Esq.)** |

25

26

27

28

## **JOINT STATEMENT**

Counsel for Defendant Rishad Zahir ("Defendant") hereby submits the following Joint Statement in advance of Defendant's anticipated Motion to Dismiss for Lack of Subject-Matter Jurisdiction ("Motion"), pursuant to Section 5(b) of the Court's January 30, 2025 Standing Order and in connection with the Parties' Local Rule 7-3 conference. As discussed in more detail below, the Parties conducted two videoconference meet-and-confer sessions via Zoom to address the substance of the anticipated Motion and to explore whether any portion of the dispute could be resolved without Court intervention.

The Court should note that Plaintiffs did not agree with the substance of this Joint Statement, advising Defense Counsel of this only approximately ninety minutes before the filing deadline. Plaintiffs had provided their input on November 21, 2025, then withdrew it on the morning of November 22, 2025, and then rejected this revised draft version which Defense prepared to address their concerns, leaving Defense Counsel with no choice but to file this document without Plaintiffs' signatures in order to file this by 4pm and comply with the Court's standing order. (*See* Declaration of Michael B. McCollum Regarding Joint Statement).

A.    **Date of the Rule 7-3 conference**.

Initiated on November 6 and then continued and completed on November 20, 2025.

B.    **Duration**.

Both meetings were conducted via Zoom because Defense Counsel are in California and Plaintiffs (pro se) are on the East Coast. The first Zoom meeting lasted approximately 30 minutes on this topic, while the second Zoom meeting, which occurred after the parties shared case citation authorities, lasted approximately 45 minutes on this topic.

C.    **Participants**.

<u>For Defendant</u>: Michael McCollum (Lead Counsel) and Sergiy M. Sivochek.

<u>For Plaintiffs</u>: Shabnam Zahir, appearing *pro se*, who represented that she has authority to discuss all issues, participate in the conference, and sign the Joint Statement on behalf of both Plaintiffs (herself and her mother). Mr. William Humphrey, whom Ms. Zahir identified as her husband and as a consultant in connection with this matter, was also present.

**D.     <u>Issues Discussed</u>.**

**1. Subject-Matter Jurisdiction:**

Defense believes this Court lacks subject-matter jurisdiction because Plaintiffs' claims arise under foreign and state inheritance and family law, not the Copyright Act. Although the Complaint is styled as seeking a declaration of copyright co-ownership, Defense believes the gravamen of Plaintiffs' allegations concerns inheritance rights, marriage validity, and parentage disputes that arose in Afghanistan more than four decades ago, and that the complaint does not seek appropriate remedies under the Copyright Act, as it seeks determinations of heirship, marital validity, and parental status.

Plaintiffs believe that the Complaint expressly alleges a claim arising under the Copyright Act and invokes federal jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) (Compl. ¶¶ 9–10). Plaintiffs stated that because §1338(a) gives federal courts exclusive jurisdiction over claims arising under the Copyright Act, this action should not be dismissed for lack of subject-matter jurisdiction. Plaintiffs stated that, even if Afghan succession law informs heirship, this presents a choice-of-law question rather than a jurisdictional defect.

**2. Standing**

Defense believes Plaintiffs lack Article III standing to assert co-ownership claims because the Defense contends that the foundation of Plaintiffs' alleged rights, namely their asserted status as the lawful heirs of Ahmad Zahir, has never been

1 properly established by any contemporaneous documentation in any court or tribunal
2 and remains vigorously disputed. Article III requires Plaintiffs to demonstrate a
3 concrete and legally protected interest in the copyrighted works at issue. Defense
4 contends Plaintiffs cannot satisfy this threshold requirement because their claim to
5 any copyright interest depends entirely on proving that they are, in fact, the lawful
6 widow and daughter of the decedent.

7 Plaintiffs vigorously dispute this argument, and believe that Defendant's "lack
8 of standing" argument contradicts U.S. public policy, the State Department
9 Reciprocity Schedule, the USCIS Policy Manual, and Federal Rule of Evidence 1004.
10 Plaintiffs stated repeatedly during the meet-and-confer that these points were
11 statements of controlling federal law—not personal opinions—and that the U.S.
12 Government formally recognizes that Afghan birth and marriage certificates were
13 generally unavailable before 2004. Under these federal standards, applicants must
14 rely on secondary evidence when primary documents do not exist. Plaintiffs have
15 done exactly that, producing Tazkiras (Afghan IDs), Afghan passports, documents
16 issued by the Ambassador of the United States of America in Afghanistan, familial
17 affidavits, the marriage certificate issued by the Embassy of Afghanistan in Canada,
18 relevant archives, and decades of family documentation. Both the United States
19 Government and the former Government of Afghanistan have already recognized
20 Plaintiffs' identity and parentage through official records, which satisfies the
21 preponderance-of-evidence standard for civil standing. Plaintiffs also noted that
22 Defendant cannot continue asserting a "lack of standing" while simultaneously
23 refusing Plaintiffs' offer for DNA testing and ignoring substantial documentation that
24 Plaintiffs have produced.

25 Plaintiffs further contend that they are U.S. Citizens and hold U.S. Copyrights
26 to some of the music at issue, are recognized publicly as the widow and daughter of
27 the author, and were recognized by Defendant himself for 40+ years as the widow

28

JOINT STATEMENT
Case No.: 2:25-cv-782-JFW-AS

1  and daughter of the author. Plaintiffs noted that Defendant did not challenge the

2  identity of Plaintiffs for more than 40 years until they sought to register copyright.

### 3.  Probate Exception

4  Defense contends that the Court lacks subject-matter jurisdiction under the

5  probate exception, which prohibits federal courts from adjudicating matters involving

6  the administration of a decedent's estate, which, Defense argues, includes

7  determining who the lawful heirs of the decedent are under applicable law. Defense

8  believes that Plaintiffs' claims cannot be resolved without first determining marriage

9  validity, paternity, and heirship under foreign and state family-law regimes, and that

10  courts have consistently recognized that identifying a decedent's heirs is a core

11  probate function reserved to state probate courts, as recognized, for example, by

12  California's Probate Code.

13  Therefore, Defense believes that Plaintiffs' efforts to obtain DNA tests through

14  discovery in this action would not even be available or appropriate in a properly filed

15  probate or parentage proceeding under California law and that Plaintiffs' attempt to

16  use federal discovery to manufacture heirship exemplifies the type of circumvention

17  the probate exception is intended to prevent.

18  Plaintiffs, who are assisted by the University of San Francisco of Law –

19  Internet & IP Justice Clinic, identified 4 authorities which explained the probate

20  exception is narrow and provided Defendant with them. Specifically, Plaintiffs and

21  the clinic demonstrated that the probate exception applies to administration of estates,

22  not copyright ownership disputes. *Marshall v. Marshall*, 547 U.S. 293 (2006).

23  Plaintiffs do not seek to probate an estate, appoint an executor, or distribute estate

24  assets. Plaintiffs seek declaration of copyright ownership under federal law.

25  Plaintiffs noted that Federal courts have jurisdiction over copyright disputes

26  even when heirship issues are involved. Plaintiffs also noted that: No probate

27  proceeding exists, No party has filed in probate court, Defendant has not identified

28

- 5 -

JOINT STATEMENT
Case No.: 2:25-cv-782-JFW-AS

which state court would have jurisdiction over a dispute about U.S. copyrights between parties residing in different states and Copyright ownership is a federal question regardless of how ownership is established. Plaintiffs also noted that the probate exception should not apply to in personam copyright claims.

### 4. Whether amendment of the pleadings can cure the alleged deficiencies

The parties recognize the Court's Standing Order requires parties to discuss "*the possibility of resolving the issue by amendment of the pleading*" before filing a Rule 12(b) motion.

Plaintiffs specifically offered to amend the Complaint to address any perceived pleading deficiencies. Plaintiffs requested that Defendant identify, (1) what specific allegations Defendant contends are deficient, (2) whether amendment could cure those deficiencies, and (3) what specific changes would be necessary.

Defense believes that the issues embraced by this motion are not issues that can be cured by amendment.

///

///

The Parties engaged in a thorough discussion of these issues, with Defense counsel responding to questions posed by Plaintiff. Because the Parties were unable to come to a resolution, Defendant anticipates filing the Motion on or around December 1, 2025.

DATED: November 22, 2025  By: /s/ *Sergiy M. Sivochek*
           SERGIY M. SIVOCHEK

           Sivochek IP Law Center
           12450 Magnolia Blvd # 4071
           Valley Village, CA 91607
           Telephone: (323) 201-2701
           Email: sivochek@sivochek.com

DATED: November 22, 2025  By: /s/ *Michael McCollum*
           MICHAEL MCCOLLUM

           McCollum Counsel, Inc.
           1500 W Alhambra Rd,
           Alhambra, CA 91801-2009
           Telephone: (213) 534-6070
           Email: michael@mccollumcounsel.com
           *Attorneys for Defendant*

DATED: November __, 2025  *By:* _____
           Shabnam Zahir
           2301 Beechwood Dr.,
           Waxhaw NC 28173

DATED: November __, 2025  *By:* _____
           Fakhria Zahir
           307 Yoakum Parkway # 1607
           Alexandria, VA 22304

           *Plaintiffs, pro se*

## CERTIFICATE OF SERVICE

I hereby certify that on November 22, 2025, I electronically filed the **JOINT STATEMENT OF LOCAL RULE 7-3 CONFERENCE PURSUANT TO SECTION 5(B) OF STANDING ORDER** and that they are available for viewing and downloading from the Courts CM/ECF filing system, and that service will be accomplished through the CM/ECF system to all counsel of record who are registered CM/ECF users. I further certify that on November 22, 2025, a true and correct copy of the foregoing document was served on Plaintiffs Fakhria Zahir and Shabnam Zahir, who are not registered CM/ECF users, by email at the email addresses they provided and to which they have consented to receive service in this action, which is reflected below.

Additionally, a courtesy copy was sent via email to the following parties:

Sergiy M. Sivochek, Esq.
Sivochek IP Law Center
12450 Magnolia Blvd # 4071
Valley Village, CA 91607
Telephone: (323) 201-2701
Email: sivochek@sivochek.com
*Attorneys for Defendant Richard Zahir*

Shabnam Zahir
2301 Beechwood Dr.
Waxhaw, NC 28173
Telephone: (703) 822-3686
Email: shabnamahmadzahir@gmail.com
*///*

1  Fakhria Zahir
2  307 Yoakum Parkway #1607
   Alexandria, VA 22304
3  Telephone: (703) 399-6190
4  Email: shabnamahmadzahir@gmail.com
   *Plaintiffs, pro se*
5

6  Dated: November 22, 2025                    By: /s/ *Neslly Herrera*
7                                                NESLLY HERRERA
                                                 McCollum Counsel
8                                                1500 W. Alhambra Rd,
9                                                Alhambra, CA 91801-2009
                                                 Telephone: (213) 534-6070
10                                               Email: neslly@mccollumcounsel.com
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CERTIFICATE OF SERVICE
Case No.: 2:25-cv-782-JFW-AS