SERGIY M. SIVOCHEK (SBN 270667)
Sivochek IP Law Center
12450 Magnolia Blvd # 4071
Valley Village, CA 91607
Telephone: (323) 201-2701
Email: sivochek@sivochek.com

MICHAEL MCCOLLUM (SBN 235447)
Lead Trial Counsel
McCollum Counsel, Inc.
1500 W. Alhambra Rd,
Alhambra, CA 91801-2009
Telephone: (213) 534-6070
Email: michael@mccollumcounsel.com

*Attorneys for Defendant*
*RICHARD ZAHIR*

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| FAKHRIA ZAHIR and SHABNAM ZAHIR,<br><br>    Plaintiffs,<br><br>vs.<br><br>RICHARD ZAHIR a/k/a RISHAD ZAHIR<br><br>    Defendant. | ) Case No.: 2:25-cv-782-JFW-AS<br>) Honorable John F. Walter<br>)<br>)<br>) **DECLARATION OF MICHAEL B.**<br>) **MCCOLLUM, ESQ. IN SUPPORT**<br>) **OF DEFENDANT'S MOTION TO**<br>) **DISMISS THE COMPLAINT**<br>) **PURSUANT TO F.R.C.P. 12(B)(1)**<br>)<br>)<br>) [*Filed Concurrently with Defendant's*<br>) *Notice of Motion and Motion to Dismiss*<br>) *The Complaint Pursuant to F.R.C.P.*<br>) *12(B)(1)*] |

## DECLARATION OF MICHAEL B. MCCOLLUM

I, Michael McCollum, declare:

1.      I am an attorney licensed to practice in the State of California and admitted before this Court, and I am designated lead attorney for Defendant in this action.

2.      I am personally familiar with the matters stated herein and could testify thereto if required. I make this declaration in regard to Defendant's Motion to Dismiss.

3.      On June 14, 2025, Defendant served his requests for admission (RFAs) on Plaintiffs.

4.      On July 14, 2025, Plaintiffs served their responses to Defendant's RFAs.

5.      On July 28, 2025, Plaintiffs served their amended responses to Defendant's RFAs. A true and correct copy of these responses, which include Defendant's actual RFAs, is attached to this Declaration as Exhibit A.

6.      Defendant's RFA No. 2 states: "Admit that Plaintiffs do not possess any will, probate order, or other legal document establishing that either Plaintiff inherited a copyright interest in any work by Ahmad Zahir." *See* Exhibit A at page 2, lines 1–3.

7.      Plaintiffs' response to RFA No. 2 is as follows: "Admit." Exhibit A at page 2, lines 4–5.

8.      Defendant's RFA No. 4 states: "Admit that no court in any country has ever issued a ruling establishing the legal relationship of either Plaintiff to Ahmad Zahir." *See* Exhibit A at page 2, lines 14–16.

9.      Plaintiffs' response to RFA No. 4 is as follows: "Admit."  Exhibit A at page 2, lines 17–18.

10.     Defendant's RFA No. 5 states: "Admit that no court in any country has ever adjudicated or established that either Plaintiff has any right to inherit tangible or

DECLARATION
Case No.: 2:25-cv-782-JFW-AS

intangible property, including copyrights, from Ahmad Zahir." *See* Exhibit A at page 2, lines 20–22.

11.    Plaintiffs' response to RFA No. 5 is as follows: "Admit."  Exhibit A at page 2, lines 23–24.

12.    Defendant's RFA No. 6 states: "Admit that no administrative, municipal, or local agency in Afghanistan has ever established that either Plaintiff has any right to inherit tangible or intangible property, including copyrights, from Ahmad Zahir." *See* Exhibit A at page 2, lines 26–28, through page 3, line 1.

13.    Plaintiffs' response to RFA No. 6 is as follows: "Admit."  Exhibit A at page 3, lines 2–3.

14.    Defendant's RFA No. 7 states: "Admit that Plaintiffs possess no birth certificate or similar official document—of the type that would have been issued under the laws of Afghanistan in effect in or around 1979—identifying Ahmad Zahir as the father of Shabnam Zahir." *See* Exhibit A at page 3, lines 5–8.

15.    Plaintiffs' response to RFA No. 7 is as follows: "Admit."  Exhibit A at page 3, lines 9–10.

16.    Defendant's RFA No. 9 states: "Admit that neither Plaintiff has ever obtained a written assignment of copyright from Ahmad Zahir or from any of his lawful heirs." *See* Exhibit A at page 3, lines 19–21.

17.    Plaintiffs' response to RFA No. 9 is as follows: "Admit."  Exhibit A at page 3, lines 22–23.

18.    Defendant's RFA No. 16 states: "Admit that no photographs exist of the alleged marriage ceremony between Fakhria Zahir and Ahmad Zahir." See Exhibit A at page 5, lines 10–12.

19.    Plaintiffs' response to RFA No. 16 is as follows: "Admit."  Exhibit A at page 5, lines 13–14.

DECLARATION
Case No.: 2:25-cv-782-JFW-AS

20.     Defendant's RFA No. 27 states: "Admit that, at some point prior to February 23, 1976, Fakhria Zahir was married to Haroon Khan Sherzad."  *See* Exhibit A at page 5, lines 19-21.

21.     Plaintiffs' response to RFA No. 27 is as follows: "Admit." Exhibit A at page 5, lines 22-23.

22.     Defendant's RFA No. 29 states: "Admit that Plaintiffs do not possess a TALAQ NAMA or any other document evidencing that a legal divorce between Fakhria Zahir and Haroon Khan Sherzad was granted, issued, or finalized under the laws or customs of Afghanistan prior to February 23, 1976." *See* Exhibit A at page 8, lines 4-7.

23.     Plaintiffs' original response to RFA No. 29 was as follows: "Deny." Exhibit A at page 8, lines 8-9.

24.     On August 22, 2025, following a meet-and-confer with Plaintiffs' then-counsel, Ethan Jacobs, Mr. Jacobs sent the following in an email to defense counsel:

"RFA 29. I explained that we will revise to change the answer to 'admit.'

EJ: I believe this is now resolved, subject to Plaintiffs serving amended RFA responses."

A copy of this email, with portions irrelevant to this issue redacted, is attached as Exhibit C.

25.     Defendant's RFA No. 31 states: "Admit that, prior to June 14, 1979, Plaintiff Fakhria Zahir had one or more children fathered by a man other than Ahmad Zahir." *See* Exhibit A at page 8, lines 18-20.

26.   Plaintiffs' response to RFA No. 31 as follows: "Admit." Exhibit A at page 8, lines 21-22.

27.   Defendant's RFA No. 32 states: "Admit that Plaintiff Fakhria Zahir has had one or more children with Haroon Khan Sherzad." *See* Exhibit A at page 8, lines 24-25.

28.   Plaintiffs' response to RFA No. 32 as follows: "Admit." Exhibit A at page 8, lines 26-27.

29.   On June 14, 2025, Defendant served his Request for Production of Documents on Plaintiffs ("RFPs").

30.   On July 14, 2025, Plaintiffs served their responses to Defendant's RFPs. A true and correct copy of relevant portions of Plaintiffs' response, which includes Defendant's actual RFPs, is attached as Exhibit B.

31.   Defendant's RFP No. 6 states: "All documents that evidence whether Plaintiff Fakhria Zahir was ever married to or divorced from any individual other than Ahmad Zahir or Haroon Khan Sherzad at any time prior to June 14, 1979, including but not limited to NIKAH KHATs, marriage certificates, TALAQ NAMAs, divorce decrees, or other official records reflecting the existence or termination of any such relationship." *See* Exhibit B at page 4, lines 18–23.

32.   Plaintiffs' response to RFP No. 6 included various objections, together with the following response: "Plaintiffs respond that no such documents exist in their possession, custody, or control." Exhibit B at page 4, lines 24–27.

33.   Plaintiffs have repeatedly demanded that Defendant Rishad Zahir submit to DNA testing and have threatened to move to compel such testing. This is evidenced by representative, nonexclusive emails sent by Plaintiffs' then-counsel, Ethan Jacobs, on July 9, July 17, and August 19, 2025. True and correct copies of those emails are attached as Exhibit D.

34.    On August 29, 2025, my co-counsel, Sergiy M. Sivochek, and I participated in a meet-and-confer Zoom conference with Plaintiffs' then-counsel, Ethan Jacobs, during which Plaintiffs' anticipated motion to compel Defendant Rishad Zahir to submit to DNA testing was among the issues discussed.

35.    I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 5th day of December, 2025 at Alhambra, California.


*/s/ Michael McCollum*

Michael McCollum

DECLARATION
Case No.: 2:25-cv-782-JFW-AS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

Ethan Jacobs (SBN 291838)
Ethan Jacobs Law Corporation
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 275-0845
ethan@ejacobslaw.com

Attorneys for Plaintiffs
Fakhria Zahir and Shabnam Zahir

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAKHRIA ZAHIR and SHABNAM ZAHIR, <br><br> Plaintiffs, <br><br> v. <br><br> RICHARD ZAHIR a/k/a RISHAD ZAHIR, <br><br> Defendant. | Case No. 2:25-cv-782-JFW-AS <br><br> **PLAINTIFFS' RESPONSE TO DEFENDANT'S REQUESTS FOR ADMISSION, SET ONE - REVISED** |
| RICHARD ZAHIR a/k/a RISHAD ZAHIR, <br><br> Counterclaimant, <br><br> v. <br><br> FAKHRIA ZAHIR and SHABNAM ZAHIR, <br><br> Counterdefendants. | |

Pursuant to Federal Rule of Civil Procedure 36, Plaintiffs Fakhria Zahir and Shabnam Zahir respond to Defendant Richard Zahir's Requests for Admissions, Set One, as follows.

**RESPONSES TO REQUESTS FOR ADMISSION**

**REQUEST FOR ADMISSION NO. 1:**

Admit that Ahmad Zahir died intestate in the country of Afghanistan.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Admit.

1

**REQUEST FOR ADMISSION NO. 2:**

Admit that Plaintiffs do not possess any will, probate order, or other legal document establishing that either Plaintiff inherited a copyright interest in any work by Ahmad Zahir.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Admit.


**REQUEST FOR ADMISSION NO. 3:**

Admit that, aside from the instant proceeding, Plaintiffs have never initiated any probate proceeding, lawsuit, or other judicial action in any country to establish their legal relationship to Ahmad Zahir or their right to inherit from him.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Deny.


**REQUEST FOR ADMISSION NO. 4:**

Admit that no court in any country has ever issued a ruling establishing the legal relationship of either Plaintiff to Ahmad Zahir.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Admit.


**REQUEST FOR ADMISSION NO. 5:**

Admit that no court in any country has ever adjudicated or established that either Plaintiff has any right to inherit tangible or intangible property, including copyrights, from Ahmad Zahir.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Admit.


**REQUEST FOR ADMISSION NO. 6:**

Admit that no administrative, municipal, or local agency in Afghanistan has ever established that either Plaintiff has any right to inherit tangible or intangible property, including copyrights,

2

PLAINTIFFS' RESPONSES TO REQUESTS FOR ADMISSION, SET ONE - REVISED

1    from Ahmad Zahir.

2    **RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

3    Admit.

4

5    **REQUEST FOR ADMISSION NO. 7:**

6    Admit that Plaintiffs possess no birth certificate or similar official document—of the type that

7    would have been issued under the laws of Afghanistan in effect in or around 1979—identifying

8    Ahmad Zahir as the father of Shabnam Zahir.

9    **RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

10   Admit.

11

12   **REQUEST FOR ADMISSION NO. 8:**

13   Admit that Plaintiffs do not possess any document issued by any official governmental,

14   municipal, or local authority in Afghanistan that affirms or evidences that Shabnam Zahir is the

15   biological or legal child of Ahmad Zahir.

16   **RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

17   Deny.

18

19   **REQUEST FOR ADMISSION NO. 9:**

20   Admit that neither Plaintiff has ever obtained a written assignment of copyright from Ahmad

21   Zahir or from any of his lawful heirs.

22   **RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

23   Admit.

24

25   **REQUEST FOR ADMISSION NO. 10:**

26   Admit that no KHINA NIGHT or other customary prewedding ceremony associated with a

27   traditional Islamic wedding, as practiced under Afghan customs in or around 1976, ever took

28   place between Fakhria Zahir and Ahmad Zahir.

1    **RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

2    Deny.

3

4    **REQUEST FOR ADMISSION NO. 11:**

5    Admit that no MAHR was ever agreed upon or set for Fakhria Zahir by Ahmad Zahir or by any

6    member of his family.

7    **RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

8    Deny.

9

10    **REQUEST FOR ADMISSION NO. 12:**

11    Admit that no MAHR—whether in whole or in part—was ever paid to Fakhria Zahir by Ahmad

12    Zahir or by any member of his family.

13    **RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

14    Deny.

15

16    **REQUEST FOR ADMISSION NO. 13:**

17    Admit that Fakhria Zahir and Ahmad Zahir never signed or otherwise executed a NIKAH

18    KHAT or any other formal marriage contract.

19    **RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

20    Deny.

21    **REQUEST FOR ADMISSION NO. 14:**

22    Admit that no NIKAH KHAT or any other formal marriage contract between Fakhria Zahir and

23    Ahmad was ever recorded with any government or municipal agency or any court in

24    Afghanistan.

25    **RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

26    After making a reasonable inquiry, Plaintiffs are is currently unable to admit or deny the matter

27    stated in the request because the information Plaintiffs know or can readily obtain is

28    insufficient to enable them to admit or deny the request. Discovery is continuing and Plaintiffs

reserve the right to supplement this response.

**REQUEST FOR ADMISSION NO. 15:**

Admit that Plaintiffs do not possess a NIKAH KHAT, marriage certificate, or any other formal contract or official document—religious or civil—evidencing a legally valid marriage between Fakhria Zahir and Ahmad Zahir under the laws or customs of Afghanistan in or around 1976.

**RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

Deny.

**REQUEST FOR ADMISSION NO. 16:**

Admit that no photographs exist of the alleged marriage ceremony between Fakhria Zahir and Ahmad Zahir.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

Admit.

**REQUEST FOR ADMISSION NO. 17:**

Admit that no NIKAH ceremony or other formal Islamic marriage rite was ever performed between Fakhria Zahir and Ahmad Zahir in accordance with the laws of Afghanistan in effect at the relevant time

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

Deny.

**REQUEST FOR ADMISSION NO. 18:**

Admit that Fakhria Zahir and Ahmad Zahir never entered into a legally recognized marriage under the laws of Afghanistan in effect at any relevant time.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

Deny.

1

2  **REQUEST FOR ADMISSION NO. 19**:

3  Admit that Fakhria Zahir claims to have married Ahmad Zahir on February 23, 1976 in the city

4  of Kabul, Afghanistan.

5  **RESPONSE TO REQUEST FOR ADMISSION NO. 19**:

6  Admit.

7

8  **REQUEST FOR ADMISSION NO. 20**:

9  Admit that Kabul was the capital of Afghanistan on February 23, 1976.

10  **RESPONSE TO REQUEST FOR ADMISSION NO. 20**:

11  Admit.

12

13  **REQUEST FOR ADMISSION NO. 21**:

14  Admit that the city of Kabul was an urban area on February 23, 1976.

15  **RESPONSE TO REQUEST FOR ADMISSION NO. 21**:

16  Admit.

17

18  **REQUEST FOR ADMISSION NO. 22**:

19  Admit that Fakhria Zahir was residing in the city of Kabul, Afghanistan, on or around February

20  23, 1976.

21  **RESPONSE TO REQUEST FOR ADMISSION NO. 22**:

22  Admit.

23

24  **REQUEST FOR ADMISSION NO. 23**:

25  Admit that Fakhria Zahir was residing in an urban area on or around February 23, 1976.

26  **RESPONSE TO REQUEST FOR ADMISSION NO. 23**:

27  Admit.

28

PLAINTIFFS' RESPONSES TO REQUESTS FOR ADMISSION, SET ONE - REVISED

**REQUEST FOR ADMISSION NO. 24:**

Admit that Ahmad Zahir was residing in the city of Kabul, Afghanistan, on or around February 23, 1976.

**RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

Admit.

**REQUEST FOR ADMISSION NO. 25:**

Admit that Ahmad Zahir was residing in an urban area on or around February 23, 1976.

**RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

Admit.

**REQUEST FOR ADMISSION NO. 26:**

Admit that, at some time prior to June 14, 1979, Plaintiff Fakhria Zahir was legally married to at least one individual other than Ahmad Zahir.

**RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

Deny.

**REQUEST FOR ADMISSION NO. 27:**

Admit that, at some point prior to February 23, 1976, Fakhria Zahir was married to Haroon Khan Sherzad.

**RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

Admit.

**REQUEST FOR ADMISSION NO. 28:**

Admit that Fakhria Zahir did not obtain a legal divorce from Haroon Khan Sherzad prior to February 23, 1976.

**RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

Deny.


**REQUEST FOR ADMISSION NO. 29:**

Admit that Plaintiffs do not possess a TALAQ NAMA or any other document evidencing that a legal divorce between Fakhria Zahir and Haroon Khan Sherzad was granted, issued, or finalized under the laws or customs of Afghanistan prior to February 23, 1976.

**RESPONSE TO REQUEST FOR ADMISSION NO. 29:**

Deny.


**REQUEST FOR ADMISSION NO. 30:**

Admit that, during the 1970s, Plaintiff Fakhria Zahir was arrested or detained by Afghan authorities on at least one occasion based on allegations of adultery or a similar moral or criminal offense, arising from her extra-marital relationship with Ahmad Zahir.

**RESPONSE TO REQUEST FOR ADMISSION NO. 30:**

Deny.


**REQUEST FOR ADMISSION NO. 31:**

Admit that, prior to June 14, 1979, Plaintiff Fakhria Zahir had one or more children fathered by a man other than Ahmad Zahir.

**RESPONSE TO REQUEST FOR ADMISSION NO. 31:**

Admit.


**REQUEST FOR ADMISSION NO. 32:**

Admit that Plaintiff Fakhria Zahir has had one or more children with Haroon Khan Sherzad.

**RESPONSE TO REQUEST FOR ADMISSION NO. 32:**

Admit.

1

2  **REQUEST FOR ADMISSION NO. 33**:

3  Admit that the law governing legal marriage in Afghanistan as of February 23, 1976 was THE

4  LAW ON MARRIAGE enacted on August 8, 1971 (17 Asad 1350).

5  **RESPONSE TO REQUEST FOR ADMISSION NO. 33**:

6  Plaintiffs object to this request on the ground that it calls for a legal conclusion and for expert

7  testimony. To the extent a response is required, Plaintiffs deny.

8

9  **REQUEST FOR ADMISSION NO. 34**:

10  Admit that Plaintiff Shabnam Zahir was born after the death of Ahmad Zahir.

11  **RESPONSE TO REQUEST FOR ADMISSION NO. 34**:

12  Admit.

13

14  **REQUEST FOR ADMISSION NO. 35**:

15  Admit that Plaintiff Shabnam Zahir was born in the country of Afghanistan.

16  **RESPONSE TO REQUEST FOR ADMISSION NO. 35**:

17  Admit.

18

19  **REQUEST FOR ADMISSION NO. 36**:

20  Admit that Plaintiff Shabnam Zahir was born in the city of Kabul.

21  **RESPONSE TO REQUEST FOR ADMISSION NO. 36**:

22  Admit.

23

24  **REQUEST FOR ADMISSION NO. 37**:

25  Admit that Plaintiffs licensed one or more works in the ZAHIR CATALOG to third parties

26  without Defendant's consent.

27  **RESPONSE TO REQUEST FOR ADMISSION NO. 37**:

28  Admit.

**REQUEST FOR ADMISSION NO. 38**:

Admit that Plaintiffs licensed one or more works by Ahmad Zahir to third parties without providing Defendant with prior notice.

**RESPONSE TO REQUEST FOR ADMISSION NO. 38**:

Admit.

**REQUEST FOR ADMISSION NO. 39**:

Admit that Plaintiffs have received revenue from the licensing or other exploitation of the works in the ZAHIR CATALOG since at least 2015.

**RESPONSE TO REQUEST FOR ADMISSION NO. 39**:

Plaintiffs object to the request on the ground that the phrase "since at least 2015" is vague and ambiguous between receiving revenues after January 1, 2015 and receiving revenues continuously since that date. Substituting "after January 1, 2015" for "since at least 2015," Plaintiffs admit.

**REQUEST FOR ADMISSION NO. 40**:

Admit that Plaintiffs have received revenue from the licensing or other exploitation of the works in the ZAHIR CATALOG since at least 2000.

**RESPONSE TO REQUEST FOR ADMISSION NO. 40**:

Plaintiffs object to the request on the ground that the phrase "since at least 2020" is vague and ambiguous between receiving revenues after January 1, 2020 and receiving revenues continuously since that date. Substituting "after January 1, 2020" for "since at least 2020," Plaintiffs admit.

**REQUEST FOR ADMISSION NO. 41**:

Admit that, prior to May 2, 2024, Plaintiffs did not provide Defendant with any accounting of revenues received from the licensing or other exploitation of the works in the ZAHIR CATALOG.

10

**RESPONSE TO REQUEST FOR ADMISSION NO. 41:**

Admit.


**REQUEST FOR ADMISSION NO. 42:**

Admit that Plaintiffs did not inform Defendant before submitting a Notice of Intent to Enforce (NIE) to the U.S. Copyright Office on or around July 24, 2018.

**RESPONSE TO REQUEST FOR ADMISSION NO. 42:**

Admit.


**REQUEST FOR ADMISSION NO. 43:**

Admit that Defendant was not listed as an ownership claimant in the Notice of Intent to Enforce (NIE) that Plaintiffs or someone acting on their behalf filed with the U.S. Copyright Office on or around July 24, 2018.

**RESPONSE TO REQUEST FOR ADMISSION NO. 43:**

Admit.


**REQUEST FOR ADMISSION NO. 44:**

Admit that Fakhria Zahir was the only person listed as the ownership claimant in the Notice of Intent to Enforce (NIE) that Plaintiffs or someone acting on their behalf filed with the U.S. Copyright Office on or around July 24, 2018.

**RESPONSE TO REQUEST FOR ADMISSION NO. 44:**

Admit.

**REQUEST FOR ADMISSION NO. 45:**

Admit that Plaintiffs submitted one or more copyright applications to the Afghanistan Ministry of Information and Culture (AMIC) concerning works by Ahmad Zahir without providing Defendant with advance notice or obtaining his consent.

**RESPONSE TO REQUEST FOR ADMISSION NO. 45:**

Admit.

**REQUEST FOR ADMISSION NO. 46:**

Admit that Plaintiffs did not identify Defendant by name or reference any claimed interest by Defendant in any copyright application submitted to the Afghanistan Ministry of Information and Culture (AMIC).

**RESPONSE TO REQUEST FOR ADMISSION NO. 46:**

Deny.


**REQUEST FOR ADMISSION NO. 47:**

Admit that, in or around February 2024, Plaintiffs or someone acting on their behalf, submitted a complaint to TuneCore (which operates the content distribution platform at https://www.tunecore.com) concerning Defendant's distribution of works in the ZAHIR CATALOG on that platform.

**RESPONSE TO REQUEST FOR ADMISSION NO. 47:**

Admit.


**REQUEST FOR ADMISSION NO. 48:**

Admit that the complaint referenced in Request for Admission No. 47 was submitted pursuant to the provisions of the Digital Millennium Copyright Act.

**RESPONSE TO REQUEST FOR ADMISSION NO. 48:**

Deny.

**REQUEST FOR ADMISSION NO. 49**

Admit that, at the time the complaint described in Request for Admission No. 47 was submitted, Plaintiff Shabnam Zahir was aware that Defendant was at least a partial copyright owner of the affected works.

**RESPONSE TO REQUEST FOR ADMISSION NO. 49:**

Plaintiffs object on the ground that they do not understand the meaning of the phrase "partial copyright owner" and on that basis, deny the Request for Admission.

**REQUEST FOR ADMISSION NO. 50:**

Admit that Plaintiffs did not provide Defendant with prior notice before submitting the complaint described in Request No. 47.

**RESPONSE TO REQUEST FOR ADMISSION NO. 50:**

Admit.

**REQUEST FOR ADMISSION NO. 51:**

Admit that Plaintiffs have not shared with Defendant any of the agreements they have entered into concerning the licensing or distribution of works in the ZAHIR CATALOG.

**RESPONSE TO REQUEST FOR ADMISSION NO. 51:**

Admit.

**REQUEST FOR ADMISSION NO. 52:**

Admit that in or around 2017, Plaintiffs made a public announcement regarding their intent to produce a documentary about Ahmad Zahir.

**RESPONSE TO REQUEST FOR ADMISSION NO. 52:**

Admit.

**REQUEST FOR ADMISSION NO. 53:**

Admit that, as of the date of Plaintiffs' response to these Requests for Admission, no documentary or other audiovisual work about Ahmad Zahir has been completed or released by Plaintiffs.

**RESPONSE TO REQUEST FOR ADMISSION NO. 53:**

Admit.

**REQUEST FOR ADMISSION NO. 54:**

Admit that Plaintiffs have sold merchandise featuring works by Ahmad Zahir.

13

**RESPONSE TO REQUEST FOR ADMISSION NO. 54:**

Admit.


**REQUEST FOR ADMISSION NO. 55:**

Admit that Plaintiffs have been selling merchandise featuring works by Ahmad Zahir since at least 2018.

**RESPONSE TO REQUEST FOR ADMISSION NO. 55:**

Deny.


**REQUEST FOR ADMISSION NO. 56:**

Admit that Plaintiffs have not disclosed or shared with Defendant any revenues derived from the merchandise referenced in Requests for Admission Nos. 54 and 55.

**RESPONSE TO REQUEST FOR ADMISSION NO. 56:**

Admit.



Dated:    July 28, 2025                    ETHAN JACOBS LAW CORPORATION

                              By: _/s/ Ethan Jacobs_____
                                    Ethan Jacobs


                                    Attorney for Plaintiffs
                                    Fakhria Zahir and Shabnam Zahir

PLAINTIFFS' RESPONSES TO REQUESTS FOR ADMISSION, SET ONE - REVISED

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT B

Ethan Jacobs (SBN 291838)
Ethan Jacobs Law Corporation
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 275-0845
ethan@ejacobslaw.com

Attorneys for Plaintiffs
Fakhria Zahir and Shabnam Zahir

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAKHRIA ZAHIR and SHABNAM ZAHIR, <br><br> Plaintiffs, <br><br> v. <br><br> RICHARD ZAHIR a/k/a RISHAD ZAHIR, <br><br> Defendant. | Case No. 2:25-cv-782-JFW-AS <br><br> **PLAINTIFFS' RESPONSE TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS** |
| RICHARD ZAHIR a/k/a RISHAD ZAHIR, <br><br> Counterclaimant, <br><br> v. <br><br> FAKHRIA ZAHIR and SHABNAM ZAHIR, <br><br> Counterdefendants. | |

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiffs Fakhria Zahir and Shabnam Zahir respond to Defendant Richard Zahir's Request for Production of Documents, Set One (the "Request"), as follows.

### OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.    Plaintiffs object to the definition of "COMMUNICATION" to the extent it purports to require them to produce "oral ... exchanges" because they cannot produce ephemeral conveyances of information, such as conversations, only documents that reflect or record those conveyances.

1

2.      Plaintiffs object to the definition of the terms "REFER" and "RELATE TO" as vague and ambiguous on the grounds that it purports to define "any variations" of those terms without explaining what variations Defendant intends to capture. Plaintiffs further object to the definitions as vague and ambiguous to the extent they purport to require them to determine whether a document "represent[s], support[s], contradict[s], ... and/or having relevance to" because Plaintiffs cannot determine from the face of a document whether those descriptors apply.

3.      Plaintiffs object to Instruction No. 3's direction to produce documents "organized and labeled according to the paragraph of the Request they pertain to" as exceeding the requirements of Federal Rules of Civil Procedure, Rule 34, which permits production organized as documents are kept in the usual course of business.

4.      Plaintiffs object to Instruction Nos. 5 and 7 on the ground that the Federal Rules of Civil Procedure do not require them to respond to document requests with a narrative explaining efforts made to obtain documents or why they are no longer available or no longer exist.

5.      Plaintiffs object to Instruction No. 9 on the ground that the Federal Rules of Civil Procedure do not require them to accompany continuing document productions with a narrative explaining how, when, or by whom documents were created or discovered.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1**

All documents sufficient to identify each Plaintiff's current legal name, all maiden names, any other names previously or currently used, and all name changes from birth to the present.

**RESPONSE TO REQUEST NO. 1**

Plaintiffs incorporate by reference each and every one of their Objections to Definitions and Instructions set forth above. Subject to and without waiving the objections stated above, Plaintiffs will conduct a reasonable search and will produce any responsive, non-privileged documents in their possession, custody, or control identified through that search.

2

**RESPONSE TO REQUEST NO. 4**

Plaintiffs incorporate by reference each and every one of their Objections to Definitions and Instructions set forth above. Subject to and without waiving the objections stated above, Plaintiffs will conduct a reasonable search and will produce any responsive, non-privileged documents in their possession, custody, or control identified through that search.

**REQUEST NO. 5**

Copies of any NIKAH KHAT, TALAQ NAMA, or other documents sufficient to show that Plaintiff Fakhria Zahir was married to and subsequently divorced Haroon Khan Sherzad, including but not limited to marriage certificates, divorce records, or official filings evidencing the formation and dissolution of that relationship.

**RESPONSE TO REQUEST NO. 5**

Plaintiffs incorporate by reference each and every one of their Objections to Definitions and Instructions set forth above. Subject to and without waiving the objections stated above, Plaintiffs will conduct a reasonable search and will produce any responsive, non-privileged documents in their possession, custody, or control identified through that search.

**REQUEST NO. 6**

All documents that evidence whether Plaintiff Fakhria Zahir was ever married to or divorced from any individual other than Ahmad Zahir or Haroon Khan Sherzad at any time prior to June 14, 1979, including but not limited to NIKAH KHATs, marriage certificates, TALAQ NAMAs, divorce decrees, or other official records reflecting the existence or termination of any such relationship.

**RESPONSE TO REQUEST NO. 6**

Plaintiffs incorporate by reference each and every one of their Objections to Definitions and Instructions set forth above. Plaintiffs respond that no such documents exist in their possession, custody, or control.

4

Instructions set forth above. Subject to and without waiving the objections stated above, Plaintiffs state that they do not believe they have any responsive documents in their possession, custody, or control but will conduct a reasonable search to determine if any responsive, non-privileged documents exist in their possession, custody, or control.

**REQUEST NO. 70**

A log identifying all documents and tangible things withheld from production on the basis of attorney-client privilege, work-product doctrine, or any other asserted protection or objection. The log shall identify each withheld document by date, author, recipient(s), general subject matter, and the specific ground(s) for withholding.

**RESPONSE TO REQUEST NO. 70**

Plaintiffs incorporate by reference each and every one of their Objections to Definitions and Instructions set forth above. Plaintiffs object on the ground that a request for production cannot require a recipient to generate a document. Notwithstanding that objection, Plaintiffs will provide, but not "produce," a privilege log as appropriate.

Dated: July 14, 2025                          ETHAN JACOBS LAW CORPORATION


                                    By: ___/s/ Ethan Jacobs_____
                                          ETHAN JACOBS
                                          Attorneys for Plaintiffs
                                          Fakhria Zahir and Shabnam Zahir

PLAINTIFFS' RESPONSE TO REQUEST FOR PRODUCTION

# EXHIBIT C

EXHIBIT C
Case No.: 2:25-cv-782-JFW-AS

 Gmail

Sergiy Sivochek <sivochek@sivochek.com>

## Zahir v. Zahir - Responses to Defendant's Discovery Issues

2 messages

**Ethan Jacobs** <ethan@ejacobslaw.com>                                    Fri, Aug 22, 2025 at 4:08 PM
To: Sergiy Sivochek <sivochek@sivochek.com>, Michael McCollum <michael@mccollumcounsel.com>, Neslly Herrera
<neslly@mccollumcounsel.com>

Sergiy,

I'm starting this new email thread to respond to Defendant's outstanding requests for clarification of
supplementation of Plaintiffs' discovery responses and production.

Thank you,
Ethan

1.   RFA 29. I explained that we will revise to change the answer to "admit."
**EJ: I believe this is now resolved, subject to Plaintiffs serving amended RFA responses.**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT D

From: **Ethan Jacobs** <ethan@ejacobslaw.com>
Date: Tue, Aug 19, 2025 at 4:14 PM
Subject: Zahir v. Zahir DNA testing stipulation or motion
To: Sergiy Sivochek <sivochek@sivochek.com>, Michael McCollum <michael@mccollumcounsel.com>, Neslly Herrera <neslly@mccollumcounsel.com>

Sergiy,

I am back from vacation and will provide a comprehensive response to your August 15 discovery email after conferring with my clients.

In the meantime, I want to resolve the DNA testing issue, which has been outstanding for a while. Plaintiffs will not be producing additional documents that tend to prove the biological relationship between Shabnam and her father, Ahmad.

I therefore ask that, by this Thursday, August 21, Richard either (1) agree to stipulate that Shabnam's is Ahmad Zahir's biological child, or (2) agree to provide a DNA sample for testing. In the meantime, please provide your availability for a meet and confer in advance of a motion to compel in case Richard's position continues to be something other than agreeing to one of the two options above.

Thank you,
Ethan

**Ethan Jacobs**
415.275.0845
100 Pine St., Suite 1250
San Francisco, CA 94111
ejacobslaw.com

On Thu, Jul 17, 2025 at 3:06 PM Ethan Jacobs <ethan@ejacobslaw.com> wrote:

Sergiy,

First, you correctly understood my email. My clients will seek DNA samples from both Richard Zahir and Zahira Zahir to establish the genetic relationship between Shabnam Zahir and Ahmad Zahir.

Second, your speculation about the relationship between Shabnam Zahir and her aunts is not the determining factor. Zahira lives in the United States, while Belquis lives in Germany. Plaintiffs will seek a DNA sample from Zahira.

Third, Plaintiffs reject your proposal that Richard delay a decision on the proposed stipulation that Shabnam is Ahmad's biological daughter until document production is completed. There is not going to be a document that proves one person is the biological child of another, as you well know. You have not suggested what document could satisfy Richard, and given that it his accusation is baseless, I do not believe anything but a DNA test will convince him. Refusing to stipulate now is refusing to stipulate.

Finally, in the absence of a stipulation, I do not plan to involve you in the selection of a testing laboratory.

I appreciate that your client litigating this case on the basis of a groundless accusation that Shabnam is not Ahmad Zahir's biological child will not show him in a good light. And I appreciate that he may not want to be seen as responsible for the need to obtain a DNA sample from Zahira Zahir. The way to avoid that appearance is to abandon the position that requires the DNA testing and agree to the proposed stipulation. But my clients will not allow further delay. In the interests of cooperation, however, I will delay contacting Zahira with our request until early next week, and ask that Richard let me know by next Monday if he has reconsidered.

Thank you,
Ethan

**Ethan Jacobs**
415.275.0845
100 Pine St., Suite 1250
San Francisco, CA 94111
ejacobslaw.com

---

On Wed, Jul 9, 2025 at 4:23 PM Ethan Jacobs <ethan@ejacobslaw.com> wrote:
Sergiy and Michael,

I'm writing to separately follow up about the proposed stipulation regarding Shabnam Zahir's parentage:

I propose Mr. Zahir stipulate that Shabnam Zahir is Ahmad Zahir's biological daughter and that he will not argue otherwise in this case. Otherwise, we will need to take discovery from a relative of Ahmad Zahir—specifically, a DNA sample—to disprove Mr. Zahir's claim.

Because your client has not agreed to the stipulation, we will identify relatives from whom to seek DNA samples and let them know that our inability to reach resolution on his accusations means we will need to gather samples to disprove them. If he does agree, please let me know by next Monday, July 14.

Regards,
Ethan

**Ethan Jacobs**
415.275.0845
100 Pine St., Suite 1250
San Francisco, CA 94111

## CERTIFICATE OF SERVICE

I hereby certify that on December 5, 2025, I electronically filed the **DECLARATION OF MICHAEL B. MCCOLLUM, ESQ. IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT PURSUANT TO F.R.C.P. 12(B)(1)** and that they are available for viewing and downloading from the Courts CM/ECF filing system, and that service will be accomplished through the CM/ECF system to all counsel of record who are registered CM/ECF users. I further certify that on December 5, 2025, a true and correct copy of the foregoing document was served on Plaintiffs Fakhria Zahir and Shabnam Zahir, who are not registered CM/ECF users, by email at the email addresses they provided and to which they have consented to receive service in this action, which is reflected below.

Additionally, a courtesy copy was sent via email to the following parties:

Sergiy M. Sivochek, Esq.
Sivochek IP Law Center
12450 Magnolia Blvd # 4071
Valley Village, CA 91607
Telephone: (323) 201-2701
Email: sivochek@sivochek.com
*Attorneys for Defendant Richard Zahir*

Shabnam Zahir
2301 Beechwood Dr.
Waxhaw, NC 28173
Telephone: (703) 822-3686
Email: shabnamahmadzahir@gmail.com
///

CERTIFICATE OF SERVICE

1  Fakhria Zahir
2  307 Yoakum Parkway #1607
   Alexandria, VA 22304
3  Telephone: (703) 399-6190
4  Email: shabnamahmadzahir@gmail.com
   *Plaintiffs, pro se*
5

6

7  Dated: December 5, 2025                    By: */s/ Neslly Herrera*
                                              NESLLY HERRERA
8                                             McCollum Counsel
9                                             1500 W. Alhambra Rd,
                                              Alhambra, CA 91801-2009
10                                            Telephone: (213) 534-6070
11                                            Email: neslly@mccollumcounsel.com

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 2 -
CERTIFICATE OF SERVICE