SERGIY M. SIVOCHEK (SBN 270667)
Sivochek IP Law Center
12450 Magnolia Blvd # 4071
Valley Village, CA 91607
Telephone: (323) 201-2701
Email: sivochek@sivochek.com

MICHAEL MCCOLLUM (SBN 235447)
Lead Trial Counsel
McCollum Counsel, Inc.
1500 W. Alhambra Rd,
Alhambra, CA 91801-2009
Telephone: (213) 534-6070
Email: michael@mccollumcounsel.com

*Attorneys for Defendant*
*RICHARD ZAHIR*

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAKHRIA ZAHIR and SHABNAM ZAHIR,<br><br>                    Plaintiffs,<br><br>    vs.<br><br>RICHARD ZAHIR a/k/a RISHAD ZAHIR<br><br>                    Defendant. | ) Case No.: 2:25-cv-782-JFW-AS<br>) Honorable John F. Walter<br>)<br>)<br>)<br>) **DEFENDANT'S OBJECTIONS TO**<br>) **DECLARATION OF SHABNAM A.**<br>) **ZAHIR IN SUPPORT OF**<br>) **PLAINTIFFS' OPPOSITION TO**<br>) **MOTION TO DISMISS**<br>)<br>)<br>) Hearing Date: January 5, 2026<br>) Time: 1:30 P.M.<br>) Courtroom: 7A<br>) Complaint filed: January 29, 2025 |

Defendant Rishad Zahir hereby submits the following evidentiary objections to the Declaration of Shabnam A. Zahir in Support of Plaintiffs' Opposition to Defendant's Motion to Dismiss:

| Material Objected to | Grounds for Objection | Ruling on the Objection |
|---|---|---|
| 1.    SZ Dec. ¶ 4: "Long before filing the Motion to Dismiss, Defendant Rishad Zahir represented in pre-litigation communications that federal court was the proper forum to resolve disputes concerning Ahmad Zahire's copyrights and inheritance." | Mischaracterizes the letter attached at Exhibit A. Nowhere does the letter state this. | Sustained ☐ Overruled ☐ |
| 2.    SZ Dec. ¶ 5: "In those communications, Defendant's counsel expressly described the dispute as one involving U.S.-based heirs, copyright ownership, and allocation of rights, and proposed resolving these issues under the U.S. legal system" | Mischaracterizes the letter attached at Exhibit A. Nowhere does the letter state this. The letter invites declarant to discuss applicable law under both U.S. law and Afghan law, but does not propose copyright litigation in Federal Court. | Sustained ☐ Overruled ☐ |
| 3.    SZ Dec. ¶ 18: "True and correct copies of reports and | Hearsay (FRE 801/802) Lack of authentication | Sustained ☐ Overruled ☐ |

1

| | | |
|---|---|---|
| guidance from the U.S. Embassy Kabul, U.S. State Department Visa Reciprocity Schedule, USCIS Policy Manual, Max Planck Institute, and Norwegian COI Centre (Landinfo) confirming these practices are attached as Exhibits J through N." | (FRE 901) Speculation and improper foundation / lack of personal knowledge (FRE 602) Relevance (401/402) Rule of Completeness (FRE 106) All of these documents are inadmissible hearsay, Plaintiff does not describe what these documents are or purport to be, or where and how they were obtained. In many instances, only parts of the documents are attached. Objections to individual Exhibits are discussed separately below. | |
| 4.    SZ Dec. Ex. J | Hearsay (FRE 801/802) Lack of authentication (FRE 901) Speculation and improper foundation / lack of | Sustained ☐ Overruled ☐ |

OBJECTIONS TO DECLARATION OF SHABNAM A. ZAHIR
Case No.: 2:25-cv-782-JFW-AS

| | | | |
|---|---|---|---|
| | | personal knowledge (FRE 602)<br><br>Relevance (401/402)<br><br>The document is entitled "A Guide to Afghan Documents". It is hearsay, and plaintiff offers no details about where or how this document was obtained. A google search for this document shows it is from a website called "Wikileaks". | |
| 5. | SZ Dec. Ex. K | Hearsay (FRE 801/802)<br><br>Lack of authentication (FRE 901)<br><br>Speculation and improper foundation / lack of personal knowledge (FRE 602)<br><br>Relevance (401/402)<br><br>Rule of Completeness (FRE 106)<br><br>The document is entitled "Max Planck Manual on | Sustained ☐<br>Overruled ☐ |

OBJECTIONS TO DECLARATION OF SHABNAM A. ZAHIR
Case No.: 2:25-cv-782-JFW-AS

| | | |
|---|---|---|
| | Family Law in Afghanistan." It is hearsay, and plaintiff offers no details about where or how this document was obtained. Only two pages of the document are offered as the exhibit. | |
| 6.    SZ Dec. Ex. L | Hearsay (FRE 801/802) Lack of authentication (FRE 901) Speculation and improper foundation / lack of personal knowledge (FRE 602) Relevance (401/402) Rule of Completeness (FRE 106) | Sustained ☐ Overruled ☐ |
| | The document is entitled "Report: Afghanistan: Marriage" It is hearsay, and plaintiff offers no details about where or how this document was obtained. Only a portion of | |

4

| | | |
|---|---|---|
| | the document is offered as the exhibit. There is no information about whether the information contained therein is relevant to a marriage that purportedly occurred over 40 years ago. | |
| 7.    SZ Dec. Ex. M | Hearsay (FRE 801/802) Lack of authentication (FRE 901) Speculation and improper foundation / lack of personal knowledge (FRE 602) Relevance (401/402) Rule of Completeness (FRE 106)

The document is untitled. It is hearsay, and plaintiff offers no details about where or how this document was obtained. Only a portion of the information from the website appears to have | Sustained ☐ Overruled ☐ |

OBJECTIONS TO DECLARATION OF SHABNAM A. ZAHIR
Case No.: 2:25-cv-782-JFW-AS

| | | |
|---|---|---|
| | been included in the exhibit, and there is no information within the exhibit about the sources of information or whether it is relevant to a marriage that purportedly occurred more than 40 years ago. | |
| 8.    SZ Dec. Ex. N | Hearsay (FRE 801/802) Lack of authentication (FRE 901) Speculation and improper foundation / lack of personal knowledge (FRE 602) Relevance (401/402) Rule of Completeness (FRE 106)<br><br>The document is entitled "Policy Manual" and purports to be from the U.S. Citizenship and Immigration Services. It is hearsay, and plaintiff offers no details about where or | Sustained ☐ Overruled ☐ |

OBJECTIONS TO DECLARATION OF SHABNAM A. ZAHIR
Case No.: 2:25-cv-782-JFW-AS

| | | |
|---|---|---|
| | how this document was obtained. Only a few pages of the 2,653 page document are offered as the exhibit. | |
| 9.  SZ Dec. ¶ 20 and Ex. O.: "In 2021, I obtained an official Afghan Tazkera (national identity document) identifying Ahmad Zahir as my father. A true and correct copy is attached as Exhibits O." | Hearsay (FRE 801/802) Lack of authentication (FRE 901) Speculation and improper foundation / lack of personal knowledge (FRE 602) Relevance (401/402) This purported ID Card, issued in 2021 (more than 40 years after Shabnam's birth) contains information simply supplied by Plaintiff to the consulate. There is no detail to otherwise authenticate the document or confirm its accuracy or the accuracy of the statements contained therein regarding paternity. | Sustained ☐ Overruled ☐ |

7

| 10.    SZ Dec. ¶¶ 23-24; Ex. P: "AMIC did not require the Afghan civil certificates Defendant now demands and instead asked Defendant whether he possessed any evidence that Plaintiffs were not rightful heirs. Defendant did not produce any such evidence." | Hearsay (FRE 801/802); Relevance (401/402) These emails appear to be uncertified English translations of emails written in Dari (Afghan Persian). Furthermore, as can be seen from the attached email, Rishad Zahir pointed out to AMIC that if Fakhria was claiming an heirship based on marriage to Ahmad Zahir, she needed to provide documentation of divorce from her prior husband and a marriage certificate for her marriage to Ahmad, neither of which had been provided. | Sustained ☐ Overruled ☐ |
| --- | --- | --- |
| 11. SZ Dec. ¶¶ 25-26: "For over forty years, Defendant consistently acknowledged me as his sister and Fakhria Zahir as Ahmad Zahir's wife. Defendant referred to Ahmad | Relevance    (401/402). Mischaracterizes    the emails,    nowhere    does Rishad refer to Fakhria as Ahmad    Zahir's    wife. | Sustained ☐ Overruled ☐ |

8

OBJECTIONS TO DECLARATION OF SHABNAM A. ZAHIR
Case No.: 2:25-cv-782-JFW-AS

| | | |
|---|---|---|
| Zahir as "our father," described himself as my "older brother," discussed our shared "Zahir genes," and encouraged my work on a documentary about our father." | Regarding Rishad's statements about Shabnam, a purported sibling's statements about a purported brother or sister are irrelevant to a determination of paternity. *William M. v. Superior Court (Dana F.)*, 225 Cal. App. 3d 447, 449 (1990); *Estate of Sanders*, 2 Cal. App. 4th 462, 469, 3 Cal. Rptr. 2d 536 (1992). Rishad lack's any relevant personal knowledge on this issue as he was a child living in a different country when Plaintiff was born. | |
| 12. SZ Dec. ¶ 27 and Ex. S. "In Plaintiffs' submission to the Afghan Ministry of Information and Culture ("AMIC"), Plaintiffs expressly identified Defendant as a rightful co-owner and heir to Ahmad | Relevance (401/402). How Plaintiffs characterized Defendant's copyright ownership is irrelevant to this motion. | Sustained ☐ Overruled ☐ |

9

OBJECTIONS TO DECLARATION OF SHABNAM A. ZAHIR
Case No.: 2:25-cv-782-JFW-AS

| | | |
|---|---|---|
| Zahir's works, alongside Plaintiffs." | | |
| SZ Dec. ¶ 28: "Defendant reversed this position only after Plaintiffs sought to formalize copyright ownership." | Relevance (401/402). Mischaracterizes the emails. As seen in the email attached to Shabnam's declaration at Exhibit P, Rishad began to question Plaintiffs' claims after they were unable to provide any documentation supporting Fakhria's prior divorce and purported marriage to Ahmad Zahir. | Sustained ☐ Overruled ☐ |
| 13. SZ Dec. Ex. T | Hearsay (FRE 801/802) Lack of authentication (FRE 901) Speculation and improper foundation / lack of personal knowledge (FRE 602) Relevance (401/402) Character Evidence (FRE 404). There is no information about how this letter from 1981 came | Sustained ☐ Overruled ☐ |

OBJECTIONS TO DECLARATION OF SHABNAM A. ZAHIR
Case No.: 2:25-cv-782-JFW-AS

| | | |
|---|---|---|
| | about (chain of custody) or if it is actually from the person it purports to be from. The letter contains two layers of hearsay since it is based on what Fakhria apparently told the author, and also does not provide any details that would support the author having sufficient personal knowledge of the purported marriage of Fakhria to Ahmad. The letter's origin also creates suspicion as to its accuracy, as it was written specifically as an advocacy piece for an asylum claim. | |
| 14. SZ Dec. Ex. U | Hearsay (FRE 801/802)<br>Lack of authentication (FRE 901)<br>Speculation and improper foundation / lack of personal knowledge (FRE | Sustained ☐<br>Overruled ☐ |

11

OBJECTIONS TO DECLARATION OF SHABNAM A. ZAHIR
Case No.: 2:25-cv-782-JFW-AS

| | | |
|---|---|---|
| | 602) The document appears to be a screenshot of a YouTube video with a comment or description from an unknown source and with no information of who the writer is. | |
| 15. SZ Dec. Ex. V | Hearsay (FRE 801/802) Lack of authentication (FRE 901) Speculation and improper foundation / lack of personal knowledge (FRE 602) Relevance (401/402) There is no authentication of this purported passport document. Moreover there are significant questions raised by contradictions with the English tranlation. Plaintiffs' own certified translation of the same passport contradicts the handwritten notation. The | Sustained ☐ Overruled ☐ |

OBJECTIONS TO DECLARATION OF SHABNAM A. ZAHIR
Case No.: 2:25-cv-782-JFW-AS

| | | |
|---|---|---|
| | translated version lists Fakhria's surname simply as "Younossi" (*See* McCollum Decl. ¶ 7, Ex. B). The translation further lists Fakhria's father as "Mohammad Sediq Zaher" and her mother as "Rabia Younosie." Yet, in the same translated document, the "Children" section lists "Shabnam, D/o Mohammad Zaher." On the face of this document, the same individual appears to be identified as the father of both Fakhria and Shabnam, an internal inconsistency that underscores the unreliability of the record. | |
| 16. SZ Dec. Ex. W | Hearsay (FRE 801/802) Lack of authentication (FRE 901) Speculation and improper foundation / lack of | Sustained ☐ Overruled ☐ |

13

OBJECTIONS TO DECLARATION OF SHABNAM A. ZAHIR
Case No.: 2:25-cv-782-JFW-AS

| | | |
|---|---|---|
| | personal knowledge (FRE 602)<br><br>Relevance (401/402)<br><br>This purported certificate of naturalization is irrelevant to the issues in this motion, and does not identify Fakhria as Ahmad's widow or otherwise confirm her divorce from her previous husband or marriage to Ahmad. | |
| 17. SZ Dec. X and V | Hearsay (FRE 801/802)<br><br>Lack of authentication (FRE 901)<br><br>Speculation and improper foundation / lack of personal knowledge (FRE 602)<br><br>Relevance (401/402)<br><br>There is no description of who are depicted in these photographs or who took them. | Sustained ☐<br>Overruled ☐ |
| 18. SZ Dec. Ex. Y. | Hearsay (FRE 801/802) | Sustained ☐ |

OBJECTIONS TO DECLARATION OF SHABNAM A. ZAHIR
Case No.: 2:25-cv-782-JFW-AS

| | Lack of authentication (FRE 901) | Overruled ☐ |
|---|---|---|
| | Speculation and improper foundation / lack of personal knowledge (FRE 602). Statements made by the sister of Ahmad Zahir contain multiple layers of hearsay, lack any details to support authenticity or personal knowledge, and are irrelevant to any issues of paternity raised in this case. *William M. v. Superior Court (Dana F.)*, 225 Cal. App. 3d 447, 449 (1990); *Estate of Sanders*, 2 Cal. App. 4th 462, 469, 3 Cal. Rptr. 2d 536 (1992). | |
| 19. SZ Dec. ¶ 31 and Exs. O and AA: "These documents were issued consistent with Afghan administrative practice, which permits retroactive documentation based on family records, community recognition, and | Hearsay (FRE 801/802) Lack of authentication (FRE 901) Speculation and improper foundation / lack of personal knowledge (FRE 602) | Sustained ☐ Overruled ☐ |

15

OBJECTIONS TO DECLARATION OF SHABNAM A. ZAHIR
Case No.: 2:25-cv-782-JFW-AS

| | |
|---|---|
| secondary evidence where contemporaneous civil registration was unavailable." | **Relevance (401/402)** The documents are hearsay and Declarant does not offer any foundation for the claim that these documents were issued "consistent with Afghan administrative practice." Exhibit O (ID card) issued in 2021 more than 40 yaers after Plaintiff's birth based solely on information provided by Plaintiff through the website portal contains multiple layers of hearsay and lacks indicia of credibility. Exhibit AA purports to be a marriage certificate issued January 21, 2025 and states "This certification is issued based on the documents provided by the applicants." It contains unevenly cut and mismatched photographs, including an aged |

16

OBJECTIONS TO DECLARATION OF SHABNAM A. ZAHIR
Case No.: 2:25-cv-782-JFW-AS

| | shoulder-length portrait of Ahmad Zahir and an off-angle headshot of Fakhria Zahir, clumsily affixed to the page. The presentation is plainly inconsistent with a contemporaneous official marriage record and suggests assembly decades after the fact. The manner in which Plaintiffs obtained this "certificate" further undermines its credibility. Plaintiffs' own production shows that Shabnam Zahir initiated the process by emailing the Afghan consulate, identifying herself as "the daughter of Ahmad Zahir," and requesting assistance "with obtaining an official certificate to help my mother and I" (McCollum Decl. ¶ 7, Ex. C). | |
| 20. SZ Dec. ¶ 32 "Plaintiffs are | Hearsay (FRE 801/802) | Sustained ☐ |

17

OBJECTIONS TO DECLARATION OF SHABNAM A. ZAHIR
Case No.: 2:25-cv-782-JFW-AS

| | | |
|---|---|---|
| listed as claimants on U.S. Copyright Registration Certificates, which create a legal presumption of validity." Ex. AB | Lack of authentication (FRE 901)<br><br>Speculation and improper foundation / lack of personal knowledge (FRE 602)<br><br>Relevance (401/402)<br><br>There is no description of what this document is or how it is authentic or how a proper foundation is laid. Declarant's statement regarding the legal effect of the document is a legal conclusion. | Overruled ☐ |
| 21. SZ Dec. ¶ 33, Ex. AC: "Plaintiffs also filed a Notice of Intent to Enforce under 17 U.S.C. § 104 A, published in the Federal Register." | Relevance (401/402)<br>Plaintiffs' own efforts to enforce copyrights are irrelevant to the issues in this motion. | Sustained ☐<br>Overruled ☐ |
| 22. SZ Dec. ¶ 34: "Beginning in approximately 2016, I engaged in advocacy efforts relating to Afghanistan's accession to the Berne Convention for the Protection of Literary and Artistic | Relevance (401/402). Plaintiff's efforts to gain Afghanistan's accession to the Berne Convention are irrelevant to the issues in this motion. | Sustained ☐<br>Overruled ☐ |

OBJECTIONS TO DECLARATION OF SHABNAM A. ZAHIR
Case No.: 2:25-cv-782-JFW-AS

| | | |
|---|---|---|
| Works. In connection with these efforts, I communicated and coordinated with representatives of the United States Copyright Office, including the Register of Copyrights, as well as with Afghan government officials and legal advocates regarding the need for Afghanistan to accede to the Berne Convention and the impact such accession would have on Afghan authors and their heirs." | Hearsay (FRE 801/802) Lack of authentication (FRE 901) Speculation and improper foundation / lack of personal knowledge (FRE 602). The statements in the article restating Plaintiffs' statements are hearsay and lack proper foundation or personal knowledge. | |
| 23. SZ Dec. ¶ 35 and Ex. AD: "Public records, correspondence, and institutional materials documenting my participation in these advocacy efforts—including references to my communications and involvement alongside the U.S. Register of Copyrights in connection with Afghanistan's 2018 accession to the Berne Convention—are attached as Exhibits AD." | Relevance (401/402). Plaintiff's efforts to gain Afghanistan's accession to the Berne Convention are irrelevant to the issues in this motion. | Sustained ☐ Overruled ☐ |
| 24. SZ Dec. ¶ 36, Exs. AE, AF, | Relevance (401/402). | Sustained ☐ |

19

OBJECTIONS TO DECLARATION OF SHABNAM A. ZAHIR
Case No.: 2:25-cv-782-JFW-AS

| | | |
|---|---|---|
| AG, AH, AI, AJ, AK, AL, AM, AN, AO and AP: "Defendant asserted sole copyright ownership through DMCA takedown notices directed at Plaintiffs' documentary materials." | Plaintiff's efforts to protect the copyright of her documentary materials including a tribute concert and fundraising video are irrelevant to the issues in this motion. | Overruled ☐ |
| 25. SZ Dec. ¶ 37: "After Plaintiffs challenged Defendant's sole-ownership claim with TuneCore, Defendant ceased responding and caused the entire Ahmad Zahir catalog to be removed from the platform rather than substantiate his claim."; Ex. Q | Relevance (401/402); argumentative; legal conclusion. Exhibit Q has nothing to do with Plaintiff's characterization in her declaration. | Sustained ☐ Overruled ☐ |
| 26. SZ Dec. ¶ 38: "After TuneCore froze the account associated with the Ahmad Zahir catalog in response to the ownership dispute, TuneCore attempted to contact Defendant to address and resolve the issue. Defendant did not respond to TuneCore's inquiries. Instead, Defendant removed the entire Ahmad Zahir catalog from the | Relevance (401/402); argumentative; Speculation and improper foundation / lack of personal knowledge (FRE 602). Plaintiff's and Defendant's communications with TuneCore are irrelevant to the issues in this motion. | Sustained ☐ Overruled ☐ |

OBJECTIONS TO DECLARATION OF SHABNAM A. ZAHIR
Case No.: 2:25-cv-782-JFW-AS

| | | |
|---|---|---|
| TuneCore platform."; Ex. AR | | |
| 27. SZ Dec. ¶ 39: "For many years, Defendant encouraged my efforts to protect and promote Ahmad Zahir's works. In one communication, Defendant wrote to me, "this is the Shabnam I've been waiting for," in direct reference to my work on securing copyright protection and organizing my father's legacy."; Ex. AS | Relevance (401/402). Mischaracterizes the emails; statements from a purported sibling are irrelevant to a determination of paternity. *William M. v. Superior Court (Dana F.)*, 225 Cal. App. 3d 447, 449 (1990); *Estate of Sanders*, 2 Cal. App. 4th 462, 469, 3 Cal. Rptr. 2d 536 (1992). | Sustained ☐ Overruled ☐ |
| 28. SZ Dec. ¶ 47: "did not produce any records contradicting the contemporaneous governmental and family evidence establishing Plaintiffs' status." | Relevance (401/402). Plaintiffs' documents are not "contemporaneous governmental and family evidence establishing Plaintiffs' status" as Defendant has repeatedly pointed out to Plaintiffs. Defendant Rishad Zahir does not have the burden of proof to produce documents to prove a negative. | Sustained ☐ Overruled ☐ |

21

OBJECTIONS TO DECLARATION OF SHABNAM A. ZAHIR
Case No.: 2:25-cv-782-JFW-AS

| | | |
|---|---|---|
| 29. SZ Dec. ¶¶ 48 and 49: "Beginning in approximately 2016, I worked with Professor Sandra Aistars at the Arts & Entertainment Advocacy Clinic at George Mason University's Antonin Scalia Law School and with officials from the Embassy of Afghanistan, including Ambassador Dr. Hamdullah Mohib, to advocate for Afghanistan's accession to the Berne Convention. As part of this effort, I provided background regarding my father's catalog, the widespread unlicensed use of his works, and the need for Afghanistan to join the Berne Convention so that Afghan authors and their heirs could obtain protection under U.S. and international copyright law. Afghanistan formally acceded to the Berne Convention on June 2, 2018. Public reports and institutional materials describing | Relevance (401/402). Plaintiffs' efforts to seek Afghanistan's accession to the Berne Convention are irrelevant to the issues in this motion. | Sustained ☐ Overruled ☐ |

22

| | | |
|---|---|---|
| 29. SZ Dec. ¶¶ 48 and 49: "Beginning in approximately 2016, I worked with Professor Sandra Aistars at the Arts & Entertainment Advocacy Clinic at George Mason University's Antonin Scalia Law School and with officials from the Embassy of Afghanistan, including Ambassador Dr. Hamdullah Mohib, to advocate for Afghanistan's accession to the Berne Convention. As part of this effort, I provided background regarding my father's catalog, the widespread unlicensed use of his works, and the need for Afghanistan to join the Berne Convention so that Afghan authors and their heirs could obtain protection under U.S. and international copyright law. Afghanistan formally acceded to the Berne Convention on June 2, 2018. Public reports and institutional materials describing | Relevance (401/402). Plaintiffs' efforts to seek Afghanistan's accession to the Berne Convention are irrelevant to the issues in this motion. | Sustained ☐ Overruled ☐ |

22

| | | |
|---|---|---|
| Afghanistan's accession and the associated copyright advocacy, including references to these efforts, are attached" ; EX. AV | | |
| 30. SZ Dec. ¶ 51: "Following Afghanistan's accession, the U.S. restoration framework under 17 U.S.C. § 104A became applicable to my father's works, and I then pursued notices and registrations in the United States to protect those restored rights." | Relevance (401/402). Plaintiff's efforts to seek copyright registrations are irrelevant to the issues in this motion. | Sustained ☐ Overruled ☐ |
| 31. SZ Dec. ¶ 52: "Defendant admitted in his responses to Plaintiffs RFAs that he collected streaming revenue exceeding $200,000"; Ex. AW | Relevance (401/402). Defendant's receipt of streaming revenue is irrelevant to the issues in this motion. | Sustained ☐ Overruled ☐ |
| 32. SZ Dec. ¶ 54: "When Plaintiffs and Defendant previously engaged with the Afghan Ministry of Information and Culture (AMIC), that body functioned as an administrative and cultural authority, not a court. Since the Taliban's return to power in 2021, my understanding, based on expert | Hearsay (FRE 801/802) Lack of authentication (FRE 901) Speculation and improper foundation / lack of personal knowledge (FRE 602) Relevance (401/402) The document appears to | Sustained ☐ Overruled ☐ |

23

OBJECTIONS TO DECLARATION OF SHABNAM A. ZAHIR
Case No.: 2:25-cv-782-JFW-AS

| | | |
|---|---|---|
| analysis, is that there is no reliable or functioning judicial mechanism in Afghanistan to resolve complex international copyright disputes involving U.S.-based heirs. A true and correct copy of expert opinion addressing the lack of a viable Afghan forum is attached as Exhibit AY." ; Ex. AY | be an improper expert report without proper foundation and offers no sources or factual bases for the opinions contained therein. The document also assumes that Fakhria was validly married to Ahmad Zahir and Shabnam is Ahmad Zahir's daughter. The document also recommends pursuing "resolution within the U.S. legal framework" and "the American legal system [which] ensures that the rightful distribution of assets among Ahmad Zahir's heirs" but does not recommend Copyright litigation. | |
| 33. SZ Dec. ¶ 55: "I have reviewed a written open letter authored by Fazel Jamil Hashimi, who explains that Afghanistan currently lacks any functioning | Lack of authentication (FRE 901) Speculation and improper foundation / lack of personal knowledge (FRE | Sustained ☐ Overruled ☐ |

24

OBJECTIONS TO DECLARATION OF SHABNAM A. ZAHIR
Case No.: 2:25-cv-782-JFW-AS

| | | |
|---|---|---|
| judicial mechanism capable of adjudicating inheritance or intellectual property disputes, particularly those involving artistic works. He further states that the collapse of the Afghan republic in 2021 disrupted continuity of civil law and eliminated institutional capacity for resolving such claims. A true and correct copy of Mr. Hashimi's letter is attached as Exhibit AZ."; Ex. AZ | 602) Relevance (401/402) The document appears to be an improper expert report without proper foundation and offers no sources or factual bases for the opinions contained therein. The document only speaks to copyright enforcement challenges faced by valid Afghan copyright owners, not heirship or paternity issues, and thus is irrelevant to the issues in this motion. | |
| 34. SZ Dec. ¶ 60: "Defendant raised jurisdictional objections based on facts known to him from the outset." | Argumentative, misstates the record. Defendant raised the jurisdictional issue once Plaintiffs failed to produce valid documentation in discovery proving their heirship and instead demanded Defendant undergo a DNA test as part of this | Sustained ☐ Overruled ☐ |

25

OBJECTIONS TO DECLARATION OF SHABNAM A. ZAHIR
Case No.: 2:25-cv-782-JFW-AS

| | Copyright case. | |
|---|---|---|

DATED: December 22, 2025

By: /s/ *Sergiy M. Sivochek*
SERGIY M. SIVOCHEK

Sivochek IP Law Center
12450 Magnolia Blvd # 4071
Valley Village, CA 91607
Telephone: (323) 201-2701
Email: sivochek@sivochek.com

DATED: December 22, 2025

By: /s/ *Michael McCollum*
MICHAEL MCCOLLUM

McCollum Counsel, Inc.
1500 W Alhambra Rd,
Alhambra, CA 91801-2009
Telephone: (213) 534-6070
Email: michael@mccollumcounsel.com

*Attorneys for Defendant*
*Richard Zahir*

OBJECTIONS TO DECLARATION OF SHABNAM A. ZAHIR
Case No.: 2:25-cv-782-JFW-AS

## CERTIFICATE OF SERVICE

I hereby certify that on December 22, 2025, I electronically filed the **DEFENDANT'S OBJECTIONS TO DECLARATION OF SHABNAM A. ZAHIR IN SUPPORT OF PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS** and that they are available for viewing and downloading from the Courts CM/ECF filing system, and that service will be accomplished through the CM/ECF system to all counsel of record who are registered CM/ECF users. I further certify that on December 22, 2025, a true and correct copy of the foregoing document was served on Plaintiffs Fakhria Zahir and Shabnam Zahir, who are not registered CM/ECF users, by email at the email addresses they provided and to which they have consented to receive service in this action, which is reflected below.

Additionally, a courtesy copy was sent via email to the following parties:

Sergiy M. Sivochek, Esq.
Sivochek IP Law Center
12450 Magnolia Blvd # 4071
Valley Village, CA 91607
Telephone: (323) 201-2701
Email: sivochek@sivochek.com
*Attorneys for Defendant Richard Zahir*

Shabnam Zahir
2301 Beechwood Dr.
Waxhaw, NC 28173
Telephone: (703) 822-3686
Email: shabnamahmadzahir@gmail.com
*///*

- 1 -
CERTIFICATE OF SERVICE

Fakhria Zahir
307 Yoakum Parkway #1607
Alexandria, VA 22304
Telephone: (703) 399-6190
Email: shabnamahmadzahir@gmail.com
*Plaintiffs, pro se*

Dated: December 22, 2025

By: */s/ Neslly Herrera*
NESLLY HERRERA
McCollum Counsel
1500 W. Alhambra Rd,
Alhambra, CA 91801-2009
Telephone: (213) 534-6070
Email: neslly@mccollumcounsel.com

- 2 -
CERTIFICATE OF SERVICE