**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

| | |
|---|---|
| Case No.   **CV 25-782-JFW(ASx)** | Date:  January 15, 2026 |

Title:     Fakhria Zahir, et al. -v- Richard Zahir

---

**PRESENT:**

       **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| **Shannon Reilly** | **None Present** |
| **Courtroom Deputy** | **Court Reporter** |

| | |
|---|---|
| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
| None | None |

**PROCEEDINGS (IN CHAMBERS):**   ORDER GRANTING DEFENDANT'S MOTION TO DISMISS THE COMPLAINT PURSUANT TO F.R.C.P. 12(b)(1) [filed 12/8/2025; Docket No. 45]

     On December 8, 2025, Defendant Richard Zahir a/k/a Rishad Zahir ("Defendant" or "Rishad") filed a Motion to Dismiss the Complaint Pursuant to F.R.C.P. 12(b)(1).  On December 15, 2025, Plaintiffs Fakhria Zahir ("Fakhria") and Shabnam Zahir ("Shabnam") (collectively, "Plaintiffs") filed their Opposition, which was stricken by the Court for violation of Local Rule 5-4 and paragraphs 3(b) and 5(c) of the Court's Standing Order.  On December 22, 2025, Defendant filed a Reply.  On December 23, 2025, Plaintiff's re-filed their Opposition, which failed to cure the violations. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court found the matter appropriate for submission on the papers without oral argument.  The matter was, therefore, removed from the Court's January 5, 2026 hearing calendar and the parties were given advance notice.  After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

     This action concerns Plaintiffs Fakhria and Shabnam's claims that they are the lawful widow and daughter, respectively, of the late Afghan singer Ahad Zahir, and therefore co-owners of Ahmad Zahir's worldwide copyrights, allegedly restored under the Copyright Act.[1]

---

[1] In 1994, Congress enacted the Uruguay Round Agreements Act ("URAA"), Pub. L. No. 103-465, § 514, 108 Stat. 4809, 4973 (1994), implementing the Marrakesh Agreement establishing the World Trade Organization (WTO) and its Agreement on Trade-Related Aspects of Intellectual Property Rights (TRIPS). The URAA amended the Copyright Act by adding 17 U.S.C. § 104A, which restored U.S. copyright protection to certain foreign works that had fallen into the public

Ahmad Zahir was a celebrated Afghan musician and performer who passed away, without a will, in Afghanistan in 1979, leaving behind a catalog of musical compositions and sound recordings (the "Zahir Catalog").

Defendant Rishad is Ahmad Zahir's son. He was born on February 21, 1970 in Seattle, Washington to Ahmad Zahir and his wife Najia Zaman. Plaintiffs allege that Ahmad Zahir later married Plaintiff Fakhria and that Plaintiff Shabnam, who was born on June 14, 1979 in Kabul, Afghanistan, is their daughter. Defendant Rishad disputes that Ahmad Zahir lawfully married Plaintiff Fakhria and disputes that Plaintiff Shabnam is Ahmad Zahir's daughter.

Rishad claims that he is Ahmad Zahir's sole heir. Plaintiffs allege that he exploited the Zahir Catalog for his benefit alone, uploading its content onto various streaming services and collecting significant revenues. He failed to share these revenues with Fakhria and Shabnam.

In this action, Plaintiffs Fakhria and Shabnam seek: (1) a declaratory judgment that they are co-owners of the late Afghan singer Ahmad Zahir's copyrights allegedly restored under the Copyright Act; (2) an accounting of Defendant Richard Zahir's exploitation of the "Zahir Catalog"; and (3) an award of their share of the revenues from that exploitation.

Defendant Rishad moves to dismiss Plaintiff's claims for lack of subject matter jurisdiction, arguing in relevant part that:[2] (1) Plaintiffs' claims do not arise under the Copyright Act, but rather rest solely on a disputed claim of ownership governed by foreign and state family and probate law; (2) the probate exception and domestic relations exception to federal subject matter jurisdiction bars the Court from adjudicating Plaintiff's heirship-based claims; and (3) Plaintiffs lack Article III standing to assert the alleged copyright co-ownership claims.

## II.  LEGAL STANDARD

The party mounting a Rule 12(b)(1) challenge to the Court's jurisdiction may do so either on the face of the pleadings or by presenting extrinsic evidence for the Court's consideration. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000) ("Rule 12(b)(1) jurisdictional attacks can be either facial or factual"). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In ruling on a Rule 12(b)(1) motion attacking the complaint on its face, the Court accepts the allegations of the complaint as true. *See, e.g., Wolfe*

---

domain, provided that the works originated in a country that was a member of the Berne Convention or the WTO. Afghanistan acceded to the WTO on July 29, 2016. Accordingly, under 17 U.S.C. § 104A, copyright protection for Afghan works was automatically restored in the United States as of that date.

[2]Notably, in the Joint Rule 26(f) Report filed on April 30, 2025 (Docket No. 21), the parties previously agreed that this Court had federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338. The parties however cannot stipulate to subject matter jurisdiction where jurisdiction does not exist, and lack of subject matter jurisdiction may be raised at any time. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

*v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air*, 373 F.3d at 1039. "With a factual Rule 12(b)(1) attack . . . a court may look beyond the complaint to matters of public record without having to convert the motion into one for summary judgment. It also need not presume the truthfulness of the plaintiff['s] allegations." *White*, 227 F.3d at 1242 (internal citation omitted); *see also Thornhill Pub. Co., Inc. v. General Tel & Electronics Corp.*, 594 F.2d 730, 733 (9th Cir. 1979) ("Where the jurisdictional issue is separable from the merits of the case, the judge may consider the evidence presented with respect to the jurisdictional issue and rule on that issue, resolving factual disputes if necessary. . . '[N]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.'") (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (9th Cir. 1977)). "However, where the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits, the jurisdictional determination should await a determination of the relevant facts on either a motion going to the merits or at trial." *Augustine v. U.S.*, 704 F.2d 1074, 1077 (9th Cir. 1983). It is the plaintiff who bears the burden of demonstrating that the Court has subject matter jurisdiction to hear the action. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989).

## III.     DISCUSSION

The Court concludes that it lacks subject matter jurisdiction over this action pursuant to the "probate exception" to federal jurisdiction.[3]

"The probate exception to federal jurisdiction reserves probate matters to state probate courts and precludes federal courts from disposing of property in the custody of a state court." *Goncalves By & Through Goncalves v. Rady Children's Hosp. San Diego*, 865 F.3d 1237, 1251 (9th Cir. 2017). The probate exception "applies to both diversity and federal question subject matter jurisdiction." *Wisnovsky v. Couvrette*, 2023 WL 7404860, at *2 (D. Or. Nov. 9, 2023); *see also Hassanati v. Int'l Lease Fin. Corp.,* 51 F. Supp. 3d 887, 895 (C.D. Cal. 2014)("Although some courts apply the exception only in diversity cases, the Ninth Circuit applies the exception in federal question cases as well.").

However, the Supreme Court has made clear that the scope of the probate exception is "distinctly limited." *Marshall v. Marshall*, 547 U.S. 293, 310 (2006). In particular, it is limited to cases in which the federal courts would be called on to "(1) probate or annul a will, (2) administer a decedent's estate, or (3) assume in rem jurisdiction over property that is in the custody of the probate court." *Goncalves v. Rady Children's Hosp. San Diego*, 865 F.3d 1237, 1252 (9th Cir. 2017) (quoting *Three Keys Ltd. v. SR Util. Holding Co.*, 540 F.3d 220, 227 (3d Cir. 2008)). The probate exception "does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction." *Marshall*, 547 U.S. at 311-12.

---

[3]The Court finds it unnecessary to address the other issues raised by Defendant Rashid in light of the Court's conclusion that it lacks subject matter jurisdiction over this action pursuant to the probate exception.

Although the probate exception is narrow, the Court concludes that the probate exception deprives it of subject matter jurisdiction over this action. In essence, Plaintiffs are asking this Court to determine that they are the lawful heirs of Ahmad Zahir and therefore entitled to a distribution of assets from his estate. The distribution of estate assets and the determination of heirship are the quintessential functions of a probate court and would clearly constitute the administration of Ahmad Zahir's estate. *Balestra v. Balestra-Leigh*, 2010 WL 2836400, at *4 (D. Nev. July 15, 2010) (concluding that the probate exception was applicable, and stating in relevant part that "[t]he determination of heirship and rights in distribution of an estate is clearly at the core of the probate court's functions"); *Vanderburg v. Vanderburg*, 2007 WL 1342091, at *1 (N.D. Tex. May 1, 2007) (concluding that determination of heirship is "clearly within the province of the probate court"); *Surgick v. Cirella*, 2012 WL 1495422, at *3 (D.N.J. Apr. 27, 2012) (concluding that the probate exception to federal court jurisdiction precludes the Court from entering an order which declares and secures the rights of plaintiff and unnamed heirs to the estate); *Kaufman v. Jetson Elec. Bikes, LLC*, 2024 WL 66036, at *3 (E.D. Pa. Jan. 5, 2024) ("Applying the intestate law of forfeiture to determine who is an heir and who is entitled to take from the estate places this matter squarely in the second probate exception by endeavoring to administer an estate."). Because this action would require the Court to, in effect, "administer a decedent's estate," the probate exception deprives the Court of jurisdiction over this action.

Plaintiffs contend that there is no viable alternative forum for this dispute. The Court agrees with Defendants that the availability, convenience, or desirability of an alternative forum has no bearing on the Court's subject matter jurisdiction in this case. In any event, the Court also concludes that Plaintiff has failed to demonstrate that there is no viable alternative forum.

## IV.   CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss the Complaint Pursuant to F.R.C.P. 12(b)(1) is **GRANTED**. Plaintiffs' Complaint is **DISMISSED without prejudice**.

IT IS SO ORDERED.