**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

Case No. **CV 25-782-JFW(ASx)** Date: June 11, 2026

Title: Fakhria Zahir, et al. *-v-* Richard Zahir

---

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| **Shannon Reilly** | **None Present** |
| **Courtroom Deputy** | **Court Reporter** |

| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
|---|---|
| None | None |

**PROCEEDINGS (IN CHAMBERS):**

**ORDER GRANTING COUNTERDEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF PARALLEL STATE COURT ACTION [filed 5/4/2026; Docket Nos. 104 & 106];**

**ORDER DENYING COUNTERCLAIMANT'S EX PARTE APPLICATION TO MODIFY THE SCHEDULING ORDER BY REOPENING AND EXTENDING THE DISPOSITIVE-MOTION HEARING DEADLINE PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 16(b)(4) AND 6(b)(1)(B); OR IN THE ALTERNATIVE, FOR LEAVE TO REFILE COUNTERCLAIMANT'S MOTION FOR SUMMARY JUDGMENT [filed 6/10/2026; Docket No. 123]**

On May 4, 2026, Counterdefendants Fakhria Zahir and Shabname Zahir (collectively, "Counterdefendants") filed a Motion to Stay Proceedings Pending Resolution of Parallel State Court Action. On May 22, 2026, Counterclaimant Richard Zahir ("Counterclaimant") filed his Opposition. On May 29, 2026, Counterdefendants filed a Reply. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for June 15, 2026 is hereby vacated and the matter taken off calendar. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

 Initials of Deputy Clerk sr

## I. FACTUAL AND PROCEDURAL BACKGROUND

This action arises from a dispute among the heirs of the late musician Ahmad Zahir concerning rights in his musical catalog (the "Zahir Catalog"). Counterdefendants initiated this action as Plaintiffs on January 29, 2025.

On January 15, 2026, the Court dismissed Counterdefendants' Complaint without prejudice, concluding that "the probate exception deprives the Court of jurisdiction over this action." Docket No. 73 at 3-4. On January 29, 2026, the Court clarified that the action had not been dismissed in its entirety and directed that, to the extent Counterdefendants believed the Court lacked subject matter jurisdiction over any amended counterclaim, they may file a regularly noticed motion. Docket No. 80.

On February 6, 2026, Counterclaimant filed his First Amended Counterclaim ("FACC"), alleging the following two counterclaims: (1) bad-faith abuse of the DMCA takedown procedure and knowing misrepresentations in violation of 17 U.S.C. § 512(f) for knowing material misrepresentation in a DMCA takedown notice; and (2) declaratory relief under 28 U.S.C. § 2201 and the Copyright Act, seeking, in relevant part, a judicial determination that "Counterclaimant is currently the only undisputed holder of valid rights in the copyrights at issue."

Counterdefendants thereafter filed a declaratory judgment action in the Circuit Court for the City of Alexandria, Virginia, Case No. CL-26000795 (the "Virginia Action"), seeking a judicial determination of the parties' respective ownership interests in the Zahir Catalog. Counterclaimant was served in the Virginia Action on April 10, 2026. The Virginia Action is actively proceeding, and a hearing on Counterclaimant's Plea in Bar is scheduled for June 29, 2026

Discovery in this action is substantially complete; the Pre-Trial Conference is set for July 24, 2026, and trial is set for August 11, 2026.

Counterdefendants move for a stay of this action pursuant to *Landis v. North American Co.*, 299 U.S. 248 (1936).

## II. LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). "The exercise of this power calls for the exercise of sound discretion." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). "Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed. Among those competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id*. "A trial court may . . . find it efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979).

## III. DISCUSSION

The Court concludes that a stay of this action is appropriate. In the Virginia Action, Counterdefendants are seeking a judicial determination of the parties' respective ownership interests in the Zahir Catalog, which directly bear on the issues presented by the remaining claims in this action. Indeed, in this action, not only does Counterclaimant seek a judicial determination that "Counterclaimant is currently the only undisputed holder of valid rights in the copyrights at issue," *see* FACC ¶ 41, he also seeks compensatory damages for the harm incurred as a result of Counterdefendants' alleged knowing material misrepresentation in the DMCA takedown notice (which is wholly dependent on the extent of his ownership interest). The Court concludes that staying this action will avoid the risk of duplicative litigation, inconsistent rulings, and the burden of litigating damages issues on an incomplete ownership record. In addition, the Court concludes that Counterclaimant is not likely to suffer any significant prejudice or hardship as a result of a stay. Indeed, although he claims that a stay would "inflict . . . continued royalty disruption and business interference," Opposition at 8, he fails to submit any evidence in support of that conclusory claim.[1]

## IV. CONCLUSION

For the foregoing reasons, Counterdefendants' Motion to Stay Proceedings Pending Resolution of Parallel State Court Action is **GRANTED**. The Pre-Trial Conference currently set for July 24, 2026 and the trial currently set for August 11, 2026 are hereby vacated, and all other pretrial deadlines are stayed pending resolution of the Virginia Action and further order of this Court. In light of the stay of this action, Counterclaimant's Ex Parte Application to Modify the Scheduling Order By Reopening and Extending the Dispositive-Motion Hearing Deadline Pursuant to Federal Rules of Civil Procedure 16(b)(4) and 6(b)(1)(B); or in the Alternative, For Leave to Refile Counterclaimant's Motion for Summary Judgment is **DENIED without prejudice** to re-filing after the stay is lifted.

The parties shall file a Joint Status Report within fourteen days of any substantive ruling in the Virginia Action concerning Counterclaimant's Plea in Bar and thereafter every 120 days, unless otherwise ordered by the Court.

IT IS SO ORDERED.

---

[1]Because Counterclaimant has failed to present any evidence in support of his conclusory claim of hardship and prejudice, the Court finds it unnecessary to consider the new evidence and arguments submitted in support of Counterdefendants' Reply attempting to rebut that claim.



Initials of Deputy Clerk sr